# EXHIBIT 1





14020010626114

900001703_28717526



# MOSCOW ARBITRATION COURT

115225, Moscow, Bolshaya Tulskaya 17
http://www.msk.arbitr.ru

Тел. 600-99-26

## RULING

Moscow                                          Case № А40-291728/18-101-368Ф

May 14, 2021

Substantive provisions of the ruling announced on April 29, 2021

Full and complete ruling prepared on May14, 2021

Arbitration Court consisting of:

Judge: I. A. Belova (Judge's code 101-368Ф) with Secretary D.N. Kazakov keeping the minutes of the court session, having considered in an open court session, within the insolvency (bankruptcy) case of Mr. Andrei Yurievich Mann (born 21.12.1957, INN 770803076025, address: Moscow, Marshal Biryuzov 32, bld.1, apt. 71), the claim of Mr. Arsen Akhmedovich Komutayev, with the participation of individuals specified in the minutes of the court session,

## FOUND:

On March 20, 2019, the court ruled that a restructuring of debts procedure be commenced with respect to Mr. Andrei Yurievich Mann (born on 21.12.1957, INN 770803076025, address: Moscow, Marshal Biryuzov 32, bld.1, apt. 71) and appointed Mr. Sergey Alexandrovich Mukha as a trustee (INN 231299408664, address for sending correspondence: 350063, Krasnodar, PO Box 4801). This information  was published in the newspaper «Kommersant» on 30.03.2019.

On March 16, 2020, the court declared Mr. Andrey Yurievich Mann (born on 21.12.1957, INN 770803076025, address: Moscow, Marshal Biryuzov 32, bld.1, apt. 71) insolvent (bankrupt), launched the assets liquidation procedure, and appointed Ms. Elena Nikolaevna Tyapinskaya as a trustee (address for correspondence: 160002, Vologda, Gagarin Street 11a, Room 1).

The court considered the claim of Arsen Akhmedovich Komutayev to include in the register of creditors' claims the debt in the amount of 116,491,345.50 rubles (principal) and 54,415,773.49 rubles (interest payable on the loan), 65 000 000 rubles of which as secured by collateral.

The trustee did not appear in court and was notified in accordance with Articles 121, 123 of the APC of the Russian Federation. The case was heard in accordance with Article 156 of the APC of the Russian Federation.

The debtor's representative filed a motion for continuance in order to familiarize himself with the case documents.

Mr. A. A. Komutayev's representative objected to the motion for continuance.

The «Ergobank» LLC representative also objected to the motion for continuance.

The debtor's representative filed a motion for discovery of original documents and for sending a request to Rosreestr.

Mr. A. A. Komutayev's representative produced the original documents for the court's review, objected to the motion to call evidence and insisted on satisfying the submitted claims.

The «Ergobank» LLC representative objected to the submitted claims.

The court, having examined the case written documents, came to the following conclusions.

In accordance with Article 223 of the APC of the Russian Federation, insolvency (bankruptcy) cases are heard by the arbitration court according to the rules provided for by the APC of the Russian Federation and nuances established by the federal law regulating insolvency (bankruptcy) issues.

According to §1 of Article 213.1 of the Federal Law «On Insolvency (Bankruptcy)», issues related to the personal bankruptcy and not regulated by this chapter are regulated by Chapters I - III.1, VII, VIII, §7 of Chapter IX and §2 of Chapter XI of this Federal Law.

Having considered the motion for continuance, the court denies it due to the lack of procedural grounds.

In accordance with Part 5 of Article 158 of the Arbitration Procedural Code of the Russian Federation, the arbitration court may continue the trial if it recognizes that the case cannot be heard at this court session, including due to the failure to appear of any of the individuals involved in the case and other participants in the arbitration process, in the event of technical difficulties when using the technical means of conducting the court session, as well as when upholding the party's motion for continuance if it needs to provide additional evidence, and when performing other legal proceedings.

Continuance is a right, not an obligation, of the court. Dismissing the motion for continuance, the court sees no grounds for its satisfaction, since the court session has already been repeatedly postponed, thus, the debtor was given enough time to familiarize himself with the case documents.

Part 4 of Article 66 of the Arbitration Procedure Code of the Russian Federation gives a party who participates in the case and does not have the opportunity to independently obtain the necessary evidence from the person who has it, the right to file the motion to call this evidence in the arbitration court.

In addition, according to the provisions of §2 of Part 4 of Article 66 of the Arbitration Procedural Code of the Russian Federation, the motion to call evidence must indicate the evidence, the circumstances relevant to the case that can be established by this evidence, the reasons that prevent the taking of evidence and its location. The arbitration court may also deny such motion if it deems it irrelevant.

