IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PETR DMITRIEV, DARIA LATOUR,
YUSUP OSMANOV, YURI
RYAZANOV, ARSENYI SHCHEPIN,
GEORGY SHCHEPIN, and OLEG
SEMINETS

      Plaintiffs,

      v.

ANDREI MANN and MICHAEL
HELLMAN

      Defendants.

CIVIL ACTION No. 21cv40068=NMG

**MEMORANDUM OF POINTS AND AUTHORITES
OF DEFENDANT ANDREI MANN
IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT**

# LIST OF AUTHORITIES

Alternative Sys. Concepts, Inc. v. Synopsys, Inc.,      19
374 F.3d 23, 29 (1st Cir.2004).

Aoude v. Mobil Oil Corp.      10
(C.A.1, 1989) 892 F.2d 1115.

Ashcroft v. Iqbal,      3
556 U.S. 662

Ashe v. Swenson,      11
397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)

Bell Atlantic Corp. v. Twombly,      3
550 U.S. 544

Costa v. FCA US LLC      19
(D.Mass, June 8, 2021, --- F.Supp.3d ----2021 WL 2338963.

Eagle-Picher Industries, Inc. v. Liberty Mut. Ins. Co.,      7
C.A.1 (Mass.) 1982, 682 F.2d 12

Evans Cabinet Corp. v. Kitchen Intern., Inc.      8
(C.A.1, 2010) 593 F.3d 135

Haley v. City of Boston,      4
657 F.3d 39, 46 (1st Cir. 2011)

Heng Ren Investments LP v. Sinovac Biotech Ltd.      10
(D.Mass, June 3, 2021--- F.Supp.3d ----2021 WL 2292333,

Hilton v. Guyot,      10
159 U.S. 113

Howe v. Goldcorp Invs., Ltd.,      12
946 F.2d 944, 947 (1st Cir. 1991)

Jenny B. Realty, LLC v. Danielson, LLC      13
(D.Mass, 2020) 456 F.Supp.3d 307.

Keystone Shipping Co. v. New England Power Co.,      11
109 F.3d 46, 51 (1st Cir.1997)

Manganella v. Evanston Ins. Co.      10
(C.A.1, 2012) 700 F.3d 585.

McCord v. Jet Spray Intern. Corp.      8
(D.Mass, 1994) 874 F.Supp. 436

McGinty v. Beranger Volkswagen, Inc.,      20
633 F.2d 226 (1st Cir.1980)

Murphy v. Erwin-Wasey, Inc.,      7
C.A.1 (Mass.) 1972, 460 F.2d 661.

N. Am. Cath. Educ. Programming Found., Inc. v. Cardinale,      19
567 F.3d 8, 13 (1st Cir. 2009)

Nandjou v. Marriott International, Inc.      12
(C.A.1, 2021) 985 F.3d 135.

New Mexico ex rel. Balderas v. Real Estate Law Center, P.C.      18
(D. New Mex. 2019) 401 F.Supp.3d 1229.

Newman-Green, Inc. v. Alfonzo-Larrain,      17

490 U.S. 826,

Ocasio-Hernandez v. Fortuno-Burset,     3
    640 F.3d 1, 12 (1st Cir. 2011).

Phoenix Insurance Company v. Ragnar Benson Construction LLC     13
    (D.Mass, 2019) 404 F.Supp.3d 427.

Picciotto v. Cont'l Cas. Co.,     7
    512 F.3d 9, 15 (1st Cir. 2008)

Piper Aircraft Co. v. Reyno,     12
    454 U.S. 235.

Powers v. Boston Cooper Corp.,     20
    926 F.2d 109, 111 (1st Cir.1991)

Ramallo Bros. Printing, Inc. v. El Dia, Inc.     11
    (C.A.1, 2007) 490 F.3d 86

Raytheon Co. v. Cont'l Cas. Co.,     8
    123 F. Supp. 2d 22, 32 (D. Mass. 2000).

Rodi v. Southern New England School Of Law     20
    (C.A. 1, 2004) 389 F.3d 5

Sara Paulsen v. Great Bridge Attleboro Limited Partnership,     4
    D. Mass. August 5, 2021--- F.Supp.3d ----

Source One Financial Corp v. Geico Indemnity Co.,     7
    D.Mass, June 30, 2021--- F.Supp.3d ----2021 WL 2712262

Sterling Suffolk Racecourse, LLC v. Wynn Resorts, Ltd.,     19
    419 F. Supp. 3d 176

Stevens v. Loomis, C.A.1 (Mass.)     7
    1964, 334 F.2d 775

Travelers Indem. Co. v. Dingwell,     7
    C.A.1 (Me.) 1989, 884 F.2d 629

United States v. San Juan Bay Marina,     8
    239 F.3d 400, 405 (1st Cir. 2001)

