IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENYI SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMINETS<br><br>Plaintiffs,<br><br>v.<br><br>ANDREI MANN and MICHAEL HELLMAN<br><br>Defendants. | CIVIL ACTION No. 21cv40068=NMG<br><br>**DECLARATION OF DEFENDANT ANDREI MANN**<br><br>**IN SUPPORT OF MOTION TO DISMISS COMPLAINT** |

I, ANDREI MANN, a co-defendant in this action, state, declare and depose as follows.

1.  I make this Declaration in support of the Motion to Dismiss the Complaint in this matter. I also support the Memorandum, being filed on my behalf on the same date, which I endorse as reflecting true and correct facts.

2.  I am a naturalized U.S. citizen. As a person born in the USSR, I also have the permanent privilege of unrestricted travel to Russia (previously USSR), which is, as I was advised, not contrary to the U.S. laws. My current address, for the purposes of this action: c/o The Lambert Law Firm, 100 Cambridge St., 14th Fl, Boston, MA 02114, for security reasons.

(a) Decisions of Courts in Moscow, Russian Federation.

3.  I submit that the same plaintiffs in the Russian Federation have been the parties in the proceedings involving me as a party in the Courts in Moscow, stating the same or similarly stated claims.

1

4. EXHIBIT 1 represents a true and correct copy of the decision of the Court in Moscow of July 25, 2019.

5. EXHIBIT 2 represents a true and correct copy of the decision of the Court in Moscow, of November 8, 2019.

6. EXHIBIT 3 represents a true and correct copy of the decision of the Court in Moscow of January 17, 2020.

7. EXHIBIT 4 represents a true and correct copy of the decision of the Court in Moscow of January 29, 2020.

8. EXHIBIT 5 represents a true and correct copy of+++ the decision of the Court in Moscow of March 16, 2020.

9. EXHIBIT 6 represents a true and correct copy of the decision of the Court in Moscow of September 1, 2020.

10. EXHIBIT 7 represents a true and correct copy o the decision of the Court in Moscow of January 22, 2021.

11. EXHIBIT 8 represents a true and correct copy of the decision of the Court in Moscow of May 14, 2021.

12. In the latter instance, the Court decision expunges the allegations by the plaintiffs in the paragraphs concerning the certain trust, alleging the loss of $1.2 million (Complaint at ¶62). The Court decision states that on July 8, 2016, each of the plaintiffs, Arseny and Georgy, transferred from their account to the personal account of co-plaintiff Osmanov 40,953,314.44 rubles each. In total, both of these transfers amount to $1.2 million at the current exchange rate at that time.

13. I believe that the Russian Courts have thoroughly examined the claims of the creditors against me. As another example, after debts asserted by the plaintiffs Osmanov and Latour against me were affirmed by the City Court in Moscow on January 29, 2020, on September 1, 2020, the Court of Appeals overturned those debts. The investigation in the Russian Court of the debts alleged against me is still ongoing. I draw the attention of the distinguished Court that these debts prosecuted in Russia overlap with the claims that plaintiffs Osmanov and Latour made against me in their Complaint.

14. The Russian Court also considered Ryazanov's claims. With reference to the decision on July 25, 2019, the Court accepted Ryazanov's petition to me for recognition of debts. At the same time, Ryazanov was required to support his requirements with documents. It took Ryazanov four months to do that. In my understanding, on November 8, 2019, Ryazanov completely abandoned his claims. On the same day, the Russian Court excluded Ryazanov from the list of my creditors.

15. Osmanov, Latur, Arseny, and Georgy Shchepin concealed this fact from the Court. They deliberately mislead this honorable Court. At the same time, the Complaint states that plaintiffs Latour, Arseny, and Georgy, demand this amount from me. However, they know that they transferred the specified amount to the account of another person, Osmanov. I consider the allegations of Counts X, XI, XVIII fraudulent.

16. All of these documents are available on the Judiciary's web portal in Russia. If the Court requires, I proffer to obtain the Apostilled certified copies of the same decisions from Moscow.

17. I also proffer to submit an expert opinion of a Russian attorney, to state that the foregoing Courts' decisions essentially operate, at least in Russia, as a selection of forum and

resolution of the claims on the merits, at least in part concerning the bankruptcy already adjudged against me in Moscow.

18. I respectfully ask for the Court's patience to note my protestation that plaintiffs completely silenced that the claims in their Complaint have either been already resolved or a subject to the ongoing proceedings in the Russian Courts.

(b) Indispensable Corporate Parties Absent in the Action, Warranting My Request to Dismiss Complaint.

19. I refer to the Complaint that cites the legal entity S-Info, registered in Massachusetts and the Russian Federation.

20. S-Info LLC, corporate IDs 200552087 and 000857833 in Massachusetts, was incorporated on June 2004 and administratively dissolved on June 28, 2019 (less than three years ago).

