# EXHIBIT 4

900001703_24626970




# ARBITRATION COURT OF THE CITY OF MOSCOW

17, Bolshaya Tulskaya str., Moscow, 115191
17 http://www.msk.arbitr.ru
Phone: 600-99-26

**R U L I N G**

Moscow  Case No. A 40-291728/18-101-368F

January 29, 2020

The resolutive part of the Ruling was announced on January 23, 2020.

The Ruling in its entirety was generated on January 29, 2020.

The arbitration court of the city of Moscow comprised of:

Judge I.A. Belova,

with the Clerk of the Court V.S. Vishnyakov preparing the court record,

having examined in an open hearing under the case of adjudication of insolvency (bankruptcy) of Andrei Yurievich Mann (DOB: December 21, 1957, Tax ID: 770803076025, address: 32/1, Marshala Biryuzova str., #71, Moscow) the request of L.A. Vinogradova, Yu.M. Osmanov, V.A. Solntseva, I.A. Sazonov, D.A. Latur, G.A. Kiselman,

with appearances as noted in the hearing minutes,

**DETERMINED**:

*(Middle of the text extracted)*

Based on the foregoing and guided by Articles 4, 16, 32, 71, 137, and 213.8 of the Federal Law: On Insolvency (Bankruptcy) and Articles 64-71, 75, 123, 184, 185, and 223 of the Arbitration Procedure Code of the Russian Federation, the court

**R U L E D:**

In regards to the motion for discovery – to be dismissed.

The claims of Yusup Magomedovich Osmanov, Larisa Anatolyevna Vinogradova, Viktoriya Adamovna Solntseva, Igor Aleksandrovich Sazonov, Daria Anatolyevna Latur, German Adamovich Kiselman against Andrei Yurievich Mann – to acknowledge as justified.

Include into the creditors' claims register for the debtor Andrei Yurievich Mann the claims of Yusup Magomedovich Osmanov in the amount of 889,744,115.68 rubles as the principal debt, the claims of Daria Anatolyevna Latur in the amount of 55,669,319.64 rubles as the principal debt – into the third phase of satisfaction.

Include into the creditors' claims register for the debtor Andrei Yurievich Mann the claims of Viktoriya Adamovna Solntseva in the amount of 25,900,829.01 rubles as the principal debt, 7,429,451.64 rubles as penalty; the claims of Igor Aleksandrovich Sazonov in the amount of 72,370,378.79 rubles as the principal debt, 9,808,025.70 rubles as penalty; the claims of Larisa

2

Anatolyevna Vinogradova in the amount of 35,467,285.07 rubles as the principal debt, 8,290,387.17 rubles as penalty; the claims of German Adamovich Kiselman in the amount of 147,846,106.98 rubles as the principal debt, 6,962,305.90 rubles as penalty into the third phase, taking into account the provisions of Paragraph 3 of Article 137 of the Federal Law: On Insolvency (Bankruptcy).

This Ruling comes into force immediately and may be appealed within ten days to the Ninth arbitration court of appeal.

**Judge**                                                                                                          **I.A. Belova**

## CERTIFICATE OF TRANSLATOR

I, Tatyana Albert, herewith state that I am a U.S. citizen, that by virtue of my education and work experience, I am a professional translator and interpreter from, and into, the Russian language and that the foregoing translation of the document: Court Ruling of January 29, 2020 in the Russian language is true and correct, to the best of my knowledge.   Made in Washington, D.C.

Date: August 16, 2021

*[signature]*

Tatyana Albert



900001703_24626970



# АРБИТРАЖНЫЙ СУД ГОРОДА МОСКВЫ

115191, г.Москва, ул. Большая Тульская, д. 17
http://www.msk.arbitr.ru
Тел. 600-99-26

## О П Р Е Д Е Л Е Н И Е

г. Москва                                                                  Дело № А 40-291728/18-101-368Ф
29 января 2020г.

Резолютивная часть определения объявлена 23 января 2020г.
Определение в полном объеме изготовлено 29 января 2020г.
Арбитражный суд города Москвы в составе:
Судьи Беловой И.А.,
при ведении протокола судебного заседания секретарем Вишняковым В.С.
рассмотрев в открытом судебном заседании в рамках дела о признании несостоятельным (банкротом) гражданина Манн Андрея Юрьевича (21.12.1957г.р., ИНН 770803076025, адрес: г. Москва, ул. Маршала Бирюзова д.32 корп.1 кв.71) требование Виноградовой Л.А., Османова Ю.М., Солнцевой В.А., Сазонова И.А., Латур Д.А., Кисельмана Г.А.,
с участием лиц, указанных в протоколе судебного заседания,

**УСТАНОВИЛ**: Определением суда от 20 марта 2019г. в отношении гражданина Манн Андрея Юрьевича (21.12.1957г.р., ИНН 770803076025, адрес: г.Москва, ул. Маршала Бирюзова д.32 корп.1 кв.71) введена процедура реструктуризации долгов гражданина, финансовым управляющим утвержден Муха Сергей Александрович (ИНН 231299408664, адрес для направления корреспонденции: 350063, г.Краснодар, а/я 4801). Сообщение об этом опубликовано в газете «Коммерсантъ» от 30.03.2019г.

