# EXHIBIT 5

900001703_25066124





# ARBITRATION COURT OF THE CITY OF MOSCOW

17, Bolshaya Tulskaya str., Moscow, 115191
http://www.msk.arbitr.ru
Phone: 600-99-26

**In the Name of the Russian Federation**

**D E C I S I O N**

Moscow                                                              Case No. A40-291728/18-101-368F

March 16, 2020

The resolutive part of the decision was announced on March 12, 2020.

The Decision in its entirety was prepared on March 16, 2020.

The arbitration court comprised of:

Judge I.A. Belova

With the Clerk of the Court V.S. Vishnyakov preparing the court record, having examined, during an open hearing, under the case of adjudication of insolvency (bankruptcy) of Mr. Andrei Yurievich Mann (DOB: December 21, 1957; Tax ID: 770803076025, address: 32/1 Marshala Biryuzova Str., # 71, Moscow) on the merits,

with appearances as noted in the hearing minutes,

**DETERMINED**: The court ruling of March 20, 2019 in regards to Mr. Andrei Yurievich Mann (DOB: December 21, 1957; Tax ID: 770803076025, address: 32/1 Marshala Biryuzova Str., # 71), introduced the debt restructuring process; appointed Sergei Aleksandrovich Mukha (Tax ID: 231299408664, mailing address: P.O. Box 4801, Krasnodar, 350063) as the financial manager. This notification was published in the *Kommersant* paper on March 30, 2019.

The court session examined the results of the restructuring process in regards to Andrei Yurievich Mann (DOB: December 21, 1957; Tax ID: 770803076025, address: 32/1 Marshala Biryuzova Str., # 71).

The financial manager and the debtor did not appear in court, they had been summoned in accordance with Articles 121 and 123 of the Arbitration Procedure Code of the Russian Federation. The case hearing was held in accordance with Article 156 of the Arbitration Procedure Code of the Russian Federation.

A request from the financial manager was received into the case files that a procedure for liquidation of the debtor's property be put in placed in regards to A.Yu. Mann.

Yu.M. Osmanov's representative agreed with the financial manager's request.

The court, having heard the opinions of the individuals participating in the case and having examined the case materials, has arrived at the following conclusions.

The financial manager published the data on implementation of the restructuring process for Andrei Yurievich Mann's debts in accordance with Article 213.7 of the Federal Law: On Insolvency (Bankruptcy) (hereinafter referred to as the Bankruptcy Law).

As it appears from Paragraph 1 of Article 213.12 of the Bankruptcy Law, during the individual's debt restructuring process, the individual, the creditor or an authorized agency has a right to send a draft plan for the individual's debt restructuring to the financial manager, bankruptcy creditors, or the authorized agency no later than within ten days from the date of expiration of the period as set forth in Paragraph 2 of Article 213.8 of this Federal Law.

2

According to Paragraph 1 of Article 213.13, an individual's debt restructuring plan may be submitted in regards to the debt of an individual who meets the following requirements:

- an individual has a source of income as of the date of submission of his debt restructuring plan;

- an individual does not have an unexpunged or outstanding conviction for committing an intentional crime in the sphere of economics and, prior to the date of acceptance of an application for declaring the individual bankrupt, the period during which the individual is considered to be subjected to an administrative punishment for petty theft, intentional destruction or damage of the property, or for fictitious or deliberate bankruptcy;

- an individual was not declared bankrupt during five years prior to submission of his debt restructuring plan;

- an individual's debt restructuring plan in regards to the individual's debts did not undergo the approval process for eight years prior to submission of this plan.

If, within the period established by this Article, the financial manager does not receive any draft plan for the individual's debt restructuring, the financial manager shall submit a proposal to the creditors' meeting to declare this individual bankrupt and put in place the individual's property liquidation procedure (Paragraph 4 of Article 213.12 of the Bankruptcy Law).

It appears from the financial manager's report that the debtor owns plots of land and other real estate property land that can be used to finance the debtor's bankruptcy process. According to the analysis of the debtor's financial status, no possibility exists to fully satisfy the creditors' claims and restore solvency.

Under the aforementioned circumstances, neither the debtor nor the creditors provided the financial manager any debt restructuring plan for the individual, in connection with which, according to Paragraph 4 of Article 231.12 of the Bankruptcy Law, the financial manager submitted a proposal at the creditors' first meeting on declaring the individual bankrupt and putting in place liquidation of the individual's property. This decision was made at the debtor's creditors' meeting dated March 2, 2020.

