# EXHIBIT 6



106786_1806140





# ARBITRATION COURT
# OF THE MOSCOW DISTRICT

9, Seleznyovskaya str.,.GSP-4, Moscow, ГСП-4, 127994,
official website: http://www.fasmo.arbitr.ru e-mail: info@fasmo.arbitr.ru

ORDER

Moscow

September 1, 2020                                           Case No. A40-291728/18

The resolutive part of the Order was published on August 25, 2020.

The full text of the Order was generated on September 1, 2020.

The Arbitration Court of the Moscow District

comprised of:

Presiding Judge S.A. Zakutskaya,

judges D.V. Kamenetskiy, E.L. Zenkova,

with participation at the court session:

on behalf of CB Ergobank, LLC represented by its bankruptcy trustee - State Corporation "Deposit Insurance Agency" – A.D. Strelkova, by power of attorney dated April 24, 2018;

on behalf of A.Yu. Mann - V.V. Teplukhin, by power of attorney dated December 5, 2019;

on behalf of I.A. Sazonov - A.S. Kopylov, I.A. Podobnova, by power of attorney dated July 17, 2019,

on behalf of V.A. Solntseva - A.S. Kopylov, I.A. Podobnova, by power of attorney dated July 15, 2019

on behalf of Yu.M. Osmanov - A.S. Kopylov, I.A. Podobnova, by power of attorney dated July 15, 2019;

on behalf of D.A. Latur - A.S. Kopylov, I.A. Podobnova, by power of attorney dated July 16, 2019;

on behalf of G.A. Kiselman - A.S. Kopylov, I.A. Podobnova, by power of attorney dated September 16, 2019;

on behalf of L.A. Vinogradova - A.S. Kopylov, I.A. Podobnova, by power of attorney dated July 4, 2019;

having reviewed the cassation appeal from CB Ergobank, LLC represented by its bankruptcy trustee - State Corporation "Deposit Insurance Agency"

in regards to the Ruling of January 29, 2020

of the Arbitration Court of the City of Moscow,

in regards to the Order of June 17, 2020 of the Ninth Arbitration Court of Appeal

per request from S.M. Guseinov, L.A. Vinogradova, Yu.M. Osmanov, V.A. Solntsev, I.A. Sazonov, D.A. Latur, G.A. Kiselman to include the creditors' claims for A.Yu. Mann, the debtor, into the debtor's creditors' claims register

DETERMINED:

The Ruling of the Arbitration Court of the City of Moscow dated March 20, 2019 introduced the debts restructuring procedure in regards to Andrei Yurievich Mann (Tax ID: 770803076025), Sergei Aleksandrovich Mukha was appointed as the financial manager.

The notification on introduction of the debts restructuring procedure was published in the *Kommersant* paper of March 30, 2019.

On May 8, 2019, the Arbitration Court of the City of Moscow received requests from S.M. Guseinov, L.A. Vinogradova, Yu.M. Osmanov, V.A. Solntseva, I.A. Sazonova, D.A. Latur, G.A. Kiselman, Yu.Yu. Ryazanov to include the debts on the loan agreements into the debtor's creditors' claims register.

The Ruling of the Arbitration Court of the City of Moscow dated August 25, 2019 terminated the proceedings in regards to Suleiman Magomedovich Guseinov's claim against Andrei Yurievich Mann.

The Ruling of the Arbitration Court of the City of Moscow dated August 25, 2019 terminated the proceedings in regards to Yuri Yurievich Ryazanov's claim against Andrei Yurievich Mann

The Ruling of the Arbitration Court of the City of Moscow dated January 29, 2020 that was left unchanged by the Order of the Ninth Arbitration Court of Appeal of June 17, 2020 found justified the claims from Yusup Magomedovich Osmanov, Larisa Anatolyevna Vinogradova, Victoria Adamovna Solntseva, Igor Aleksandrovich Sazonov, Daria Anatolyevna Latur, German Adamovich Kiselman against Andrei Yurievich Mann and included those claims into the A.Yu. Mann's creditors' claims register.

