# EXHIBIT 7




# ARBITRATION COURT OF THE CITY OF MOSCOW

17, Bolshaya Tulskaya str., Moscow, 115191
http://www.msk.arbitr.ru
Phone: 600-99-26

**R U L I N G**

Moscow                                                     Case No. A40-291728/18-101-368F
January 22, 2021

The resolutive part of the Ruling was announced on January 12, 2021.

The Ruling in its entirety was generated on January 22, 2021.

The arbitration court comprised of:

Judge I.A. Belova,

With the Judge Assistant S.V. Ubushaeva generating the court record

Having examined in an open hearing the case of bankruptcy of Andrei Yurievich Mann (DOB: December 21, 1957; Tax ID: 770803076025, address: 32/1, Marshala Biryuzova str., #71, Moscow) the application of the financial manager on approval of sales of the debtor's property,

With appearances as noted in the hearing minutes,

**D E T E R M I B E D:**

The Ruling of the court of March 20, 2019 in regards to Andrei Yurievich Mann (DOB: December 21, 1957, Tax ID: 770803076025, address: 32, Marshala Biryuzova str., #71, Moscow) introduced the debts restructuring process by the financial manager Sergei Aleksandrovich Mukha (Tax ID: 231299408664, mailing address P.O. Box 4801, Krasnodar, 350063). This notification was published in the *Kommersant* paper on March 30, 2019.

The Decision of the court of March 16, 2020 declared Andrei Yurievich Mann (DOB: DOB: December 21, 1957, Tax ID: 770803076025, address: 32, Marshala Biryuzova str., #71, Moscow) insolvent (bankrupt), introduced the property liquidation process, appointed Elena Nikolaevna Tyapinskaya as the financial manager (mailing address: 11a, Gagarina str., Ste. 1, Vologda, 160002).

This court session examined the financial manager's application on approving the process of sales of the debtor's property in the version of the financial manager.

CB Ergobank OOO did not appear at the court session, they were notified as required by Articles 121 and 123 of the Arbitration Procedure Code of the Russian Federation. The case was heard as set forth in Article 156 of the Arbitration Procedure Code of the Russian Federation.

At the court session, creditor I.V. Ivanin verbally declared the challenge to the composition of the court.

The representatives of the financial manager and the debtor objected.

The request to recuse Judge I.A. Belova was reviewed solely by Judge I.A. Belova. The Ruling of the Court of January 12, 2021 dismissed I.V. Ivanin's request to recuse Judge I.A. Belova.

The court session continued in the same composition of the court with the individuals participating in the case.

The debtor's representative filed a motion to postpone the court session until the complaint on the financial manager is considered.

The financial manager representative objected.

The creditor I.V. Ivanin supported the position of the financial manager.

The financial manager representative supported the request on the merits.

The debtor's representative left the approval of the financial manager's application on the sales of the equity holdings at the discretion of the court, objected to the remainder of the application, requested that part of the property be excluded from the bankruptcy assets.

The financial manager representative insisted on approving the application.

The creditor I.V. Ivanin supported the position of the financial manager.

The court having considered the case materials has arrived at the following conclusions.

According to Article 223 of the Arbitration Procedure Code of the Russian Federation, cases on insolvency (bankruptcy) are considered by an arbitration court in accordance with the rules stipulated by the Arbitration Procedure Code of the Russian Federation with details as set forth in the federal law regulating the issues of insolvency (bankruptcy).

Pursuant to Paragraph 1 of Article 213.1 of the Federal Law: On Insolvency (Bankruptcy), relationships associated with bankruptcy of individuals that are no regulated by this chapter are regulated by Chapters I - III.1, VII, VIII, Paragraph 7 of Chapter IX and Paragraph 2 of Chapter XI of this Federal Law.

Having considered the filed motion on postponement of the court session, the court dismisses it due to the absence of procedural grounds.

