IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENYI SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMINETS<br><br>Plaintiffs,<br><br>v.<br><br>ANDREI MANN and MICHAEL HELLMAN<br><br>Defendants. | CIVIL ACTION No. 21cv40068-NMG<br><br>**MOTION OF DEFENDANT ANDREI MANN TO QUASH AND/OR STRIKE SUBPOENA ISSUED BY PLAINTIFFS, WITH MEMORANDUM** |

By and through his undersigned counsel, Defendant Andrei Mann ('Mann") respectfully files his Motion to Quash and/or Strike the Subpoena issued by a notary public at Plaintiffs' law firm, seeking to depose duce tecum a third party, the law firm Choate Hall Stewart LLP.

The Subpoena, signed by an unauthorized layperson (albeit a notary), does not comport to the required federal judiciary's form AO 88B, where Plaintiffs initiated discovery contrary to the Local Rules when the Motions to Dismiss have not been ruled on and are pending. See Exhibit A.

Even though usual relief when a subpoena is improper is quashing it, relief of striking it is more appropriate in this matter. See Exhibit A.. An unauthorized person signed the Subpoena, a layperson. The signatory is not a clerk of the Court nor an attorney admitted to practice in this Court or even in the Commonwealth Massachusetts.

An unlawfully issued Subpoena, *prima facie*, is not a legitimate discovery document, not on the form of the federal judiciary AO 88B, and the Court should strike it.

1

**(a) Relevant Procedural History.**

This action was filed on June 22, 2021, routed by Plaintiffs, without any justification, to the Worcester Division of the U.S. District Court, instead of the Boston Division. There was no nexus of the parties or any fact in the case had any nexus to Worcester. Dkt 1, 2. Plaintiffs' counsel did the Worcester division designation merely for their convenience because they have their office in Worcester. On the next day, the Clerk transferred the case to the Boston Division. Dkt 3.

On August 19, 2021, defendants Andrei Mann (Mann) and Michael Hellman (Hellman) both filed their Motions to Dismiss (MTD). Dkt 10-14. If the MTDs were prospectively granted, those would dispose of the entire action, which would be closed.

As of the date of this filing, the MTDs have not been ruled on. Mann believes there are solid grounds to dismiss this action, including on the forum non-convenience grounds. Furthermore, no conferences or hearings in this action have been held, or set, before the Presiding Judge.

Despite the pendency of the MTDs, on October 8, 2021, Plaintiffs' counsel disclosed that plaintiffs were serving a subpoena on a third party, the law firm Choate, and suggested a conference. Having reviewed the case materials and being satisfied that a subpoena was both premature and improper for several reasons, on October 13, 2021, Mann's counsel sent objections and inquiries. Correspondence ensued (omitted for brevity).

Plaintiffs' counsel ignored all objections and served on October 19, 2021, on Choate's counsel.

Plaintiffs' counsel contacted the staff attorney at Choate to discuss the Subpoena, expressed his objections, to which no contrary view was voiced, but Choate left the burden of a Motion to Quash on Mann's counsel.

//

**(b) Plaintiffs' Subpoena, Signed by Layperson, Does not Conform to Federal Judiciary's Form AO 88B, Used in the U.S. District Courts.**

The plaintiffs' Subpoena, attached as Exhibit A, does not conform to the mandatory federal judiciary's form for Subpoenas duces tecum to third parties. Form AO 88B is used nationwide as a standard discovery instrument.

The federal judiciary's website, www.uscourts.gov, provides mandatory federal forms for practicing in the federal courts. See https://www.uscourts.gov/services-forms/forms

The particular page dedicated to the subpoenas duce tecum is on the following webpage: https://www.uscourts.gov/forms/notice-lawsuit-summons-subpoena/subpoena-produce-documents-information-or-objects-or-permit.

This Court's website does not provide any subpoena form differing from the AO 88B. See https://www.mad.uscourts.gov/resources/forms-local.htm. The absence of a local form of a subpoena duces tecum differing from the forms for all U.S. Courts means that AO 88B is mandatory for use in the U.S. District Court for the District of Massachusetts. The case law supports that contention. as cited below.

That form, AO 88B, has been in force since February 1, 2014, in connection with the Advisory Committee's official Notice on the Federal Rules of Civil Procedure, in 2013 (the latest amendment of Rule 45).

