UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENIY SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMENETS<br>    Plaintiffs<br><br>v.<br><br>ANDREI MANN and MICHAEL HELLMAN,<br>    Defendants | CIVIL ACTION NO. 4:21-CV-40068 |

### PLAINTIFFS' OPPOSITION TO DEFENDANT ANDREI MANN'S MOTION TO QUASH AND/OR STRIKE PLAINTIFFS' SUBPOENA

The Plaintiffs, Petr Dmitriev, Daria Latour, Yusup Osmanov, Yuri Ryazanov, Arseniy Shchepin, Georgy Shchepin, and Oleg Semenets (collectively, "Plaintiffs"), hereby oppose the Motion of Defendant, Andrei Mann ("Mann"),[1] to Quash and/or Strike the Plaintiffs' Subpoena. On October 21, 2021, the Plaintiffs served a subpoena deuces tecum on the Keeper of Records for Choate Hall & Stewart LLP ("Choate") compelling the production of documents related to two trusts prepared by Choate (the "Choate Trusts") for Plaintiff Daria Latour and her husband for the benefit of their children, Plaintiffs, Arseniy and Georgy Shchepin (the "Shchepins"). Despite the Shchepins' clear entitlement to the documents concerning their own trusts, Mann seeks to quash the subpoena on procedural grounds.

---

[1] Mann's co-defendant, Michael Hellman, has not joined in this Motion.

## BACKGROUND

The Plaintiffs filed the present action against Mann and Michael Hellman ("Hellman") on June 22, 2021 alleging several counts of conversion, fraud, breach of contract, civil conspiracy, and unjust enrichment to recover approximately $17,000,000 converted by Mann and Hellman. Several of the counts pertain to Mann and Hellman's misrepresentations regarding the assets and administration of the Shchepins' Choate trust funds and the eventual conversion of these assets.[2] Mann and Hellman responded by filing motions to dismiss on August 19, 2021. The Plaintiffs have opposed these motions. The motions presently are pending.

Approximately two months into the pendency of the motions, the Plaintiffs issued a subpoena deuces tecum ("Subpoena") to Choate seeking documents concerning the Choate Trusts and the Shchepins' trust funds, which previously had been administered by Choate but were subsequently terminated by Mann and Hellman. See Subpoena, attached as **Exhibit A**. Choate agreed to work cooperatively with the Plaintiffs to produce the requested documents.

Prior to issuing the Subpoena, Plaintiffs' counsel requested a meet-and-confer with Mann's counsel to address concerns he voiced over the timing of the Subpoena. Counsel refused to participate in a meet-and-confer at that stage, instead choosing to wait until the Subpoena had been formally served on Choate to discuss the timeliness of the Subpoena with the Plaintiffs. The present motion was filed shortly thereafter.

---

[2] Mann and Hellman convinced Daria Latour and her husband to deposit money into the Choate Trusts, and stated that they would handle the legal aspects of the trusts and money transfer. Mann and Hellman also warned them that they must never contact Choate directly, all communications should go through Hellman. (See Complaint at ¶¶ 49-54).

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 45, the court must quash or modify a subpoena that fails to allow a reasonable time to comply, requires a person to comply beyond the rule's geographical limits, requires the disclosure of privileged or other protected materials, or subjects a person to undue burden. The rule further provides that the court may quash or modify a subpoena if it requires disclosing certain confidential information or an unretained expert's opinion. Notably, a procedural or timing defect is *not* one of the grounds for quashing a subpoena.

**ARGUMENT**

Mann sets forth two arguments in his motion: (1) the Subpoena is not timely under Rule 16.1 and therefore must be quashed, and (2) the Plaintiffs "violated" federal form AO 88B. See Motion to Quash, 7. Even if Mann prevailed on both of these arguments, neither provides any ground for quashing a Subpoena, particularly where, as here, the Shchepins are legally entitled as beneficiaries of the trusts to most, if not all, of the documents requested in the Subpoena.

**I.    The Subpoena Does Not Violate Local Rule 16.1**

Local Rule 16.1 provides that the court shall convene a scheduling conference in every civil action; requires counsel to confer prior to the scheduling conference to prepare, *inter alia*, a scheduling order; and sets forth provisions for submitting any settlement offers and a joint statement with a discovery plan to the court. The Plaintiffs do not dispute that Local Rule 16.1 applies and governs the conduct of the parties, but Mann's interpretation of the rule to contain a

prohibition against non-party discovery prior to the scheduling conference is not supported by the plain language of the rule or any of the cases on which he relies.[3]

The only Local Rule that conceivably applies to the timing of the Subpoena is 26.2, which provides that "a party must provide other parties disclosure of the information and materials called for by Fed. R. Civ. P. 26(a)(1) before the party may initiate discovery."[4]  The Plaintiffs served their Initial Disclosures on Mann and Hellman on October 26, 2021.  The Plaintiffs concede that the Subpoena was served on Choate five days prior to the date the Initial Disclosures were served, however, Mann does not, and could not, identify how the five day delay prejudiced him in any way.  Indeed, he does not even raise the issue in the motion.

