### United States District Court
### District of Massachusetts

|  |  |
|---|---|
| ) | |
| Petr Dmitriev, et al.,           ) | |
| ) | |
|           Plaintiffs,            ) | |
| ) | |
|           v.                     ) | Civil Action No. |
| ) | 21-40068-NMG |
| Andrei Mann, et al.,             ) | |
| ) | |
|           Defendants.            ) | |
| ) | |
| ) | |

### MEMORANDUM & ORDER

**GORTON, J.**

This case arises from claims that Andrei Mann ("Mann"), with the assistance of Michael Hellman ("Hellman") (collectively, with Mann, "defendants"), enticed plaintiffs to loan money to Mann under false pretenses.  Plaintiffs assert claims for fraud, breach of contract, civil conspiracy, conversion and unjust enrichment.  Pending before the Court are motions to dismiss by each defendant.

## I.  **Background**

As set forth in the complaint, Mann was known to plaintiffs, all of whom are Russian nationals, as a successful businessman from a respected family.  Using that reputation, plaintiffs allege that Mann, often with the assistance of Hellman, convinced them to loan him large sums of money or to

- 1 -

entrust funds to him.  Rather than invest or safeguard those
funds, however, Mann deposited them into his own personal
accounts and those of his children with no indication of ever
repaying plaintiffs.  Almost all of plaintiffs' interactions
with Mann occurred in Russia.  They contend that, in 2018, Mann
absconded to the United States to evade civil and criminal
liability in Russia, where he faces ongoing bankruptcy
proceedings.

Hellman, the only party who lives in Massachusetts,
allegedly facilitated Mann's fraud by, among other things,
creating numerous business entities in Massachusetts for the
receipt of funds and falsely reassuring plaintiffs that Mann
would repay the debts.  According to the plaintiffs, Hellman
provided an air of legitimacy to their interactions with Mann by
representing that he was a Massachusetts attorney and notary
public.  Although all the plaintiffs allegedly had dealings with
Hellman, only three assert claims against him.  Both Mann, who
resides in New York, and Hellman are naturalized American
citizens.

Collectively, plaintiffs seek to recover approximately 17
Million Dollars.  Plaintiffs filed their complaint in June, 2021
and defendants responded with the two pending motions to dismiss
in August, 2021.

## II. __Motion to Dismiss__

### A. Failure to State a Claim

#### 1. Legal Standard

To survive a motion under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).  A court also may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Ocasio-Hernandez, 640 F.3d at 12.  Rather, the necessary inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.  The assessment is holistic:

> the complaint should be read as a whole, not parsed
> piece by piece to determine whether each allegation,
> in isolation, is plausible[.]

Hernandez-Cuevas v. Taylor, 723 F.3d 91, 103 (1st Cir. 2013),

quoting Ocasio-Hernandez, 640 F.3d at 14.

### 2.   Application

Both defendants argue primarily that plaintiffs have failed
to include sufficient factual material in their complaint to
survive the pending motions, particularly regarding their claims
for fraud. See Fed. R. Civ. P. 9(b) ("In alleging fraud or
mistake, a party must state with particularity the circumstances
constituting fraud or mistake. Malice, intent, knowledge, and
other conditions of a person's mind may be alleged generally.");
Rodi v. S. New England Sch. Of Law, 389 F.3d 5, 15 (1st Cir.
2004). Prior to addressing that argument, however, the Court
must determine what law governs the complaint to determine
whether the claims are plausibly pled under the applicable law.
The parties disagree on that issue: plaintiffs and Hellman
assert that Massachusetts law governs while Mann contends that
Russian law applies.

A federal court sitting in diversity applies the choice of
law rules of the forum state. See Klaxon Co. v. Stentor Elec.
Mfg. Co., 313 U.S. 487, 496 (1941). This Court therefore relies

- 4 -

upon Massachusetts law in that analysis. See Levin v. Dalva
Brothers, Inc., 459 F.3d 68, 73 (1st Cir. 2006).

> The first step in a choice of law analysis is to
> determine whether an actual conflict exists between
> the substantive laws of the interested
> jurisdictions....

