IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENYI SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMINETS<br><br>Plaintiffs,<br><br>v.<br><br>ANDREI MANN and MICHAEL HELLMAN<br><br>Defendants. | CIVIL ACTION No. 21cv40068-NMG<br><br>**DEFENDANT ANDREI MANN'S ANSWER - TO THE COMPLAINT, AFFIRMATIVE DEFENSES** |

By and through his undersigned counsel, Defendant Andrei Mann ("Mann") respectfully files his Answer with Affirmative Defenses.

## ANSWER.

### PRELIMINARY STATEMENT

Any and all allegations of the Complaint that are not specifically admitted by Defendant herein are hereby denied.

1. Defendant has no information to admit or deny the Complaint's allegation contained in Paragraph 1.

2. Defendant has no information to admit or deny the Complaint's allegation contained in Paragraph 2.

3. Defendant has no information to admit or deny the Complaint's allegation contained in Paragraph 3.

4. Defendant has no information to admit or deny the Complaint's allegation contained in Paragraph 4.

1

5. Defendant has no information to admit or deny the Complaint's allegation contained in Paragraph 5.

6. Defendant has no information to admit or deny the Complaint's allegation contained in Paragraph 6.

7. Defendant has no information to admit or deny the Complaint's allegation contained in Paragraph 1.

8. Defendant admits the allegations in Paragraph 8 up until the address and withholds addressing the remainder for security reasons.

9. Admitted.

10. The rhetorical allegation contained in Paragraph 10 does not require a response.

11. The rhetorical allegation contained in Paragraph 10 does not require a response.

12. Admitted.

13. Admitted, except for the term "primary."

14. Admitted.

15. Denied to the extent that Mann never attempted to convince anyone.

16. Denied.

17. Denied. Mann never absconded anywhere; his home is in the United States.

18. Admitted to the extent that Mann is familiar with Hellman but denied as to the remainder of the Paragraph.

19. Admitted to the extent that Mann had a relationship with several business entities but denied as to the remainder of the Paragraph.

20. Admitted to the extent that Hellman is a notary public, routinely authenticating signatures of persons, including certain loan agreements, and denied as to the remainder of the Paragraph.

21. Defendant has no information to admit or deny the allegations in Paragraph 21.

22. Admitted.

23. Admitted to the extent that Mann did not meet Dmitriev for many years and denied as to the remainder of Paragraph 23.

24. Admitted to the extent that Mann met Dmitriev anew in or about 2010 or 2011 and denied to the extent of alleged representations that Mann made to Dmitriev.

25. Denied as to the substance of representations by Mann to Dmitriev, admitted that Mann and Dmitriev were in contact.

26. Admitted as to the allegation that on February 6, 2012, Dmitriev provided Mann a loan of $1,500,000. The loan was repaid interest-free by February 6, 2013, pursuant to the terms of the loan agreement.

27. Denied as to the substance of communications, and Defendant has no information on the state of mind of Dmitriev at the time.

28. Denied to the extent that Defendant did not offer real estate collateral to Dmitriev.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Denied to the extent that Mann never formed a legal opinion-whether or not a Massachusetts public notary could notarize documents in Russia.

34. Denied as to the substance of communications.

35. Denied.

36. Denied.

37. Denied.

38. Admitted in part, denied to the extent Mann could not form a legal opinion on the validity of the loan agreement and its extension.

39. Admitted to the extent that Hellman traveled to Russia on several occasions and denied as to the remainder of Paragraph 39.

40. Denied, except for the fact that Hellman traveled to Russia on several occasions and met with Mann and Dmitriev there.

41. Denied.

42. Denied.

43. Admitted to the extent that Daria Latour ("Latour") has known Mann since about 1989 and denied as to the state of mind of Latour.  Admitted to the extent that Latour's ex-husband, Dmitry Eduardovich Shchepin ("Dmitry"), was in contact with Mann at S-Info from 1989 until about 2000 and denied as to the remainder of the allegations.

44. Admitted.

45. Admitted.

46. Defendant has no sufficient information to admit or deny the allegations in Paragraph 46.

47. Denied to the extent that Defendant has no recollection of having met Latour and Dmitry met with Defendant in Boston on that occasion and denied as to the remainder of the allegations in Paragraph 47.

48. Denied to the extent that Defendant has no recollection of having met Latour and Dmitry met with Defendant in Boston and Newton on that occasion and denied as to the remainder of the allegations in Paragraph 48.

49. Denied.

50. Defendant has no information to admit or deny the allegations concerning Hellman in Paragraph 50.

51. Denied.

52. Defendant has no information to admit or deny the allegations concerning Hellman in Paragraph 52.

53. Defendant has no information to admit or deny the allegations concerning Hellman in Paragraph 53.

54. Denied to the extent that Mann did not impose any conditions on Dmitry and Latour, and Defendant has no information as to any allegations that Hellman could have made to Dmitry and Latour.

