IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENYI SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMINETS<br><br>Plaintiffs,<br><br>v.<br><br>ANDREI MANN and MICHAEL HELLMAN<br><br>Defendants. | CIVIL ACTION No. 21cv40068-NMG<br><br>**VERIFIED THIRD-PARTY COMPLAINT**<br>**OF DEFENDANT ANDREI MANN**<br><br>**AGAINST THIRD-PARTY DEFENDANTS SULEIMAN GUSEINOV AND ALEKSEY PETROV**<br><br>**I. ACCOUNTING**<br>**II. FRAUDULENT CONCEALMENT**<br>**III. BREACH OF CONTRACT**<br>**IV. UNJUST ENRICHMENT**<br>**V. RESTITUTION**<br>**VI. CIVIL CONSPIRACY**<br>**VII. BREACH OF FIDUCIARY DUTIES**<br>**VIII. MISAPPROPRIATION**<br>**IX. CONVERSION**<br>**X. MISREPRESENTATION** |
| ANDREI MANN<br><br>Plaintiff in Counterclaim<br><br>v.<br><br>PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENYI SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMINETS<br><br>Defendants in Counterclaim | |
| ANDREI MANN<br><br>Plaintiff<br><br>v.<br><br>SULEIMAN GUSEINOV, ALEXEY PETROV, and ARSEN KOMUTAEV<br><br>Third-Party Defendants | |

**Preamble**

The present Third-Party Complaint is brought, pursuant to F.R.Civ.P. 14, by an American investor, ANDREI MANN, against SULEIMAN GUSEINOV and ALEXEY PETROV, who were instrumental in converting the complainant's assets. The claims stated herein include accounting and damages based on fraudulent concealment, breach of contract, and seeking, in the alternative, equitable relief, e.g., unjust enrichment and restitution. The action also seeks damages for civil conspiracy and breach of fiduciary duties.

**PARTIES.**

1.      Plaintiff for the present Third-Party Complaint is ANDREI MANN (hereinafter MANN), is a resident of the Commonwealth of Massachusetts, with offices in Newton and the State of New York, having resided in the City of New York. For over 30 years, MANN has been an entrepreneur, running several businesses, with a substantial portion of the activities in the publishing industry. For example, one of MANN's publications exceeded a circulation of 4.5 million copies. MANN is also an investor with investment projects in various jurisdictions internationally.

2.      The defendant in the present Third-Party Complaint is SULEIMAN GUSEINOV, aka SULEIMAN MAGOMETOVICH GUSEINOV (hereinafter GUSEINOV), a Russian national residing, on information and belief, at 24 Kutuzovsky Ave., Apt 354, Moscow, 121115, Russian Federation. On information and belief, GUSEINOV is the father-in-law of YUSUP OSMANOV (OSMANOV), Plaintiff under the original Complaint, whose role is described hereinafter. GUSEINOV has served as a nominee for OSMANOV to confiscate MANN's assets for

OSMANOV.  That included the confiscation on or about February 20, 2020, of the real estate assets in Russia, in which MANN has an interest.  The total value of that realty is over $1 million.

3.     The co-Defendant in the present Third-Party Complaint is ALEKSEY PETROV, aka ALEKSEY EDUARDOVICH PETROV (PETROV), an individual residing at 36/2 Frunzenskaya embankment, Apt. 333, Moscow, 119146, Russian Federation.  PETROV, hired by OSMANOV ostensibly for CRANDULL's Moscow office, has been GUSEINOV's and OSMANOV's legal advisor, acting against CRANDULL and MANN's interests, in breach of his duties as an employee.

NON-PARTIES AFFILIATED WITH DEFENDANTS IN THIRD-PARTY COMPLAINT.

4.     For purposes of this Third-Party Complaint, the following parties, which are not the named Defendants hereinafter, but are most relevant for the facts alleged below, are identified below.

5.     YUSUP OSMANOV (herewith OSMANOV) is a Russian national, Plaintiff in the original action and Defendant in the Counterclaim against him.  OSMANOV's address is 4/7 Troilinskiy pereulok, Apt 65, Moscow, 119002, Russia.  After having worked for MANN and his business for several years, OSMANOV then used his access to financial and other documentation and, breaching his fiduciary obligations, turned against MANN, causing various monetary damages and causing irreparable harm to MANN.

