IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENYI SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMINETS<br><br>Plaintiffs,<br><br>v.<br><br>ANDREI MANN and MICHAEL HELLMAN<br><br>Defendants. | CIVIL ACTION No. 21cv40068-NMG<br><br>**PLAINTIFFS' EMERGENCY MOTION FOR RECUSAL OF THE UNITED STATES MAGISTRATE JUDGE FROM THIS MATTER** |
| ANDREI MANN<br><br>Plaintiff in Counterclaim<br><br>v.<br><br>PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENYI SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMINETS<br><br>Defendants in counterclaim | |
| ANDREI MANN<br><br>Third-Party Plaintiff<br><br>v.<br><br>SULEIMAN GUSEINOV, ALEXEY PETROV, and ARSEN KOMUTAEV<br><br>Third-Party Defendants | |

1

Defendant and Plaintiff in Counterclaim and the Third-Party Complaint, Andrei Mann (Mann), respectfully moves, on an emergency basis, for recusal of the U.S. Magistrate Judge from this matter for conflict with the opposing counsel Kenneth Pickering, representing all Plaintiffs and Defendants in Counterclaim..

At 7:29 PM on August 15, 2022 (the day before this filing), the counsel for Plaintiffs and Defendants in Counterclaim, Kenneth Pickering, Esq., unexpectedly sent to the undersigned an email, disclosing for the first time that he is on the Merit Selection Panel, providing a report and recommendations with regard to the reelection of two U.S. Magistrate Judges, including The Hon. Donald L. Cabell, due by October 27, 2022.  See Exhibit 1.

Acting as an officer of the Court, the undersigned believes that the Plaintiffs' counsel fulfilled his obligation to timely report to the Court and advise the parties, under the ethics rules, regarding that new development.  Namely, attorney Pickering's appointment on the Merit Selection Panel has created another conflict for Plaintiffs' and Defendants in Counterclaim counsel, now for purposes of the appointment of the U.S. Magistrate Judge to adjudicate pre-trial proceedings in this case.  See Mann's Notice filed in the evening of the same day (yesterday), August 15, 2022.  See Dkt 63.

After that, the undersigned also received a response email indicating that attorney Pickering was not going to do anything about that conflict and that the Magistrate Judge was aware of who was on his Merit Selection Panel.  That response, showing no intention, on the part of attorney Pickering, to act himself on the appearance of the conflict triggered the necessity of the Mann's counsel filing this emergency motion.

Attorney Pickering's being appointed, by the Court Order, to the Merit Selection Panel, apart from being an honorable assignment, creates conflict.  Attorney Pickering, albeit with seven

2

other attorneys, will play an essential role in the reelection of The Hon. Donald L. Cabell, for another term of 8 years. In addition to other circumstances, a judicial salary for a term of 8 years arises from some financial interest. These circumstances rise to prohibitions under 28 USCA § 455, which states, inter alia: "(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned…"

There is no perceivable prejudice against any party or person at this point because the Magistrate Judge has not started adjudication in this action. That will be only movant Mann prejudiced if the Motion is not granted. On the other hand, the presiding U.S. Magistrate Judge's reverting the designation to the Clerk's Office and the designation of another U.S. Magistrate Judge for this case is a simple and harmless step.

In deciding whether to disqualify, a judge is allowed a range of discretion, and the appellate court, therefore, must ask itself not whether it would have decided as did the court but whether that decision cannot be defended as a rational conclusion supported by a reasonable reading of the record. *In re United States*, C.A. 1 1981, 666 F.2d 690.

The present Motion is supported by the weight of authority in treating appearances of conflicts. However, the present set of facts is unusual. Mann's counsel is unaware of the situation, as here, in the case law, which is exceedingly rare if not exceptional. In terms of prospective employment, motion briefs for disqualification in a series of cases usually cite the case that reached the U.S. Supreme Court, *United States v. Mikhel*, C.A.9 (Cal.) 2018, 889 F.3d 1003, petition for certiorari filed 2019 WL 318314, certiorari denied 140 S.Ct. 157, 205 L.Ed.2d 47 (the District Judge promptly disclosed the circumstances and immediately withdrew his application for a new position). The disclaimer is made that the circumstances were different, but that case shows the magnitude of the issues. The First Circuit held that mandamus jurisdiction by the court of appeals

for issues of recusals might exist because a case involving a motion for disqualification is clearly distinguishable from those where a party alleges an error of law that, despite the hardship of delay, may be fully addressed and remedied on appeal.  *In re United States*, C.A. 1 1981, 666 F.2d 690.

In terms of timeliness, Mann's counsel acted with the present Motion immediately upon discovering that the opposing counsel sits on the Merit Selection Panel, deciding upon the reelection of the U.S. Magistrate Judge.  Compare with a case where counsel, albeit under different circumstances, waited for 15 months, *U.S. v. O'Brien*, D.Mass.2014, 18 F.Supp.3d 25.

Denial of motion for recusal is reviewed under the abuse of discretion standard.  See *Town of Norfolk v. U.S. Army Corps of Engineers*, C.A. 1 (Mass.) 1992, 968 F.2d 1438.  A review by the Court of Appeals on whether the trial judge should have recused himself was limited to determining whether the trial court's evaluation of evidence amounted to an abuse of discretion. *Blizard v. Frechette*, C.A. 1 (Mass.) 1979, 601 F.2d 1217.  See, also, *U.S. v. Parrilla Bonilla*, C.A. 1 (Puerto Rico) 1980, 626 F.2d 177, on remand 503 F.Supp. 626.

The disclaimer is made that the undersigned has never had any cases in this Court before The Hon. Donald L. Cabell has never met that Honorable Judge and has no reasons to seek his review of the appropriateness of that Judge's recusal other than the above-cited facts and the case law in support thereof.

## Conclusion.

The present Motion should be granted.  Respectfully, the U.S. Magistrate Judge should recuse himself.

The designation of the U.S. Magistrate Judge to preside in this case on pre-trial matters should be reverted to the Clerk of the Court for appointing another U.S. Magistrate Judge.

Mann also submits that the hearing before U.S. Magistrate Judge The Hon. Cabell scheduled for August 17, 2022, should be canceled.

## LOCAL RULE 7.1 CERTIFICATION

The undersigned hereby certifies that counsel for Mann fulfilled his obligation to confer with the opposing counsel by way of correspondence on August 15, 2022, upon raising the subject matters and attempting in good faith to resolve or narrow the issues presented in this motion.

Date: August 16, 2022.   Respectfully submitted,

                                                               _____/*signed George Lambert*/
George Lambert, Esq.
MA bar #568769
100 Cambridge Street, 14th Floor
Boston, MA 02114
Tel. (617) 925 7500, fax (800) 852 1950
Email: Lawoffice2279@gmail.com
Attorney for Defendant and Plaintiff
in Counterclaim Andrei MANN

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this day, August 16, 2022, the foregoing was served via efiling by Pacer on the parties as follows:

Kenneth C. Pickering
Lauren E. Sparks,
Mirick, O'Connell, DeMallie & Lougee LLP
100 Front Street
Worcester MA 01608-1477
Tel. (508) 791-8500
kpickering@mirickoconnell.com
lsparks@mirickoconnell.com
Attorneys for all Plaintiffs;

Sean T. Carnathan
O'Connor, Carnathan and Mack LLC
67 South Bedford Street, #400W
Burlington, MA 01803
781-359-9002, Fax: 781-359-9001
Email: scarnathan@ocmlaw.net
Attorney for Defendant Michael Hellman

Date: August 16, 2022

*/George Lambert/*

_____

George Lambert