UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETR DMITRIEV, DARIA LATOUR,
YUSUP OSMANOV, YURI RYAZANOV,
ARSENIY SHCHEPIN, GEORGY
SHCHEPIN, and OLEG SEMENETS
    Plaintiffs

v.

ANDREI MANN and MICHAEL HELLMAN,
    Defendants

CIVIL ACTION NO. 1:21-CV-40068-NMG-PGL

ANDREI MANN
    Plaintiff in Counterclaim

v.

PETR DMITRIEV, DARIA LATOUR,
YUSUP OSMANOV, YURI RYAZANOV,
ARSENYI SHCHEPIN, GEORGY
SHCHEPIN, and OLEG SEMENETS,
    Defendants in Counterclaim

ANDREI MANN
    Plaintiff, Third Party Complaint

v.

SULEIMAN GUSEINOV, ALEKSEY
PETROV, and ARSEN KOMUTAEV
    Defendants, Third Party Complaint

## ***UPDATED* LOCAL RULE 16.1 JOINT STATEMENT**

I.	Introduction

The parties, Petr Dmitriev, Daria Latour, Yusup Osmanov, Yuri Ryazanov, Arseniy Shchepin, Georgy Shchepin, Oleg Semenets, Andrei Mann, and Michael Hellman, jointly file this Local Rule 16.1 Joint Statement.

Preliminary Statement of Defendant/Plaintiff in Counterclaim Andrei Mann

On April 25, 2022, Andrei Mann filed, jointly with his Answer [Dkt.34], his Verified Counterclaims against Daria Latour, Arsenyi Shchepin, and Georgy Shchepin [Dkt 35], Petr Dmitriev [Dkt 36], Yusup Osmanov [37], Yuri Ryazanov [38], and Oleg Semenets [39].

Pursuant to F.R.Civ.P. 14, on May 6, 2022, Andrei Mann filed the Verified Third-Party Complaints against Suleiman Guseinov and Aleksey Petrov [40], and Arsen Komutaev [41]. These Third-Party Complaints have been served in Moscow, Russia [59, 60, 61].

On September 6, 2022, a hearing was held on Mann's Motion to Disqualify Mirick, O'Connell, DeMallie & Lougee, LLP from representing all seven plaintiffs, alleging the conflict amounting to $1.2 million, where two plaintiffs have a claim against one defendant.  Plaintiffs made misleading statements in the Complaint (¶¶159-161) as though Mann received that money.  That motion to disqualify is currently under advisement.  Mann's counsel made at the hearing a statement that in the event the motion is not granted, Mann will file a Rule 72 Objection.  In Mann's view, the following schedule referring to the term "Order" should be interpreted as the U.S. District Judge's Order resolving Mann's Objection anticipated to be filed.

II.	Agenda for Scheduling Conference

Discussion of the parties' proposed pretrial schedule.  (A disclaimer is made that Mann anticipates filing a Motion to bifurcate the trials in this case.)

III.  Proposed Pretrial Schedule

| Event | Proposed Deadlines |
|---|---|
| Initial Disclosures Served by: | 10 days after the Order* |
| Motions to Add Parties or Amend Pleadings Filed by: | 30 days after the Order* |
| All Fact Discovery and Non-Expert Depositions Completed by: | 12 months after the Order* |
| Motion(s) for Summary Judgment filed by: | 13 months after the Order* |
| Opposition(s) to Motion(s) for Summary Judgment filed by: | 14 months after the Order* |
| Final Pre-Trial Conference: | 16 months after the Order* |
| Trial: | To be set at the Final Pre-Trial Conference |

* The parties disagree on the "Order" to be used to initiate the deadlines in the proposed pretrial schedule.  The plaintiffs suggest that the deadlines should run from the date of the order issued by the Magistrate Judge; the defendants suggest that the deadlines should run from the date of the District Judge's order on Mann's anticipated objection pursuant to Rule 72.

IV.  Local Rule 16.1(d)(3) Certifications

Counsel for the parties have conferred with their respective clients concerning establishing a budget for litigation and the use of alternative dispute resolution.  At the present time, the parties do not believe alternative dispute resolution would be fruitful.  The parties will file their respective certifications required by Local Rule 16.1(d)(3) as separate documents.

V.	Trial by Magistrate Judge

The parties do not consent to a trial by a Magistrate Judge.

VI.	Settlement

The plaintiffs presented a settlement proposal to both defendants. Likewise, Mann presented a settlement proposal to the plaintiffs based on his counterclaims. Counsel for plaintiffs and defendants have conferred with their clients on the subject of settlement pursuant to Local Rule 16.1(c).

| | |
|---|---|
| ANDREI MANN, | PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENIY SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMENETS, |
| By his attorney, | By their attorney, |
| */s/ George Lambert*<br>George Lambert, BBO #568769<br>The Lambert Law Firm<br>100 Cambridge Street, 14th Floor<br>Boston, MA  02114<br>Phone: (617) 925-7500<br>lawoffice2279@gmail.com | */s/ Kenneth C. Pickering*<br>Kenneth C. Pickering, BBO #634121<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br>100 Front Street<br>Worcester, MA 01608-1477<br>Phone: (508) 791-8500<br>kpickering@mirickoconnell.com |
| MICHAEL HELLMAN, | |
| By his attorney, | |
| */s/ Sean T. Carnathan*<br>Sean T. Carnathan, BBO #636889<br>O'Connor, Carnathan and Mack LLC<br>67 South Bedford Street, Suite 400W<br>Burlington, MA 01803<br>Phone: (781) 359-9000<br>scarnathan@ocmlaw.net | |

## CERTIFICATE OF SERVICE

I, Kenneth C. Pickering, hereby certify that I filed the foregoing document through the Court's ECF MA E-file system, and that it will be sent electronically to the registered participants listed to receive electronic filings in this case.

Dated:  September 9, 2022

                                                                                            */s/ Kenneth C. Pickering*
                                                                                            Kenneth C. Pickering