UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENIY SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMENETS,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREI MANN and MICHAEL HELLMAN,<br><br>Defendants. | Civ. Action No.<br>1:21-CV-40068-NMG |

### MEMORANDUM AND ORDER ALLOWING DEFENDANT ANDREI MANN'S SUPPLEMENTAL MOTION FOR LEAVE TO FILE CERTIFIED BANKING RECORDS (DOCKET NO. 84)

LEVENSON, U.S.M.J.

Before the Court is Defendant Andrei Mann's Supplemental Motion for Leave to File Certified Banking Records RE: Memorandum and Order of September 13, 2022, DKT # 82 ("Motion for Leave to File"), filed September 25, 2022. Docket No. 84. In the Motion for Leave to File, Mann states that after the Court entered its Memorandum and Order (Docket No. 82) denying Mann's motion to disqualify Plaintiffs' counsel (Docket No. 42), Mann acquired certain records through Russian judicial processes. Docket No. 84, at 2. Mann contends that these records, marked as Exhibit 1 and Exhibit 2, represent "the critical component of the claim of the impermissible conflict." *Id*.

Exhibit 1 and Exhibit 2 appear to come from a Russian bank and appear to reflect two transfers of funds. On their face, these documents reinforce Mann's contention that there were transfers of funds from plaintiffs Arseniy and Georgy Shchepin to plaintiff Yusup Osmanov in the general amounts that the Complaint alleges were taken from the Shchepins by the Defendants. *See* Complaint, Docket No. 1, at ¶¶ 62-64. Mann describes the documents as follows:

> Exhibit 1 represents a true and correct copy of the certified record of Otkrytie Bank, with a translation stating that Arsenyi [Shchepin] wire transferred Osmanov approximately 41 million rubles, which was about $600,000 at the then rate of exchange.
>
> Exhibit 2 represents a true and correct copy of the certified banking record of Otkrytie Bank, with the translation establishing that Georgy [Shchepin] wire transferred to the account of Osmanov approximately 41 million rubles, which was about $600,000 at the then rate of exchange.

Docket No. 84, at 3.

Although Mann's descriptions of the documents, as quoted here, do not precisely track the content of the documents themselves, it is unclear whether the variances are material. Without further development of the factual record, the Court is in no position to determine – for example – whether it matters that the documents appear to have been signed pursuant to a Power of Attorney ("POA"), as the accompanying translations for each document reflect.

Mann suggests that such documents bear on the correctness of the Court's denial of Mann's motion to disqualify opposing counsel. The Court's Memorandum and Order, however, is explicit in noting that the decision on Mann's motion to disqualify was *not* based on any finding with respect to the merits of Mann's claims about who transferred what money to whom. *See* Memorandum and Order, Docket No.82, at 11 ("[T]he record is not developed enough for the Court to express a view as to the merits of Mann's position.").

The Court assumed, for purposes of ruling on Mann's motion to disqualify opposing counsel, that the documents show what Mann says they do. *See id.* at 12 ("Assuming Mann is correct in asserting that his documents demonstrate that there is a bank withdrawal record which bears Osmanov's name, the legal significance of that fact – taken in isolation – is doubtful at best."). In this respect, the proffered records are consistent with Mann's previous submissions and are otherwise irrelevant to the Court's denial of Mann's motion to disqualify opposing counsel.

The Court notes, however, that Mann has objected to the Court's denial of his motion to disqualify opposing counsel, as is his right pursuant to Rule 72 of the Federal Rules of Civil Procedure. Mann is entitled to try to persuade the District Judge that the undersigned Magistrate Judge erred in declining to make a finding about the merits of Mann's claim that plaintiff Osmanov – and not Mann – converted funds belonging to plaintiffs Arseniy Shchepin and Georgy Shchepin. Insofar as the exhibits Mann now proffers might support such an argument, it makes sense to permit Mann to make them part of the record. They are, in any event, attached to Mann's objections to the order denying his motion to disqualify. *See* Objection of Andrei Mann, Defendant And Plaintiff In Counterclaim, Under F.R.Civ.P. 72 to the Memorandum and Order of U.S. Magistrate Judge, of September 13, 2022, Dkt #82 (Docket No. 87).

In permitting the documents to be filed at this time, the Court expresses no view as to the sufficiency of the Mann's submission with respect to the authentication requirements of Rules 902(11) and 902(12) of the Federal Rules of Evidence. Nor does the Court express any view as to the ultimate admissibility of such documents, let alone their evidentiary weight or legal significance.

Accordingly, Defendant Mann's Motion for Leave to File (Docket No. 84) is ALLOWED, without prejudice to any rights of the Plaintiffs to challenge the authenticity, admissibility, or legal significance of the documents offered.

September 27, 2022

SO ORDERED,

/s/ Paul G. Levenson
PAUL G. LEVENSON
UNITED STATES MAGISTRATE JUDGE