IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENYI SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMINETS<br><br>Plaintiffs,<br><br>v.<br><br>ANDREI MANN and MICHAEL HELLMAN<br><br>Defendants. | CIVIL ACTION No. 21cv40068-NMG<br><br>**REQUEST TO CLERK OF COURT OR IN THE ALTERNATIVE MOTION OF ANDREI MANN, DEFENDANT AND PLAINTIFF IN THIRD PARTY COMPLAINT,**<br><br>**FOR ENTRY OF DEFAULT AGAINST THIRD PARTY DEFENDANT ALEXEI PETROV** |
| ANDREI MANN<br><br>Plaintiff in Counterclaim<br><br>v.<br><br>PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENYI SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMINETS<br><br>Defendants in Counterclaim | F.R.Civ.P. 55(a) |
| ANDREI MANN<br><br>Plaintiff<br><br>v.<br><br>SULEIMAN GUSEINOV, ALEXEI PETROV, and ARSEN KOMUTAEV<br><br>Third-Party Defendants | |

Defendant and Plaintiff in Counterclaim and Third-Party Claim, Andrei Mann ("Mann"), by and through his undersigned attorney, respectfully requests the Clerk of Court to enter default or in the alternative moves this honorable Court for entry of default against Third Party Defendant Alexei Petrov ("Petrov").

Third Party Defendant Petrov, residing in Moscow, Russian Federation, was served process at his apartment's entrance on May 26, 2022. Proof of service was filed on August 14, 2022, Dkt 60.

<u>Third Party Defendant Failed or Declined to Appear to Defend Himself for Over 4 Months.</u>

As the dates show, Defendant has failed, for over 4 months, to appear in this action.

Rule 55(a) governs the entry of default under these circumstances: "(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Out of extra caution, if the Clerk's position that if there are multiple appearances in the action, the Request for Entry of Default should be submitted to the U.S. Magistrate Judge, presiding over pre-trial proceedings, then Mann's application should be treated as a Motion before the Court.

<u>Restated Facts Proving Service of Process upon Alexei Petrov.</u>

By way of a context, Petrov is an assistant a business associate of Yusup Osmanov ("Osmanov"), Plaintiff and Defendant in Counterclaim in this action. Ref. Dkt 40, of May 6, 2022.

Petrov was served process in conformity with Russian law, by an authorized and licensed person. Russian Federation is a party, to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of 1965. At the present time, the Russian

Federation is not cooperating, therefore service valid under local law is valid for purposes of service on the said Third Party Defendant. See Affidavit of Dmitry Bogolyubov ("Bogolyubov", private detective license No. 16CHD2021000179), Dkt 60.  As Bogolyubov's Affidavit states, Petrov was served at the enrance to his apartment, at the address: 36/2 Frunzenskaya embankment, Apt 333, Moscow, 119146, Russian Federation.  Upon Boholyubov's handing over the documents and oral explanations to Petrov, that he was being served the documents from the U.S. District Court, Petrov took the documents.  Having said goodby to Petrov, Bogolyubov left.  Petrov was served.

Bogolyubov's Affidavit shows that the act of passing of the documents to Petrov was further documented by photographs and video recordings at the meeting.  Those supplemental materials proving service of process duly accomplished can be submitted to the Court if necessary.

<u>Case Law Supports Entry of Default.</u>

Entry of default may be accomplished by the Clerk pursuant to Rule 55(a).  The Clerk of this Court routinely enters default under that Rule.  See *Perrong v. All Star Chimney Solutions, Inc.* (D.Mass, June 7, 2021) Slip Copy2021 WL 2322835.  An entry of default, when the servered party has not appeared to defend may also be done by the Court, see *Steele v. Turner Broad. Sys., Inc.*, 746 F.Supp.2d 231, 235 (D.Mass.2010).

<u>Compliance with Local Rule 7.1.</u>

Out of extra diligence, Mann and his counsel state that neither Petrov, nor his attorney(s) have attempted to contact the undersigned or seek any extension.  There was no one to meet-and-confer regarding the application for an entry of default.  At the same time, Mann's counsel

wrote on September 30, 2022, to the attorneys for all Plaintiffs and for Defendant Michael Hellman, informing of the forthcoming application for an entry of default, proposing to to respond or to call back. No objections or response have been received from counsel for Michael Hellman. The counsel for all 7 Plaintiffs and Defendants in Counterclaim advised the undersigned on October 3, 2022, that they take no position regarding the motions for entries of default.

Dated: October 3, 2022.     Respectfully submitted,

_____/*signed George Lambert*/
George Lambert, Esq.
MA bar #568769
100 Cambridge Street, 14th Floor
Boston, MA 02114
Tel. (617) 925 7500, fax (800) 852 1950
Email: Lawoffice2279@gmail.com
Attorney for Defendant and Plaintiff
in Counterclaim and Third-Party Complaint, Andrei Mann

## CERTIFICATE OF SERVICE

The undersigned certifies that on this day, the foregoing was served via efiling by Pacer on the parties as follows:

Kenneth C. Pickering
Lauren E. Sparks,
Mirick, O'Connell, DeMallie & Lougee LLP
100 Front Street
Worcester MA 01608-1477
Tel. (508) 791-8500
kpickering@mirickoconnell.com
lsparks@mirickoconnell.com
Attorneys for all Plaintiffs;

Sean T. Carnathan
O'Connor, Carnathan and Mack LLC
67 South Bedford Street, #400W
Burlington, MA 01803
781-359-9002, Fax: 781-359-9001
Email: scarnathan@ocmlaw.net
Attorney for Defendant Michael Hellman

Date: October 3, 2022

*/George Lambert/*

George Lambert