IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENYI SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMINETS<br><br>Plaintiffs,<br><br>v.<br><br>ANDREI MANN and MICHAEL HELLMAN<br><br>Defendants. | CIVIL ACTION No. 21cv40068-NMG<br><br>**VERIFIED MOTION OF DEFENDANT AND PLAINTIFF IN COUNTERCLAIM ANDREI MANN**<br><br>**TO QUASH OR MODIFY SUBPOENAS DUCES TECUM SERVED BY PLAINTIFFS AND DEFENDANTS IN COUNTERCLAIM AND FOR PROTECTIVE ORDER** |
| ANDREI MANN<br><br>Plaintiff in Counterclaim<br><br>v.<br><br>PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENYI SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMINETS<br><br>Defendants in Counterclaim | |
| ANDREI MANN<br><br>Third-Party Plaintiff<br><br>v.<br><br>SULEIMAN GUSEINOV, ALEXEY PETROV, and ARSEN KOMUTAEV<br><br>Third-Party Defendants | |

1

**Introduction and Relief Sought.**

Defendant and Plaintiff in Counterclaim and the Third-Party Complaint, Andrei Mann ("Mann"), moves to quash three Subpoenas duce tecum, served all Plaintiffs and Defendants in Counterclaim, Petro Dmitriev, Daria Latour, Yusup Osmanov, Yuri Ryazanov, Arsenyi Shchepin, Georgy Shchepin, and Oleg Sements ("Dmitriev Plaintiffs").

The subject Subpoenas are annexed in Exhibits 1, 2, and 3, directed to Webster Bank in Cheshire, Connecticut, Digital Federal Credit Union, with an office in Marlboro, Massachusetts, and Tatiana Ivanova, resident of Boston, Massachusetts, dated October 4, 7, and 14, 2022, respectively. Then two of those subpoenas were updated by the counsel for the Dmitriev Plaintiffs on October 19, 2022.

Prior to filing the present Motion, the undersigned directed emails and then had a conference on October 14, 2022, pointing to the non-compliance with the requirements and objections. In particular, on the issue of relevancy and request to refer the items of documents to particular paragraphs in the Complaint, the counsel for Dmitriev Plaintiffs failed or declined to do so.

1. **Summary of Points.**

All three subpoenas are defective for several reasons, to wit.

A. Plaintiffs did not comply with the Notice to the parties' requirements under Fed.R.Civ.P. 45(a)(4);

B. Most of the items, as requested, are irrelevant to the present action and represent a "fishing expedition," thus disallowing meaningful meet-and-confer.

C. The predominant part of the items in the Subpoenas seek private information about Mann's and others' financial affairs without referring to, and unrelated to, any claim or defense in the Counterclaim that all seven plaintiffs have pursued.

D. The use of merely the term "plaintiffs" in the Subpoenas, as the parties whose names the subpoenas were issued, does not correspond to the parties' identification standards. That occurred in combination with the access to discovery of financial and other records is unfairly unattributed to any particular party.

E. The requests are not segregated among the plaintiffs; blanket access of all seven parties to financial information, some of whom have nothing to do with the items requested, is unwarranted.

F. The overbroad scope, a quintessential "fishing expedition" of those subpoenas, has rendered them unjustifiably oppressive.

G. In any event, even if any portion of the Subpoenas' scopes would be allowed, the Court should issue a Protective Order concerning any financial records, limiting access to financial records.

**2. The plaintiffs Failed to Comply with the Notice Requirement under Rule 45(b)(4).**

It is established that the purpose of the notice provision is to allow opposing parties the opportunity to object to the Subpoena before compliance. See Fed. R. Civ. P. 45, the drafting committee's note from 2013. Courts are divided about whether notice provided to the other parties simultaneously with the Subpoena service complies with Rule 45(b)(4). See *Fla. Media, Inc. v. World Publ'ns, LLC*, 236 F.R.D. 693, 695 (M.D. Fla. 2006); *Kemper v. Equity Ins. Co.*, No. 15-cv-2961-TCB, 2016 WL 7428215, at *6 (N.D. Ga. Apr. 29, 2016) (discussing different court rulings about when the notice requirement of Rule 45 is satisfied). Mann is unaware of binding

precedents in that regard and needs to argue that proper time should have been allowed for the opposing party to review the proposed Subpoena, where Mann has suffered prejudice.

