IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENYI SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMENETS<br><br>    Plaintiffs,<br><br>    v.<br><br>ANDREI MANN and MICHAEL HELLMAN<br><br>    Defendants. | CIVIL ACTION No. 21cv40068-NMG<br><br>**ATTORNEY'S MOTION TO WITHDRAW FROM REPRESENTATIION OF DEFENDANT, PLAINTIFF IN COUNTERCLAIM ANDREI MANN** |
| ANDREI MANN<br><br>    Plaintiff in Counterclaim<br><br>    v.<br><br>PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENYI SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMINETS<br><br>    Defendants in Counterclaim | |
| ANDREI MANN<br><br>    Plaintiff<br><br>    v.<br><br>SULEIMAN GUSEINOV, ALEXEI PETROV, and ARSEN KOMUTAEV<br><br>    Third-Party Defendants | |

1

George Lambert ("Lambert"), attorney admitted in this Court, currently representing in this action Defendant and Plaintiff in Counterclaim Andrei Mann, respectfully moves this honorable Court to allow withdrawal from representing that party. In support of his Motion, Lambert shows the following.

The Rules of Professional of the Massachusetts Bar, namely Rule 1:16, 'Declining or terminating representation,' control an attorney's right to file a motion to withdraw. That Rule's relevant part states as follows: "(b) (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists."

In this matter, the reasons for a withdrawal applicable here are (5), (6), and (7).  Without impinging on the attorney-client privilege or disclosing the clients' confidences, the undersigned respectfully cites that the clients "failed substantially to fulfill their financial obligations under the retainer agreement. The client's chronic failure to pay or their underpayment having been taking place for over ten months. The attorney's work remuneration has been becoming, instead of full contracted payment, close to none, to which the attorney never agreed.

Consequently, representing the said client has become an unreasonable financial burden to the undersigned attorney. The undersigned has had to decline other cases where clients pay legal fees. The clients have made numerous promises to make payments, in writing, and orally, which promises were then mostly dishonored.

On various occasions, the attorney requested the clients to find another attorney to replace the undersigned.  That included the current client's son, who is an attorney.  The client

have declined these reasonable requests, instead taking a position that an attorney needs to work even without regular payments or without payments at all as long as that attorney started to represent the client at some point. Such a position is not supported in the law and is untenable. On multiple occasions, the undersigned expressed his own position that he had exhausted his ability to represent anyone pro bono or failing to pay per invoices and has no choice but to work for clients who pay the legal fees, given the undersigned' necessity to provide for his family with three minor children.

There is no prejudice and nothing is new to the client who was fully aware of the undersigned's intention to move to withdraw. If the client wished, he could have retained another attorney to replace the undersigned a number of months ago.

Regarding a withdrawal caused by clients' failure to pay fees and related reasons, see *Hammond v. T.J. Litle & Co.*, 809 F.Supp. 156, 161 (D.Mass.1992), quoting from N.Y. St. B.A. Comm. on Prof. Ethics, Op. 598 (Feb 1, 1989), reprinted in Nat'l Rep. Legal Ethics (Univ.Pub.Am.), NY: Opinions: 21 (1989). See *Hasbro, Inc. v. Serafino*, 966 F.Supp. 108, 110 (D.Mass.1997). The bar association committee suggests that a court may also take into account: "(1) the amount of work performed and paid for in comparison with the work remaining, (2) fees paid to date, and (3) the likely effect on the client." *Hammond v. T.J. Litle & Co.*, supra. A judge may also consider the interest of the Court as "[an] attorney who agrees to represent a client in a court proceeding assumes a responsibility to the court as well as to the client." Id. at 159.

Accordingly, there are all reasons to grant the Motion and allow the undersigned's withdrawal.

The undersigned asserts a charging lien herewith pursuant to Mass. G.L. Chapter 221, Section 50, and any other applicable lien without limitation, for the attorney's unpaid reasonable fees in this action.

The present Motion should be granted.

Date: July 29, 2023.    Respectfully submitted,

                                                        _____/*signed George Lambert*/
George Lambert, Esq.
MA bar #568769
100 Cambridge Street, 14th Floor
Boston, MA 02114
Tel. (617) 925 7500, fax (800) 852 1950
Email: Lawoffice2279@gmail.com
Attorney for Defendant and Plaintiff
in Counterclaim and Third-Party Complaint, Andrei Mann

## CERTIFICATE OF SERVICE

The undersigned certifies that on this day, the foregoing was served via email or mail, directed to the parties as follows:

Andrei Mann
By email and mail: 670 Pacific St Apt 401, Brooklyn, NY 11217

Kenneth C. Pickering
Lauren E. Sparks,
Mirick, O'Connell, DeMallie & Lougee LLP
100 Front Street
Worcester MA 01608-1477
Tel. (508) 791-8500
kpickering@mirickoconnell.com
lsparks@mirickoconnell.com
Attorneys for all Plaintiffs and Defendants in Counterclaim

Sean T. Carnathan
O'Connor, Carnathan, and Mack LLC
67 South Bedford Street, #400W
Burlington, MA 01803
781-359-9002, Fax: 781-359-9001
Email: scarnathan@ocmlaw.net
Attorney for Defendant Michael Hellman

Date: July 29, 2022

*/George Lambert/*
_____
George Lambert