UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENIY SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMENETS,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREI MANN and MICHAEL HELLMAN,<br><br>Defendants. | Civ. Action No.<br>1:21-CV-40068-NMG |

## ORDER

**LEVENSON, U.S.M.J.**

Defendant Andrei Mann ("Mann") has moved to compel Plaintiffs Petr Dmitriev, Daria Latour, Yusup Osmanov, Yuri Ryazanov, Arseniy Shchepin, Georgy Shchepin, and Oleg Semenets ("Plaintiffs") to appear for in-person depositions.[1] Docket No. 110. Plaintiffs have filed an opposition to Mann's motion to compel. Docket No. 112. Mann filed a reply to Plaintiffs' opposition. Docket No. 119.

Judge Gorton has referred the matter to me for pretrial proceedings. Docket No. 69. On November 3, 2023, I held a hearing and requested additional briefing from Plaintiffs concerning the legality of remote depositions in the countries where the individual plaintiffs reside (Russia, Turkey, and Israel). Docket No. 116. Plaintiffs filed a brief which outlined that depositions,

---

[1] Plaintiffs Yusup Osmanov, Oleg Semenets, Daria Latour, Arseniy Schepin, and Georgy Shchepin are Russian citizens who reside in Russia. *See* Docket No. 112, at 1. Plaintiff Yuri Ryazanov is a Russian citizen who resides in Turkey and is applying for Turkish citizenship. *See id.* at 3. Plaintiff Petr Dmitriev is a Russian citizen who resides in Israel. *See id.* at 3–4.

including video-conference depositions, are permitted in Turkey and Israel, but not in Russia.[2] Docket No. 120. Plaintiffs further note that depositions, including video-conference depositions, are permitted in Kazakhstan, a country which Russian passport holders may visit without a tourist visa for up to 90 days.[3] *See id*. at 3–4.

Fed. R. Civ. P. 30(a) instructs that Mann may depose any party, except in circumstances not at issue here. *See* Fed. R. Civ. P. 30(a)(1). At the hearing, Plaintiffs represented that Mann has not served any of the plaintiffs with a written notice for deposition, as required under Fed.

---

[2] The United States recognizes Turkey and Israel as parties to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters. *See* Docket No. 120, at 2–3; *see also* U.S. Department of State, Bureau of Consular Affairs, Judicial Assistance Country Information, Israel, the West Bank and Gaza, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-CountryInformation/Israel.html (last visited November 16, 2023); U.S. Department of State, Bureau of Consular Affairs, Judicial Assistance Country Information, Republic of Turkey, https://travel.state.gov/content/travel/en/legal/JudicialAssistance-Country-Information/Turkey.html (last visited November 16, 2023).

The United States does not recognize Russia as a party to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters. *See* Docket No. 120, at 1; *see also* U.S. Department of State, Bureau of Consular Affairs, Judicial Assistance Country Information, Russian Federation, https://travel.state.gov/content/travel/en/legal/Judicial- 2 Assistance-Country-Information/RussianFederation.html (last visited November 16, 2023) ("The United States has not accepted the Russian Federation's accession to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters because the Russian Federation did not name a central authority at the time of its accession, and did not make any specific declarations or reservations regarding methods of obtaining evidence."); *Phoenix Process Equip. Co. v. Capital Equip. & Trading Corp*., 2019 WL 1261352, at *10 (W.D. Ky. Mar. 19, 2019) ("Because [a]n accession is effective only between the acceding country and those contracting states that have accepted the accession, the United States and Russia are not treaty partners in the Hague Evidence Convention.").

[3] It is unclear whether the United States recognizes Kazakhstan as a party to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters. *See* U.S. Department of State, Bureau of Consular Affairs, Judicial Assistance Country Information, Kazakhstan, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Kazakhstan.html (last visited November 16, 2023). However, Plaintiffs represent that depositions may be taken in Kazakhstan. *See* Docket No. 120, at 3 ("There are no restrictions or special formalities for the taking a foreign deposition in Kazakhstan.").

R. Civ. P. 30(b). I noted that such notice may be served on Plaintiffs' counsel, but that until notice was issued, with an ensuing failure to appear, there would be no basis for a motion to compel deposition through enforcement of a subpoena under Fed. R. Civ. P. 45. Accordingly, it appears that Mann's motion to compel is not currently ripe for decision.

