UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENIY SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMENETS,

    *Plaintiffs,*

v.

ANDREI MANN,

    *Defendant.*

No. 21-cv-40068-NMG

## ORDER

LEVENSON, U.S.M.J.

    Treating Defendant Andrei Mann's ("Mann") Reply Brief (Docket No. 137) as a Motion for Reconsideration, such reconsideration is DENIED for the reasons set forth in Docket No. 121.[1]

    The Court makes no finding with respect to the parties' differing representations regarding the precise degree of burden associated with requiring Plaintiffs to travel to the United States (even presuming that such travel would be at Mann's expense).

    As previously noted, Plaintiffs' proposal affords Mann considerably greater opportunities to obtain testimony than would the formal procedure under Fed. R. Civ. P. 45(c)(1), which

---

[1] For greater context of this motion practice, my Order (Docket No. 121) denied Mann's original Motion to Compel in-person deposition of the individual plaintiffs (Docket No. 110). The Reply Brief at issue here was filed in support of Mann's Renewed Motion to Compel in-person deposition of the individual plaintiffs (Docket No. 128), which I denied in a subsequent Order (Docket No. 130).

requires that depositions take place within 100 miles of the deponents' residences or places of business, or (for parties) in the same state.[2]

                                    SO ORDERED,

                                    /s/ Paul G. Levenson
                                    Paul G. Levenson
Dated: January 16, 2024            U.S. MAGISTRATE JUDGE

---

[2] The parties are advised that under Rule 72(a) of the Federal Rules of Civil Procedure and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within fourteen days of being served a copy of this order, unless a different time is prescribed by the magistrate judge or the district judge. *See* Fed. R. Civ. P. 72(a). Such objections must specifically designate the order, or part, to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964–65 (1st Cir. 1997).