Given the provisions of Part 1 of Article 65, Parts 1 and 2 of Article 66 of the Arbitration Procedural Code of the Russian Federation, the court helps the parties involved in the case exercise their rights, while limiting itself to offering to provide additional evidence.

Thus, the legislation grants the court the right, and not the obligation, to call for additional evidence to support the arguments of the party, because, as indicated above, the burden of proof lies with the claimant in line with the adversarial nature of the arbitration process.

The court has received the original documents, and there is no need to send a request to the Rosreestr, because the USRN extracts show that the property belongs to the debtor, A. Yu. Mann, and there is no information about the alienation of property.

Having studied the motion to call evidence, the court finds no grounds to grant it.

According to the Bankruptcy Law Article 213.24, §4, the claims of creditors and the authorized agency in bankruptcy proceedings, during the assets liquidation procedure, shall be considered in the manner provided in Article 100 of this Federal Law. The arbitration court may restore the register's closing date missed by the creditor for a good reason.

According to the Bankruptcy Law Article 142, the creditors' claims register must be closed after two months from the date when the information on declaring the debtor bankrupt and opening bankruptcy proceedings was published.

Such information was published by the trustee in the newspaper «Kommersant» on 21.03.2020. The Moscow Arbitration Court received these claims on 20.05.2020, that is, within the period established by law.

Based on the Bankruptcy Law Articles 71, 100, 142, and the Plenary of the Supreme Arbitration Court of the Russian Federation Resolution No. 35, §26, «On Some Procedural Issues Related to the Bankruptcy Cases Hearings» of 22.06.12, the arbitration court makes verification of the validity and size of creditors' claims regardless of the existing disagreements regarding these claims between the debtor and parties entitled to file appropriate objections, on the one hand, and the creditor that filed the claim, on the other hand, the claims of creditors for which no objections have been received shall be considered by the arbitration court to verify their validity and the grounds for including them in the creditors' claims register.

According to §1 of Article 8 of the Civil Code of the Russian Federation, civil rights and obligations arise from the grounds provided for by law and other legal acts, as well as from the actions of individuals and legal entities, which, although not provided for by law or such acts, but by virtue of the general principles and meaning of civil legislation give rise to civil rights and obligations.

According to §5 of Article 16 of the Bankruptcy Law, the account of creditors' claims in the creditors' claims register is conducted in the national currency of the Russian Federation. Creditors' claims denominated in foreign currency shall be accounted for in the creditors' claims register according to Article 4 of this Federal Law.

According to the fourth paragraph of §1 of Article 4 of the Bankruptcy Law, the composition and amount of monetary obligations and mandatory payments denominated in foreign currency shall be determined in rubles at the exchange rate established by the Central Bank of the Russian Federation on the date of introduction of each procedure used in the bankruptcy case and after the due date for the fulfillment of the relevant obligation.

As the case documents show, on April 8, 2017, Yu. M. Osmanov and the debtor signed a Loan Agreement No. 18/4-2, under which Yu. M. Osmanov provided the debtor with a loan in the amount of 1,776,079 US dollars for a period until 30.12.2017 at 25% per annum.

§1.7 of the Loan Agreement provides that all debt repayment and payment of interest on this loan are made in rubles at the rate of the Central Bank of the Russian Federation on the day of release (receipt) of funds.

As security for the debtor's obligations, under the Loan Agreement No 18/4-2 of 18.04.2017, Yu. M. Osmanov and the debtor signed the Subsequent Real Estate Pledge Agreement of 08.09.2017, under which the debtor offered as a collateral the following property: a land plot with a total area of 1361 square meters, cadastral number 50:20:005 02 11:0403, located at the address: Moscow region, Odintsovo district, Uspenskoe Village, DSK «Ranis», CJSC «SKZ», lot 260/1; non-residential building (sauna) with a total area of 86.5 square meters, cadastral number 50:20:0050211:403, located at the address: Moscow region, Odintsovo district, Nikolina Gora, CJSC «SKZ-4», lot 260/1, Uspenskoe Village. The pledge agreement was registered in accordance with the law and entered in the USRN under No 50:2050050211:0403- 50/020/2017-14 (land plot), No 50:20:0050211 453 1-50/010/2018-2 (non-residential building).

The debtor failed to meet his contractual obligations under the Loan Agreement No. 18/4-2 of 18.04.2017.

On July 23, 2018, Yu. M. Osmanov and S. M. Huseynov signed an Assignment of Claim (cession) Agreement under which Yu. M. Osmanov ceded to S. M. Huseynov the rights of claim to the debtor under the Loan Agreement No. 18/4-2 of 18.04.2017 and the Subsequent Real Estate Pledge Agreement of 08.09.2017.