**TABLE OF CONTENTS**

INTRODUCTION………………………………………………………………………….1

A. SUMMARY OF POINTS FOR MOTION TO DISMISS………………………………….1

B.  STANDARD FOR MOTIONS TO DISMISS……………………………………………3

C. FAILURE TO COMPLY WITH RULE 19(C) REGARDING THE MANDATORY DISCLOSURE IN THE COMPLAINT OF NECESSARY PARTIES………………………4

D. FAILURE TO JOIN INDISPENSABLE CORPORATE PARTIES……………………5

E. CASE LAW ON IMPLEMENTATION OF RULE 19 WEIGHS FOR DISMISSAL……7

F. PLAINTIFFS' FAILURE TO DISCLOSE PLAINTIFFS' OVERLAPPING CLAIMS IN JUDICIAL PROCEEDINGS IN MOSCOW………………………………………………..8

G. DOCTRINES OF RES JUDICATA, COLLATERAL ESTOPPEL, ISSUE PRECLUSION………………………………………………………………………….10

H. THE COURT SHOULD APPLY THE DOCTRINE OF *FORUM NON CONVENIENS*, WHICH WARRANTS DISMISSAL…………………………………………………..11

I. CHOICE OF LAW FOR LAW OF CONTRACTS FAVORS APPLYING RUSSIAN FEDERATION'S LAW………………………………………………………………...12

J. COMPLAINT IS FUNDAMENTALLY DEFECTIVE, REPRESENTING LUMPING TOGETHER OF UNRELATED CLAIMS BROUGHT BY DIFFERENT PARTIES……..13

K. RULE 21 CONTROLS THE NECESSITY OF SEVERING CLAIMS IN THE EVENT LITIGATION GOES FORWARD…………………………………………………………17

L. COUNTS ALLEGING FRAUD ARE PLEADED WITHOUT SPECIFICITY REQUIRED BY RULE 9……………………………………………………………………18

M.  IN THE ALTERNATIVE, DEFENDANT MOVES RELIEF UNDER RULE 12(E) FOR A MORE DEFINITE STATEMENT………………………………………………………19

CONCLUSION…………………………………………………………………………20

**INTRODUCTION.**

Defendant Andrei Mann ("Mann"), by and through his undersigned counsel, respectfully moves to dismiss the Complaint as to all claims raised against him by the Plaintiffs. The Complaint has a fundamental deficiency of a required nexus of the claims brought by certain parties and without a meaningful relationship or connection of the Plaintiffs among themselves. On information and belief, some of the Plaintiffs have even never met each other.

The Plaintiffs have improperly concealed in the pleading that essentially the same claims have been subject to judicial proceedings in the Russian Federation. Such concealment that could be treated as fraudulent or even fraud on the Court. In light that the Plaintiffs omitted a series of judicial documents, necessary for disclosure this Court, Mann annexes his Declaration, authenticating the judicial decisions from the Courts in Moscow, the Russian Federation, material and relevant for the claims brought in the Complaint. Exhs 1-8.

**A. SUMMARY OF POINTS FOR MOTION TO DISMISS.**

The Complaint should be dismissed as to Mann for multiple reasons, summarized below:

1.    The Complaint violates F.R.Civ.P. 19(c) because it failed to disclose that there are indispensable corporate for adjudication of the claims against Mann and the true circumstances.

2.    More generally, the Complaint should be dismissed because under F.R.Civ.P. 19's requirements, the indispensable corporate parties, have not been joined as co-defendants. Without those absent corporate parties, a full adjudication of the claims is impossible.

3.    The Complaint failed to disclose that the very same Plaintiffs have been involved in the proceedings in the Court in Moscow, the Russian Federation, which may be treated as fraudulent and sanctionable, under the inherent powers of the Court considering possible fraud on the Court. Ref. Exhs 1-8 to the Mann Declaration.

4. This action should be dismissed based on the theory *forum non conveniens* because the Plaintiffs' claims should be resolved in the Courts in Moscow, Russia, where those have already been raised, to avoid overlapping issues and the dichotomy of the court decisions.

5. Mann is a naturalized U.S. citizen. As a person born in the USSR, he also has the right of unrestricted travel to Russia, which is, as he was advised, not contrary to the U.S. laws. Mann has a substantial nexus to the Russian Federation, where the claims against him can be best resolved.

6. Furthermore, the parties to contractual documents representing the alleged debt(s) executed those documents in Moscow, Russia. The obligations were incurred and were supposed to be repaid in that jurisdiction. All or nearly all contractual documentation was initially only in the Russian language.

7. None of the Plaintiffs traveled to the U.S. to negotiate the contractual instruments with Mann nor otherwise showed the minimum intention to resolve the claims against Mann in the U.S., invoking the choice of law maxims.

8. The Complaint should be dismissed because it is compound, putting together the various claims for certain amounts that have nothing to do with each other.

9. The Complaint should also be dismissed because the joinder of the certain individual Plaintiffs, who sometimes have no relationship, is improper, representing a conglomeration of at least four different lawsuits.

10. Even though the Plaintiffs achieve savings on the litigation expenses, compounding the claims and the parties is fundamentally unfair to Mann, because potential discovery by one of the Plaintiffs automatically becomes available to all other Plaintiffs.

11. Each of the Counts, pled under the theory of 'Fraud,' namely Counts I, IV, VI, VIII, X, XII, XVI, and XVIII, are severely insufficient on the specificity, required under F.R.Civ.P. 9(b) "…a party must state with particularity the circumstances constituting fraud").

12. Each of the Counts pled under the theory of "civil conspiracy," Counts III, XVII, and XIX should be dismissed as also defective, not showing the agreement among the parties.

13. The Counts based on breach of contract, namely Counts II, V, VII, IX, and XIII, should be dismissed as to Mann because all those Counts are based on the law of contract of the Russian Federation (which is governed by the Russian Civil Code). The U.S. District Court lacks the proper basis to determine the Russian law of contract.

14. The theories of conversion and unjust enrichment (Counts XIV and XV), the remainder of the Counts, should be dismissed for the same reason, namely improperly imposing on this Court the burden to determine the Russian law governing these claims.