21. I have been informed and believe that plaintiffs should have been obligated to join S-Info LLC as the indispensable party, whose rights or obligations are subject to claims raised in this action.

22. EXHIBIT 9 represents a true and correct copy of the compilation of the corporate records on S-Info LLC from the Secretary of State's portal.

23. S-Info LLC, the Massachusetts LLC, has been owned by a Russian company, registered on January 17, 2003, with a similar name OOO S-Info, with registered address: 22/40 Pervomaiskaya St., Moscow, 105043. As mentioned above, the Russian Court's decision of January, adjudging that company bankrupt.

24. I used to be a 62% stakeholder in that company, along with Tatiana Ivanova (28%) and Igor Gurinovich (10%). On August 5, 2018, the 100% ownership therein was taken over by Yuri Nigmedzyanov. That company is currently under the control of a receiver, Vitali Likhachev.

4

25. EXHIBIT 10 represents true and correct copies of the registration and excerpts on the status of OOO S-Info (Moscow).

26. Likewise, the Complaint cites Callisto Media Corporation (Callisto), a Massachusetts entity, on six occasions, in the context of being involved in the alleged indebtedness to the plaintiff.

27. Callisto Media Corporation, docket 000940760, was incorporated on February 1, 2007, and administratively dissolved on June 30, 2014. A sister entity, Callisto Media Group LLC, docket 820424564, was registered on March 29, 2005, and administratively dissolved on April 19, 2011. Additionally, Callisto was the founder of the Company in Russia. "Publishing House S-Info," (in Cyrillic: Каллисто, "Издательскоий Дом С-Инфо»), INN 77036333271.

28. EXHIBIT 11 represents a true and correct compilation regarding the status of both Callisto entities from the Secretary of State's portal and a registration record as a business in Russia from Moscow.

29. I am unaware if any of the plaintiffs have stated claims against either of the Callisto entities, which I submit are the necessary parties, or if any plaintiffs have applied for its reinstatement for purposes to adjudge the claims against it.

30. I also refer to the fact that the Complaint cites, on two occasions, First Crandull Construction, Inc. (First Crandull), State docket 113587928, which name plaintiffs misspelled in the Complaint ("*Crandall*"). That entity is intertwined with the dealings with plaintiffs (alleged hiring plaintiff Yusup Osmanov). Crandull is a Delaware entity registered in Massachusetts on December 12, 2006, and administratively dissolved in Massachusetts on June 28, 2019.

31. Additionally, First Crandull is registered in Moscow, as the Russian Representative Office of an American company with the same name from Delaware, namely First Crandull

5

Construction Inc., at the address: 10 A, Constr. 1, 1905 Goda Ave., 123022, Moscow, financial reference INN 9909038382.

32. EXHIBIT 12 represents a true and correct copy of the compilation of the records on First Crandull from the Secretary of State's portal and the Russian registry of companies.

33. Likewise, I am unaware if Mr. Osmanov or anyone else among the plaintiffs has filed any lawsuit against First Crandull. I submit that it is also an indispensable party-defendant for the claims, at a minimum, of Mr. Osmanov.

34. With regard to Exhibit 7 attached to the Complaint and the allegations concerning plaintiff Sements's Exhibit 7, it attached a potential contract, dated May 1, 2019, that never entered force because the preconditions have never been met. I draw your attention to the fact that at the request of Sements, during the signing of the Agreement, the clause on the place of possible litigation was changed: the jurisdiction of "Boston, USA" is excluded, the jurisdiction is established: "Moscow, Russia." "If the Parties are not able to reach an agreement, all disputes and disagreements arising out of this Agreement or in connection with it shall be settled in court in accordance with the current legislation of the Russian Federation." Thus, Semenets expressed his desire: to resolve financial disputes and other controversial issues in the Russian Federation

(c) Material Omissions by Plaintiffs; All Contractual Documents with Plaintiffs Were Executed in Russia.

35. Plaintiffs' Exhibits, attached to the Complaint, were improperly selective, one-sided, whereas the translations are questionable as to certain statements.

36. Based on the translators' review, I preserve the objection that I disagree with the translations submitted by the plaintiffs annexed to the Complaint.

37. For example, plaintiffs omitted to disclose that Latour and Osmanov both applied for a decision of the Russian Court to declare them creditors of Mann and obtained a respective

6

Court decision on January 29, 2020. They are beneficiaries of relief in Russia. While restating the claim for the same alleged debts in the U.S., both seek double pay, as it appears, on their claims.

38. Nearly all loan deals with plaintiffs were subject to local collateral. By decision of the Russian Court of January 22, 2021, the Russian Court ruled that the assets belonging to me should be sold to cover my debts. Namely: houses in the Moscow region, plots of land, shares of commercial companies owned by me, furniture, valuables, and appliances in the amount of more than a hundred items, as well as two apartments for which I acted as a surety. The Court carried out an inventory of the property, carried out an assessment, and established the procedure for the sale of the property to satisfy the claims of creditors, who are currently plaintiffs in this Court. According to the experts appointed by the Court, the total amount of those assets that must be recovered, sold, or distributed among these plaintiffs is several million dollars.