В Арбитражный суд г. Москвы 8.05.2019г. поступило требование Гусейнова С.М., Виноградовой Л.А., Османова Ю.М., Солнцева В.А., Сазонова И.А., Латур Д.А., Кисельмана Г.А., о включении в реестр требований кредиторов должника задолженности.

Определением Арбитражного суда г. Москвы от 25.08.2019 производство по требованию Гусейнова Сулеймана Магомедовича к Манн Андрею Юрьевичу прекращено.

Определением Арбитражного суда г. Москвы от 25.08.2019 производство по требованию Рязанова Юрия Юрьевича к Манн Андрею Юрьевичу прекращено.

В настоящем судебном заседании полежала рассмотрению обоснованность заявленного требования.

Финансовый управляющий, извещённый в соответствии с требованиями ст.ст. 121-123 АПК РФ о времени и месте судебного заседания, не явился. Дело рассматривается в порядке ст.156 АПК РФ в его отсутствие.

Представитель ООО КБ «ЭРГОБАНК» заявил ходатайство об истребовании доказательств.

Представитель заявителей оставил разрешение заявленного ходатайства на усмотрение суда.

Представитель должника возражал против заявленного ходатайства, просил отказать.

Представитель заявителей по существу поддержал заявление.

Представитель должника не возражал против основной суммы долга, просил снизить размер неустойки.

Османов Ю.М. возражал против снижения неустойки.

Представитель ООО КБ «ЭРГОБАНК» возражал против требований кредиторов.

Суд, исследовав письменные материалы дела, пришел к следующим выводам.

2

В соответствии со ст. 223 АПК РФ дела о несостоятельности (банкротстве) рассматриваются арбитражным судом по правилам, предусмотренным АПК РФ с особенностями, установленными федеральным законом, регулирующим вопросы несостоятельности (банкротства).

Суд, выслушав лиц, участвующих в деле, исследовав письменные материалы дела, пришел к следующим выводам.

Ходатайство об истребовании доказательств суд признает необоснованным и не подлежащим удовлетворению в связи с ниже изложенным.

В соответствии с ч. 1, 2 ст. 71 АПК РФ арбитражный суд оценивает доказательства по своему внутреннему убеждению, основанному на всестороннем, полном, объективном и непосредственном исследовании имеющихся в деле доказательств; арбитражный суд оценивает относимость, допустимость, достоверность каждого доказательства в отдельности, а также достаточность и взаимную связь доказательств в их совокупности.

В силу части 4 статьи 66 Арбитражного процессуального кодекса Российской Федерации лицо, участвующее в деле и не имеющее возможности самостоятельно получить необходимое доказательство от лица, у которого оно находится, вправе обратиться в арбитражный суд с ходатайством об истребовании данного доказательства.

Также из положений абзаца 2 части 4 статьи 66 Арбитражного процессуального кодекса Российской Федерации, следует, что в ходатайстве об истребовании доказательств должно быть обозначено доказательство, указано, какие обстоятельства, имеющие значение для дела, могут быть установлены этим доказательством, указаны причины, препятствующие получению доказательства, и место его нахождения. Арбитражный суд также вправе отказать в удовлетворении такого ходатайства, если сочтет, что оно не относится к делу.

С учетом положений части 1 статьи 65, частей 1, 2 статьи 66 Арбитражного процессуального кодекса Российской Федерации суд оказывает содействие участвующим в деле лицам в реализации их прав, со своей стороны ограничиваясь правом предложения представить дополнительные доказательства.

Таким образом, законодательством суду предоставлено право, а не установлена обязанность истребования дополнительных доказательств в подтверждение правомерности доводов стороны, поскольку, как указано выше, бремя доказывания обстоятельств лежит на их заявителе, что связано с принципом состязательности в арбитражном процессе.

Согласно п. 1 ст. 213.1 ФЗ «О несостоятельности (банкротстве)» отношения, связанные с банкротством граждан и не урегулированные настоящей главой, регулируются [главами I](#) - [III.1](#), [VII](#), [VIII](#), [параграфом 7 главы IX](#) и [параграфом 2 главы XI](#) настоящего Федерального закона.