In accordance with Paragraph 1 of Article 213.24 of the Bankruptcy Law, the Arbitration Court shall make a decision on declaring the individual bankrupt if:

- The individual, bankruptcy creditors and/or the authorized agency did not submit the individual's debt restructuring plan within the period of time established by this Federal Law;

- The creditors' meeting did not approve the individual's debt restructuring plan, except as provided in Paragraph 4 of Article 213.17 of this Federal Law;

- The arbitrate court cancelled the individual's debt restructuring plan;

- Proceedings in the case of bankruptcy of the individual resumed as set forth in Paragraph 3 of Article 213.29 or Paragraph 7 of Article 213.31 of this Federal Law;

- In other cases as set forth in this Federal Law.

Based on the information provided above, as well as due to the fact that neither the individual, i.e., the debtor, nor the creditor provided the individual's debt restructuring plan, pursuant to Paragraph 1 of Article 213.24 of the Bankruptcy Law, the court considers it possible to declare Andrei Yurievich Mann insolvent (bankrupt) and put in place the procedure for the debtor's property liquidation.

With this, the court takes into account the availability of a source of financing for this procedure - as stated above, the debtor has the property, which makes financing possible.

In addition, the creditors' meeting of March 2, 2020 made a decision to appoint Elena Nikolaevna Tyapinskaya, a member of the MCPU SPO Association (*Translator's Note: MCPU SPO is an acronym for the Self-Regulating Organization: Interregional Center for Professional Experts and Arbitration Managers*) as the debtor's financial manager to proceed with the bankruptcy procedure.

The Arbitration court approved the financial manager as set forth in Article 45 of the Bankruptcy Law of this Federal Law, taking into account provisions of Articles 213.4, 213.5, 213.9 of the aforementioned Law.

On March 10, 2020, the Arbitration Court of Moscow was provided the information from the MCPU SPO Association on the credentials of Elena Nikolaevna Tyapinskaya, as well as information on the compliance of her credentials with the requirements set forth in Articles 20 and 20.2 of the Federal Law: On Insolvency (Bankruptcy).

Therefore, Elena Nikolaevna Tyapinskaya, an arbitration manager, shall be approved as the financial manager.

Pursuant to Articles 110, 167 - 170, and 223 of the Arbitration Procedural Code of the Russian Federation and Articles 20, 20.2, 45, 124, 126, 127, 213.7, 213.8, 213.12, and 213.24 of the Federal Law: On Insolvency (Bankruptcy), the arbitration court

**D E C I D E D:**

Declare Andrei Yurievich Mann (DOB: December 21, 1957, Tax ID: 770803076025, address: 32/1 Marshala Biryuzova Str., # 71, Moscow) insolvent (bankrupt) and put in place the procedure for this individual's property liquidation.

Collect the state duty for 300 (three hundred) rubles from Andrei Yurievich Mann in favor of Ivan Vasilyevich Ivanin.

Approve Elena Nikolaevna Tyapinskaya as the debtor's financial manager (mailing address: 11a, Gagarina Street, Ste. 1, Vologda, 160002) with the remuneration established by law.

The financial manager shall, for the purpose of publication, send information on declaring Andrei Yurievich Mann insolvent (bankrupt) and putting in place the liquidation of the debtor's property as set forth in Articles 28 and 213.7.of the Federal Law: On Insolvency (Bankruptcy). The evidence of the publication shall be submitted to the court.

Prior to the completion date of the debtor's property liquidation process, the Arbitration Court shall receive an evidence based report on the debtor's liquidation process with copies of documents confirming the sale of the debtor's property and the repayment of the creditors' claims, as well as the register of the creditors' claims indicating the amount of the creditors' repaid claims.

Schedule a court session to examine the individual's bankruptcy case on **September 8, 2020 at 10:30 am** at the Arbitration Court of Moscow located at: 17, Bolshaya Tulskaya Str., Room 8063, 8th Floor, Moscow, 115191.

From the date of this decision, the consequences shall occur as set forth in Chapter X of the Federal Law: On Insolvency (Bankruptcy).

Disagreements, applications, motions and complaints shall be reviewed by the arbitration court in the bankruptcy case.

This decision shall be executed immediately and may be appealed to the Ninth Arbitration Court of Appeal of Moscow within one month since the day of its adoption.

**JUDGE:** **I.A. Belova**

> Electronic signature is valid.
>
> Electronic signature data: Certification Center of the Federal State Budgetary Institution Information and Analytical Center of the Judicial Department
> Date:03.26.2019 15:32:21
> Issued to Irina Anatolyevna Belova

## CERTIFICATE OF TRANSLATOR

I, Tatyana Albert, herewith state that I am a U.S. citizen, that by virtue of my education and work experience, I am a professional translator and interpreter from, and into, the Russian language and that the foregoing translation of the document: Court Decision of March 16, 2020 in the Russian language is true and correct, to the best of my knowledge.   Made in Washington, D.C.