*(Extracted middle of the document).*

Having disagreed with the adopted judicial acts, CB Ergobank, LLC represented by its bankruptcy trustee – State Corporation "Deposit Insurance Agency" (SC DIA) appealed to the Arbitration Court of the Moscow District with a cassation appeal, in which it asked to cancel the January 29, 2020 Ruling of the court of first instance and the Order of June 17, 2020 of the court of appeal in full and submit the dispute for a new consideration to the Arbitration Court of the City of Moscow.

According to Paragraph 2 of Part 1 of Article 121 of the Arbitration Procedure Code of the Russian Federation, the information on the time and location of the court session was published on the official website http://kad.arbitr.ru.

On August 12, 2020, the court of cassation received a response to the cassation appeal that is attached to the case materials as set forth in Article 279 of the Arbitration Procedure Code of the Russian Federation.

Pursuant to the case materials, the creditors, Yu.M. Osmanov, L.A. Vinogradova, V.A. Solntseva, I.A. Sazonov, D.A. Latur, and G.A. Kiselman, in support of the stated claims, indicated that they entered into the loan agreements with the debtor, specifically:

Guided by Articles 284 - 289 of the Arbitration Procedure Code of the Russian Federation, the court

ORDERED:

4

Cancel the January 29, 2020 Ruling of the Arbitration Court of the City of Moscow and the June 17, 2020 Order of the Ninth Arbitration Court on Case No. A40-291728/18 in regards to the inclusion of the claims of Yu.M. Osmanov, D.A. Latur, and G.A. Kiselman into the A.Yu. Mann's creditors' claims register, in regards to the cancelled part, send a separate dispute for a new consideration to the Arbitration Court of the City of Moscow.

In the remaining part, the Ruling of the Arbitration Court of the City of Moscow dated January 29, 2020 and the Order of the Ninth Arbitration Court dated June 17, 2020 regarding Case No. A40-291728/18 shall remain unchanged, the cassation appeal shall be dismissed.

The Order shall enter into force on the day of its adoption and may be appealed at the Judicial Collegium of the Supreme Court of the Russian Federation during the time not to exceed two months after the day of its adoption in the manner prescribed in 291.1 of the Arbitration Procedure Code of the Russian Federation.

| | |
|---|---|
| Presiding Judge | S.A. Zakutskaya |
| Judges: | D.V. Kamanetskiy |
| | E.L. Zenkova |

## CERTIFICATE OF TRANSLATOR

I, Tatyana Albert, herewith state that I am a U.S. citizen, that by virtue of my education and work experience, I am a professional translator and interpreter from, and into, the Russian language and that the foregoing translation of the document: Court Order of September 1, 2020 in the Russian language is true and correct, to the best of my knowledge.   Made in Washington, D.C.

Date: August 16, 2021

Tatyana Albert



106786_1806140



# АРБИТРАЖНЫЙ СУД
# МОСКОВСКОГО ОКРУГА

ул. Селезнёвская, д. 9, г. Москва, ГСП-4, 127994,
официальный сайт: http://www.fasmo.arbitr.ru e-mail: info@fasmo.arbitr.ru

## ПОСТАНОВЛЕНИЕ

г. Москва
 01.09.2020                                                                Дело № А40-291728/18

Резолютивная часть постановления объявлена 25.08.2020

Полный текст постановления изготовлен  01.09.2020


Арбитражный суд Московского округа

в составе:

председательствующего-судьи Закутской С.А.,

судей Каменецкого Д.В., Зеньковой Е.Л.,

при участии в судебном заседании:

от ООО КБ «Эргобанк» в лице конкурсного управляющего ГК «Агентство по страхованию вкладов» - Стрелкова А.Д., по доверенности от 24.04.2018;