According to Part 5 of Article 158 of the Arbitration Procedure Code of the Russian Federation, an arbitration court may postpone a court session if it recognizes that the case cannot be considered in this court session due to, among other reasons, failure of appearance of any of the individuals participating in the case, other participants of the arbitration process, in case of technical difficulties associated with use of equipment for conducting the court session, as well as for granting the motion of a party to postpone the court session due to the need for this party to provide additional evidence, in case of other procedural actions.

The postponement of the litigation is a right, but not a duty of the court. Dismissing the motion to postpone the court session, the court does not see grounds for granting this motion because the financial manager's application on approval of the sales of the debtor's property was accepted for implementation by the court ruling of October 23, 2020. On December 11, 2020, the court session on considering the financial manager's application on sales of the debtor's property was postponed to January 12, 2021 while on January 11, 2021, the court received a complaint on the financial manager's actions.

In addition, the court does not find grounds to exclude the desk, icons Nos. 1 and 2, decorative table No.1, kitchen cabinet, chairs Nos. 1, 2, 3, and 4 and the wall-mounted clock because no evidence was provided into the case materials that these items have been procured by the debtor's parents.

Pursuant to Paragraph 1 of Article 213.26 of the Federal Law: On Insolvency (Bankruptcy), within one month from the date of completion of inventory and appraisal of the individual's property, the financial manager shall provide to the arbitration court the statement on the process, conditions and schedule for the individual's property liquidation indicating the initial sale price of the property. This statement is subject to approval by the arbitration court and it shall comply with the debtor's property sales regulations as set forth in Articles 110, 111, 112, 139 of this Federal Law.

In accordance with Paragraph 4 of Article 138 of the Bankruptcy Law, the sale of pledged items shall be conducted as set forth in Paragraphs 4, 5, 8 - 19 of Article 110 and Paragraph 3 of Article 111 of the Bankruptcy Law, and taking into account the provisions of this article. The initial sale price of a pledged item, the procedure and conditions of the biding process, provisions and conditions for securing the pledged items are identified by the bankruptcy creditor, whose claims are secured by the pledge of the liquidated property.

As follows from the materials of the application, the plot of land located at the address: Moscow Region, Odintsovskiy District, village of Nikolina Gora, s/o Uspenskiy, lot 259, ZAO «SKZ 4», cadastral number 50:20:0050211:119, the residential house located at the address: Moscow Region, Odintsovskiy District, village of Nikolina Gora, ter. ZAO SKZ-4, house 259, s/p Uspenskoe, cadastral number: 50:20:0000000:2412, the lot of land locatetd at the address: Moscow Region, Odintsovskiy District, s/o Uspenskiy, village of Nikolina

Gora, lot 258/2, ZA(SKZ-4, cadastral number 50:20:0050211:120 are pledged items of CB Ergobank OOO.

The court determined that the arbitration court had not received any disagreements on the procedure and conditions of the bidding process for sales of the pledged items, nor it had received any other information in regards to the statement on the process, schedule, and conditions of liquidation of Andrei Yurievich Mann's property.

The case materials do not contain any evidence to the contrary (Article 65 of the Arbitration Procedure Code of the Russian Federation).

In addition, as the financial manager indicates, the property sale as a single lot allows to obtain the highest price satisfy the creditors' claims to the maximum extent possible because pledged and non-pledged items (lots of land, the residential house and the non-residential structure (banya)) are interrelated and represent a single complex.

In addition, the sale as a single lot will allow avoiding a non-justified increase in the costs for implementation of the bankruptcy procedure.

The property liquidation is performed as an open tender in a format of an auction, which implies steps to increase the price and, consequently, obtain the greatest proceeds from the property liquidation.

Due to the need for the Debtor's property liquidation, as well as in view of the absence of any disagreements on the procedure and conditions of the sale of the pledged items on behalf of the pledge lender, the financial manager filed a motion to the Arbitration Court of the City of Moscow in regards to the approval of the Statement on process, schedule, and conditions of the Debtor's property liquidation.