**(c) Plaintiffs' Subpoena Is in Violation of Rule 45(a)(1)(D)(3); Unauthorized Signatory.**

As mentioned above, the Subpoena of October 8, 2021, was signed and stamped by a notary public, Debora M. Ostrande. As the BBO's database shows, no attorney by that name is admitted in Massachusetts. Otherwise said, Ms. Ostrande is a layperson who engaged in unauthorized practice ad hoc because no layperson may sign, and only if "**the attorney is authorized to practice in the issuing court**."

Specifically, Rule 45(a)(1)(D)(3) states:

"(3) Issued by Whom. **The Clerk must** issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. **An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing Court**."

The specific form, AO 88B, clearly states that it may be issued only by the Clerk or by an attorney and nobody else.

### (d) Subpoena did not Comply with This Court's Express Instructions for Laypersons.

The regulations concerning the issuance of the subpoenas can be found on this U.S. District Court's website, at URL as follows:

https://www.mad.uscourts.gov/pro-se/civil-subpoena.htm

"The Clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it, who shall complete it before service. **An attorney as officer of the Court may also issue and sign a subpoena** on behalf of:
A court in which the attorney is authorized to practice; or
A court for a district in which a deposition or production is compelled by the Subpoena, if the deposition or production pertains to an action pending in a court in which the attorney is authorized to practice."

Mann has looked up the database of attorneys admitted in this Court, and there appears no attorney by the name Debra Ostrande. In short, the Subpoena signed by Ms. Ostrande in the name of this Court should be found unauthorized and unlawful. Consequently, this honorable Court should enforce F.R.Civ.P. 45 and strike or quash that Subpoena as unauthorized.

If such a Subpoena were permitted, then any layperson could issue subpoenas of this District Court, relying on such a precedent.

The seal of the notary public says, "Debra M. Ostrande." See Exhibit A. To find whether that is an attorney, it is apparent that no person comes up in Massachusetts BBO under that name.

However, public records show that Debra M. Ostrander (with "r" added at the end) is an assistant at a law firm, the same one that represents Plaintiffs. It is plausible that that is the very same person. In either scenario, there is no attorney admitted in Massachusetts under either of

4

these name variations. The database of the attorneys of this Court shows no attorney under either of the variations of that full name.

### (e) Initiation of Discovery by Plaintiffs With MTDs Pending Was in Violation of the Local Rule 16.1.

Pursuant to Local Rule 16.1, the Court is yet to schedule a scheduling conference. It is standard that first, the MTDs are to be ruled on ("(a) Scheduling Conference in Civil Cases. In every civil action, except in categories of actions exempted by L.R. 16.2 as inappropriate for scheduling procedures, the judicial officer shall convene a scheduling conference…."

The agenda for the conference, which has not been scheduled, includes concrete items concerning discovery, such as "(2) preparing a proposed pretrial schedule for the case that includes a plan for discovery". As a part of that procedure, the parties are to file a joint statement at least a week before the conference, to wit:

> "(d) Joint Statement. Unless otherwise ordered by the judicial officer, the parties are required to file, no later than 7 days before the scheduling conference and after consideration of the topics contemplated by Fed. R. Civ. P. 16(b), 16(c), and 26(f), a joint statement containing a proposed pretrial schedule, which shall include:
>> (1) a joint discovery plan scheduling the time and length for all discovery events…."

None of these procedural steps has taken place so far.

Where Plaintiffs unilaterally and capriciously initiated discovery, on their own volution, without respect to the Local Rule 16.1, that should not be taken lightly by the Court.

The Local Rules were written for a reason, and each party must comply with those.

Furthermore, Local Rule 16.1(f) enhances the mandatory procedural steps:

(f) Scheduling Orders. Following the conference, the judicial officer shall enter a scheduling order that will govern the pretrial phase of the case. Unless the judicial officer determines otherwise, the **scheduling order shall include** specific deadlines or general time frameworks for:…
(2) **service of**, and compliance with, **written discovery requests**…

Again, none of these procedural steps was made. There was no joint statement of the parties, no order, nothing that could allow Plaintiffs to initiate discovery on their own volution.

**(f)  Case Law Requires Mandatory Compliance with Local Rules of This Court.**

This Court reminder, time and again, to the counsel of their obligation to comply with the Local Rules, particularly Local Rule 16.1, in multiple cases.  For example, see *Monteferrante v. Williams–Sonoma, Inc*. (DMass, 2017) 241 F.Supp.3d 264 ("The court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B), (C), and (D) of Local Rule 16.1 to be of the utmost importance").