Because the Plaintiffs have served their Initial Disclosures, pursuant to Local Rule 26.2, they are allowed to issue discovery.  The Plaintiffs have opted not to issue discovery to the parties in the case prior to the resolution of the pending motions to dismiss, but they are not prohibited from issuing third-party discovery in the meantime and, to the contrary, are authorized to do so by Local Rule 26.2.

## II.     Mann is Not Prejudiced by the Subpoena's Technical Defects

Mann also argues that the Subpoena "violates the federal form AO 88B."  See Motion to Quash, 7.  There is *no authority* in the First Circuit that requires the court to strike or quash a subpoena because it was not issued on the publicly available form "AO 88B."  Fed. R. Civ. P. 45

---

[3] For example, Mann cites Monteferrante v. Williams-Sonoma, Inc., 241 F. Supp. 3d 264 (D. Mass. Mar. 20, 2017), but the language he cites is boilerplate from the Notice of Scheduling Order attached to the court's decision on a motion to strike class allegations.  Mann also cites Widi v. McNeil, 2016 WL 9408515 (D. Me. Oct. 3, 2016), which is plainly inapplicable to the present circumstances; there, the court denied the plaintiff's request to issue a subpoena for documents to one of the defendants in the event that the defendant prevailed on a motion for summary judgment and was no longer a party subject to the discovery process.

[4] Contrary to Mann's Certification of Compliance under Local Rule 7.1(a)(2) in which he states that "Defendants' [sic] counsel failed to cite any authority supporting their position," Plaintiffs' counsel repeatedly directed Mann's counsel to Local Rule 26.2 to support the Plaintiffs' position that third-party discovery is appropriate and timely.  See Motion to Quash, 7.

does not require the use of a particular form when issuing subpoenas.  Rather, Rule 45(a)(1) governs the content of the subpoena and provides in pertinent part that every subpoena must

> (i) state the court from which it was issued; (ii) state the title of the action and its civil-action number; (iii) command each person to whom it is directed to . . . produce designated documents . . .; and (iv) set out the text of Rule 45(d) and (e). . . .

The Rule also provides that an attorney may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.  See Fed. R. Civ. P. 45(a)(3).

The Plaintiffs' Subpoena largely complies with the requirements set forth in Rule 45(a)(1), but the Plaintiffs acknowledge that the text of Rule 45(d) and (e) was not included on the face of the Subpoena.  Further, counsel for the Plaintiffs did not sign the Subpoena, although the Subpoena was notarized, issued at counsel's direction, in counsel's name, and included a letter signed by counsel.  Choate, the recipient of the Subpoena, is a sophisticated and respected Massachusetts law firm.  Despite the Subpoena's technical defects, Choate has raised no objection to the format of the Subpoena and, prior to the filing of the present motion, was in the process of complying with the Plaintiffs' reasonable request that Choate produce the *Shchepins' trust documents to the Shchepins*.

Mann fails to argue how the issuance of the Subpoena, even with its defects, prejudices him in any way.  Where the recipient of the Subpoena has raised no concerns about its validity, timing, and formatting, the court should decline to quash, strike, or otherwise modify the Subpoena.  Mann's vehement opposition to the Shchepins obtaining documents relating to their trusts is baffling, and his arguments about minor technical defects absent any showing of prejudice, expense, or undue burden are without merit.

## **CONCLUSION**

For these reasons, the court should deny the Motion to Quash and/or Strike the Plaintiffs' Subpoena.

>PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENIY SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMENETS,
>
>By their attorneys,
>
>  /s/ Lauren E. Sparks
> Kenneth C. Pickering, BBO #634121
> Lauren E. Sparks, BBO #693935
> Mirick, O'Connell, DeMallie & Lougee, LLP
> 100 Front Street
> Worcester, MA 01608-1477
> Phone: (508) 791-8500
> Fax: (508) 791-8502
> kpickering@mirickoconnell.com
> lsparks@mirickoconnell.com

Dated: November 10, 2021

## CERTIFICATE OF SERVICE

I, Lauren E. Sparks, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 10, 2021.

>  /s/ Lauren E. Sparks
> Lauren E. Sparks