Reicher v. Berkshire Life Ins. Co. of Am., 360 F.3d 1, 4 (1st
Cir. 2004).  That first step therefore requires that the
substantive laws of the interested jurisdictions, here
Massachusetts and the Russian Federation, are known. See Lambert
v. Kysar, 983 F.2d 1110, 1114 (1st Cir. 1993) (finding that when
"the outcome is the same under the substantive law of either
jurisdiction" there is no actual conflict and the court "need
not resolve the [choice-of-law] issue.").  The interpretation
and application of Massachusetts law by this Court is
commonplace and presents no problem but the discernment and
interpretation of Russian law is an entirely different matter.

Federal courts have discretion when determining the
contours of foreign law pursuant to Fed. R. Civ. P. 44.1.  A
court "may consider any relevant material or source" and is
permitted, but not required, to conduct its own research. Fed.
R. Civ. P. 44.1; see Mackley v. Sullivan & Liapakis, No. 98-cv-
8460, 2001 WL 1658188, at *4 (S.D.N.Y. Dec. 27, 2001).  It can
also direct the parties to brief a particular question with
respect to the relevant foreign law and/or demand a more

"complete presentation [of that law] by counsel". See Mackley, 2001 U.S. Dist. LEXIS 21723, at *4; see also Fed. R. Civ. P. 44.1, Advisory Committee's Note ("[T]he court is free to insist on a complete presentation [of the relevant foreign law] by counsel."); Pfizer Inc. v. Elan Pharm. Research Corp., 812 F. Supp. 1352, 1361 (D. Del. 1993) ("Nothing in Rule 44.1 requires a court to engage in private research; the rule preserves the court's right to insist upon a complete presentation by counsel on the foreign-law issue.").

Furthermore, although the First Circuit Court of Appeals has yet to render an opinion on the matter, several other circuits have held that whichever party is seeking the application of foreign law has the burden of proving the relevant legal principles thereof. See, e.g., McGee v. Arkel Int'l, LLC, 671 F.3d 539, 546 (5th Cir. 2012) (referencing the plaintiff's "burden of proving foreign law" and requiring that litigants "present to the district court clear proof of the relevant legal principles" (internal quotations and citations omitted)); Baker v. Booz Allen Hamilton, Inc., 358 F. App'x 476, 481 (4th Cir. 2009) (indicating that the "party claiming foreign law applies carries...the burden of proving foreign law[.]"); Ferrostaal, Inc. v. M/V Sea Phoenix, 447 F.3d 212, 216 (3d Cir. 2006) (explaining that, because courts have no duty under Fed. R. Civ. P. 44.1 to conduct independent research into foreign

law, the parties "carry the burden of proving [it]"); Mut. Serv.
Ins. Co. v. Frit Indus., Inc., 358 F.3d 1312, 1321 (11th Cir.
2004) (noting that a district court is not required to conduct
research into foreign law if the party urging its application
declines to do so); Esso Standard Oil S.A. v. S.S. Gasbras Sul,
387 F.2d 573, 581 (2d Cir. 1967) (holding that, under the "new
Rule 44.1", the party seeking to invoke foreign law "still has
the task of persuasion").

Here, Mann is the party seeking to invoke Russian law but
he has provided no material to help this Court define its
contours. Koshani v. Barton, 374 F. Supp. 3d 365, 710 (E.D.
Tenn. 2019) (noting that, when the parties have provided little
to no guidance to the court with respect to foreign law, Fed. R.
Civ. P. 44.1 imposes no duty on the court to research the law
independently).  As a general matter:

> [a]bsent proof of an actual conflict with
> Massachusetts...law, the Court should apply the latter
> [i.e. Massachusetts law].