55. Denied to the extent that Mann did not have numerous documents when he traveled, Defendant has no information as to any allegations that Hellman could have made to Dmitry and Latour.

56. Denied as to Mann, Defendant has no information on Hellman's involvement in translations, if any.

57. Mann denies any participation in the alleged trust for Latour and Dmitry's children and has information to admit or deny the allegations in the remainder of Paragraph 57.

58. Defendant has no information to admit or deny the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59 to the extent that Defendant has no information on the contacts and communications alleged in the said Paragraph.

60. Denied as to Mann, Defendant has no information to admit or deny any of Hellman's representations to Latour and Dmitry, if any were made.

61. Denied as to Mann, Defendant has no information to admit or deny any of Hellman's representations to Latour and Dmitry, if any made.

62. Defendant has no information to admit or deny allegations concerning the signatures on the paperwork or a transfer of any amounts from the trust to the Russian banks, denied as to the remainder of the allegations in Paragraph 62.

63. Denied.

64. Denied.

65. Denied as to alleged fraud. Admitted as to the existence of a loan agreement, except for denying its legal interpretation.

66. Denied to the extent that a document of legal nature speaks for itself.

67. Denied.

68. Denied. See Counterclaims.

69. Admitted.

70. Admitted, except that the corporate name is misspelled.

71. Admitted.

72. Defendant has no information as to the state of mind of Osmanov

73. Denied.

74. Denied, except that Mann is a businessman with a substantial volume of business operations.

75. Denied.

76. Denied as to Mann, Defendant has no information to admit or deny any of Hellman's representations, if any made.

77. Denied as to Mann, Defendant has no information to admit or deny any of Hellman's representations, if any made.

78. Denied as to Mann, Defendant has no information to admit or deny any of Hellman's representations, if any made.

79. Denied.

80. Denied as to representations by Mann, admitted as to the existence of the agreement in Exhibit 3.

81. Mann has no information to admit or deny the allegations in Paragraph 81.

82. Mann has no information to admit or deny the allegations in Paragraph 81.

83. Denied to the extent that a document speaks for itself.

84. Denied to the extent that a document speaks for itself.

85. Mann has no information to admit or deny the allegations in Paragraph 85.

86. Admitted.

87. Mann has no information to admit or deny the allegations in Paragraph 87.

88. Mann has no information to admit or deny the allegations in Paragraph 81.

a. Denied to the extent that a document speaks for itself.

b. Denied to the extent that a document speaks for itself.

c. Denied to the extent that a document speaks for itself.

d. Denied to the extent that a document speaks for itself.

89. Denied, except that the payments to Ryazanov were, in fact, made.

a. Denied.

b. Denied.

90. Denied to the extent that Defendant has no information about Ryazanov's state of mind, what Ryazanov felt or thought.

91. Denied.

92. Denied as to the allegation of a totally unpaid debt. Denied as to an obligation to create a trust.

93. Denied.

94. Admitted.

95. Admitted, except for the fact that Defendant is unaware of Semenets's state of mind.

96. Admitted to the extent that Defendant was in contact with Semenets in December 2016, denied as to Semenets' state of mind and the remainder of the allegations in Paragraph 96.

97. Denied to the extent that Defendant is unaware of what representations Hellman made to Semenets.

98. Admitted to the extent of the respective loan documents made, denied as to the remainder of the allegations.

    a. Denied to the extent of a vague allegation without reference to documentation.

    b. Denied to the extent of a vague allegation without reference to documentation.

    c. Denied to the extent that the document speaks for itself.

99. Denied to the extent that Defendant cannot admit or deny allegations concerning Semenets's state of mind.

100. Admitted to the extent that on or about May 1, 2019, Mann and Semenets met in Spain, denied as to the oral representations; denied to the extent that a document speaks for itself.

101. Denied.

102. Denied to the extent that certain payments were made to Semenets.

## COUNT I

103. The rhetoric allegation contained in Paragraph 103 does not need to be admitted or denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108.  Defendant has no information to admit or deny allegations concerning Dmitriev's state of mind.