6.     FIRST CRANDULL CONSTRUCTION INC. (hereinafter also CRANDULL) is a corporation registered in Massachusetts on December 12, 2006, upon conversion of the Delaware corporation under that same name, originally incorporated on February 13, 2001, Delaware State

Docket #3355576.  MANN has participated in CRANDULL, in which he has a stake, for investments and holding purposes, particularly in the Russian Federation.

## JURISDICTION.

7.    This Court has jurisdiction in this action over both Defendants in the Third-Party Complaint residing in the Russian Federation on information and belief because both are necessary parties to adjudicate the Counterclaim against OSMANOV.  Both Defendants here were OSMANOV's agents for illegal transactions with the real estate, in which MANN, as a stakeholder in CRANDULL, has an interest.

8.    MANN, the American investor, who was a victim of fraudulent confiscations of his assets overseas, asserts that there is long-arm jurisdiction over GUSEINOV and PETROV for their acts, having an adverse material effect in the U.S.

9.    The present Third-Party Complaint seeks damages against GUSEINOV and PETROV, as opposed to adjudication of rights to the realty located overseas, not superseding jurisdiction of local courts to adjudicate the titles to the local realty.

## FACTS RELEVANT TO ALL COUNTS.

### A. YUSUP OSMANOV AND ALEKSEI PETROV OPERATING IN MANN'S OFFICE. ACTS IN BAD FAITH

10.    On February 13, 2001, MANN caused to incorporate in Delaware FIRST CRANDULL CONSTRUCTION INC. (CRANDULL), State docket #3355576, for various business purposes.  On December 12, 2006, it was converted into a Massachusetts corporation, with an address: 61 Great Meadow Rd., Newton, MA 02459, EIN ID #113587928.

11.    In 2004, CRANDULL was registered in the Russian Federation as a representative office of a foreign corporation, with the right to hold assets.  CRANDULL has been registered with the Tax Interdistrict Department No. 47 for Moscow.

12.    MANN caused that certain realty in the Russian Federation, acquired on or about September 22, 2004, to be held in the name of CRANDULL.  As mentioned above, MANN has an interest in CRANDULL.

13.    When OSMANOV was appointed as the head of the Moscow office of CRANDULL in 2004, OSMANOV was making assurances to MANN that he would not bring in untrustworthy employees or engage in fraudulent transactions, causing harm to CRANDULL and MANN.

14.    From the date of CRANDULL's registration in Russia, OSMANOV has served as a representative office director.   OSMANOV's information shows his Russian tax ID 770401516773, at 4/7 Troilinsky pereulok, Apt 59, Moscow, 119002.

15.    From the moment of registration, CRANDULL, by a corporate act, issued and then extended power of attorney to OSMANOV to carry out the functions of the head of the Moscow representative office.  However, under CRANDULL's Operating Agreement and a power of attorney, OSMANOV never had any authority to sign any documents concerning acquisition, transfer, sale, lease, or title registration concerning any real estate assets held by CRANDULL or MANN.

16.    CRANDULL's Operating Agreement and a power of attorney prohibited OSMANOV from using CRANDULL's real estate assets as collateral.  OSMANOV's authority was exclusively for representative functions, as an agent with limited authority and not a principal.

17.     In the event of any exceptions, the only way OSMANOV was authorized to make any contracts of material significance (other than employing people) was that CRANDULL issued an ad hoc corporate minutes or order from its Massachusetts office notarized under the laws of the Commonwealth.

18.     Furthermore, the Moscow representative office of CRANDULL has never been a legal person under the laws of the Russian Federation.  By nature of its limited functions, it was only a representative office with no powers to engage in business on behalf of CRANDULL.

19.     From about 2017, MANN learned from reliable sources that OSMANOV engaged in activities without MANN's or CRANDULL's authorization, in breach of his duties.

20.     MANN learned that OSMANOV involved in his operations under the umbrella of CRANDULL his father-in-law, GUSEINOV.  OSMANOV also involved PETROV, with some legal work background but without an attorney license in Russia.

21.     MANN also learned that OSMANOV engaged in self-dealing under the umbrella of CRANDULL, in violation of his authority under the Power of Attorney granted to him by CRANDULL.

22.     For example, OSMANOV requested MANN to direct the remuneration payments, from time to time, to his account at Sabadell Bank, Alicante, Spain, on information and belief, to bypass the taxes in Russia.  As it turned out later, OSMANOV used that money to maintain his house at Ciudad Quesada, Rojales, in the Province of Alicante, Spain.