For purposes of quashing a subpoena, the party who did not receive the timely notice must have suffered some prejudice or harm as a result. See *Vondersaar v. Starbucks Corp.*, No. C 13-80061 SI, 2013 WL 1915746, at *2 (N.D. Cal. May 8, 2013) (lack of notice represented prejudice); *Blaser v. Mt. Carmel Reg'l Med. Ctr., Inc.*, No. 06-2422-JWL, 2007 WL 852641, at *2 (D. Kan. Mar. 21, 2007). As a threshold matter, however, the information sought by a subpoena must fall within the scope of discovery under Rule 26(b)(1). See *Green v. Cosby*, 152 F. Supp. 3d 31, 34 (D. Mass. 2015), modified on reconsideration on other grounds, 160 F. Supp. 3d 431 (D. Mass. 2016) (quoting *In re New England Compounding Pharmacy, Inc. Products Liab. Litig.*, No. MDL 13–2419, 2013 WL 6058483, at *4 (D. Mass. Nov. 13, 2013)).

To be discoverable under that rule, the information sought must be, among other things, "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  The party has the burden of demonstrating the information he seeks through the Subpoena is relevant. *Cf. Caouette v. OfficeMax, Inc.*, 352 F. Supp. 2d 134, 136 (D.N.H. 2005) (citations omitted) ("The party seeking information in discovery over an adversary's objection has the burden of showing its relevance."); see also *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014) ("The subpoenaing party must first show that its requests are relevant to its claims or defenses, within the meaning of Federal Rule of Civil Procedure 26(b)(1)."

**3.  No Names of the Parties Issuing the Subpoenas Should Be Held Impermissible.**

With reference to the front page of the subpoenas, there is an entry as follows: "The name, address, e-mail address, and telephone number of the attorney representing (name a/party)

-----------------------------------------------------, who issues or requests this Subpoena." See Exhibits 1, 2, and 3.

Instead of naming the party, the opposing counsel just entered the word "plaintiffs." That is in direct conflict with the requirement to name the party. It is more than a formality; in this case, it is unclear if the parties purportedly issuing the subpoenas even are aware of that. All that is interwoven with the issue of the opposing law firm's conflict of interest is the issue before this Court. As this Court is aware, the Motion to disqualify has been pending since May 8, 2022, Dkt 42. On the side of Mann, there is a prejudice arising from disclosing private and financial records to all seven plaintiffs, even though most have nothing to do with the documents. The general objection is that such an approach does not comport with the Federal Form AO 88B (Rev. 02/14) and is otherwise improper.

### 4. Other Tests for Justification of Subpoenas or Lack of Justification.

The courts have the inherent power to vacate a subpoena. *U.S. v. International Business Machines Corp.*, S.D.N.Y.1975, 406 F.Supp. 175, motion denied 406 F.Supp. 184. A defendant who feels that items demanded under a subpoena duces tecum are unreasonable is not without a remedy. *Aacon Contracting Co v. Association of Catholic Trade Unionists*, E.D.N.Y.1959, 175 F.Supp. 659.

The court has the inherent power to protect anyone from oppressive process use, even if no oppression is intended. *Hecht v. Pro-Football, Inc*., D.C.D.C.1969, 46 F.R.D. 605.

Even if a subpoena seeks relevant information, a court must modify or quash the Subpoena if it, among other things, "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(a)(iv); see also *In re Pub. Offering PLE Antitrust Litig*., 427 F.3d 49, 53 (1st Cir. 2005) (determining whether a subpoena should be quashed "even though relevant materials or testimony is sought"). "An

evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the information's value to the serving party." *W Holding Co. v. Chartis Ins. Co. of P.R.*, 42 F. Supp. 3d 319, 322 (D.P.R. 2014). The fact that information is sought from a nonparty "is entitled to special weight in evaluating the balance of competing needs." *In re Pub. Offering*, 427 F.3d at 53 (citing *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)).

Rule 26(c) provides that a court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The court may issue such an order only for a good cause, and the party seeking a protective order bears the burden of establishing a good cause. See, e.g., *Autoridad de Carreteras y Transportacion v. Transcore Atl., Inc.*, 319 F.R.D. 422, 437 (D.P.R. 2016)."

Relevant evidence is defined in Federal Rule of Evidence 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.".

During the meet-and-confer with the opposing counsel in writing and over the telephone, Mann's counsel requested to tie the subpoenas to any paragraphs in the Complaint. The opposing counsel ignored that request, enhancing the conclusion that the Subpoenas essentially seek irrelevant information in this action.