The discovery deadline in this case is December 28, 2023. *See* Docket Nos. 107, 108. There is still time for Mann to serve written notices of deposition and, if need be, subpoenas for testimony of the individual plaintiffs, particularly if Plaintiffs' counsel accepts service. In the event Mann still seeks in-person depositions of the individual plaintiffs, it is likely that Plaintiffs will move to quash. To minimize duplicative briefing, and to assist the parties in finding mutually acceptable arrangements for completing discovery in this case, I will outline my provisional view, which is based the submissions currently before me, that compelling in-person depositions under Fed. R. Civ. P. 45 would be inappropriate.

Fed. R. Civ. P. 30 provides that parties may stipulate – or a court may order – that a deposition be taken remotely, although the presumption is that depositions will be taken in-person. *See* Fed. R. Civ. P. 30(b)(4). The costs of witness attendance typically fall on the party seeking the testimony. *See* Fed. R. Civ. P. 45(b)(1). Where parties are far away, moreover, Fed. R. Civ. P. 45 requires that the party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

In this case, the individual plaintiffs have presented sworn statements to the effect that in-person depositions of the individual plaintiffs would entail very substantial burdens, as a result of significant limitations and restrictions on foreign travel for each of the individual plaintiffs, and as a result of the financial hardships that several of the individual plaintiffs would

face (if travel is at all practicable). *See* Docket No. 112-1 (attesting to plaintiff Yusup Osmanov's loss of funds and difficulty obtaining a visa from Russia to the United States); Docket No. 112-2 (attesting to plaintiff Oleg Semenets' lack of available currency and difficulty obtaining a visa from Russia to the United States); Docket No. 112-3 (attesting to plaintiffs Daria Latour's, Arseniy Shchepin's, and Georgy Shchepin's loss of funds and difficulty obtaining a visa from Russia to the United States); Docket No. 112-4 (attesting to plaintiff Yuri Ryazanov's loss of funds and restrictions on exiting Turkey while applying for Turkish citizenship); Docket No. 112-5 (attesting to plaintiff Petr Dmitriev's loss of income).

Plaintiffs have represented that each of them is willing to submit to remote deposition, and that such depositions could be lawfully conducted remotely by videoconference in Turkey, Israel, and Kazakhstan. On its face, this proposal appears reasonably to balance Mann's right to depose the parties with Plaintiffs' right to protection from undue burden and expense. As a practical matter, if Plaintiffs' counsel will agree to accept service (or waive service), Plaintiffs' proposal may afford Mann considerably greater opportunities to obtain testimony than would the formal procedure under Fed. R. Civ. P. 45(c)(1), which requires that depositions take place within 100 miles of the deponents' residences or places of business, or (for parties) in the same state.

As a matter of case management, it is apparent that attempting to require the individual plaintiffs to appear for in-person depositions in the United States would entail significant delays in order to obtain appropriate visas and find workable travel arrangements.[4]

---

[4] Nothing in this provisional ruling regarding discovery is intended to prejudge future questions that may arise regarding the need for in-person testimony in the event of a trial on the merits.

For the reasons set forth above, Mann's Motion to Compel (Docket No. 110) is DENIED WITHOUT PREJUDICE.

I anticipate that the parties will able about to work out mutually acceptable arrangements and I have outlined my provisional views on this matter in order to help guide such efforts.

In the event Mann serves written notices of deposition on the individual plaintiffs, and the parties are unable to agree concerning the logistics for taking those depositions, Mann may move for leave[5] to file a renewed motion to compel. [6]

November 17, 2023

SO ORDERED,

/s/   Paul G. Levenson
PAUL G. LEVENSON
UNITED STATES MAGISTRATE JUDGE

---

[5] I note that a motion for leave would be required, since the relevant deadline has passed. *See* Docket No. 108 (extending deadline for motions to compel to October 13, 2023).

[6] The parties are advised that under Rule 72(a) of the Federal Rules of Civil Procedure and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within fourteen (14) days of being served a copy of this order, unless a different time is prescribed by the magistrate judge or the district judge. *See* Fed. R. Civ. P. 72(a). Such objections must specifically designate the order, or part, to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964-65 (1st Cir. 1997).