Subsequently, S.M. Huseynov and A.A. Komutaev (Creditor) signed an Assignment of Claim (cession) Agreement of 08.02.2019 under which S. M. Huseynov ceded to the Creditor the rights of claim to the debtor under the Loan Agreement No. 18/4-2 of 18.04.2017 and the Subsequent Real Estate Pledge Agreement of 08.09.2017.

According to clause 2.7 of the Subsequent Real Estate Pledge Agreement of 08.09.2017 (as amended by the Additional Agreement No. 2), the parties estimated the total value of the pledged property at 65,000,000 rubles.

According to §1 of Article 808 of the Civil Code of the Russian Federation, a loan agreement between individuals must be in writing if its amount at least ten times exceeds the minimum wage established by law and regardless of the amount if the lender is a legal entity. §2 of Article 808 of the Civil Code of the Russian Federation provides that the borrower must confirm the loan agreement and its terms by submitting a receipt or other document certifying that the lender has transferred to him a certain amount of money.

According to the clarifications given in §35 of the said Plenary of the Supreme Arbitration Court of the Russian Federation Resolution, in accordance with §1 of Article 363 of the Civil Code of the Russian Federation, if the debtor fails to meet the obligations secured by the surety, the guarantor and the debtor are liable to the creditor jointly and severally, if the law or the surety contract does not provide for subsidiary liability of the guarantor. Applying this provision of the Civil Code of the Russian Federation, the courts should proceed from the following: if the guarantor and the main debtor are jointly and severally responsible, then the fact of non-fulfillment or improper performance of the secured obligation is enough to bring a claim against the guarantor, while the creditor is not obliged to prove that he made attempts to obtain performance from the debtor (in particular, sent a claim to the debtor, filed a lawsuit, etc.).

In connection with the debtor's failure to fulfill his obligations under the Loan Agreement No. 18/4-2 of 18.04.2017, the creditor asked the arbitration court to include the creditors' claims in the register.

According to §26 of the Plenary of the Supreme Arbitration Court of the Russian Federation Resolution of 22.06.2012 No 35 «On Some Procedural Issues Related to the Bankruptcy Cases Hearings», when assessing the reliability of the fact of the existence of a claim based on the transfer of cash to the debtor, confirmed only by his receipt or the cash receipt voucher, the court should take into account, among other things, the following circumstances: whether the financial situation of the creditor (taking into account his income) allowed him to provide the debtor with the funds, whether there is satisfactory information in the case as to how the funds received were spent by the debtor, whether the receipt of these funds was reflected in accounting, tax accounting and reporting, etc.

These Supreme Arbitration Court of the Russian Federation clarifications are aimed, first of all, at the inadmissibility of inclusion in the creditors' claims register, to the detriment of the interests of other creditors, of claims based solely on a receipt or a cash receipt voucher, which could be made as a result of an agreement between the creditor and the debtor, who pursued the purpose of creating documentary evidence of the validity of such claims.

According to Article 2 of the Federal Law of 07.08.2001 N 115-FZ «On Combating Legalization (Laundering) of Proceeds from Crime and Financing of Terrorism», the legalization (laundering) of proceeds from crime is the legalization of possession, use or disposal of money or other property obtained as a result of committing a crime.

Given the meaning of the listed provisions of law and these clarifications, the claimant, positioning himself as a creditor, is obliged to confirm his ability to provide funds, taking into account his financial situation at the time when the loan agreement was signed, and provide information about the source of these funds. If there are doubts about the reality of the loan agreement, the court may require the submission of documents indicating transactions with these funds, including the source of their receipt and their expenditure.

The creditor presented documents fully confirming Yu. M. Osmanov's financial ability to give the debtor funds in the amount specified in the Agreement.

Thus, transaction memos No 13 of 24.12.2013 and No 45087 of 26.12.2013 were introduced as evidence showing that Yu. M. Osmanov had purchased some foreign currency - US dollars - in the amount of 115,704,396.89 rubles (or 3,511,450.38 US dollars) and in the amount of 58,004,160 rubles (or 1,776,000 US dollars).

In addition, on December 26, 2013, Yu. M. Osmanov received a loan in the amount of 60,091,439 rubles 49 kopecks from Igor Alexandrovich Sazonov which is confirmed by payment order No 714 of 26.12.2013.

On July 27, 2015, Yu. M. Osmanov received a loan in the amount of 2,782,895 rubles from Larisa Anatolievna Vinogradova which is confirmed by payment order No 1 of 28.07.2015.

On June 1, 2016, Yu. M. Osmanov received a loan in the amount of 15,695,445 rubles from Sergei Igorevich Timokhovich which is confirmed by Yu. M. Osmanov's receipt of 01.06.2016.