**B. STANDARD FOR MOTIONS TO DISMISS.**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt, that plaintiff can prove no set of facts in support of a claim that would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544. "A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the Court can draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ocasio-Hernandez v. Fortuno-*

*Burset*, 640 F.3d 1, 12 (1st Cir. 2011). When rendering that determination, a court may not look beyond the facts alleged in the Complaint, documents incorporated by reference therein, and facts susceptible to judicial notice. *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011). A court also may not disregard properly pled factual allegations even if actual proof of those facts is improbable. *Ocasio-Hernandez*, 640 F.3d at 12. Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the Court to draw. Id. at 13." See *Sara Paulsen v. Great Bridge Attleboro Limited Partnership*, D. Mass. August 5, 2021--- F.Supp.3d ---- (The Hon. Judge Gorton). Thereby, the Court "may not look beyond the facts alleged in the Complaint, documents incorporated by reference therein, and facts susceptible to judicial notice. *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011)." Ibid, *Paulsen*.

## C. FAILURE TO COMPLY WITH RULE 19(C) REGARDING THE MANDATORY DISCLOSURE IN THE COMPLAINT OF NECESSARY PARTIES.

Within the four corners of the Complaint, it mentions the legal entities, whose interests are intertwined with the alleged liability of Mann: namely (1) S-Info LLC, Massachusetts; (2) OOO S-Info (Moscow), (3) Callisto Media Group LLC (Massachusetts); (4) Publishing House S-Info (Moscow); (5) First Crandull Construction, Inc. (Massachusetts) and (6) the registration of its subsidiary with the same corporate name in Moscow, Russia. None of those is joined.

The relevant provision in F.R.Civ.P. Rule 19(c) uses the term "must" as to the obligation of the Plaintiffs: "(c) *Pleading the Reasons for Nonjoinder.* When asserting a claim for relief, a party must state: (1) the name, if known, of any person who is required to be joined if feasible but is not joined; and (2) the reasons for not joining that person."

The Plaintiffs, prima facie, failed to comply with F.R.Civ.P. Rule 19(c), which warrants, at a minimum, the Complaint's dismissal with a directive to amend with the mandatory compliance with said Rule 19(c).

4

## D. FAILURE TO JOIN INDISPENSABLE CORPORATE PARTIES

With reference to Mann's Declaration, six entities are, in fact, the indispensable parties to this lawsuit. See Exhs 9-12. The key participant in the alleged facts concerning Mann was S-Info LLC, incorporated in Massachusetts in June 2004 and administratively dissolved on June 28, 2019 (less than three years ago). Mann Dec., ¶¶13-16, Exh. 9. For example, the Complaint alleges regarding S-Info LLC (mentioned overall 20 times): "27. Mann informed Dmitriev that that the interest from the loan would be paid through S-Info but that the loan agreement itself had to state the loan was on an interest-free basis for U.S. tax purposes. Dmitriev agreed because he trusted that S-Info had more than enough income to pay the interest on Mann's loan." Axiomatically, S-Info LLC should have been joined as the indispensable party here. Ref. Exh. 9.

The joinder of OOO S-Info, registered in Moscow, the parent of S-Info LLC, incorporated in Massachusetts, is also indispensable because Dmitriev worked at that S-Info, for many years, namely until the beginning of 2018. Ref. Exh. 10. Dmitriev held one of the leading positions in the Department of Strategic Development of that company. Dmitriev was receiving a salary in Moscow at OOO S-Info. Consequently, that both the parent and the subsidiary entities are the indispensable corporate parties in this action.

The Complaint is silent on the fact that Dmitriev was aware of all the affairs in that company and of its financial condition. Dmitriev was aware of the structure of that company. Dmitriev elected to invest his money in the company where he was working. Contrary to Dmitriev's claims, he regularly received interest on the funds he provided to the company. Instead, Dmitriev silenced in his claim, as it is stated in the Complaint, that he worked for S-Info and omitted other material facts of his genuine financial relationship with the company. The inference should be made that Dmitriev, regrettably, is misleading the Court.

The other issue is that the Plaintiffs could have stated their claims against S-Info LLC's parent entity in Russia, OOO S-Info, in the Russian Court. The jurisdiction of the parent entity is clear: it has the registered address: 22/40 Pervomaiskaya St., Moscow, 105043. Under the decision of the Russian Court, on January 25, 2021, that company in Russia was adjudged bankrupt. Ibid, Cmplt, Exhs 7-8. Since there are pending bankruptcy proceedings regarding OOO S-Info, the parent of S-Info LLC, the Plaintiffs should be directed to utilize the existing forum in Moscow. All claims concerning S-Info LLC should be dismissed, at a minimum, until such time when the Plaintiffs amend the pleading and join the parent and the subsidiary entities as the parties.

Another indispensable party is Callisto Media Corporation (Callisto) and/or Callisto Media Group LLC, both Massachusetts entities. The Complaint cites Callisto on six occasions, in the context of being involved in the alleged indebtedness to the Plaintiffs. For example, the Complaint alleges: "29. As security for the funds, Mann agreed "to provide 51 shares in the company CALLISTO MEDIA CORPORATION (capital letters used in original text), allegedly registered in the United States and being the sole participant of S-info Publishing House in the Russian Federation…" See Exh. 11 for the public records on Calistos. The Plaintiffs must have been aware that they were pathetically late in bringing the claims against either of Callistos registered in Massachusetts (dissolved in 2011 and 2014, respectively). The Plaintiffs should first find a way to restore Callistos, or their claims relating to Callistos are forfeited on the status of limitations. See Exh. 11.