39. As another example of the materials and facts that were silenced or omitted by plaintiffs, EXHIBIT 13 represents true and correct copies of the statements showing that I paid in 2016 the total of 30 million rubles (ca. $600,000) to OOO S-Info, incorporated in Russia, which plaintiffs are aware of. At a minimum, that portion of the alleged indebtedness should have been addressed against OOO S-Info (Russia).

40. As another example, I need to clarify that I invested in OOO Moda Alliance at 4, St. 1A Leninsky Avenue, Moscow, 119049, about $12 million, out of which about $8 million has been returned to me. The balance of about $ 4 million with interest is still outstanding. As far as I know, in 2017, a bankruptcy case was initiated for OOO Moda Alliance.

41. For example, EXHIBIT 14 represent true and correct copies of the accounts' settlement and receipts related to OOO Moda Alliance, showing the assets and the transfers at the relevant times.

42. Namely, as the first receipt shows, the debt before the repayments was $12,407,246. After the repayments, that debt was reduced to about one-third of that, $4,118,854. Plaintiffs' failure to disclose that in their Complaint and their failure to join OOO Moda Alliance is highly prejudicial to me, as it purports to adjudge me to pay over $4 million for the second time (seeking a double pay).

43. Plaintiffs cut off other relevant transactions in the business I undertook to invest funds. Among other things, I also invested about 2 million Euros into two entities in Croatia: Zlatna Duga Doo, registered at Valica 11, 52100 Pula Croatia, and Aaimovina Servis Doo, registered at Istarskih Brigada 10, 52100 Pula, Croatia. I made investments in the Companies in Croatia from Russia; I used my own and borrowed funds. All such occurrences and losses, where appropriate, were duly entered in my tax returns.

44. Osmanov is also involved in business in Croatia, so he is well aware of my investments. However, Osmanov's allegations unfairly omitted these facts. At a minimum, Osmanov's claims to recover the alleged debt should have been stated against Zlatna Duga Doo and Aaimovina Servis Doo.

45. I also reiterate that all commercial and contractual documents with plaintiffs were executed in Russia, not the U.S. Their operative language was Russian, in which those were executed. Presumptively, even though not stated within four corners, all of these contractual documents are subject to the Russian law of contract.

46. On specific occasions, I traveled to Moscow, Russia, to negotiate and execute all relevant contractual and commercial documents annexed to the Complaint. To be specific, none of the plaintiffs, to my knowledge, traveled to the U.S., at least for meeting with me or negotiating commercial deals, or executing any contracts with me.

47. I make a clarification and an objection that, for the most part, the commercial dealings with certain plaintiffs were not associated among those. It is prejudicial to me that plaintiffs lumped together essentially unrelated claims in one action, aiming to oppressively obtain all of the discovery if the action were not dismissed, available to each plaintiff.

48. I declare my support of the companion Motion to dismiss the Complaint. It is my position that the plaintiffs have omitted therein the highly relevant material facts, including improperly silencing the judicial proceedings in Russia. That includes my repayment of a portion of the debt and my bankruptcy adjudged in Russia. The Court approved the procedure for the sale of my assets, which automatically means repayment of other portions of the debts.

49. I ask for the Court's patience, and I believe it is appropriate to bring to the Court's attention the following information that I learned in July of 2021. My counterparts in the Russian Federation have alerted me that pictures of myself and my wife, taken on the streets in New York, have been circulated via Whatsapp. It appears that plaintiffs' agents have undertaken following my wife and me and taking pictures. On information and belief, the source of such circulation of the pictures were plaintiffs Osmanov and Ryazanov, who reportedly commented to my counterparts and contacts: "We have tracked him down, now we will knock out money from him."

50. In connection with the above, I and my wife feel unsafe and reserve the opportunity to seek protection and appropriate injunctive orders from this Court.

I declare under the penalties of perjury under the laws of the United States that the foregoing is true and correct.

Dated: August, 19 , 2021.

_____
Andrei Mann

## CERTIFICATE OF SERVICE

The undersigned certifies that on this August 19, 2021, the foregoing Declaration was served on the parties as follows:

Kenneth C. Pickering
Lauren E. Sparks,
Mirick, O'Connell, DeMallie & Lougee LLP
100 Front Street
Worcester MA 01608-1477
Tel. (508) 791-8500
kpickering@mirickoconnell.com
lsparks@mirickoconnell.com
Attorneys for all Plaintiffs;

Sean T. Carnathan
O'Connor, Carnathan and Mack LLC
67 South Bedford Street, #400W
Burlington, MA 01803
781-359-9002, Fax: 781-359-9001
Email: scarnathan@ocmlaw.net
Attorney for Defendant Michael Hellman

Date: August 19, 2021

/George Lambert/

George Lambert