Согласно пункту 5 статьи 16 Закона о банкротстве в реестре требований кредиторов учет требований кредиторов ведется в валюте Российской Федерации. Требования кредиторов, выраженные в иностранной валюте, учитываются в реестре требований кредиторов в порядке, установленном статьей 4 настоящего Федерального закона.

Как усматривается из материалов дела, задолженность перед Османов Ю.М. основывана на Договоре займа от 23.04.2014, в соответствии с которым он предоставил Должнику денежные средства в размере 57 000 000 руб.; на Договоре займа от 25.09.2015, по которому он предоставил Должнику денежные средства в размере 85 000 000 руб.; Договоре займа № 18/4-1 от 18.04.2017, по которому предоставлены Должнику денежные средства в размере 483 680 долларов США; Договоре займа № 20/4-3 от 20.04.2017, по которому он предоставил Должнику денежные средства в размере 204 672 долларов США; Договоре займа № 17/4 от 06.09.2017, по которому он предоставил Должнику денежные средства в размере 150 000 долларов США; Договоре займа б/н от 07.11.2016, по которому он предоставил Должнику денежные средства в размере 5 212 165 долларов США, 358 663 евро и 6 428 098 рублей.

Сазонов И.В. основывает свои требования на Договоре займа от 19.07.2018, по которому он предоставил Должнику денежные средства в размере 327 361 долларов США; Договоре займа от 13.09.2017, по которому он предоставил Должнику денежные средства в размере 188 000 долларов США; Договоре займа от 16.04.2018, по которому он

предоставил Должнику денежные средства в размере 240 000 евро и 197 322 долларов США.

Задолженность перед Виноградовой Л.А. основана на Договоре займа от 24.03.2018, по которому она предоставила Должнику денежные средства в размере 417 897 евро.

Солнцева В.А. основывает свои требования на Договоре займа от 01.04.2018 № 01/18, по которому она предоставила Должнику денежные средства в размере 345 344 доллара США.

Латур Д.А. основывает свои требования на Соглашении № 1 от 01.02.2010, в соответствии с которым она предоставила Должнику в управление 494 760 долларов США.

Кисельман Г.А. основывает свои требования на Договоре займа от 28.03.2015, по которому он предоставил Должнику денежные средства в размере 1 102 444 долларов США; Договоре займа от 02.04.2018, по которому он предоставил Должнику денежные средства в размере 396 084 долларов США.

В пункте 26 Постановления Пленума Высшего Арбитражного Суда Российской Федерации от 22.06.2012 N 35 "О некоторых процессуальных вопросах, связанных с рассмотрением дел о банкротстве" (далее - Постановление N 35) разъяснено, что в силу пунктов 3 - 5 статьи 71 и пунктов 3 - 5 статьи 100 Закона о банкротстве проверка обоснованности и размера требований кредиторов осуществляется судом независимо от наличия разногласий относительно этих требований между должником и лицами, имеющими право заявлять соответствующие возражения, с одной стороны, и предъявившим требование кредитором - с другой стороны.

При установлении требований кредиторов в деле о банкротстве судам следует исходить из того, что установленными могут быть признаны только требования, в отношении которых представлены достаточные доказательства наличия и размера задолженности, поскольку может иметь место злонамеренное соглашение должника и конкретного кредитора с целью причинения вреда имущественным правам иных кредиторов либо с целью ведения контролируемого банкротства.

Таким образом, в деле о банкротстве включение задолженности в реестр требований кредиторов должника возможно только в случае установления действительного наличия обязательства у должника перед кредитором, которое подтверждено соответствующими доказательствами.

При рассмотрении обоснованности требований кредиторов подлежат проверке доказательства возникновения задолженности в соответствии с материально-правовыми нормами, которые регулируют обязательства, не исполненные должником.

В соответствии с разъяснениями, содержащимися в абзаце 3 пункта 26 Постановления Пленума ВАС РФ от 22.06.2012 N 35 "О некоторых процессуальных вопросах, связанных с рассмотрением дел о банкротстве", при оценке достоверности факта наличия требования, основанного на передаче должнику наличных денежных средств, подтверждаемого только его распиской или квитанцией к приходному кассовому ордеру, суду надлежит учитывать среди прочего следующие обстоятельства: позволяло ли финансовое положение кредитора (с учетом его доходов) предоставить должнику соответствующие денежные средства; имеются ли в деле удовлетворительные сведения о том, как полученные средства были истрачены должником; отражалось ли получение этих средств в бухгалтерском и налоговом учете и отчетности и т.д. Также в таких случаях при наличии сомнений во времени изготовления документов суд может назначить соответствующую экспертизу, в том числе по своей инициативе (пункт 3 статьи 50 Закона о банкротстве).