Date: August 16, 2021

*[signature]*

Tatyana Albert



900001703_25066124



# АРБИТРАЖНЫЙ СУД ГОРОДА МОСКВЫ
115191, г.Москва, ул. Большая Тульская, д. 17
http://www.msk.arbitr.ru
Тел. 600-99-26
**Именем Российской Федерации**
**Р Е Ш Е Н И Е**

г. Москва                                                                           Дело №  А40-291728/18-101-368Ф
16 марта 2020г.

Резолютивная часть решения оглашена 12 марта 2020г.
Решение в полном объеме изготовлено 16 марта 2020г.
Арбитражный суд в составе:
Судьи Беловой И.А.
При ведении протокола судебного заседания секретарем Вишняковым В.С.
рассмотрев в открытом судебном заседании в рамках дела о признании несостоятельным (банкротом) гражданина Манн Андрея Юрьевича (21.12.1957г.р., ИНН 770803076025, адрес: г.Москва, ул. Маршала Бирюзова д.32 корп.1 кв.71)  по существу,
с участием лиц, указанных в протоколе судебного заседания,

**УСТАНОВИЛ**: Определением суда от 20 марта 2019г. в отношении гражданина Манн Андрея Юрьевича (21.12.1957г.р., ИНН 770803076025, адрес: г.Москва, ул. Маршала Бирюзова д.32 корп.1 кв.71) введена процедура реструктуризации долгов гражданина, финансовым управляющим утвержден Муха Сергей Александрович (ИНН 231299408664, адрес для направления корреспонденции: 350063, г.Краснодар, а/я 4801). Сообщение об этом опубликовано в газете «Коммерсантъ» от 30.03.2019г.
В судебном заседании рассматривались итоги процедуры реструктуризации в отношении Манн Андрея Юрьевича (21.12.1957г.р., ИНН 770803076025, адрес: г.Москва, ул. Маршала Бирюзова д.32 корп.1 кв.71).
Финансовый управляющий и должник в судебное заседание не явились, извещены в порядке ст.ст. 121, 123 АПК РФ. Дело рассматривалось в порядке ст. 156 АПК РФ.
В материалы дела 11.03.2020г. поступило ходатайство финансового управляющего о введении в отношении Манн А.Ю. процедуры реализации имущества гражданина должника.
Представитель Османова Ю.М. поддержал ходатайство финансового управляющего.
Суд, выслушав мнение лиц, участвующих в деле, исследовав письменные материалы дела, пришел к следующим выводам.
Финансовым управляющим произведена публикация сведений о введении процедуры реструктуризации долгов Манн Андрея Юрьевича в соответствии со ст. 213.7 ФЗ «О несостоятельности (банкротстве)» (далее – Закон о банкротстве).
Как усматривается из п. 1 ст. 213.12 Закона о банкротстве, в ходе реструктуризации долгов гражданина он, кредитор или уполномоченный орган не позднее чем в течение десяти дней с даты истечения срока, предусмотренного пунктом 2 статьи 213.8 настоящего Федерального закона, вправе направить финансовому управляющему, конкурсным кредиторам, в уполномоченный орган проект плана реструктуризации долгов гражданина.

2

Согласно п.1 ст. 213.13. план реструктуризации долгов гражданина может быть представлен в отношении задолженности гражданина, соответствующего следующим требованиям:

- гражданин имеет источник дохода на дату представления плана реструктуризации его долгов;
- гражданин не имеет неснятой или непогашенной судимости за совершение умышленного преступления в сфере экономики и до даты принятия заявления о признании гражданина банкротом истек срок, в течение которого гражданин считается подвергнутым административному наказанию за мелкое хищение, умышленное уничтожение или повреждение имущества либо за фиктивное или преднамеренное банкротство;
- гражданин не признавался банкротом в течение пяти лет, предшествующих представлению плана реструктуризации его долгов;
- план реструктуризации долгов гражданина в отношении его задолженности не утверждался в течение восьми лет, предшествующих представлению этого плана.

В случае, если в установленный настоящей статьей срок финансовым управляющим не получено ни одного проекта плана реструктуризации долгов гражданина, финансовый управляющий представляет на рассмотрение собрания кредиторов предложение о признании гражданина банкротом и введении реализации имущества гражданина (п. 4 ст. 213.12 Закона о банкротстве).

Из отчета финансового управляющего усматривается, что у должника имеются земельные участки и иное недвижимое имущество, за счет которых возможно финансировать процедуру банкротства должника. Согласно анализу финансового состояния должника – отсутствует возможность полного удовлетворения требований кредиторов и восстановления платежеспособности.

При указанных обстоятельствах, ни должником, ни кредиторами не было предоставлено финансовому управляющему ни одного плана реструктуризации долгов гражданина, в связи с чем, в соответствии с п. 4 ст. 213.12 Закона о банкротстве финансовым управляющим вынесено предложение на первом собрании кредиторов о признании гражданина банкротом и введении реализации имущества гражданина. Такое решение было принято на собрании кредиторов должника от 02.03.2020г.