от Манна А.Ю. – Теплухин В.В., по доверенности от 05.12.2019;

от Сазонова И.А. – Копылов А.С., Подобнова И.А., по доверенности от 17.07.2019;

от Солнцевой В.А. -  Копылов А.С., Подобнова И.А., по доверенности от 15.07.2019;

от Османова Ю.М. - Копылов А.С., Подобнова И.А., по доверенности от 15.07.2019;

от Латур Д.А. - Копылов А.С., Подобнова И.А., по доверенности от 16.07.2019;

от Кисельмана Г.А. - Копылов А.С., Подобнова И.А., по доверенности от 16.09.2019;

от Виноградовой Л.А. - Копылов А.С., Подобнова И.А., по доверенности от 04.07.2019;

рассмотрев 25.08.2020 в судебном заседании кассационную жалобу ООО КБ «Эргобанк» в лице конкурсного управляющего ГК «Агентство по страхованию вкладов»

на определение от 29 января 2020 года

Арбитражного суда города Москвы,

на постановление от 17 июня 2020 года

Девятого арбитражного апелляционного суда

по заявлению Гусейнова С.М., Виноградовой Л.А., Османова Ю.М., Солнцева В.А., Сазонова И.А., Латур Д.А., Кисельмана Г.А. о включении требований в реестр требований кредиторов должника Манна А.Ю.,

УСТАНОВИЛ:

определением Арбитражного суда города Москвы от 20 марта 2019 года в отношении гражданина Манна Андрея Юрьевича (ИНН 770803076025) введена процедура реструктуризации долгов гражданина, финансовым управляющим утвержден Муха Сергей Александрович.

Сообщение о введении процедуры реструктуризации долгов гражданина опубликовано в газете "Коммерсантъ" от 30 марта 2019 года.

В Арбитражный суд города Москвы 08 мая 2019 года поступили требования Гусейнова С.М., Виноградовой Л.А., Османова Ю.М., Солнцевой В.А., Сазонова И.А., Латур Д.А., Кисельмана Г.А., Рязанова Ю.Ю. о включении задолженности по договорам займа в реестр требований кредиторов должника.

Определением Арбитражного суда города Москвы от 25 августа 2019 года производство по требованию Гусейнова Сулеймана Магомедовича к Манну Андрею Юрьевичу прекращено.

Определением Арбитражного суда города Москвы от 25 августа 2019 года производство по требованию Рязанова Юрия Юрьевича к Манну Андрею Юрьевичу прекращено.

3

Определением Арбитражного суда города Москвы от 29 января 2020 года, оставленным без изменения постановлением Девятого арбитражного апелляционного суда от 17 июня 2020 года, требования Османова Юсупа Магомедовича, Виноградовой Ларисы Анатольевны, Солнцевой Виктории Адамовны, Сазонова Игоря Александровича, Латур Дарьи Анатольевны, Кисельмана Германа Адамовича к Манну Андрею Юрьевичу признаны обоснованными и включены в реестр требований кредиторов Манна А.Ю.

Не согласившись с принятыми судебными актами, ООО КБ «Эргобанк» в лице конкурсного управляющего - ГК «Агентство по страхованию вкладов» (ГК «АСВ») обратилось в Арбитражный суд Московского округа с кассационной жалобой, в которой просило отменить определение суда первой инстанции от 29 января 2020 года и постановление суда апелляционной инстанции от 17 июня 2020 года полностью и направить спор на новое рассмотрение в Арбитражный суд города Москвы.

В соответствии с абзацем 2 части 1 статьи 121 Арбитражного процессуального кодекса Российской Федерации информация о времени и месте судебного заседания была опубликована на официальном интернет-сайте http://kad.arbitr.ru.