The narrative on the statement on process, schedule, and conditions of the debtor's property liquidation text complies with the regulations set forth in Articles 110, 111, and 139 of the Federal Law: On Insolvency (Bankruptcy and is subject to approval taking into account the continuity of the process and the absence of objections from the Bank in regards to the stated Process.

Based on the foregoing and guided by Articles 32, 60, 138, 139, and 213.26 of the Federal Law: On Insolvency (Bankruptcy), Articles 13, 176, 184, 185, 223 of the Arbitration Procedure Code of the Russian Federation, the court

**R U L E D:**

Regarding the motion to exclude the property from the bankruptcy assets and postpone the court session – to dismiss.

Approve the Statement on Process, Conditions, and Schedule for Andrei Yurievich Mann's (DOB: December 21, 1957, tax ID: 770803076025, address: 32/1, Marshala Biryuzova str., #71, Moscow) Property Liquidation: lots of land, non-residential structure, furniture, equipment, interior design items in the amount of 100 units in the financial manager version.

The Ruling may be appealed within fourteen days to the arbitration court of appeal.

**Judge**                                                                                              **I.A. Belova**

## CERTIFICATE OF TRANSLATOR

I, Tatyana Albert, herewith state that I am a U.S. citizen, that by virtue of my education and work experience, I am a professional translator and interpreter from, and into, the Russian language and that the foregoing translation of the document: Court Ruling of January 22, 2021 in the Russian language is true and correct, to the best of my knowledge.   Made in Washington, D.C.

Date: August 16, 2021

Tatyana Albert



900001703_27653027



# АРБИТРАЖНЫЙ СУД ГОРОДА МОСКВЫ

115191, г.Москва, ул. Большая Тульская, д. 17
http://www.msk.arbitr.ru
Тел. 600-99-26

## О П Р Е Д Е Л Е Н И Е

город Москва                                                   Дело № А40-291728/18-101-368Ф
22 января 2021 года

Резолютивная часть определения объявлена 12 января 2021г.

Определение в полном объеме изготовлено 22 января 2021г.

Арбитражный суд в составе:

Судья Белова И.А.,

При ведении протокола помощником судьи Убушаевой С.В.

Рассмотрев в открытом судебном заседании по делу о банкротстве гражданина Манн Андрея Юрьевича (21.12.1957г.р., ИНН 770803076025, адрес: г.Москва, ул. Маршала Бирюзова д.32 корп.1 кв.71), заявление финансового управляющего об утверждении порядка продажи имущества должника,

С участием лиц, указанных в протоколе судебного заседания,

**У С Т А Н О В И Л:**

Определением суда от 20 марта 2019г. в отношении гражданина Манн Андрея Юрьевича (21.12.1957г.р., ИНН 770803076025, адрес: г.Москва, ул. Маршала Бирюзова д.32 корп.1 кв.71) введена процедура реструктуризации долгов гражданина, финансовым управляющим утвержден Муха Сергей Александрович (ИНН 231299408664, адрес для направления корреспонденции: 350063, г.Краснодар, а/я 4801). Сообщение об этом опубликовано в газете «Коммерсантъ» от 30.03.2019г.

Решением суда от 16.03.2020г. гражданин Манн Андрей Юрьевич (21.12.1957г.р., ИНН 770803076025, адрес: г.Москва, ул. Маршала Бирюзова д.32 корп.1 кв.71) признан несостоятельным (банкротом), введена процедура реализации имущества, финансовым управляющим утверждена Тяпинская Елена Николаевна (адрес для корреспонденции: 160002, г. Вологда, ул. Гагарина, д.11а, оф.1).

В судебном заседании рассматривалось заявление финансового управляющего об утверждении порядка продажи имущества должника в редакции финансового управляющего.