That precautionary language has been repeated in a number of cases; see *Lucas v. Ultima Framingham LLC* (DMass, 2013) 973 F.Supp.2d 98. See O'Hara v. Diageo–Guinness, USA, Inc. (DMass 2018) 306 F.Supp.3d 441. See *Infinity Broadcasting Corp. v. Greater Boston Radio, II, Inc*. (Sept. 16, 1994), WL 697481.

When motions to dismiss are pending, a standard timetable can be found in *Pariseau v. Albany Intern. Corp.* (DMass, 1993) 822 F.Supp. 843.  The Court dismissed the complaint but noted that if plaintiffs would seek to amend it, the parties must follow the schedule under Local Rule 16.1.  See *DeLaventura v. Columbia Acorn Trust* (DMass, 2006) 417 F.Supp.2d 147 ("On the supposition that the motion to remand might be denied, the Court then proceeded to hold an initial case management scheduling conference pursuant to Local Rule 16.1, placing the case on the Court's running trial list...".

Within the same First Circuit, in *Widi v. McNeil* (DMaine, 2016) WL 9408515, the Court agreed with the defendant that a subpoena was premature, under the circumstances was similar to the procedural juncture in this case.  In another Circuit, one case fully mirrors these issues here, *Smith v. Municipality of Fresno County* (CAED, 2019) Slip Copy 2019 WL 6618059 (explaining: "…the Court has not opened discovery in this matter, so Plaintiff's attempt to issue a subpoena is

premature. See *Reiman v. Does 1-10000*, 2007 WL 1575307 at *2 (W.D. Wash. May 22, 2007) (refusing to issue Subpoena before the commencement of discovery in the absence of a court order), to wit: "If the Court finds cognizable claims in this matter and orders that the case proceed to the discovery stage, the Court will instruct Plaintiff as to how to issue subpoenas."

In short, the authorities interpreting Local Rule 16.1 show that no discovery could be initiated before the initial conference with the judge first, following a strict procedure of the joint statement to be filed first upon a conference. Such a procedure is not triggered until a motion to dismiss or otherwise dispose of it is ruled on.

### Conclusion.

Plaintiffs' Subpoena violates the federal form AO 88B; its issuance was premature and improper under Local Rule 16.1. That Subpoena should be quashed or stricken for the prima facie signature of an unauthorized layperson.

### CERTIFICATION OF COMPLIANCE UNDER LOCAL RULE 7.1(a)(2).

The undersigned certifies that he has attempted to discuss and resolve the present Motion with the attorneys of all other parties. On October 13, 2021, Mann's attorney stated by email objections, followed by multiple emails among the attorneys. The undersigned harmonized the position on the improper Subpoena with the counsel for Michael Hellman. On October 22, 2021, Plaintiffs' attorneys conferred with the counsel for defendant Michael Hellman. On October 28, 2021, Mann's attorney conferred with the counsel for Plaintiffs. Plaintiffs' counsel repeatedly declined to concede that their Subpoena was improper and to withdraw it, making this Motion inevitable. Plaintiffs' counsel emphasized that Defendants' counsel failed to cite any authority supporting their position on initiating discovery without adjudication of the MTDs.

Dated: October 28, 2021.

Respectfully submitted,

_____/George Lambert/
George Lambert, Esq.
MA bar # 568769; D.C. bar #979327, FL bar #1022697
The Lambert Law Firm
100 Cambridge St., 14th Fl.,
Boston, MA 02114
1025 Connecticut Ave., #1000 NW
Washington, D.C., 20036
Tel. (617) 925 7500; (202) 640 1897, Fax (800) 952 1950
Email: Lawoffice2279@gmail.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on this day, October 28, 2021, the foregoing Motion was served on the parties as follows:

Kenneth C. Pickering
Lauren E. Sparks,
Mirick, O'Connell, DeMallie & Lougee LLP
100 Front Street
Worcester MA 01608-1477
Tel. (508) 791-8500
kpickering@mirickoconnell.com
lsparks@mirickoconnell.com
Attorneys for all Plaintiffs;

Sean T. Carnathan
O'Connor, Carnathan and Mack LLC
67 South Bedford Street, #400W
Burlington, MA 01803
781-359-9002, Fax: 781-359-9001
Email: scarnathan@ocmlaw.net
Attorney for Defendant Michael Hellman

Date: October 28, 2021

　　　　　　　　　　　　　　　　　　*/George Lambert/*
　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　George Lambert