Chan v. Wellington Mgmt. Co. LLP, 424 F. Supp. 3d 148, 152 (D.
Mass. 2019); see Valle v. Powertech Indus. Co., 381 F. Supp. 3d
151, 160 (D. Mass. 2019) (Casper. J) ("Because neither party has
established that the content of Taiwanese law creates an actual
conflict with Massachusetts contract law, the Court interprets
the Agreement pursuant to Massachusetts law.").  However, it is
simultaneously true that "the optimal timing for a choice-of-law

analysis determination is case specific," <u>Foisie</u> v. <u>Worcester</u> <u>Polytechnic Inst.</u>, 967 F.3d 27, 42 (1st Cir. 2020).  Where

> the complaint itself leaves unanswered questions about critical aspects of the pertinent facts…a district court is well-advised to refrain from making an immediate choice-of-law determination.

<u>Id</u>.  Such is the case here, where that determination would be "premature" due not only to the failure of the parties to provide a "full and reliable statement" of the foreign law in question but also to the undeveloped factual record. <u>Chan</u>, 424 F. Supp. 3d at 152. <u>Contrast</u> <u>Chan</u>, 424 F. Supp. 3d at 152 (declining to determine governing law on motion to dismiss) <u>with</u> <u>Valle</u>, 381 F. Supp 3d at 160 (applying Massachusetts law on motion for summary judgment, despite lack of evidence with respect to foreign law).

Accordingly, this Court will deny without prejudice defendants' motions to dismiss for failure to state a claim.  If Mann continues to invoke the law of the Russian Federation, he shall provide this Court with a more complete presentation thereof, addressing more fully, <u>inter alia</u>, what law governs plaintiffs' claims and whether there is an actual conflict between the legal regimes in question as they pertain to the allegations in the complaint.

### B. **Forum Non Conveniens**

Forum non conveniens is a discretionary power "designed to avoid trials in places so inconvenient that transfer is needed to avoid serious unfairness." Howe v. Goldcorp Investments, Ltd., 946 F.2d 944, 950 (1st Cir. 1991).  A "plaintiff's choice of forum should rarely be disturbed."  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981).  The moving party therefore bears a

> heavy burden of establishing that an adequate
> alternative forum exists and that considerations of
> convenience and judicial efficiency strongly favor
> litigating the claim in the second forum.

Adelson v. Hananel, 510 F.3d 43, 52 (1st Cir. 2007).

Here, Mann, the moving party, has made no effort to satisfy either of those considerations and the Court therefore declines to apply the doctrine.  Plaintiffs have also provided compelling evidence bearing on the availability of an alternative forum because Mann is alleged to have absconded from Russia and is thus not "amendable to service of process there".  See Iragorri v. Int'l Elevator, Inc., 203 F.3d 8, 14 (1st Cir. 2000); see also 14D Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3828.3 (4th ed.) ("[A]n alternative forum generally is deemed available if the case and all of the parties come within that court's jurisdiction.").  Massachusetts is also the domicile of one of the defendants and there is local interest in

resolving allegations of illegality by local individuals with respect to Massachusetts-based business entities. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 260 (1981) (finding relevant to the forum non conveniens analysis the "local interest in having localized controversies decided at home" (citation omitted)).

It is noteworthy that, even if the Court is eventually required to apply Russian law to plaintiffs' claims, "the need to apply foreign law is not in itself reason to apply the doctrine of forum non conveniens." Marriott v. Sedco Forex Int'l Res., Ltd., 827 F. Supp. 59, 68 (D. Mass. 1993); see Mercier v. Sheraton Intern., Inc., 981 F.2d 1345, 1357 (1st Cir. 1992) (noting that the application of foreign law is neither dispositive nor "ascribed undue importance").

Accordingly, dismissal on forum non conveniens grounds is unwarranted.

### C. Joinder

Mann furthermore asserts that dismissal is required because the complaint fails to comport with Fed. R. Civ. P. 19.  He contends that, under Fed. R. Civ. P. 19, plaintiffs' complaint is required to name as defendants the business entities involved in the allegedly fraudulent transactions whose interests, Mann

concedes, are intertwined with the alleged liability of the defendants.

Rule 19 protects the interest of parties not yet a part of the ongoing litigation.  Courts assessing a motion filed under that rule are instructed to engage in a two-part analysis by first determining whether the absent party is "necessary" to the action under the criteria set forth in subsection (a) thereof and, if so, by then determining whether the action should proceed without the absent party based on the criteria set forth in subsection (b). See Jimenez v. Rodriguez-Pagan, 597 F.3d 18, 25 (1st Cir. 2010).