109.  Denied.

## COUNT II

110.  The rhetoric allegation contained in Paragraph 110 does not need to be admitted or denied.

111.  Denied to the extent of legal conclusions regarding validity are premature.

112.  Denied that Dmitriev performed all of his obligations.

113.  Denied.

114.  Denied.

## COUNT III

115.  The rhetoric allegation contained in Paragraph 115 does not need to be admitted or denied.

116.  Denied.

117.  Denied.

118.  Denied.

119.  Denied.

## COUNT IV

120.  The rhetoric allegation contained in Paragraph 120 does not need to be admitted or denied.

121.  Denied.

123.  Denied.

124.  Denied.

125.  Denied.

126. Denied.

## COUNT V

127. The rhetoric allegation contained in Paragraph 127 does not need to be admitted or denied.

128. Denied to the extent of legal conclusions about the validity or invalidity of documents are premature.

129. Denied to the extent that Latour performed all of her obligations.

130. Denied.

131. Denied.

## COUNT VI

132. The rhetoric allegation contained in Paragraph 132 does not need to be admitted or denied.

133. Denied.

134. Denied, except for the allegations that certain loans were made.

135. Denied.

136. Denied.

137. Defendant has no information to admit or deny the allegations concerning Osmanov's state of mind.

138. Denied.

## COUNT VII

139. The rhetoric allegation contained in Paragraph 139 does not need to be admitted or denied.

140. Denied to the extent that legal conclusions about validity or invalidity of a contract are premature at this stage in this action, the existence of the certain contracts admitted.

141. Denied to the extent that Osmanov performed all of his obligations under the loan agreements and loan summary agreement.

142. Denied.

143. Denied.

## COUNT VIII

144. The rhetoric allegation contained in Paragraph 144 does not need to be admitted or denied.

145. Denied.

146. Denied except for the existence of certain agreements.

147. Denied.

148. Denied to the extent that Defendant has no information to admit or deny Ryazanov's state of mind, denied as to the remainder of the allegations.

149. Denied.

## COUNT IX

150. The rhetoric allegation contained in Paragraph 103 does not need to be admitted or denied.

151. Denied to the extent that the documents speak for themselves, and determinations on their validity are premature at the present stage of proceedings.

152. Denied to the extent that Ryazanov performed all of his obligations.

153. Denied to the extent that defendants' all contractual obligations were not met.

154. Denied.

## COUNT X

155. The rhetoric allegation contained in Paragraph 155 does not need to be admitted or denied.

156. Denied.

157. Denied.

158. Denied to the extent that Defendant is unaware of the state of mind of Arseniy and Georgy.

159. Denied to the extent of documents speaking for the extent, denied as to Defendant's selecting any accounts in Russia.

160. Denied to the extent that the information on a Swiss account is insufficient.

161. Denied.

## COUNT XI

162. The rhetoric allegation contained in Paragraph 162 does not need to be admitted or denied.

163. Denied.

164. Denied except for the allegation that certain meetings and telephone calls took place.

165. Denied.

166. Denied.

## COUNT XII

167. The rhetoric allegation contained in Paragraph 103 does not need to be admitted or denied.

168. Denied.

169. Denied.

170. Denied except for the allegation of a meeting in May 2019 in Spain.

171. Defendant has no information to admit or deny the allegations concerning Semenets's state of mind.

172. Denied.

## COUNT XIII

173. The rhetoric allegation contained in Paragraph 173 does not need to be admitted or denied.

174. The allegations about the validity or invalidity of contracts are denied to the extent of being premature legal conclusions.

175. Denied to the extent that Semenets performed all of his obligations

176. Denied.

177. Denied.

## COUNT XIV.

178. The rhetoric allegation contained in Paragraph 178 does not need to be admitted or denied.

179. Denied as a mischaracterization of Mann'

180. Denied to the extent of conclusions of legal nature and validity of obligations.

181. Denied to the extent of legal conclusions made as allegations.

182. Denied.

## COUNT XV

183. The rhetoric allegation contained in Paragraph 183 does not need to be admitted or denied.

184. Denied to the extent of a legal characterization of contractual documents.

185. Denied.

186. Denied.

## COUNT XVI

187. The rhetoric allegation contained in Paragraph 187 does not need to be admitted or denied.

188. Defendant does not have sufficient information to admit or deny allegations in Paragraph 188.

189. Denied.

190. Defendant does not have information regarding Plaintiff's state of mind.

191. Defendant does not have information regarding Plaintiff's state of mind.

## COUNT XVII

192. The rhetoric allegation contained in Paragraph 192 does not need to be admitted or denied.

193. Denied.

194. Denied except for the existence of certain contractual documents, whose legal evaluation is premature.

195. Denied.

196. Denied.

## COUNT XVIII

197. The rhetoric allegation contained in Paragraph 197 does not need to be admitted or denied.

198. Denied.

200. Denied.

201. Denied, except for the existence of certain contractual documents, whose validity is yet to be evaluated.

202. Denied as to any allegations concerning Swiss accounts.

203. Denied that Defendant had any obligations to these plaintiffs.

## COUNT XIX

204. The rhetoric allegation contained in Paragraph 204 does not need to be admitted or denied.

205. Denied.

206. Denied, except for the allegations that certain meetings and telephone calls took place.

207. Denied.

Denial as to any relief requested by plaintiffs.