23.     On June 17, 2019, CRANDULL, by a corporate act in the state of Massachusetts, dismissed OSMANOV from the position of Director of the Moscow Representative Office, revoking all his powers and forbidding him to act on behalf of CRANDULL.

24.     OSMANOV's dismissal was reported to OSMANOV on MANN's behalf by attorney Vasily Vasilievich Teplukhin at the address: 9 Truda Street, Pushkinsky District, Moscow Region, Russia.

25.     Whatever arrangements OSMANOV had with GUSEINOV or PETROV to act in some association with CRANDULL, those became nil and void as to CRANDULL.

26.     However, both GUSEINOV and PETROV continued to act as though they still had positions at or associated with CRANDULL.

27.     In 2017, OSMANOV, assisted by PETROV, on information and belief, created false contracts on purported loans by MANN.  OSMANOV alleged that on April 17, 2017, MANN got 30 million rubles, which was, at the rate of exchange, $532,911.  OSMANOV also alleged that on the next day, MANN obtained another loan for $1,776,079.  Subsequently, OSMANOV also claimed interest for $1,024,515.

28.     Furthermore, on April 17, 2017, OSMANOV, assisted by PETROV, abusing the authority of a Moscow representative of CRANDULL's office in Moscow, fabricated documents as though such loans were subject to collateral, backed by CRANDULL's realty in the Moscow Region.

29.     On that day, CRANDULL, purportedly represented by PETROV, signed with OSMANOV a real estate pledge agreement or, simply using CRANDULL's assets as collateral in favor of OSMANOV, without any basis for that.

30.     Both PETROV and OSMANOV acted in breach of their fiduciary duties to CRANDULL and MANN.  OSMANOV, assisted by PETROV, engaged in self-dealing, violating his duties to lawfully and honestly carry out the duties of a Moscow representative of CRANDULL.

31.    OSMANOV, assisted by PETROV, engaged in stripping CRANDULL of its most valuable asset, the title to the real estate, and taking the corporation's monetary assets.

32.    Since 2017, OSMANOV, in a conspiracy with PETROV, who held himself out as a counsel for CRANDULL's office in Moscow, stopped sending reports to MANN about the office's operations.

33.    That silence and concealment were apparently to cover up for a fraudulent conveyance on or about April 17, 2017.  MANN is of the position that such debts to OSMANOV, purportedly created on April 17 and 18, 2017, were fraudulently stated and were invalid.

34.    After transferring the land from CRANDULL to himself as collateral, on July 23, 2018, OSMANOV concluded with GUSEYNOV, his father-in-law, an agreement.  OSMANOV assigned to GUSEINOV the rights of a claim (cession).  Under that agreement, GUSEINOV "accepted the right, in its entirety, to claim under a loan agreement secured by collateral."

35.    OSMANOV used that move to preempt the claim of CRANDULL to reinstate its title to that real estate, to complicate the procedure for returning the land as much as possible.

36.    Thereby, OSMANOV attributed to GUSEINOV a fictitious role of a "good faith purchaser," who allegedly did not know and could not know that he had acquired the property from a person who had no right to alienate it.  Such purported "ignorance" was improper, given that OSMANOV and GUSEINOV were the relatives in constant contact with each other.

37.    OSMANOV's and GUSEINOV's true intentions were to seize the property of the American company CRANDULL, using their scheme of fraudulent conveyances.

38.    OSMANOV and GUSEINOV understood the vulnerability and illegality of their actions.  They acted illegally to maintain their grip over the assets belonging to CRANDULL and MANN, abusing their connections within law enforcement and judicial authorities.   Both

attempted to illegally protect their illegal acquisitions through the Courts in the Russian Federation.

39.     On February 4, 2019, the Odintsovo City Court of the Moscow Region, upon considering "the case on the claim of GUSEINOV against MANN and CRANDULL, made a decision for GUSEINOV.

40.     At that hearing, in the Odintsovo Court, PETROV unlawfully acted on behalf of CRANDULL's Moscow Representative Office.  PETROV acted unlawfully, abusing his fiduciary duties and acting in collusion with GUSEINOV and OSMANOV.

41.     Thus, while acting in a conspiracy, particularly on February 4, 2019, using MANN's absence in the court proceedings, OSMANOV, GUSEINOV, and PETROV, caused a purported debt to be entered by the Odintsov District Court in the amount of $3,333,505.  If MANN were aware of such proceedings, the Court would have received correct information and documentation that such a purported debt did not exist.