**5. Subpoena to Webster Bank.**

The Subpoena to Webster Bank is improper or invalid for the reason that it used the unqualified term "all documents." It missed any time frame and precision of what portions of documents or pages were being sought. The Lake Louise Realty Trust has not been mentioned in the Complaint, and its relevance for this action is objected to as entirely irrelevant. To recite the items in that Subpoena, see below.

"1 *All documents* relating to or consisting of the Lake Louise Realty Trust." (Objection: irrelevant, overbroad, oppressive.  Such an item, representing confidential records wholly unrelated to the plaintiffs' claims, rises, as Mann submits, to abuse the discovery rights by the plaintiffs.)

3. *All communications* with Andrey (and/or Andrei) Mann." (Objection: overbroad).

4. *All documents*, including account statements, concerning Andrey (and/or Andrei) Mann. (Objection: overbroad, irrelevant, oppressive).

As to items 5-6 concerning Michael Hellman ("Hellman"), in Mann's understanding, according to the meet-and-confer initiated by his attorney, Hellman is going to file his own Motion to Quash, and Mann does not undertake to represent Hellman's position.

The version revised by the plaintiff's counsel on October 18, 2022, persisted in the overbroad items:

"1. *All documents* concerning, relating to or consisting of the Lake Louise Realty Trust." (Irrelevant to any claims in this action, overbroad, oppressive, no time frame).

"2. All documents related to any mortgages held on 314 Dartmouth Street, Unit C, Boston, MA 02116, including, but not limited to, Loan No. 4703054331." (Irrelevant to any claims in this action, overbroad, oppressive, no time frame.  Moreover, that bank loan was taken before Mann even got acquainted with nearly all of the plaintiffs. The plaintiffs have nothing to do with Mann's loan/mortgage from a bank on the traditional mortgage financing market created by the banks).

"3. All communications with Andrei Mann."  (Overbroad, no time frame, irrelevant, oppressive).

"4. All documents, including any account statements, concerning Andrei Mann." (Overbroad, no time frame, irrelevant, oppressive).

7

Again, Mann does not comment on the items concerning Hellman, which is his role in addressing those.

The Plaintiffs refer to the definitions in Rule 26.5 of the Local Rules of the U.S. District Court for the District of Massachusetts regarding discovery matters. ("This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.") Accordingly, there is nothing in the Local Rules that would permit "fishing expeditions" of the sort as in the attached subpoenas.

**6. Subpoena to Federal Digital Credit Union Bank**

The Subpoena claims the following items mentioning Mann:

"1. All communications with Bank Otkritie Financial Corporation, including evidence of wire transfers, concerning Andrei Mann." (No time frame, vague, overbroad, oppressive. That bank was not cited in the Complaint).

"2. All communications with Andrei Mann." (No time frame, vague, overbroad, oppressive).

3. "All documents, including account statements, concerning Andrei Mann." (No time frame, vague, overbroad, oppressive).

Mann omits the items concerning Hellman for the same reason interposed above.

The Subpoena's version on October 18, 2022, did not fair better, where only the first item was changed:

"1. All communications between the Digital Federal Credit Union and Bank Otkritie Financial Corporation concerning or relating to Andrei Mann, including evidence of wire transfers." (No time frame, vague, overbroad, oppressive).

**7. Subpoena to Tatiana Ivanova.**

8

The Subpoena served on Tatiana Ivanova ("Ivanova") is particularly overbroad, representing, for the most part, a "fishing expedition" in conflict with Rule 45. The selected items are addressed below:

"1. All documents, financial records, or communications concerning, relating to, or consisting of the Lake Louise Realty Trust." (A typical "fishing expedition" on information and belief, Ivanova had nothing to do with that trust.)

"2. All documents, financial records, or communications concerning, relating to, or consisting of the Silver Lake Realty Trust, including, but not limited to, documents related to your roles as trustee and/or beneficiary." (Likewise, a "fishing expedition").

"3. All documents, financial records, or communications concerning or relating to the 2018 sale of 314 Dartmouth Street, Unit C, Boston, MA, including, but not limited to, any banking or financial records concerning or relating to the disposition of funds from this transaction." (A "fishing expedition" without any evidence that Ivanova had anything to do with that property).

"4. Copies of any communications with the United States federal government, its agencies, departments, or bureaus concerning financial transfers made through business entities with which Andrei Mann is affiliated."  (A "fishing expedition," without any evidence as though such records have ever existed).