On July 8, 2016, Arseny Dmitrievich Shchepin transferred funds in the amount of 40,953,314.44 rubles to Yu. M. Osmanov's account as a loan repayment which is confirmed by payment order No 735 of 08.07.2016.

On July 8, 2016, Georgy Dmitrievich Shchepin transferred funds in the amount of 40,982,796.02 rubles to Yu. M. Osmanov's account which is confirmed by payment order No 726 of 08.07.2016.

Thus, case documents show the availability of funds in the required amount and their subsequent transfer by Yu. M. Osmanov to the debtor.

The debtor confirmed the receipt of the loan in §2.2. of the Agreement.

The claimant has provided relevant, admissible, reliable and sufficient evidence of the loan to A.Y. Mann and the financial ability to issue the loan.

According to Part 1 of Article 65 of the APC of the Russian Federation, each party involved in the case must prove the obligations to which they refer as the basis for their claims and objections. In accordance with the procedural rules of evidence (APC of the Russian Federation Articles 65, 68), the claimant is obliged to prove the legality of their claims with admissible evidence. The parties enjoy equal rights to present evidence and bear the risk of consequences if they take or fail to take procedural actions, including the submission of evidence of the validity and legality of their claims or objections (APC of the Russian Federation Articles 8, 9).

The documents submitted in the case reflect the fact of the actual implementation of the business transaction between the creditor and the debtor and confirm the validity of the creditor's claim.

According to Article 340 of the Civil Code of the Russian Federation (hereinafter the RF), the value of the collateral, which, unless otherwise provided by law or by agreement of the parties when foreclosure on the pledged property by the initial sale price, is determined by agreement of the parties, unless otherwise provided by law.

According to Clause 2.7 of the Subsequent Real Estate Pledge Agreement of 08.09.2017 (as amended by the Additional Agreement No 2), the parties estimated the total value of the pledged property at 65,000,000 rubles.

According to the clarifications contained in §1 of the Plenary of the Supreme Arbitration Court of the Russian Federation Resolution of 23.07.2009 No 58 «On Some Issues Related to the Satisfaction of the Claims of the Pledgeholder in the Bankruptcy of the Pledgor», when considering establishing and inclusion in the register bankruptcy creditors' claims secured by the pledge of the debtor's property, the courts should take into account the following.

If the court has not previously considered the claim of the pledge holder for foreclosure on the pledged property, the court, when establishing the creditor's claims, checks whether the right of the pledge holder arose in the prescribed manner (whether there is a proper pledge agreement, whether the circumstances entailing the occurrence of the pledge by virtue of the law have occurred), whether it has ceased on the grounds provided for by law, whether the debtor has pledged property in kind (whether the possibility of foreclosure remains).

It should be noted that a characteristic feature of disputes on foreclosure on the pledged property (including establishing pledge claims in a bankruptcy case) is that the execution of a court ruling on satisfying claims in the absence of the defendant's property in kind is impossible in any event (for example, auctions cannot be held because the subject of a pledge is missing), and therefore, if there are objections from the opposing party, any doubt as to whether the property exists or does not exist should, as a general rule, be interpreted in favor of acknowledging the existence of a pledge.

Since the case documents do not provide evidence of the absence of the debtor's pledged property, the court has no grounds for turning down the creditor's claims for inclusion of their claims in the debtor's creditor's register as secured by the pledge of the debtor's property.

A similar legal position is set out in the Supreme Court of the Russian Federation Ruling of 20.11.2017 No 305-ES17-9931.

In such circumstances, the court concludes that there are grounds for satisfying the claims made by the creditor.

Given these circumstances, Arsen Akhmedovich Komutayev's claim in the amount of 22,233,148 rubles (principal) and 13,991,528 rubles (interest) should be included in the debtor's creditors' register. The court refuses to include the amount exceeding the specified amount.

On the basis of the foregoing and guided by Articles 4, 16, 32, 100, 213.24 of the Federal Law «On Insolvency (Bankruptcy)», Articles 13, 65, 71, 123, 156, 176, 184, 185, 223 of the APC of the RF, the court

### RULED

Deny the motion for continuance and the motion to call evidence.

Recognize as justified the claim of Arsen Akhmedovich Komutayev's to Andrey Yurievich Mann in the amount of 116,491,345.50 rubles (principal) and 54,415,773.49 rubles (interest payable on the loan).

Include the debt in the amount of 116 491 345.50 rubles (principal) and 54 415 773.49 rubles (interest payable on the loan) as a third-priority one in the register of creditors' claims of the debtor, Andrey Yurievich Mann, of which 65 000 000 rubles as secured by collateral.

This ruling is effective immediately and may be appealed within ten days to the Ninth Arbitration Court of Appeal.

**JUDGE**                                                                                    **I. A. Belova**