Furthermore, the Complaint cites, on two occasions, First Crandull Construction, Inc. (First Crandull), State docket 113587928, which corporate name the Plaintiffs misspelled in the Complaint ("Crand*a*ll"). That entity is also intertwined with the dealings with the Plaintiffs (allegedly hiring plaintiff Yusup Osmanov). Crandull is a Delaware entity registered as a foreign

entity in Massachusetts on December 12, 2006. Creditor Osmanov should have filed a separate case naming Crandull the co-defendant, which can still be sued, as it was dissolved only on June 28, 2019. See Exh. 12.

In sum, under F.R.Civ.P. 19, the Plaintiffs should have joined the above mentioned six entities as the indispensable parties. All of the above six entities satisfy the criteria in the Rule: "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

### E. CASE LAW ON IMPLEMENTATION OF RULE 19 WEIGHS FOR DISMISSAL.

For the recitation of the joinder necessity, see *Eagle-Picher Industries, Inc. v. Liberty Mut. Ins. Co*., C.A.1 (Mass.) 1982, 682 F.2d 12, certiorari denied 460 U.S. 1028. It would have been an abuse of discretion for the district court to have proceeded with suit: *Stevens v. Loomis*, C.A.1 (Mass.) 1964, 334 F.2d 775. See *Murphy v. Erwin-Wasey, Inc.,* C.A.1 (Mass.) 1972, 460 F.2d 661. A determination that a party is indispensable is entitled to deference and will not be reversed unless it amounts to an abuse of discretion. See *Travelers Indem. Co. v. Dingwell*, C.A.1 (Me.) 1989, 884 F.2d 629. See *Source One Financial Corporation v. Geico Indemnity Co*., D.Mass, June 30, 2021--- F.Supp.3d ----2021 WL 2712262 (also referring to Mass.R.Civ.P. 19.)

Under Rule 12(b)(7), a party may move for a dismissal of an action for failure to join a party under Rule 19. Fed. R. Civ. P. 12(b)(7). The Court conducts a two-part inquiry to determine whether a party must be joined under Rule 19. See *Picciotto v. Cont'l Cas. Co*., 512 F.3d 9, 15 (1st Cir. 2008). First, the Court must decide whether a party is necessary under Rule 19(a). *United*

*States v. San Juan Bay Marina*, 239 F.3d 400, 405 (1st Cir. 2001). If a party is a necessary one, the Court must then ask whether a joinder is feasible. Fed.R.Civ.P.19(a). Here, at least S-Info and First Crandull, registered in Massachusetts less than three years after they were dissolved, have been easily available in this Commonwealth, and at least those should have been joined.

As a consequence of non-joinder, the Court should dismiss the Complaint based on F.R.Civ.P. Rule 19's clause: "If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." The Complaint itself shows that at least S-Info LLC and First Crandull should have been joined. The defendant's burden is met here; see *Raytheon Co. v. Cont'l Cas. Co.*, 123 F. Supp. 2d 22, 32 (D. Mass. 2000).

## F. THE PLAINTIFFS' FAILURE TO DISCLOSE THE PLAINTIFFS' OVERLAPPING CLAIMS IN JUDICIAL PROCEEDINGS IN MOSCOW.

The disclaimer is made that Massachusetts does not recognize foreign country judgments without reciprocity. Ref. M.G.L. ch. 235, § 23A ("A foreign judgment shall not be recognized if…(7) judgments of this state are not recognized in the courts of the foreign state". See *Evans Cabinet Corp. v. Kitchen Intern., Inc.* (C.A.1, 2010) 593 F.3d 135 ("With respect to the recognition of foreign country judgments, Massachusetts…has enacted a version of the Recognition Act. [Ftn 8.] The Massachusetts version of that Act is codified at Massachusetts General Laws chapter 235 § 23A.9" (discussing Canadian court proceedings). See also *McCord v. Jet Spray Intern. Corp.* (D.Mass, 1994) 874 F.Supp. 436 (discussing Belgian court proceedings).

Mann fulfills his good-faith obligation to report to this Court that the Russian Federation does not provide reciprocity to American judgments, as a matter of the statutory law (Russia only recognizes judgments only if it has bilateral or multi-material agreements on mutual recognition). Accordingly, Mann does not ask to recognize the Russian judicial decisions cited below as such

and acknowledges that recognition may not apply. However, the Court may apply F.R.Civ.P. 44.1 to acknowledge the existence of the foreign law and proceedings overseas (towit "In determining foreign law, the Court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence).

The only purpose of Mann's bringing this Court's attention to foreign judicial proceedings is applying the doctrine "*forum non-conveniens*," discussed below.

It is noteworthy that the Complaint does not disclose the overlapping civil judicial proceedings in Moscow, Russia, where the Plaintiffs have stated their claims. See Exhs 1-8. In the context of *forum non-conveniens*, such non-disclosure is highly prejudicial to Mann. The Plaintiffs silenced that they have already stated their claims overseas. Of particular importance is the Decision of the Court in Moscow of March 16, 2020. See Exh. 5. The Plaintiffs should not be allowed the proverbial "two bites at the same apple".

Mann submits that these are the material omissions for which the Plaintiffs (assuming their counsel was uninformed). Alternatively, if the Plaintiffs' counsel was uninformed of the Court decisions in Moscow, Russia, directly pertaining to the claims brought in the Complaint, the Plaintiffs, under the District Court's inherent powers because that is a material omission, concerning the propriety of using this forum and the limited resources of the American judiciary. In addition, as can be understood from the Complaint's innuendos, there are no Russian court decisions in the so-called criminal cases against Mann. The fact is that Mann has never been convicted of any wrongdoing. Like the U.S., Russia also has a presumption of innocence.