Указанные разъяснения Высшего Арбитражного Суда Российской Федерации направлены, прежде всего, на недопустимость включения в реестр требований кредиторов, в ущерб интересам других кредиторов, требований, основанных исключительно на расписке или квитанции к приходному кассовому ордеру, которые могли быть изготовлены вследствие соглашения кредитора и должника, преследовавших цель создания документального подтверждения обоснованности таких требований.

По смыслу перечисленных норм права и указанных разъяснений заявитель, позиционирующий себя в качестве кредитора, обязан подтвердить не только свою

возможность предоставления денежных средств с учетом его финансового положения на момент, когда договор займа считается заключенным, но и фактическую передачу денежных средств, указанных в оправдательных документах. При наличии сомнений в реальности договора займа суд может потребовать представления документов, свидетельствующих об операциях с этими денежными средствами (первичные бухгалтерские документы или банковские выписки с расчетного счета), в том числе об их расходовании.

Согласно Определению Верховного Суда Российской Федерации от 19.09.2014 N 304-ЭС14-1501, допустимыми доказательствами передачи денежных средств от физического лица по договору займа могут являться: справка о доходах физического лица, реестр движения денежных средств.

Кредиторами представлены документы, подтверждающие финансовое положение, позволяющее предоставить денежные средства.

Так Османов Ю.М. указывает на получение совокупного дохода в размере 8 612 595 долларов США за период с 2007 по 2014 год, полученного от продажи недвижимого имущества, получения дивидендов.

Виноградова Л.А. ссылается на получение дохода за 2015, 2016 и 2017 годы на территории России в размере 3 901 245 руб., согласно налоговым декларациям (Испания) в размере 592 815, 27 евро.

Солнцева В.А. указывает на получение совокупного дохода в общем размере 32 983 301,10 руб., полученного от продажи недвижимого имущества, в качестве ИП и в качестве физического лица (заработная плата).

Сазонов И.В. указывает на получение дохода в размере 224 283 812,18 руб. в результате продажи недвижимого имущества в 2013 году.

Латур Д.А. указывает на получение дохода от купли-продажи недвижимости в 21.08.2008г.

Кнсельман Г.А. указывает на получение дохода от в размере 1,2 млн долларов США в связи с получением кредита в 2012 году в ООО КБ «Эргобанк» и 21 709 684 руб. в 2012 - 2017 гг. в качестве заработной платы.

В соответствии со статьей 807 Гражданского кодекса Российской Федерации по договору займа одна сторона (заимодавец) передает в собственность другой стороне (заемщику) деньги или другие вещи, определенные родовыми признаками, а заемщик обязуется возвратить заимодавцу такую же сумму денег (сумму займа) или равное количество других полученных им вещей того же рода и качества.

В силу пункта 1 статьи 810 Гражданского кодекса Российской Федерации заемщик обязан возвратить заимодавцу полученную сумму займа в срок и в порядке, которые предусмотрены договором займа.

Доказательств оплаты должником суммы долга в материалы дела не представлено, наличие задолженности должником не оспаривается, какие-либо доказательства, свидетельствующие о недостоверности либо о вероятности недостоверности доказательств по делу представлены не были.

Суд пришел к выводу, что не имеется оснований для сомнений по возможности заявителей предоставить должнику спорную сумму, которая не влечет вывод о направленности действий Заявителя на причинение ущерба кредиторам.

Доказательств наличия какой-либо заинтересованности между заявителями и должником не представлено.

Представленные в материалы дела документы отражают факт реального осуществления хозяйственной операции кредитора с должником и подтверждают обоснованность заявленного требования кредитора.

Согласно положениям ст. ст. 309, 310 ГК РФ обязательства должны исполняться надлежащим образом в соответствии с условиями обязательства и требованиями закона, односторонний отказ от исполнения обязательства и одностороннее изменение его условий не допускаются.

В силу ч. 2 ст. 9, ч. 1 ст. 65 АПК РФ каждое лицо, участвующее в деле, должно доказать обстоятельства, на которые оно ссылается как на основание своих требований и

возражений. Лица, участвующие в деле, несут риск наступления последствий совершения или не совершения ими процессуальных действий.

Должник просит снизить размер неустойки применительно к ст. 333 ГК РФ, ввиду ее несоразмерности.