В соответствии с п. 1 ст. 213.24 Закона о банкротстве, Арбитражный суд принимает решение о признании гражданина банкротом в случае, если:
- гражданином, конкурсными кредиторами и (или) уполномоченным органом не представлен план реструктуризации долгов гражданина в течение срока, установленного настоящим Федеральным законом;
- собранием кредиторов не одобрен план реструктуризации долгов гражданина, за исключением случая, предусмотренного пунктом 4 статьи 213.17 настоящего Федерального закона;
- арбитражным судом отменен план реструктуризации долгов гражданина;
- производство по делу о банкротстве гражданина возобновлено в случаях, установленных пунктом 3 статьи 213.29 или пунктом 7 статьи 213.31 настоящего Федерального закона;
- в иных случаях, предусмотренных настоящим Федеральным законом.

На основании вышеизложенного, а также, поскольку гражданином-должником, кредитором не представлен план реструктуризации долгов гражданина, суд на основании п. 1 ст. 213.24 Закона о банкротстве считает возможным признать Манн Андрея Юрьевича несостоятельным (банкротом) и ввести процедуру реализации имущества должника.

При этом суд учитывает наличие источника финансирования следующей процедуры – как указывалось выше, у должника имеется имущество, за счет которого возможно финансирование.

Кроме того, собранием кредиторов от 02.03.2020 года было принято решение определить кандидатуру Тяпинской Елены Николаевны, члена Ассоциации СРО

3

«МЦПУ», в качестве кандидатуры финансового управляющего должника для проведения дальнейшей процедуры в деле о банкротстве.

Арбитражный суд утверждает финансового управляющего в порядке, установленном статьей 45 Закона о банкротстве настоящего Федерального закона, с учетом положений статьей 213.4, 213.5, 213.9 названного Закона.

В Арбитражный суд г. Москвы 10.03.2020г. представлена информация из Ассоциации СРО «МЦПУ» на кандидатуру Тяпинской Елены Николаевны, а также сведения о соответствии кандидатуры требованиям, предусмотренным статьями 20 и 20.2. Федерального закона «О несостоятельности (банкротстве)».

Таким образом, на должность финансового управляющего должника подлежит утверждению арбитражный управляющий Тяпинская Елена Николаевна.

Руководствуясь статьями 110, 167 - 170, 223 Арбитражного процессуального кодекса Российской Федерации, статьями 20, 20.2, 45, 124, 126, 127, 213.7, 213.8, 213.12, 213.24 Федерального закона «О несостоятельности (банкротстве)», арбитражный суд

Р Е Ш И Л:

Признать Манн Андрея Юрьевича (21.12.1957г.р., ИНН 770803076025, адрес: г.Москва, ул. Маршала Бирюзова д.32 корп.1 кв.71) несостоятельным (банкротом), и ввести процедуру реализации имущества гражданина.

Взыскать с Манн Андрея Юрьевича в пользу Иванина Ивана Васильевича расходы по уплате государственной пошлины в размере 300 (триста) руб.

Утвердить финансовым управляющим должника Тяпинскую Елену Николаевну (адрес для корреспонденции: 160002, г. Вологда, ул. Гагарина, д.11а, оф.1) с вознаграждением установленным законом.

Финансовому управляющему направить для опубликования сведения о признании гражданина Манн Андрея Юрьевича несостоятельным (банкротом) и введении реализации имущества должника в порядке ст. ст. 28, 213.7. ФЗ «О несостоятельности (банкротстве)». Доказательства проведения публикации представить в суд.

Заблаговременно до даты окончания срока процедуры реализации имущества должника представить в арбитражный суд документально обоснованный отчет о реализации имущества должника с приложением копий документов, подтверждающих продажу имущества гражданина и погашение требований кредиторов, а также реестр требований кредиторов с указанием размера погашенных требований кредиторов.

Назначить судебное заседание по рассмотрению дела о банкротстве гражданина **на 08 сентября 2020 г. в 10 час 30 мин** в помещении Арбитражного суда г. Москвы по адресу: 115191, г. Москва, ул. Большая Тульская, д.17, зал № 8063, этаж 8.

С даты вынесения настоящего решения, наступают последствия, установленные главой X Федерального закона «О несостоятельности (банкротстве)».

Разногласия, заявления, ходатайства и жалобы рассматриваются арбитражным судом в деле о банкротстве.

Решение подлежит немедленному исполнению и может быть обжаловано в течение месяца со дня его принятия в Девятый арбитражный апелляционный суд через Арбитражный суд г. Москвы.

СУДЬЯ: И.А. Белова

Электронная подпись действительна.
Данные ЭП: Удостоверяющий центр ФГБУ ИАЦ Судебного департамента
Дата 26.03.2019 15:32:21
Кому выдана Белова Ирина Анатольевна