12 августа 2020 года в суд кассационной инстанции от кредиторов – Кисельмана Г.А., Османова Ю.М., Солнцевой В.А., Сазонова И.А., Латур Д.А., Виноградовой Л.А. поступил отзыв на кассационную жалобу, который приобщен к материалам дела в порядке статьи 279 Арбитражного процессуального кодекса Российской Федерации.

Как следует из материалов дела, кредиторы - Османов Ю.М., Виноградова Л.А., Солнцева В.А., Сазонов И.А., Латур Д.А., Кисельман Г.А. в обоснование заявленных требований указали, что между ними и должником были заключены договоры займа, а именно:

- с Османовым Ю.М. - договор займа от 23 апреля 2014 года, согласно которому он предоставил должнику денежные средства в размере 57 000 000 руб.; договор займа от 25 сентября 2015 года, согласно которому он предоставил должнику денежные средства в размере 85 000 000 руб.; договор займа № 18/4-1

от 18 апреля 2017 года, согласно которому должнику предоставлены денежные средства в размере 483 680 долларов США; договор займа № 20/4-3 от 20 апреля 2017 года, согласно которому должнику предоставлены денежные средства в размере 204 672 долларов США; договор займа № 17/4 от 06 сентября 2017 года, согласно которому должнику предоставлены денежные средства в размере 150 000 долларов США; договор займа б/н от 07 ноября 2016 года, согласно которому должнику предоставлены денежные средства в размере 5 212 165 долларов США, 358 663 евро и 6 428 098 руб.;

- с Сазоновым И.В. - договор займа от 19 июля 2018 года, по которому он предоставил должнику денежные средства в размере 327 361 долларов США; договор займа от 13 сентября 2017 года, по которому он предоставил должнику денежные средства в размере 188 000 долларов США; договор займа от 16 апреля 2018 года, по которому он предоставил должнику денежные средства в размере 240 000 евро и 197 322 долларов США;

- с Виноградовой Л.А. - договор займа от 24 марта 2018 года, по которому она предоставила должнику денежные средства в размере 417 897 евро;

- с Солнцевой В.А. - договор займа от 01 апреля 2018 года № 01/18, по которому она предоставила должнику денежные средства в размере 345 344 доллара США;

- с Латур Д.А. - соглашение № 1 от 01 февраля 2010 года, в соответствии с которым она предоставила должнику в управление 494 760 долларов США;

- с Кисельманом Г.А. - договор займа от 28 марта 2015 года, по которому он предоставил должнику денежные средства в размере 1 102 444 долларов США; договор займа от 02 апреля 2018 года, по которому он предоставил должнику денежные средства в размере 396 084 долларов США.

Поскольку должник принятые на себя обязательства по возврату заемных денежных средств не исполнил, кредиторы обратился в суд с настоящими требованиями.

Суды, включая в реестр требований кредиторов Манна Андрея Юрьевича требования кредиторов, исходили из того, что заявителями представлены документы, подтверждающие заключение договоров займа и передачу по ним

денежных средств, а также доказательства, подтверждающие финансовое положение кредиторов, позволяющее предоставить должнику спорные денежные средства.

Кредитор - ООО КБ «Эргобанк» в лице конкурсного управляющего - ГК «Агентство по страхованию вкладов» (ГК «АСВ») в обоснование своей кассационной жалобы ссылался на то, что суды не рассмотрели поданное кредитором заявление о пропуске срока исковой давности по требованиям Османова Ю.М. в части основного долга и по требованиям Латур Д.А. в части начисленных процентов по займу, при этом выводы судов о реальности заемных правоотношений кредиторов и должника сделан на основании выборочной и формальной оценки доказательств.

Также заявитель кассационной жалобы указал, что суды, делая выводы о наличии у кредиторов финансовой возможности предоставить заемные денежные средства, не дали оценки доводам о том, что документы, представленные Османовым Ю.М., действительно, свидетельствуют о том, что за 8 лет полученных доходов было достаточно для предоставления заемных денежных средств должнику, однако согласно представленным документам Османов Ю.М. их расходовал на свои нужды, в связи с чем оставшихся денежных средств было явно недостаточно для предоставления займа, при том что надлежащих доказательств, подтверждающих получение денежных средств за продажу недвижимости, кредитором не представлено.