ООО КБ «Эргобанк» в судебное заседание не явился, извещен в порядке ст. 121, 123 АПК РФ. Дело рассматривалось в порядке ст. 156 АПК РФ.

В судебном заседании кредитор Иванин И.В. устно заявил об отводе суду.

Представители финансового управляющего и должника возражали.

Заявление об отводе судьи Беловой И.А. рассмотрено судьей Беловой И.А. единолично. Определением суда от 12.01.2021г. отказано в удовлетворении заявления Иванина И.В отводе судьи Беловой И.А.

Судебное заседание продолжено в том же составе суда и представителей лиц, участвующих в деле.

Представитель должника заявил ходатайство об отложении судебного заседания до рассмотрения жалобы на финансового управляющего.

Представитель финансового управляющего возражал.

Кредитор Иванин И.В. поддержал позицию финансового управляющего.

Представитель финансового управляющего по существу заявление поддержал.

Представитель должника решение заявления финансового управляющего об утверждении порядка продажи доли участия в уставном капитале оставил на усмотрение

суда, в остальной части заявления возражал, просил исключить часть имущества из конкурсной массы.

Представитель финансового управляющего настаивал на удовлетворении заявления.

Кредитор Иванин И.В. поддержал позицию финансового управляющего.

Суд, исследовав письменные материалы дела, пришел к следующим выводам.

В соответствии со ст. 223 АПК РФ дела о несостоятельности (банкротстве) рассматриваются арбитражным судом по правилам, предусмотренным АПК РФ с особенностями, установленными федеральным законом, регулирующим вопросы несостоятельности (банкротства).

Согласно п. 1 ст. 213.1 ФЗ «О несостоятельности (банкротстве)» отношения, связанные с банкротством граждан и не урегулированные настоящей главой, регулируются главами I - III.1, VII, VIII, параграфом 7 главы IX и параграфом 2 главы XI настоящего Федерального закона.

Рассмотрев заявленное ходатайство об отложении судебного заседания, суд отказывает в его удовлетворении ввиду отсутствия процессуальных оснований.

В соответствии с частью 5 статьи 158 Арбитражного процессуального кодекса Российской Федерации арбитражный суд может отложить судебное разбирательство, если признает, что оно не может быть рассмотрено в данном судебном заседании, в том числе вследствие неявки кого-либо из лиц, участвующих в деле, других участников арбитражного процесса, в случае возникновения технических неполадок при использовании технических средств ведения судебного заседания, а также при удовлетворении ходатайства стороны об отложении судебного разбирательства в связи с необходимостью представления ею дополнительных доказательств, при совершении иных процессуальных действий.

Отложение судебного разбирательства является правом, а не обязанностью суда. Отказывая в удовлетворении ходатайства об отложении судебного заседания, суд не усматривает оснований для его удовлетворения, поскольку заявление финансового управляющего об утверждении порядка продажи имущества должника принято к производству определением суда от 23.10.2020г., 11 декабря 2020г. судебное заседание по рассмотрению заявления финансового управляющего об утверждении порядка продажи имущества должника было отложено на 12.01.2021г., тогда как жалоба на действия финансового управляющего поступила в суд 11.01.2021г.

Кроме того, суд не находит оснований для исключения из конкурсной массы письменного стола, иконы № 1 и № 2, декоративного стола №1, кухонного шкафа, стульев №№ 1, 2, 3, 4 и часов настенных, поскольку доказательств приобретения указанного имущества родителями должника в материалы дела не представлено.

В соответствии с п. 1 ст. 213.26 ФЗ «О несостоятельности (банкротстве)», в течение одного месяца с даты окончания проведения описи и оценки имущества гражданина финансовый управляющий обязан представить в арбитражный суд положение о порядке, об условиях и о сроках реализации имущества гражданина с указанием начальной цены продажи имущества. Данное положение утверждается арбитражным судом и должно соответствовать правилам продажи имущества должника, установленным статьями 110, 111, 112, 139 настоящего Федерального закона.