A party is "necessary" under Rule 19(a) if either (1) the court cannot provide complete relief without joining the absent party or (2) the absent party claims such an interest in the subject of the action that proceeding without the party may:

> (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).  The interest claimed must be a "legally protected interest" relating to the subject matter of the action. United States v. San Juan Bay Marina, 239 F.3d 400, 406 (1st Cir. 2001).  The mere fact that the outcome of a case "may have some financial consequences for the non-parties" is,

- 11 -

however, insufficient to deem them "necessary". <u>See</u> <u>Cachil Dehe</u>
<u>Band of Wintun Indians of the Colusa Indian Cmty.</u> v. <u>California</u>,
547 F.3d 962, 971 (9th Cir.2008).

Even if a party is "necessary", a case need not be
dismissed for failure to join that party unless it is also
indispensable pursuant to Rule 19(b).  The "critical question"
in the Rule 19(b) context is "whether in equity and good
conscience the action may proceed in the party's absence."
<u>Jimenez</u>, 597 F.3d at 25 (internal quotation marks and citation
omitted).  To make that determination, a court must consider
four factors: (1) the anticipated prejudice which would result
if judgment were rendered in the party's absence, (2) the extent
to which that prejudice can be avoided, (3) the adequacy of such
a judgment and (4) whether plaintiff would be left without
remedy if the action were dismissed for nonjoinder. Fed. R. Civ.
P. 19(b).

As the moving party, Mann bears the burden of proving that
the absent parties are both necessary and indispensable pursuant
to Rule 19. <u>See</u> <u>Ferrofluidics Corp.</u> v. <u>Advanced Vacuum</u>
<u>Components, Inc.</u>, 789 F. Supp. 1201, 1208 (D.N.H. 1992).  Here,
however, Mann has failed to meet that burden because the
interests of the absent parties "are aligned closely enough with
the interests of an existing party." <u>Merrill Lynch, Pierce,</u>

Fenner & Smith, Inc. v. Flanders-Borden, 11 F.4th 12, 17 (1st
Cir. 2021).  More specifically, based on the facts alleged, Mann
and Hellman are the sole founders, shareholders and owners of
the relevant businesses.  As such, the interests of the absent
parties are "virtually identical" to those of the named
defendants and the presence of those parties is not required
under Rule 19. Bacardi Int'l Ltd. v. Suarez & Co., 719 F.3d 1,
10 (1st Cir. 2013).

#### D. Estoppel

Mann also asserts that plaintiffs' claims must be dismissed
due to the overlapping bankruptcy proceedings in Russia.  As a
preliminary matter, the argument is without merit because the
parties agree that judgments of Massachusetts are not recognized
in Russian courts and, under the governing state statute, such
reciprocity is required for this Court to recognize the foreign
proceedings. M.G.L. c. 235, § 23A ("A foreign judgment shall not
be recognized if...judgments of this state are not recognized in
the courts of the foreign state.").  The argument also lacks
substance because the subject bankruptcy proceedings remain
ongoing and therefore lack the finality necessary to merit
deference by this Court. Id. ("[A]ny foreign judgment that is
final and conclusive and enforceable where rendered...shall be

enforceable in the same manner as the judgment of a sister state[.]" (emphasis added)).

### E. Misjoinder

Finally, Mann asserts that the complaint should be dismissed because plaintiffs misuse the pleading to combine unrelated claims, contending that allowing the claims to proceed in a single action would be highly prejudicial to him. Misjoinder is not, however, grounds to dismissal. Fed. R. Civ. P. 21.  The Court furthermore declines to exercise its "broad discretion" regarding questions of severance until the record is more fully developed. Wright & Miller, Fed. Prac. & Proc. § 1689; see also Acevedo-Garcia v. Monroig, 351 F.3d 547, 558 (1st Cir. 2003).

ORDER

For the foregoing reasons, both defendants' motions to dismiss (Docket Nos. 10 and 12) are **DENIED without prejudice**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 6, 2022