## AFFIRMATIVE DEFENSES.

### FIRST AFFIRMATIVE DEFENSE

All Counts of most of those fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

All Counts, or most of those, are barred by the applicable statutes of limitations, the applicable statute of limitations to be determined for each plaintiffs' claims.

### THIRD AFFIRMATIVE DEFENSE

All or most Counts are barred by estoppel, waiver, and ratification doctrines.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from relitigating the claims in this action after bringing the same claims in the Russian Courts, according to the doctrine of collateral estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Defendant did not breach any duty to Plaintiffs allegedly imposed by operation of law or contract.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are due to the acts and omissions of third parties or market forces over which Defendant had no control or right of control.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant acted in good faith and without malice or reckless indifference to Plaintiff.

EIGHTH AFFIRMATIVE DEFENSE

Whatever damages, if any, that Plaintiffs allegedly sustained, those were not caused by Defendant.

NINTH AFFIRMATIVE DEFFENSE

Defendants have failed to mitigate his damages as alleged, which failure bars or reduces pro tanto their claims.

TENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by principles of comparative negligence.

ELEVENTH AFFIRMATIVE DEFENSE.

Assumption of risk: plaintiffs assumed risk while engaging in alleged dealings with Defendant.

TWELFTH AFFIRMATIVE DEFENSE.

Accord and satisfaction: plaintiffs repeatedly entered the transactions that can be characterized as accord and satisfaction.

THIRTEENTH AFFIRMATIVE DEFENSE.

Laches. Plaintiffs' claims concerning allegations over ten years ago are barred, in part, by the doctrine of laches.

FOURTEENTH AFFIRMATIVE DEFENSE.

Legal release. Plaintiffs' claims are in part precluded by legal release.

FIFTEENTH AFFIRMATIVE DEFENSE.

Illegality. Any payments by Mann to six defendants, who are Russian citizens, are barred upon the Executive Order of the U.S. President of April 6, 2022, Executive Orders on other dates concerning the warfare in Ukraine. The Executive Orders prohibited U.S. citizens from making

16

payments to Russian citizens and residents in U.S. dollars. As to the other Defendant, Petr Dmitriev, discovery should determine if that resident of Israel still retained his Russian citizenship. Any payments by Mann, American citizen, in U.S. dollars, will be forbidden to Dmitriev well.

SIXTEENTH AFFIRMATIVE DEFENSE.

Impossibility. The statement in previous Affirmative Defense is incorporated by reference.

SEVENTEENTH AFFIRMATIVE DEFENSE.

Public policy. The statement in two previous Affirmative Defenses is incorporated by reference.

EIGHTEENTH AFFIRMATIVE DEFENSE.

Unclean hands. The equitable doctrine of unclean hands preempts Plaintiff's claims or recovery.

NINETEENTH AFFIRMATIVE DEFENSE.

Fraud. Plaintiffs' recovery is barred by fraud committed on Defendant.

TWENTIETH AFFIRMATIVE DEFENSE.

Consent. Plaintiffs' claims are displaced by their consent to accept repayments of the purported loans.

## COUNTERCLAIMS

Counterclaims are being filed on the same day as separate pleading documents, as follows:

- Counterclaim against Daria Latour, Arsenyi Shchepin, Georgy Shchepin;
- Counterclaim against Petr Dmitriev;
- Counterclaim against Yusup Osmanov;
- Counterclaim against Yuri Ryazanov; and
- Counterclaim against Oleg Semenets.

Dated: April 25, 2022.

Respectfully submitted,

                                                _____/George Lambert/
George Lambert, Esq.
MA bar # 568769; D.C. bar #979327, FL bar #1022697
The Lambert Law Firm
100 Cambridge St., 14th Fl., Boston, MA 02114
1025 Connecticut Ave., #1000 NW
Washington, D.C., 20036
Tel. (617) 925 7500; (202) 640 1897, Fax (800) 952 1950
Email: Lawoffice2279@gmail.com
Attorney for Defendant and Plaintiff in Counterclaims
Andrei Mann

## CERTIFICATE OF SERVICE

The undersigned certifies that on this day, April 25, 2022, the foregoing Answer was served via efiling by Pacer on the parties as follows:

Kenneth C. Pickering
Lauren E. Sparks,
Mirick, O'Connell, DeMallie & Lougee LLP
100 Front Street
Worcester MA 01608-1477
Tel. (508) 791-8500
kpickering@mirickoconnell.com
lsparks@mirickoconnell.com
Attorneys for all Plaintiffs;

Sean T. Carnathan
O'Connor, Carnathan and Mack LLC
67 South Bedford Street, #400W
Burlington, MA 01803
781-359-9002, Fax: 781-359-9001
Email: scarnathan@ocmlaw.net
Attorney for Defendant Michael Hellman

Date: April 25, 2022

*/George Lambert/*
_____
George Lambert