42.     PETROV, OSMANOV, and GUSEINOV did not inform MANN of a hearing in the Court in the case against CRANDULL that took place on February 4, 2019.

43.     PETROV, OSMANOV, and GUSEINOV used the concealment not to inform MANN and allow his attorneys to defend CRANDULL's and MANN's interests.

44.     Furthermore, subsequently, the Moscow Arbitration Court, in the case No. A40-291728/2018 of August 17, 2021, excluded OSMANOV from the list of MANN's creditors.  The Court in Moscow deemed both contracts invalid and found OSMANOV's claims against MANN baseless.

45.    On information and belief, PETROV, with some legal background, acted as OSMANOV's right-hand man for preparing unlawful documents for acting on behalf of CRANDULL, as though he had not been terminated.

46.    As another example, on May 28, 2021, PETROV illegally "represented the interests" of CRANDULL at the hearing of the Moscow Arbitration Court, held at the address: 17 Tulskaya Street, Moscow, and signed documents on behalf of KRANDULL, using the corporate seal without the right to do so.

### B. CONFISCATION OF REALTY ASSETS IN RUSSIA UNDERTAKEN BY CO-CONSPIRATORS GUSEINOV, PETROV, AND OSMANOV

47.    Despite being terminated, OSMANOV, aided by PETROV, unlawfully and fraudulently continued to act as the director of CRANDULL's office in Moscow, signing papers on its letterhead, including filing those in administrative offices in Russia.

48.    On information and belief, PETROV, with some legal background, acted as OSMANOV's right-hand man for preparing unlawful documents for acting on behalf of CRANDULL, as though he had not been terminated.

49.    While unlawfully holding himself out as CRANDULL's director in Moscow, assisted by PETROV, specifically engaged in a scheme to confiscate CRANDULL's realty assets in Russia, held in CRANDULL's name.

50.    CRANDULL's realty included a property in Moscow Region, Uspenski District, town Nikolina Gora, the plots registered as plot № 245, #50:20:005 02 11:0267, 995 sq. meters, #50:20:005 02 11:0328, 574 sq. meters, plot № 244, # 50:20:005 02 11:0269, 1,005 sq. meters, #50:20:005 02 11:0329, 426 sq. meters.

51.    The scheme created between OSMANOV, assisted by PETROV, and GUSEINOV, was supplemented on July 23, 2018.  OSMANOV, assisted by PETROV, executed a purported assignment of the collateral claim, replacing OSMANOV as the claimant against CRANDULL.

52.    Those fraudulent steps by OSMANOV, assisted by PETROV, and GUSEINOV, were made to complicate the claims for recovery of CRANDULL's title significantly.

53.    Although GUSEINOV was OSMANOV's father-in-law, GUSEINOV posed as a holder of the collateral claim for consideration.

54.    In real life, GUSEINOV acted as a nominee for OSMANOV, holding the title to the real estate.

55.    On information and belief, PETROV, OSMANOV, and GUSEINOV prepared a fraudulent complaint for raiding the asset of CRANDULL, in which MANN has an interest.

56.    On February 4, 2019, the Court of Odintsovo District in the Moscow Region considered the claim of GUSEINOV against MANN and CRANDULL.

57.    PETROV acted as an in-house legal advisor of CRANDULL, outside of the authority that OSMANOV had as CRANDULL's representative in Moscow.

58.    As evidence shows, on or about February 20, 2020, OSMANOV, assisted by PETROV, caused to illegally transfer the rights to that real estate to GUSEINOV, his father-in-law, and his nominee.

59.    On information and belief, OSMANOV paid off either non-existent debts or disputed debts of MANN and arranged for the confiscation of CRANDULL real estate for himself. However, MANN was not approved as a debtor to OSMANOV or GUSEYNOV. For example, by a Court decision in Moscow on August 17, 2021, OSMANOV was excluded from the list of

MANN creditors. On August 25, 2019, the Moscow Arbitration Court did not approve GUSEYNOV as a MANN's creditor.

60.     However, even though CRANDULL held the real property, MANN had a significant stake. OSMANOV and GUSEINOV illegally confiscated MANN's stake.

61.     OSMANOV acted illegally and in violation of the Operating Agreement of CRANDULL issued by the Board on December 12, 2006. CRANDULL's Operating Agreement stated that a power of attorney to the corporation's representative in Russia does not allow him/her to transfer any assets, pledge those, or dispose of those under any circumstances. Transfer of CRANDULL's corporate assets to an individual, GUSEINOV, OSMANOV's relative, was illegal.