"5. All communications, including text messages, emails, and written correspondence with Andrei Mann relating to or concerning:

"a. Finances, bank accounts, or wire transfers" (Overbroad, oppressive, irrelevant);

"b. Bank Otkritie Financial Corporation;" (A "fishing expedition" without showing the witness has any involvement in that bank).

9

"c. The Lake Louise Realty Trust"; (A "fishing expedition" without evidence of the witness's involvement.)

"d. The Silver Lake Realty Trust"; (Same as above, a "fighting expedition");

e. The Plaintiffs, Petr Dmitriev, Daria Latour, Yusup Osmanov, Yuri Ryazanov, Arseniy Shchepin, Georgy Shchepin, and Oleg Sements, individually or collectively" (Same as above, a "fishing expedition" without foundation).

f. This lawsuit (1:21-cv-40068-NMG);

"g. Michael Hellman" (skipped);

h. Mikhail Mann; (Same as above, a "fishing expedition," oppressive).

1. Igor Gurinovich; (No time frame, overbroad).

J. Robert Porter; (No time frame, overbroad).

k. 000 S-Info; (No time frame, overbroad).

l. Integrated Information Technologies Prosveschenie; (No time frame, overbroad, irrelevant).

m. Marlborough 126 LLC; (Irrelevant, overbroad, no time frame).

n. SCI Maniv; (Irrelevant, overbroad).

o. Anrion Corp.; (A "fishing expedition," Mann is aware that Ivanova had nothing to do with that corporation).

p. Callisto Media Corporation; (Overbroad, no time frame).

q. Alnitak Enterprises, LLC; (A "fishing expedition," a company not mentioned in the Complaint).

r. Leona Corporation; (A "fishing expedition," a corporation not mentioned in the Complaint);

    s. Unicont Enterprises, Inc.; (A "fishing expedition," a corporation not mentioned in the Complaint);

    t. Viawest Publishing, Inc.; (A "fishing expedition," a corporation not mentioned in the Complaint);

    u. 4A, LLC; (A "fishing expedition," a company not mentioned in the Complaint).

    v. Bellatrix Enterprises, LCC; (Same as above).

    w. laraboot Limited; (Same as above).

    x. Amazon Construction LLC; (Overbroad, irrelevant, oppressive).

    y. Real estate owned by Andrei Mann or owned by someone on his behalf; (Irrelevant, oppressive, overbroad).

    z. 126 Marlborough Street in Boston, MA; (Irrelevant).

    aa. 314 Dartmouth Street, Unit C, Boston, MA; and (Irrelevant).

    bb. 537 Boylston Street, Unit 1-3, Brookline, MA. (Irrelevant).

    6. *All documents*, including account statements, concerning monetary transfers made to you by Andrei Mann or someone acting on his behalf or for his benefit. (Again, overbroad, as evidenced by the word "all," no time frame, irrelevant, oppressive).

    7. *All documents*, including account statements, concerning monetary transfers made by you to Andrei Mann to someone acting on his behalf or otherwise made for his benefit. (Again, overbroad, as evidenced by the word "all," no time frame, irrelevant, oppressive).

    8. *Any* invoices, receipts, or bank statements concerning any transfers of real or personal property conveyed to you by Andrei Mann or someone acting on his behalf. (Again, overbroad, as evidenced by the word "all," no time frame, irrelevant, oppressive).

9. All documents and communications you have received from Concilium Gestion Projets. (Irrelevant).

10. Any journal, calendar, or planner entries relating to or concerning any meetings, appointments, or dates you had and/or attended with Andrei Mann. (Irrelevant, no time frame).

The Subpoena portion concerning Hellman is omitted for the same reason cited above.

Furthermore, Ivanova is a defendant in the case *Anrion Corp. et al. v. Tatiana Ivanova et al.*, in this Court, case 1:22-cv-11272. The allegations pleaded therein show that Ivanova has nothing to do with transactions with any of the seven plaintiffs here, demonstrating that the Subpoena served on Ivanova is little more than a "fishing expedition."

**8. In Any Event, Protective Order Is Necessary for Any Items Allowed.**

Should any of the items in the subpoenas be allowed, it follows that all seven parties the same law firm represents will have access to all documents. Even if such records have nothing to do with, say, 6 out of 7 parties, they will still have access to private and confidential information to which only one of those would be possibly entitled if the relief of quashing is denied in any respect.