The Plaintiffs' advising the Court through the Complaint about the so-called criminal cases against Mann, which have not entered into force, looks strange against the background of the Plaintiffs' failure to disclose many significant facts. The fact is that if the complaints for the so-

called criminal cases against Mann were initiated mainly by these same Plaintiffs, demanding the same relief. If that is the case, then the Plaintiffs engage in an improper campaign to prosecute Mann by any means, in disregard of the truth.

Here, at a minimum, the District Court should consider that the Plaintiffs' making material omissions, such as the relevant Court decisions from the Court in Moscow, warrants a dismissal of the Complaint on that ground already. Ref. Exhs 1-8. See *Aoude v. Mobil Oil Corp*. (C.A.1, 1989) 892 F.2d 1115.

### G. DOCTRINES OF RES JUDICATA, COLLATERAL ESTOPPEL, ISSUE PRECLUSION.

The other consequence is that these judicial decisions from Moscow should be treated as res judicata, collateral estoppel, and issue preclusion, to the extent proper under F.R.Civ.P. 44.1. Generally, see *Manganella v. Evanston Ins. Co*. (C.A.1, 2012) 700 F.3d 585. Ref. Exhs 1-8.

The requirement of reciprocity goes back to the leading authority of the U.S. Supreme Court on recognition and enforcement of foreign judgments, *Hilton v. Guyot*, 159 U.S. 113 (1895). The Restatement (3rd) of Foreign Relations Law, at §481, compare to §482 'Grounds for Nonrecognition of Foreign Judgments.' Yet, F.R.Civ.P. 44.1, provides the Court a great latitude to determine the foreign law without a need to recognize or enforce a foreign judgment. See also *Heng Ren Investments LP v. Sinovac Biotech Ltd*. (D.Mass, June 3, 2021--- F.Supp.3d ----2021 WL 2292333, The Hon. Gorton). In *Heng Ren*, the Court noted:

> "Federal courts have discretion when determining the contours of foreign law pursuant to Fed. R. Civ. P. 44.1. A court "may consider any relevant material or source" and is permitted, but not required, to conduct its own research. Fed. R. Civ. P. 44.1; Mackley v. Sullivan & Liapakis, P.C., No. 98-cv-8460, 2001 WL 1658188, at *4, 2001 U.S. Dist. LEXIS 21723, at *10–11 (S.D.N.Y. Dec. 27, 2001). It can also direct the parties to brief a particular question with respect to the relevant foreign law and/or demand a more "complete presentation [of that law] by counsel." See Mackley, 2001 WL 1658188, at *4, 2001 U.S. Dist. LEXIS 21723, at *11; see also Fed. R. Civ. P. 44.1 advisory committee's note to 1966 amendments ("[T]he

court is free to insist on a complete presentation [of the relevant foreign law] by counsel.")"

Assuming this honorable Court acknowledges the existence of the Russian Courts' proceedings, the relief of collateral estoppel (or sister doctrines of res judicata and/or issue preclusion) could be applied for purposes of *forum non-conveniens*.   See *Ramallo Bros. Printing, Inc. v. El Dia, Inc*. (C.A.1, 2007) 490 F.3d 86 (…" that issue cannot again be litigated between the same parties in any future lawsuit." *90 *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); see also *Keystone Shipping Co. v. New England Power Co*., 109 F.3d 46, 51 (1st Cir.1997) (explaining that "[t]he principle of collateral estoppel, or issue preclusion, ... bars relitigation of any factual or legal issue that was actually decided in previous litigation between the parties, whether on the same or a different claim") Ibid.

The Russian proceedings are and have been upon the actions among essentially the same parties. Based on that, the Court should dismiss this action and direct the Plaintiffs to go back to the Russian Courts where they have applied for relief and vigorously prosecuted their claims.

**H. THE COURT SHOULD APPLY THE DOCTRINE OF *FORUM NON CONVENIENS*, WHICH WARRANTS DISMISSAL.**

Under the umbrella of F.R.Civ.P. 44.1 (applicable to Exhs 1-8), it is also evident that this Court should resolve if this District Court is the proper forum for the claims already pending in Moscow.   The law of Russian Federation applies to all contractual documents executed in the Russian language in Moscow.   To adjudicate such claims, this Court would be required to determine Russian law, including through the expertise of the Russian attorneys.   Specifically, none of the exhibits annexed by the Plaintiffs to the Complaint, to the extent being related to Mann, contains the choice of law in favor of the American law or agreement on a forum in the U.S. The

doctrine of *forum non conveniens* is designed in part to help courts avoid conducting complex exercises in comparative law. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235.

"The doctrine of *forum non conveniens* ... permits a court to dismiss a case because the chosen forum (despite the presence of jurisdiction and venue) is so inconvenient that it would be unfair to conduct the litigation in that place." *Howe v. Goldcorp Invs., Ltd*., 946 F.2d 944, 947 (1st Cir. 1991). "[T]he practical effect" of a dismissal on these grounds is to require the plaintiff "to file his complaint in a more convenient forum elsewhere" in order to obtain relief. Id." See *Nandjou v. Marriott International, Inc*. (C.A.1, 2021) 985 F.3d 135. Here, this Court should logically rule that the Plaintiffs should resolve their claims in the Russian courts.