Согласно Постановлению Пленума Высшего Арбитражного Суда Российской Федерации от 22.12.2011 г. N 81 "О некоторых вопросах применения статьи 333 Гражданского кодекса Российской Федерации" исходя из принципа осуществления гражданских прав своей волей и в своем интересе (статья 1 Гражданского кодекса Российской Федерации) неустойка может быть снижена судом на основании статьи 333 Кодекса только при наличии соответствующего заявления со стороны ответчика.

При этом ответчик должен представить доказательства явной несоразмерности неустойки последствиям нарушения обязательства, в частности, что возможный размер убытков кредитора, которые могли возникнуть вследствие нарушения обязательства, значительно ниже начисленной неустойки.

Правила ст. 333 ГК РФ предусматривают право суда уменьшить подлежащую уплате неустойку в случае ее явной несоразмерности последствиям нарушения обязательства.

Учитывая компенсационный характер гражданско-правовой ответственности, под соразмерностью суммы неустойки последствиям нарушения обязательства предполагается выплата кредитору такой компенсации его потерь, которая будет адекватна и соизмерима с нарушенным интересом.

Снижение неустойки судом возможно только в одном случае - в случае явной несоразмерности неустойки последствиям нарушения права.

Иные фактические обстоятельства (финансовые трудности должника, его тяжелое экономическое положение и т.п.) не могут быть рассмотрены судом в качестве таких оснований.

Как разъяснено в пункте 1 Постановления от 22.12.2011 г. N 81 Пленума Высшего Арбитражного Суда Российской Федерации "О некоторых вопросах применения статьи 333 Гражданского кодекса Российской Федерации", исходя из принципа осуществления гражданских прав своей волей и в своем интересе (статья 1 Гражданского кодекса Российской Федерации) соразмерность неустойки последствиям нарушения обязательства предполагается.

В соответствии со статьей 71 АПК РФ арбитражный суд оценивает доказательства по своему внутреннему убеждению, основанному на всестороннем, полном, объективном и непосредственном исследовании имеющихся в деле доказательств. К выводу о наличии оснований для снижения суммы неустойки суд при рассмотрении конкретного дела приходит в каждом конкретном случае.

Должник не учел, что статьей 421 ГК РФ, граждане и юридические лица свободны в заключении договора. Условия договора определяются по усмотрению сторон, кроме случаев, когда содержание соответствующего условия предписано законом или иными правовыми актами.

В соответствии с п. 3 ст. 137 ФЗ «О несостоятельности (банкротстве)», требования кредиторов третьей очереди по возмещению убытков в форме упущенной выгоды, взысканию неустоек (штрафов, пеней) и иных финансовых санкций, в том числе за неисполнение или ненадлежащее исполнение обязанности по уплате обязательных платежей, учитываются отдельно в реестре требований кредиторов и подлежат удовлетворению после погашения основной суммы задолженности и причитающихся процентов.

На основании изложенного и руководствуясь ст. ст. 4, 16, 32, 71, 137, 213.8 Федерального закона «О несостоятельности (банкротстве)» и ст. ст. 64-71, 75, 123, 184, 185, 223 АПК РФ, суд

**О П Р Е Д Е Л И Л:**

В удовлетворении ходатайства об истребовании доказательств, - отказать.

Требования Османова Юсупа Магомедовича, Виноградовой Ларисы Анатольевны, Солнцевой Виктории Адамовны, Сазонова Игоря Александровича, Латур Дарьи

Анатольевны, Кисельмана Германа Адамовича к Манн Андрею Юрьевичу, - признать обоснованными.

Включить в реестр требований кредиторов должника - Манн Андрея Юрьевича требования Османова Юсупа Магомедовича в размере 889 744 115,68 руб. – основной долг, требования Латур Дарьи Анатольевны в размере 55 669 319,64 руб. – основной долг, - в третью очередь удовлетворения.

Включить в реестр требований кредиторов должника - Манн Андрея Юрьевича требования Солнцевой Виктории Адамовны в размере 25 900 829,01 руб. – основной долг, 7 429 451,64 руб. – неустойка, требования Сазонова Игоря Александровича в размере 72 370 378,79 руб. – основной долг, 9 808 025,70 руб. – неустойка, требования Виноградовой Ларисы Анатольевны в размере 35 467 285,07 руб. – основной долг, 8 290 387,17 руб. – неустойка, требования Кисельмана Германа Адамовича в размере 147 846 106,98 руб. – основной долг, 6 962 305,90 руб. – неустойка, - в третью очередь с учетом положений п. 3 ст. 137 ФЗ «О несостоятельности (банкротстве)».

Данное определение вступает в законную силу немедленно и может быть обжаловано в десятидневный срок в Девятый арбитражный апелляционный суд.

**Судья**                                                                                                                           **И. А. Белова**