Заявитель считает, что судами не учтены доводы кредитора о том, что представленный Киссельманом Г.А. кредитный договор подтверждает получение им денежных средств в достаточном для предоставления займа размере, однако суды не учли сведения о расходовании кредитором полученных по кредиту денежных средств на свои нужды, в том числе, на погашение кредитных обязательств.

По мнению заявителя, аналогичная ситуация сложилась с требованиями Сазонова И.А., Виноградовой Л.А. и Солнцевой В.А., у которых формально денежные средства, необходимые для предоставления займа, имелись, однако судами не была учтена необходимость расходования денежных средств

кредиторами на свои нужды, при этом, как полагает заявитель, судами не учтено отсутствие в материалах дела расписки, подтверждающей факт передачи денежных средств Сазоновым И.А. должнику.

ГК «АСВ» указало, что сумма, предоставленная Латур Д.А. должнику, больше, чем сумма, полученная кредитором от продажи недвижимости, при этом представленный кредитором договор от 09 ноября 2016 года, по сути, договором займа не является, поскольку представляет собой соглашение об остатке долга по договорам займа.

Кроме того, кредитор сослался на несоразмерность включенной в реестр требований неустойки по договорам займа, последствиям нарушения обязательства.

В судебном заседании представитель ООО КБ «Эргобанк» доводы кассационной жалобы поддержал в полном объеме по мотивам, изложенным в ней.

Представители кредиторов - Османов Ю.М., Виноградова Л.А., Солнцева В.А., Сазонов И.А., Латур Д.А., Кисельман Г.А., возражали против удовлетворения кассационной жалобы по доводам, изложенным в отзыве.

Представитель должника возражал против удовлетворения кассационной жалобы.

Обсудив доводы кассационной жалобы, заслушав представителей лиц, явившихся в заседание, проверив в порядке статьи 286 Арбитражного процессуального кодекса Российской Федерации правильность применения судами норм материального и процессуального права, а также соответствие выводов, содержащихся в обжалуемых судебных актах, установленным по делу фактическим обстоятельствам и имеющимся в деле доказательствам, арбитражный суд округа пришел к следующим выводам.

В соответствии со статьей 32 Закона о банкротстве и частью 1 статьи 223 Арбитражного процессуального кодекса Российской Федерации дела о несостоятельности (банкротстве) рассматриваются арбитражным судом по правилам, предусмотренным Арбитражным процессуальным кодексом

Российской Федерации, с особенностями, установленными федеральными законами, регулирующими вопросы о несостоятельности (банкротстве).

В пункте 26 Постановления Пленума Высшего Арбитражного Суда Российской Федерации от 22.06.2012 N 35 "О некоторых процессуальных вопросах, связанных с рассмотрением дел о банкротстве" (далее - Постановление N 35) разъяснено, что в силу пунктов 3 - 5 статьи 71 и пунктов 3 - 5 статьи 100 Закона о банкротстве проверка обоснованности и размера требований кредиторов осуществляется судом независимо от наличия разногласий относительно этих требований между должником и лицами, имеющими право заявлять соответствующие возражения, с одной стороны, и предъявившим требование кредитором - с другой стороны.

При установлении требований кредиторов в деле о банкротстве судам следует исходить из того, что установленными могут быть признаны только требования, в отношении которых представлены достаточные доказательства наличия и размера задолженности, поскольку может иметь место злонамеренное соглашение должника и конкретного кредитора с целью причинения вреда имущественным правам иных кредиторов либо с целью ведения контролируемого банкротства.

Таким образом, в деле о банкротстве включение задолженности в реестр требований кредиторов должника возможно только в случае установления действительного наличия обязательства у должника перед кредитором, которое подтверждено соответствующими доказательствами.