Согласно п. 4 ст. 138 Закона о банкротстве продажа предмета залога осуществляется в порядке, установленном пунктами 4, 5, 8 - 19 статьи 110 и пунктом 3 статьи 111 Закона о банкротстве, и с учетом положений данной статьи. Начальная продажная цена предмета залога, порядок и условия проведения торгов, порядок и условия обеспечения сохранности предмета залога определяются конкурсным кредитором, требования которого обеспечены залогом реализуемого имущества.

Как следует из материалов заявления, земельный участок, расположенный по адресу: Московская обл., Одинцовский р-н, с/о Успенский, п. Николина Гора, уч. 259, ЗАО «СКЗ 4», кадастровый номер 50:20:0050211:119, жилой дом, расположенный по адресу Московская обл., Одинцовский р-н, п. Николина Гора, тер. ЗАО СКЗ-4, д. 259, с/п Успенское кадастровый номер: 50:20:0000000:2412, земельный участок, расположенный по адресу: Московская обл., Одинцовский р-н, с/о Успенский, п. Николина Гора, уч.258/2, ЗА( СКЗ-4», кадастровый номер 50:20:0050211:120 являются предметом залога ООО КБ «Эргобанк».

3

Судом установлено, что в арбитражный суд не поступило ни разногласий в вопросах о порядке и об условиях проведения торгов по реализации предмета залога, ни каких-либо иных сведений в отношении положения о порядке, о сроках и об условиях реализации имущества Манн Андрея Юрьевича.

Доказательств обратного в материалы дела не представлено (ст. 65 АПК РФ).

Кроме того, как указывает финансовый управляющий реализация имущества единым лотом позволит получить наиболее высокую цену и максимально удовлетворить требования кредиторов, поскольку залоговое и незалоговое существо (земельные участки, жилой дом и нежилое здание (баня)) взаимосвязаны и представляют собой единый комплекс.

Кроме того, продажа единым лотом позволит избежать необоснованного увеличения расходов по проведению процедур банкротства.

Реализация имущества производится на открытых торгах в форме аукциона, что предполагает шаги на повышение цены и, соответственно, получение наибольшей выручки от реализации имущества.

В связи с необходимостью реализации имущества Должника, а также в связи с отсутствием каких-либо разногласий в вопросах о порядке и об условиях проведения торгов по реализации предмета залога со стороны залогового кредитора финансовый управляющий обратился в Арбитражный суд города Москвы с ходатайством относительно утверждения Положения о порядках, сроках и условиях реализации имущества должника.

Представленный в материалы дела финансовым управляющим текст положения о порядке, об условиях и о сроках реализации имущества гражданина должника соответствует нормам ст.ст. 110, 111, 139 ФЗ «О несостоятельности (банкротстве)», и подлежит утверждению, учитывая непрерывность срока процедуры, и отсутствия возражений Банка относительного представленного Порядка.

На основании изложенного и руководствуясь ст. ст. 32, 60, 138, 139, 213.26 Федерального закона «О несостоятельности (банкротстве)», ст.ст. 13, 176, 184, 185, 223 АПК РФ, суд

**О П Р Е Д Е Л И Л:**

В удовлетворении ходатайства об исключении имущества из конкурсной массы и отложения судебного заседания, - отказать.

Утвердить Положения о порядке, об условиях и о сроках реализации имущества Манн Андрея Юрьевича (21.12.1957г.р., ИНН 770803076025, адрес: г.Москва, ул. Маршала Бирюзова д.32 корп.1 кв.71) земельных участков, нежилого здания, жилого дома, мебели, техники, предметов интерьера в количестве 100 единиц, в редакции финансового управляющего.

Определение может быть обжаловано в четырнадцатидневный срок в арбитражный суд апелляционной инстанции.

Судья                                                                                            И.А. Белова