62.     By acting in that manner, OSMANOV caused CRANDULL's losses, over $1 million. While MANN has an interest in CRANDULL, OSMANOV caused damages to MANN.

### C. CONVERSION BY YUSUP OSMANOV, ASSISTED BY PETROV, OF BUSINESS RECORDS AND COMMERCIAL PAPERS OF MANN; CONSPIRACY

63.     Using his access to MANN's business documentation, in or about 2019, OSMANOV, aided by PETROV, despite fiduciary obligations to MANN as OSMANOV's employer, started to use various pretexts not to provide MANN the necessary documentation as necessary.

64.     As it turned out, OSMANOV, aided by PETROV, abusing his access to the boxes of documents, converted MANN's business documentation and valuable commercial paper belonging to MANN. OSMANOV, aided by PETROV, did so to fabricate false documents in the name of CRANDULL, S-Info, and other entities that MANN managed.

65.     Furthermore, OSMANOV, aided by PETROV, approached various parties in a business relationship with MANN and, on information and belief, proposed to ruin MANN's

businesses, confiscate his assets, proposing financial benefits to such parties. That included DARIA LATOUR (LATOUR). Using his access to the business records, OSMANOV, aided by PETROV, converted the financial records memorializing the repayments of the loan to LATOUR.

## COUNT I. ACCOUNTING

66.    Plaintiff incorporates by reference the allegations in preceding Paragraphs 1-65, with the same force as though repled again and further state as follows.

67.    As mentioned above, in or about 2020, GUSEINOV and OSMANOV, assisted by PETROV, caused to confiscate CRANDULL's realty in Moscow Region, in which MANN had an interest.

68.    MANN demands all and any accounting documentation from GUSEINOV and PETROV, to the full extent allowed by the local laws and international business standards of accounting regarding CRANDULL's operations in Moscow, including the confiscation of the realty in the Moscow Region.

69.    MANN demands that GUSEINOV and PETROV disclose the allegedly illegal transfer of the assets that OSMANOV made with their assistance. GUSEINOV and PETROV should be ordered to produce the banking and other records from Russia related to the realty, as described above.

70.    As a victim of fraud, an investor, shareholder, and former employer, MANN is entitled to an accounting against GUSEINOV and PETROV.

## COUNT II.  FRAUDULENT CONCEALMENT.

71.    Plaintiffs incorporate by reference the allegations in preceding Paragraphs 1-65, with the same force as though repled again and further state as follows.

72.     In the most devastating instance, PETROV, OSMANOV, and GUSEINOV concealed from MANN that they were staging an ex parte hearing in the Odintsov District Court. On  February 4, 2017, a fraudulent claim for $3,333,505 was endorsed by the Court ex parte. MANN was not on notice of the proceedings.

73.     GUSEINOV, PETROV, acting in the interests of OSMANOV, concealed that they confiscated the title to the realty in Moscow Region, confiscated from CRANDULL, in which MANN has had a substantial stake.

74.     Plaintiff MANN is entitled to damages for fraudulent concealment stated against GUSEINOV and PETROV.

### COUNT III.  BREACH OF CONTRACT.

75.     Plaintiff incorporates by reference the allegations in preceding Paragraphs 1-65 with the same force as though repled against and further states as follows.

76.     Both PETROV and GUSEINOV acted as OSMANOV's agents for purposes of the contractual obligations before CRANDULL and MANN. While serving as CRANDULL's representative in Moscow, OSMANOV, assisted by PETROV, breached his employment contract and/or obligations.

77.     While using his access to the documentation, and holding himself out as an authorized person, OSMANOV, assisted by PETROV, continued to act in CRANDULL's name after CRANDULL removed him from being its representative in Moscow, all in breach of his contract.

78.     Under that contractual relationship, OSMANOV, assisted by his agents PETROV and GUSEINOV, had no right to confiscate the realty in the name of CRANDULL.

14

79.     Plaintiff MANN is entitled to damages for breach of contract stated against OSMANOV's agents PETROV and GUSEINOV.

## COUNT IV.  UNJUST ENRICHMENT.
### (against SULEIMAN GUSEINOV)

80.     Plaintiff incorporates by reference the allegations in preceding Paragraphs 1-65, with the same force as though repled again and further state as follows.