It is paramount that all financial records be available only to the particular party, the allegations in whose name in the Complaint have something to do with those. A bulk disclosure of financial and private information and records to all seven is improper, just because the same law firm represents those (whose disqualification is before the Court upon the motion duly filed and objection under Rule 72 in the record).

In real life, plaintiffs seek discovery that they will use in Russia in one way or another. This Court should make no mistake here. In Russia, American citizens are considered nationals of a hostile country. No objectivity regarding American citizens can be expected in Russian

Courts. For the most part, the discovery under the subpoenas here was tailored as a "fishing expedition" and will undoubtedly be used in the Russian courts with ulterior purposes. That is particularly prejudicial to Mann, where the Russian courts generally do not allow discovery comparable to Rules 26-37.

Furthermore, plaintiffs have been attempting to spin out a criminal case against Mann in Russia or instead revive it. On information and belief, the Russian investigator has archived that criminal case. The plaintiffs have been attempting to spin that case without a perspective. These parties will use any opportunity of using documents obtained through a civil case in a foreign country's criminal case or cases. That tool is simple: "new circumstances" discovered. Even though nothing substantive, an investigator must issue a decision to reopen the criminal case. But that is not the purpose of Rules 26-37, to allow discovery by foreign parties, bypassing the bilateral MLATs (Mutual Legal Assistance Treaties). Russia is a party to the Treaty with the U.S. on Mutual Legal Assistance in Criminal Matters, Senate document 106-22, from 1999. If the plaintiffs persist in seeking evidence, they must apply with Russian law enforcement to issue a letter rogatory with a concrete set of the requested documents' items and categories. On information and belief, the plaintiffs have no chance to get a letter rogatory but seek to misuse discovery in a civil case for the same purpose of abusing the process in Russia.

To the extent allowed under the Subpoenas, the documents could be disclosed only for the "attorney's eyes" as a possible solution. In each instance, when the opposing counsel wishes to disclose those to a particular party they represent. The opposing counsel should be required to communicate with Mann's counsel for a stipulation. If a stipulation becomes not feasible, the opposing law firm should file a motion for leave to disclose to a particular party, showing necessity. It is noteworthy to mention that once records are disclosed to one party, there is no

possibility to control or enforce an obligation of a private party not to share such documents with any of the other six parties or with anybody else in Russia.

## Conclusion.

The Motion should be granted in full or, at least, in part. If any items are allowed, in any event, the Court should order the plaintiffs' counsel to treat the documents obtained as for "attorney's eyes" only, rebuttable upon showing a good cause to disclose those in Russia.

### CERTIFICATION UNDER LOCAL RULE 7.1(a)(2)

The undersigned certifies that Mann's counsel had, on October 14, 2022, a meet-and-confer conference with the attorneys for all Plaintiffs and Defendants in Counterclaim and Michael Hellman at the latter's initiative. Most or all of the above points of objection were articulated in the course of that conference. The counsel for all Plaintiffs and Defendants in Counterclaims have declined to withdraw or amend the subject subpoenas.

Date: October 27, 2022.     Respectfully submitted,

_____/*signed George Lambert*/
George Lambert, Esq.
MA bar #568769
100 Cambridge Street, 14th Floor
Boston, MA 02114
Tel. (617) 925 7500, fax (800) 852 1950
Email: Lawoffice2279@gmail.com
Attorney for Defendant and Plaintiff
in Counterclaim Andrei Mann

## VERIFICATION

I, ANDREI MANN, a party in the present action, state and declare, under the penalties of perjury under the laws of the United States, that to the best of my knowledge, the factual allegations stated above in the Motion are true and correct.

*[signature: Andrei Mann]*

Andrei Mann,

Date: October 25, 2022

## CERTIFICATE OF SERVICE

The undersigned certifies that on this day, October 27, 2022, the foregoing Motion was served via efiling by Pacer on the parties as follows:

Kenneth C. Pickering
Lauren E. Sparks,
Mirick, O'Connell, DeMallie & Lougee LLP
100 Front Street
Worcester MA 01608-1477
Tel. (508) 791-8500
kpickering@mirickoconnell.com
lsparks@mirickoconnell.com
Attorneys for all Plaintiffs;

Sean T. Carnathan
O'Connor, Carnathan and Mack LLC
67 South Bedford Street, #400W
Burlington, MA 01803
781-359-9002, Fax: 781-359-9001
Email: scarnathan@ocmlaw.net
Attorney for Defendant Michael Hellman

Date: October 27, 2022

                                          */George Lambert/*
                                          _____
                                          George Lambert