## I. CHOICE OF LAW FOR LAW OF CONTRACTS FAVORS APPLYING RUSSIAN FEDERATION'S LAW.

Specifically, the Plaintiffs' own exhibits concerning Mann show that the contracts or contractual documents were: (A) prepared and executed in Russian language; (B) executed in Russia upon meetings there; (C) imply reliance on Russian law, and (D) make no reference to the law of the U.S. or of Massachusetts (the contractual documents of the Plaintiffs with co-defendant Hellman are not discussed here). Therefore, the principles of the choice of law, including under the State law of Massachusetts, warrant that the disputes cited in the Complaint be adjudicated in Russia.

Under Massachusetts law, the Court should consider those contracts in light of the following factors relevant to the choice-of-law analysis: (1) the needs of the interstate and international systems, (2) the relevant policies of the forum, (3) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (4) the protection of justified expectation, (5) the basic policies underlying the particular field of law, (6) certainty, predictability and uniformity of result, and (7) ease in the determination and

application of the law to be applied. See *Phoenix Insurance Company v. Ragnar Benson Construction LLC* (D.Mass, 2019) 404 F.Supp.3d 427. These factors favor applying the Russian law of contract. Generally, that favors selecting the forum in Russia.

Under Massachusetts choice-of-law principles, when determining what law applies to breach of contract claim, the Court applies the substantive law, which has the more significant relationship to the transaction. See *Jenny B. Realty, LLC v. Danielson, LLC* (D.Mass, 2020) 456 F.Supp.3d 307. Consequently, the choice of law principles also favor dismissing the present Complaint and allowing the parties to adjudicate their claims and rights in the proper forum in Moscow.

## J. COMPLAINT IS FUNDAMENTALLY DEFECTIVE, REPRESENTING LUMPING TOGETHER OF UNRELATED CLAIMS BROUGHT BY DIFFERENT PARTIES WITHOUT NEXUS.

The Complaint has a fundamental defect. It leaves an inference that the Plaintiffs possibly attempt to save money on bringing together the claims belonging to different cases. However, the Plaintiffs, who sometimes have no relationship or connection with each other, misuse the pleading to combine unrelated claims in one basket. The combination of the Plaintiffs is also unusual; one of them resides in Israel, several others are in the Russian Federation, up to the Far East. Of course, the Complaint is far from attempting a class action under F.R.Civ.P. 23; however, the Plaintiffs should have stated their claims simply in separate cases.

(a)    Petr Dmitriev, Claim That Should Have Been Stated in One Action.

More specifically, Dmitriev is an individual with Russian and Israeli citizenship "who is domiciled in Bat-Yam, Israel." Cmplt at 1. As stated in the Complaint, Dmitriev's claims stand on their own, reflected in Counts I to III. The core of the allegations is $1.5 million. Namely, the Complaint states: "117. Specifically, Mann and Hellman agreed to defraud Dmitriev out of

$1,500,000 USD by convincing him to loan Mann money despite knowing that Mann did not intent *(sic)* to repay the funds." That claim belongs to a separate claim and has nothing to do with the other Plaintiffs, as highlighted below.

(b)      <u>Daria Latour, Claim That Should Have Been Severed.</u>

The claims of the next plaintiff, Daria Latour (Latour), are different from Dmitriev's claim, as reflected in Counts IV and V. Latour is unrelated to Dmitriev. Latour resides in Moscow, not in Israel. As to Latour, the claim is stated for a different transaction: "122. In September 2008, Mann manipulated Latour into loaning him $445,418 USD." In its face, that has nothing to do with Dmitriev's claim; the Plaintiffs essentially lumped together completely unrelated claims. Mann is unaware if Dmitriev and Latour have even ever met. Making Dmitriev and Latour stating the claims jointly has no justification and only leads to confusion.

(c)      <u>Yusup Osmanov, Claim That Should Have Been Severed.</u>

The third plaintiff, Yusup Osmanov (Osmanov), has yet different claims, reflected in Counts VI and VII. Osmanov is not a relative of any other Plaintiffs; he is a stranger who has business-wise nothing to do with Dmitriev and Latour. Merely an acquaintance if that were the case, is not even close to what it takes to join the claims in one Complaint.

Osmanov's claims are yet for other transactions: "135. On April 1, 2018, Mann lied to Osmanov again by representing that he would repay all of his debts to Osmanov and executing a loan summary agreement in which Mann acknowledged owing Osmanov $6,924,866 USD and €367,500 EUR as of July 1, 2018."

Again, Counts VI and VII are utterly unrelated to any other claims. Obviously, Osmanov's claims for money are not related to other amounts claimed in the Complaint and belong to a separate case.

(d)    <u>Yuri Ryazanov, Claim That Should Have Been Severed.</u>

The fourth plaintiff, Yuri Ryazanov (Ryazanov), has yet other claims, of his own, reflected in Counts VIII and IX: "151. The October 11, 2017 the loan repayment agreement between Mann and Ryazanov was a valid contract in which Mann agreed to repay his debt to Ryazanov by December 31, 2017… 154. Ryazanov suffered damages in the amount of $3,467,938 USD and €2,498,290 EUR as a result of Mann's breach."

Again, there is no nexus, Ryazanov's claim for money is unrelated to other claims in the Complaint.

(e)    <u>Areseny and Georgy Schchepin, Claim That Should Have Been Severed.</u>

Latour's sons are the fifth and sixth Plaintiffs, Areseny Schchepin (Areseny) and Georgy Schchepin (Georgy).  Their claim is utterly unclear and relates to an account in Russia: "159. In reliance on Mann's statements about Choate closing their trust, Arseniy and Georgy signed paperwork to close the trust account and ultimately transferred $1,200,000 USD".