В условиях банкротства должника и конкуренции его кредиторов для предотвращения необоснованных требований к должнику и нарушений тем самым прав его кредиторов к доказыванию обстоятельств, связанных с возникновением задолженности должника, предъявляются повышенные требования.

В случае наличия возражений конкурирующего кредитора либо конкурсного управляющего, выступающего в интересах справедливого и обоснованного распределения конкурсной массы, на требования о включении в реестр и представления в суд прямых или косвенных доказательств,

8

подтверждающих существенность сомнений в наличии долга, на заявившее требование лицо возлагается бремя опровержения этих сомнений, при этом заявителю требований не должно составлять затруднений опровергнуть указанные сомнения, поскольку именно он должен обладать всеми доказательствами своих правоотношений с несостоятельным должником.

Проверяя действительность сделки, послужившей основанием для включения требований ответчика в реестр требований кредиторов, исходя из доводов о наличии признаков мнимости сделки и ее направленности на создание искусственной задолженности кредитора, суд должен осуществлять проверку, следуя принципу установления достаточных доказательств наличия или отсутствия фактических отношений.

При наличии сомнений в реальности договора займа суд может потребовать представления документов, свидетельствующих об операциях с этими денежными средствами (первичные бухгалтерские документы или банковские выписки с расчетного счета), в том числе об их расходовании.

Суды в соответствии с вышеуказанными разъяснениями проверили финансовую возможность кредиторов предоставить должнику заемные денежные средства и пришли к выводу, что такая возможность у них имелась.

Суды установили, что в подтверждение доказательств финансовой возможности предоставить спорные денежные средства кредиторами представлены соответствующие документы.

Османов Ю.М. указал на получение совокупного дохода в размере 8 612 595 долларов США за период с 2007 по 2014 год, полученного от продажи недвижимого имущества, получения дивидендов.

Виноградова Л.А. ссылалась на получение дохода за 2015, 2016 и 2017 годы на территории России в размере 3 901 245 руб. и согласно налоговым декларациям на территории Испании на сумму 592 815, 27 евро.

Солнцева В.А. указала на получение совокупного дохода в общем размере 32 983 301,10 руб., полученного от продажи недвижимого имущества, в качестве ИП и в качестве физического лица (заработная плата).

9

Сазонов И.В. указала на получение дохода в размере 224 283 812,18 руб. в результате продажи недвижимого имущества в 2013 году.

Латур Д.А. указала на получение дохода от купли-продажи недвижимости в 2008 году, Кисельман Г.А. указал на получение дохода от в размере 1,2 млн долларов США в связи с получением кредита в 2012 году в ООО КБ "Эргобанк" и 21 709 684 руб. в 2012-2017 гг. в качестве заработной платы.

Суды проверили приложенные кредиторами к данным пояснениям документы и пришли к выводу, что они надлежащим образом подтверждают наличие у кредитора достаточного дохода для предоставления должнику заемных денежных средств.

Заявитель кассационной жалобы не оспаривает наличие у кредиторов формального дохода для предоставления займов, при этом требования Виноградовой Л.А., Солнцевой В.А. и Османова Ю.М. подтверждены вступившими в законную силу решениями судов общей юрисдикции.

Ссылку заявителя кассационной жалобы на непредоставление кредиторами сведений о расходовании денежных средств, полученных по кредитам, от продажи имущества и иных источников, суд округа не может признать основанием для отмены судебных актов, поскольку доводы заявителя в данной части носят предположительный характер.

С учетом того обстоятельства, что доказательств наличия какой-либо заинтересованности между заявителями и должником не представлено, а также представлены доказательства наличия финансовой возможности кредиторов предоставить денежные средства должнику, суды признали требования кредиторов обоснованными.

Оснований для переоценки данных выводов судов у суда округа не имеется.