81.     In February of 2020, OSMANOV arranged for the fraudulent transfer of the realty held by CRANDULL to his father-in-law GUSEINOV, all without authority, with malice.

82.     As a result, GUSEINOV was unjustly enriched for over $1 million.

83.     MANN has a stake in CRANDULL and has standing to pursue the present claim.

84.     OSMANOV, acting in conjunction with GUSEINOV, also got unjustly enriched for the value of that realty, for a total of over $1 million.

85.     Plaintiff MANN is entitled to the cause of action based on damages for unjust enrichment against GUSEINOV.

## COUNT V.  RESTITUTION

86.     Plaintiff incorporates by reference the allegations in preceding Paragraphs 1-65, with the same force as though repled again and further state as follows.

87.     As stated above, OSMANOV caused the realty in Moscow Region, held by CRANDULL, to be confiscated and transferred on February 20, 2020, to his father-in-law, GUSEINOV.  MANN has a stake in CRANDULL and is entitled to claim restitution, namely that GUSEINOV return the title to CRANDULL.

88.     Plaintiff MANN is entitled to the cause of action based on restitution from GUSEINOV to the full extent allowed by the law.

## COUNT VI.  CIVIL CONSPIRACY.

89.    Plaintiffs incorporate by reference the allegations in preceding Paragraphs 1-65, with the same force as though repled again and further state as follows.

90.    OSMANOV was the driving force in several conspiracies he organized against MANN, relying on PETROV and GUSEINOV, as facts show.

91.    In or about 2017, as MANN has learned, GUSEINOV, PETROV, and OSMANOV made an unlawful agreement among themselves, targeting confiscating the realty held in the name of CRANDULL.

92.    On information and belief, that civil conspiracy was orchestrated by OSMANOV, assisted by PETROV, who had sufficient influence upon the business conduct of his relative GUSEINOV.

93.    As mentioned above, OSMANOV was removed from the head of the representative office of CRANDULL in Moscow and from doing anything for or on behalf of MANN. Yet, OSMANOV, assisted by PETROV, continued setting up conspiracies against him in concert with other parties.

94.    On or about February 20, 2020, OSMANOV, assisted by PETROV, acting in agreement and a conspiracy with his father-in-law GUSEINOV, caused to confiscate the realty held by CRANDULL, located in Moscow Region.

95.    The purpose of that civil conspiracy was unlawful, namely to deprive MANN of his access to documentation and his entitlement to dividends and assets.

96.    Plaintiff MANN is entitled to damages for civil conspiracy against GUSEINOV and PETROV.

## COUNT VII.  BREACH OF FIDUCIARY DUTIES.
### (against ALEKSEY PETROV)

97.     Plaintiff incorporates by reference the allegations in preceding Paragraphs 1-65 with the same force as though repled against and further states as follows.

98.     As a legal advisor to CRANDULL, PETROV acting in concert with OSMANOV, owed fiduciary duties to MANN not to engage in fraudulent activities and preserve MANN's assets.  Instead, OSMANOV, assisted by PETROV, engaged in raiding MANN's assets.

99.     OSMANOV, assisted by PETROV, breached his fiduciary duties after CRANDULL terminated him to act on its behalf.  Despite being terminated, OSMANOV, assisted by PETROV, continued to carry on as the director of CRANDULL's office in Moscow to materialize unlawful acts.  That included, as described above, the confiscation on or about February 20, 2020, of CRANDULL's real estate property in the Moscow Region.

100.    As CRANDULL's legal advisor, PETROV, had fiduciary obligations not to act unlawfully and provide an accounting to MANN.

101.    Plaintiff MANN is entitled to damages for breach of fiduciary duties, stated against PETROV.

## COUNT VIII.  MISREPRESENTATION.

102.    Plaintiff incorporates by reference the allegations in preceding Paragraphs 1-65 with the same force as though repled against and further states as follows.

103.    On numerous occasions, GUSEINOV and PETROV engaged in misrepresentations to MANN and before third parties, affecting MANN.

104.    That included the misrepresentation concerning the purported collateral contracts as though those secured by CRANDULL's title, the rights to the realty in the Moscow Region.

105.    That included misrepresentation concerning the rights to the real estate in the Moscow Region that GUSEINOV, assisted by OSMANOV and PETROV, converted from CRANDULL, in which MANN has had an interest.

106.    While acting as a director of Moscow's office of CRANDULL, OSMANOV, assisted by PETROV, made misrepresentations to MANN regarding the status of affairs with CRANDULL's assets in Russia.