For purposes of the argument of lumping together unrelated claims, again, this has nothing to do with the claims of any of the other Plaintiffs.  As to Areseny and Georgy, the issue of the forum is as especially acute.  The money allegedly went to a Russian bank.

There are bankruptcy proceedings in Moscow concerning Mann and OOO S-Info.  These Plaintiffs have no grounds to claim that American jurisprudence should be utilized to adjudicate claims based on the monetary transaction that originated and was consummated in Moscow, Russia, with local discovery available.

Again, other than being the sons of Latour, both Areseny and Georgy Schchepin have a claim for money that is distinctly different from other claims stated in the Complaint and should have been severed, stated in a separate case.

(f) <u>Oleg Semenets, Claim Should Have Been Severed.</u>

The last, eighth plaintiff is Oleg Semenets (Semenets), who has not been related to anyone above, other than eventually being domiciled close to Moscow. Semenets's claims are demonstratively different: "170. On May 1, 2019, Mann met Semenets in Marbella, Spain, to reassure Semenets that he would repay his loans to Semenets… 172. As a result of Mann's fraud, Semenets has suffered damages in the amount of $1,750,000 USD."  None of the other Plaintiffs alleges going to Spain to meet with Mann.  Again, Sements's claim for money has nothing to do with the other Plaintiffs' claims.

(g) <u>Attempts to State Claims Jointly Have No Justification.</u>

In an attempt to save the Complaint as one pleading, all of the above Plaintiffs stated against Mann also Counts XV and XVI, based on conversion and unjust enrichment.  However, those are not adequately stated because the Plaintiffs assert the claims based on breach of contract. As a result, an equitable theory of unjust enrichment is superseded by the alleged contractual obligations and liabilities.  Conversion is not proper either, where the Plaintiffs do not allege that the contracts were invalid.

As to the Counts stated against Hellman, those do not concern Mann, and he should not respond to Counts XVII-XIX.  Those Counts only enhance the appearance that lumping together of the claims was not warranted.  Even though Mann and Hellman were sometimes in privity, the claims for the debts stated in the Complaint are different.

To save the pleading, the Plaintiffs also added Count XIX alleging a civil conspiracy between Mann and Hellman.  The allegations in that Count are particularly nebulous: "205. Hellman entered into a common design or agreement with Mann to defraud Arseniy and Georgy out of their trust fund assets by convincing them that Choate was closing the trust…." The Count,

defective on its face, is instead designed to create an appearance as though there is a relationship among the claims, whereas there is none, at least none adequately pled.

**K. RULE 21 CONTROLS THE NECESSITY OF SEVERING CLAIMS IN THE EVENT LITIGATION GOES FORWARD**.

As shown above, there are approximately six logical variants where the Plaintiffs should state their claims separately, which is controlled by F.R.Civ.P. Rule 21. 'Misjoinder and Nonjoinder of Parties'. In the relevant part, the Rule states: "…the Court may at any time, on just terms, add or drop a party. The Court may also sever any claim against a party." If the Complaint or any of the Counts survive, then the Court should apply F.R.Civ.P. Rule 21 to order the Plaintiffs to restate their claims in different actions, with separate complaints, if any. Mann should not advise the Plaintiffs how they should properly combine the parties in several cases.

Allowing the Plaintiffs to go ahead with such a mess of the different claims lumped together and with such a number of the unrelated Plaintiffs would be highly prejudicial to Mann. Namely, eight Plaintiffs would become automatically full beneficiaries of discovery in transactions to which only one or two of them were involved. Depositions would become unnecessarily overcomplicated with an inflated agenda concerning utterly unrelated claims.

It the case went forward, a joint trial would also be extraordinarily prejudicial to Mann, as the Plaintiffs will use the evidence in one transaction to create an general inference regarding other transactions. For example, the Plaintiffs use camouflaging that there is, within the Complaint, not an iota of evidence that Mann had an intent to defraud, as compared to what looks like a regular loss in commercial activities, notably culminating in massive commercial losses at the time of the COVIT-19 pandemic, shuttering the businesses around the world.

In *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, the Supreme Court explained F.R.Civ.P. 21. Even though the issue of misjoinder of Plaintiffs rarely comes before the Courts,

at least in the First Circuit, in the extreme situation, the Court addressed a "blatant misjoinder of Plaintiffs," and the Court went for sanctions, even though the misjoinder issues were by far more acute than here. See *New Mexico ex rel. Balderas v. Real Estate Law Center, P.C.* (D. New Mex. 2019) 401 F.Supp.3d 1229. In this case, the Court should rule that, based on the dichotomy of the Complaint's allegations claiming different, unrelated debts attributed to different, unrelated parties without nexus, the Complaint should be dismissed without prejudice. The Plaintiffs should be directed to restate their claims for unrelated alleged debts in separate cases.

There is also a question whether separate dockets regarding the claims against Mann, on the one hand, and against Hellman, on the other hand, would better serve the ends of justice. Here, Mann has to face the allegations and claims attributed to Hellman, all without proper justification.

## L. COUNTS ALLEGING FRAUD ARE PLEADED WITHOUT SPECIFICITY REQUIRED BY RULE 9.

As mentioned above, each of the Counts, pled under the theory of 'Fraud,' namely Counts I, IV, VI, VIII, X, XII, XVI, and XVIII, are severely insufficient on the specificity, required under F.R.Civ.P. 9(b). The page limit for memoranda allows showing only examples. For example, under Count X, the Plaintiffs state: "156. In June of 2016, Mann deceived Arseniy and Georgy by representing that Choate was closing their trust because Choate did not want to do business with Russians." That is as vague as it gets. What the Plaintiffs mean by "representing" was it presumably on a written form, then what was the date of the writing, directed from whom to whom. Likewise, if it were in an oral form, the Plaintiffs should be specific on the date, who said what to whom, if it were in a conversation between three persons.