Согласно разъяснениям, изложенным в третьем абзаце пункта 72 Постановления Пленума Верховного Суда Российской Федерации от 24.03.2016 N 7 "О применении судами некоторых положений Гражданского кодекса Российской Федерации об ответственности за нарушение обязательств", основаниями для отмены в кассационном порядке судебного акта в части,

10

касающейся уменьшения неустойки по правилам статьи 333 Гражданского кодекса Российской Федерации, могут являться нарушение или неправильное применение норм материального права, к которым, в частности, относятся нарушение требований пункта 6 статьи 395 Гражданского кодекса Российской Федерации, когда сумма неустойки за просрочку исполнения денежного обязательства снижена ниже предела, установленного в пункте 1 статьи 395 Гражданского кодекса Российской Федерации, или уменьшение неустойки произведено в отсутствие заявления в случаях, установленных в пункте 1 статьи 333 Гражданского кодекса Российской Федерации (пункт 2 части 1 статьи 287 Арбитражного процессуального кодекса Российской Федерации).

Таким образом, суд кассационной инстанции может отменить судебные акты в части применения ст. 333 ГК РФ в случае, когда сумма неустойки за просрочку исполнения денежного обязательства снижена ниже предела, установленного в пункте 1 статьи 395 Гражданского кодекса Российской Федерации или если снижение неустойки произведено в отсутствие заявления об этом.

Между тем, в данном случае вышеуказанные обстоятельства отсутствуют, размер неустойки, взысканной судом, не ниже предела, установленного в пункте 1 статьи 395 Гражданского кодекса Российской Федерации.

Учитывая вышеизложенное, у суда кассационной инстанции в силу полномочий не имеется оснований для отмены или изменения принятых по делу судебных актов в части, касающейся размера неустойки, поскольку суд округа не вправе оценивать наличие либо отсутствие оснований для применения ст. 333 ГК РФ.

Между тем, судами при разрешении спора не учтено следующее.

Согласно абз. 2 ч. 2 ст. 71 Федерального закона "О несостоятельности (банкротстве)" лица, участвующие в деле о банкротстве, вправе заявлять о пропуске срока исковой давности по предъявленным к должнику требованиям кредиторов.

В суде первой инстанции кредитором - ООО КБ «Эргобанк» в дополнениях к возражениям было заявлено о пропуске срока исковой давности

11

по части требований Османова Ю.М. и Латур Д.А. (т.5, л.д. 26-38), однако суды данное заявление не рассмотрели, тогда как в соответствии с пунктом 15 Постановления Пленума ВС РФ от 29.09.2015 N 43 истечение срока исковой давности является самостоятельным основанием для отказа в иске (абзац второй пункта 2 статьи 199 ГК РФ).

При таких обстоятельствах суд округа считает, что оспариваемые судебные акты подлежат отмене в части включения в реестр требований Османова Ю.М. и Латур Д.А. с направлением дела на новое рассмотрение в Арбитражный суд города Москвы.

Также суд округа считает, что судебные акты подлежат отмене, в том числе, в отношении требований Кисельмана Г.А. по следующим основаниям.

В соответствии с разъяснениями, содержащимися в абзаце 3 пункта 26 Постановления Пленума ВАС РФ от 22.06.2012 N 35 "О некоторых процессуальных вопросах, связанных с рассмотрением дел о банкротстве", при оценке достоверности факта наличия требования, основанного на передаче должнику наличных денежных средств, подтверждаемого только его распиской или квитанцией к приходному кассовому ордеру, суду надлежит учитывать среди прочего следующие обстоятельства: позволяло ли финансовое положение кредитора (с учетом его доходов) предоставить должнику соответствующие денежные средства; имеются ли в деле удовлетворительные сведения о том, как полученные средства были истрачены должником; отражалось ли получение этих средств в бухгалтерском и налоговом учете и отчетности и т.д.