107.    MANN is entitled to damages against GUSEINOV based on misrepresentation.

## IX.  CONVERSION.

108.    Plaintiff incorporates by reference the allegations in preceding Paragraphs 1-65 with the same force as though repled against and further states as follows.

109.    In or about 2019, OSMANOV, assisted by PETROV, abused his access to MANN's business documentation and confiscated MANN's business documentation and commercial paper. Using that conversion, OSMANOV, assisted by PETROV, started to illegally hold himself out as CRANDULL's representative of its Moscow office and engage in the scheme of converting assets, all without authority or rights.

110.    On June 17, 2019, OSMANOV was terminated by the Massachusetts corporation CRANDULL.  That included termination of OSMANOV for any purposes, including the termination of the authority of all persons he hired for CRANDULL's office in Moscow, including PETROV.

111.    Yet, OSMANOV, assisted by PETROV and GUSEINOV, continued to act as if he still was in control, perpetuating the conversion of the business documentation and commercial paper belonging to MANN, to which he had no title.

112.    MANN is entitled to damages based on GUSEINOV's conversion.

### COUNT X.  MISREPRESENTATION.
### (against SULEIMAN GUSEINOV)

113.    Plaintiff incorporates by reference the allegations in preceding Paragraphs 1-65 with the same force as though repled against and further states as follows.

114.    While GUSEINOV, acting in a conspiracy with OSMANOV and PETROV, declared himself a lawful owner of the realty described above, he made a misrepresentation.

115.    Among other persons, GUSEINOV undertook (1) false statements to various persons concerning material facts concerning his purported rights to the real estate; (2) he knew that their representations were false; (3) he had an intention that the representation induced other parties to act on it; which resulted in (4) consequent injury to MANN, while various parties acted in reliance on their representations.

116.    GUSEINOV's misrepresentations about MANN to third persons were to illegally obtain control over assets, ruin MANN's business in Russia, confiscate his assets, and divide those among the participants in the conspiracy.

117.    MANN is entitled to damages based on GUSEINOV's misrepresentations.

**WHEREFORE**, Plaintiff MANN prays for the relief as follows:

- Orders to GUSEINOV and PETROV for accounting to MANN for the transactions cited above and illegal confiscation of the real estate, MANN's stake, and restitution by GUSEINOV.

- Damages of at least $1 million, inclusive interest, and/or to the full extent of the applicable law, on all Counts for which damages are sought.

- Damages for breach of contract and other Counts, where damages are proper.

- To the extent allowed by the applicable law, punitive and/or exemplary damages relating to fraudulent concealment, civil conspiracy, and breach of fiduciary duties claims.

- Such other and further relief as the Court will find just and fair.

- Attorney's fees and costs, to the extent allowed by the Federal Rules of Civil Procedure.

### DEMAND OF JURY TRIAL.

MANN demands jury trial on all counts that are triable before the jury.

Dated: May 6, 2022.    Respectfully submitted,

_____/signed George Lambert/
George Lambert, Esq.
MA bar #568769
100 Cambridge Street, 14th Floor
Boston, MA 02114
Tel. (617) 925 7500, fax (800) 852 1950
Email: Lawoffice2279@gmail.com
Attorney for Defendant and Plaintiff
In Third-Party Complaint

## VERIFICATION

I, ANDREI MANN, a party in the present action, state and declare, under the penalties of perjury under the laws of the United States, that to the best of my knowledge, the factual allegations stated herein are true and correct.

Andrei Mann,

Date: May 6, 2022

## CERTIFICATE OF SERVICE

The undersigned certifies that on this day, May 6, 2022, the foregoing Answer was served via efiling by Pacer on the parties as follows:

Kenneth C. Pickering
Lauren E. Sparks,
Mirick, O'Connell, DeMallie & Lougee LLP
100 Front Street
Worcester MA 01608-1477
Tel. (508) 791-8500
kpickering@mirickoconnell.com
lsparks@mirickoconnell.com
Attorneys for all Plaintiffs;

Sean T. Carnathan
O'Connor, Carnathan and Mack LLC
67 South Bedford Street, #400W
Burlington, MA 01803
781-359-9002, Fax: 781-359-9001
Email: scarnathan@ocmlaw.net
Attorney for Defendant Michael Hellman

Date: May 6, 2022

*/George Lambert/*
_____

George Lambert