In another instance, the Plaintiffs alleged: "157. Mann further deceived Arseniy and Georgy by promising them that if they transferred the money to their Russian bank accounts and then to a different account, Mann would deposit the funds into a Swiss trust." The alleged facts

before that Count are exceedingly brief (e.g., at ¶62: "…he could then move the funds to a Swiss trust fund").  The first questions that prop up such allegations are the trust declaration, who was the settlor, who was the trustee, holding assets at what specific bank, etc.  All of that specificity is missing in the Complaint, although those allegations should be stated clearly and specifically.  It is plausible that Plaintiffs, for the most part, have insufficient ability to read documents in English, less so in German or French, in which the Swiss documents could be prepared.  Mann is at a loss, what the Plaintiffs have in mind and how he may respond to the vague allegations.

Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In the First Circuit, Plaintiffs are required to set out "the who, what, where, and when of the allegedly false or fraudulent representation," *Alt. Sys. Concepts, Inc. v. Synopsys, Inc*., 374 F.3d 23, 29 (1st Cir. 2004), and "identify[ ] the basis for inferring scienter," *Sterling Suffolk Racecourse, LLC v. Wynn Resorts, Ltd.*, 419 F. Supp. 3d 176, 189 (D. Mass. 2019) (quoting *N. Am. Cath. Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 13 (1st Cir. 2009).  See *Costa v. FCA US LLC* (D.Mass, June 8, 2021, --- F.Supp.3d ----2021 WL 2338963.

**M.   IN THE ALTERNATIVE, DEFENDANT MOVES RELIEF UNDER RULE 12(E) FOR A MORE DEFINITE STATEMENT**.

All of the above circumstances warrant the Court's applying either pursuant to this Motion or *sua sponte* an alternative or related relief to require a more definite statement, pursuant to F.R.Civ.P. 12(e) when the Complaint is "so vague or ambiguous that the party cannot reasonably prepare a response."   Mann provides three examples arising from the Complaint.

First of all, the plaintiff should be obligated to plead the effect of the Russian Court's decisions judgments, having effect as collateral estoppel or res judicata, or issue preclusion.  If the Plaintiffs dare defy the Russian Court's judgment, so be it, but they must plead they do not

recognize those. Otherwise, they must indicate that those issues, already resolved, bind them. Second, the Plaintiffs must be ordered to comply with F.R.Civ.P. 19(C) ("Pleading the Reasons for Nonjoinder," as argued above. Third, all allegations concerning purported fraud are demonstratively insufficient, given the requirements of Rule 9(b), which dictates that the plaintiff aver "the circumstances constituting fraud." To single out, the Plaintiffs' series allegations concerning trust or trusts (either in the U.S., or in Switzerland, or Russia, or elsewhere), without annexing any documents or even without referring to the dates, are extraordinarily vague. The allegations must be concrete enough. Otherwise, Mann is prejudiced to respond to various allegations that are simply unclear. If the Plaintiffs feel that such documents fall under the category of confidential financial documents, then they are free to move to file those exhibits under seal.

Generally, "[C]ases alleging fraud—and for this purpose, misrepresentation is considered a species of fraud—constitute an exception..." *Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir.2004). That exception, codified in Fed.R.Civ.P. 9(b), requires that fraud be alleged with particularity. Id. This heightened pleading standard is satisfied by an averment "of the who, what, where, and when of the allegedly false or fraudulent representation." Id.; accord *Powers v. Boston Cooper Corp.*, 926 F.2d 109, 111 (1st Cir.1991); *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 228–29 & n. 2 (1st Cir.1980). See *Rodi v. Southern New England School Of Law* (C.A. 1, 2004) 389 F.3d 5.

## CONCLUSION.

For the above reasons, the Motion to Dismiss should be granted in its entirety with prejudice. In the alternative, the Court should require adding the necessary corporate defendants to sever the claims made by the different Plaintiffs in separate claims, and/or the Court should order a more definite statement in the new pleading(s).

Dated: August 19, 2021.

Respectfully submitted,

                           _____/George Lambert/
                           George Lambert, Esq.
                           MA bar # 568769; D.C. bar #979327
                           The Lambert Law Firm
                           100 Cambridge St., 14th Fl.,
                           Boston, MA 02114
                           1025 Connecticut Ave., #1000 NW
                           Washington, D.C., 20036
                           Tel. (617) 925 7500; (202) 640 1897, Fax (800) 952 1950
                           Email: Lawoffice2279@gmail.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on this August 19, 2021, the foregoing Declaration was served on the parties as follows:

Kenneth C. Pickering
Lauren E. Sparks,
Mirick, O'Connell, DeMallie & Lougee LLP
100 Front Street
Worcester MA 01608-1477
Tel. (508) 791-8500
kpickering@mirickoconnell.com
lsparks@mirickoconnell.com
Attorneys for all Plaintiffs;

Sean T. Carnathan
O'Connor, Carnathan and Mack LLC
67 South Bedford Street, #400W
Burlington, MA 01803
781-359-9002, Fax: 781-359-9001
Email: scarnathan@ocmlaw.net
Attorney for Defendant Michael Hellman

Date: August 19, 2021

                           /George Lambert/
                           _____
                           George Lambert