При этом бремя доказывания наличия у кредитора денежных средств, переданных впоследствии в качестве займа, возлагается именно на кредитора.

Указанные разъяснения направлены, прежде всего, на недопустимость включения в реестр требований кредиторов в ущерб интересам других кредиторов требований, основанных исключительно на расписке или квитанции к приходному кассовому ордеру, которые могли быть изготовлены вследствие соглашения кредитора и должника, преследовавших цель создания документального подтверждения обоснованности таких требований.

Таким образом, наличие расписок как доказательств возникновения долга в силу специфики дел о банкротстве не может являться безусловным основанием для включения основанного на них требования в реестр, поскольку кредитор должен представить доказательства его финансового положения, позволявшего предоставить испрашиваемые денежные средства, при этом должник должен представить доказательства расходования полученных денежных средств.

В отличие от иных кредиторов, чьи требования рассматривались судом в рамках настоящего обособленного спора, в отношении Кисельмана Г.А. были представлены документы, подтверждающие расходование им полученных по кредитному договору от 27 марта 2012 года №15/12-ФЛВ от КБ «Эргобанк» денежных средств в размере 1 200 000 долларов США.

Как указало ГК «АСВ», согласно данным сведениям из полученных денежных средств 455 185 долларов США были возвращены Банку для погашения кредита, а оставшихся денежных средств, в том числе, полученных 21 709 684 руб. в 2012-2017 гг. в качестве заработной платы, не хватало для передачи должнику займа на сумму 1 498 528 долларов США.

Также ГК «АСВ» указывало, что согласно представленным документам сумма, предоставленная Латур Д.А. должнику, больше, чем сумма, полученная кредитором от продажи недвижимости.

Между тем, суды проверку данных доводов не осуществили, в связи с чем выводы судов в данной части сделаны при неполном выяснении обстоятельств, имеющих значение для дела.

При изложенных обстоятельствах судебные акты подлежат отмене в части включения в реестр требований кредиторов Манна А.Ю. требований Османова Ю.М., Латур Д.А. и Кисельмана Г.А. с направлением обособленного спора на новое рассмотрение в отмененной части.

При новом рассмотрении дела суду надлежит рассмотреть заявление кредитора о применении срока исковой давности в отношении требований Латур Д.А. и Османова Ю.М., дать оценку доводам кредитора о том, что сумма, предоставленная Латур Д.А. должнику, больше, чем сумма, полученная кредитором от продажи недвижимости, а полученных Кисельманом Г.А.

доходов от заключения кредитного договора и заработной платы с учетом размера погашенных кредитных обязательств было недостаточно для предоставления заемных денежных средств, после чего принять законный и обоснованный судебный акт.

Руководствуясь статьями 284 - 289 Арбитражного процессуального кодекса Российской Федерации, суд

ПОСТАНОВИЛ:

определение Арбитражного суда города Москвы от 29 января 2020 года и постановление Девятого арбитражного апелляционного суда от 17 июня 2020 года по делу № А40-291728/18 отменить части включения в реестр требований кредиторов Манна А.Ю. требований Османова Ю.М., Латур Д.А. и Кисельмана Г.А., в отмененной части направить обособленный спор на новое рассмотрение в Арбитражный суд города Москвы.

В остальной части определение Арбитражного суда города Москвы от 29 января 2020 года и постановление Девятого арбитражного апелляционного суда от 17 июня 2020 года по делу № А40-291728/18 оставить без изменения, кассационную жалобу – без удовлетворения.

Постановление вступает в законную силу со дня его принятия и может быть обжаловано в Судебную коллегию Верховного Суда Российской Федерации в срок, не превышающий двух месяцев со дня его принятия, в порядке, предусмотренном статьей 291.1 Арбитражного процессуального кодекса Российской Федерации.

| | |
|---|---|
| Председательствующий-судья | С.А. Закутская |
| Судьи: | Д.В. Каменецкий |
| | Е.Л. Зенькова |