IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENYI SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMINETS<br><br>Plaintiffs,<br><br>v.<br><br>ANDREI MANN<br><br>Defendant.<br><br>---<br><br>ANDREI MANN<br><br>Plaintiff in Counterclaim<br><br>v.<br><br>PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENYI SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMINETS<br><br>Defendants in counterclaim | CIVIL ACTION No. 21cv40068-NMG<br><br>**RULE 72(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND RULES 2(b), (c) OF THE RULES FOR UNITED STATES MAGISTRATE JUDGES IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS** |

## MOTION OF DEFENDANT AND PLAINTIFF IN COUNTERCLAIM ANDREI MANN TO REVIEW THE ORDER #138, 01/17/2024.

Defendant and Plaintiff in Counterclaims Andrei Mann ('Mann") respectfully files his Motion to Review The Order #138, 01/17/2024 in which The Court "ORDER: Treating Defendant Andrei Manns reply brief [ECF 137] as a motion for reconsideration, such reconsideration is DENIED." The Court denies review of REPLY #137 "for the reasons set forth in Case #121."

The Honorable Magistrate Judge Paul J. Levenson explains that "For greater context of this motion practice,

1

my Order (Docket # 121) denied Mann's original Motion to Compel in-person deposition of the individual plaintiffs (Docket #110). (**Exhibit 2**). The Reply Brief at issue here was filed in support of Mann's Renewed Motion to Compel in-person deposition of the individual plaintiffs (Docket #128), which I denied in a subsequent Order (Docket #130)".

REPLY #137 is one of the Mann's MOTIONS TO COMPLETE IN-PERSON DEPOSITIONS of the plaintiffs. In particular, his "MOTION TO COMPEL IN-PERSON DEPOSITIONS, DATED DECEMBER 11, 2023, #128".

The purpose of filing this MOTION OF DEFENDANT AND PLAINTIFF IN COUNTERCLAIM ANDREI MANN TO REVIEW THE ORDER #138, 01/17/2024" and to compel plaintiffs to testify in person in the United States.

## I BACKGROUND

1. 01/02/24 The Court did not allow Mann TO FILE REPLY TO "PLANTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL".
2. Previously, 12/26/2023 The Court issued order #130: "Magistrate Judge Paul G. Levenson: ELECTRONIC ORDER entered Electronic Order: The Court denies Defendant Mann's renewed motion to compel in-person deposition 128(**Exhibit 3**) for the reasons identified in the Court's order denying Defendant Mann's original motion to compel in-person deposition 121(**Exhibit 7**). Plaintiffs have represented that each of them is willing to submit to remote deposition, and that such depositions could be lawfully conducted remotely by videoconference in Turkey, Israel, and Kazakhstan. See Docket Nos. 112(**Exhibit 4**), 129(**Exhibit 8**). On its face, this proposal appears reasonably to balance Manns right to depose the parties with Plaintiffs right to protection from undue burden and expense under the Fed. R. Civ. P. 45(d)(1). The Court ORDERS the individual plaintiffs to appear for deposition by videoconference in a manner that accords with the Federal Rules of Civil Procedure and the Local Rules.
The Court ORDERS the parties to submit a joint motion to amend the scheduling order, to account for appropriate time to take the depositions.
3. According to RULE 72(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND RULES 2(b), (c) OF THE RULES FOR UNITED STATES MAGISTRATE JUDGES IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS, Mann filed a "MOTION of Defendant and Plaintiff in Counterclaim Andrei Mann to Review the Order #130, 12/2/2023." (Entered: 05/01/2024), #133(**Exhibit 9**).
4. On 01/08/24 the court informed Mann via email that "The Court granted leave to file the reply..." Thus, the court changed its decision dated 01/02/24 that "The Court did not allow Mann TO FILE REPLY TO "PLANTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL.
5. "01/12/24 under #137 was registered "REPLY of Defendant and Plaintiff in Counterclaim Andrei

2

Mann to "Plaintiffs' Opposition to Defendant's Motion to Compel", Dated December 22, 2023".(Exhibit 6)

6. On 01/17/24 the judge issued order number 138: "Magistrate Judge Paul G. Levenson: ORDER entered. ORDER: Treating Defendant Andrei Manns reply brief [ECF 137] as a motion for reconsideration, such reconsideration is DENIED."( Exhibit 1)

II Objections To The Order

In Reply #137, Mann made compelling arguments about the need for personal interviews with the plaintiffs.

The respected court ignored these arguments of Mann, without giving them an assessment.

Here are some of them.

1. In Order #138, as well as in its previous decisions, which the court refers to, it relies on the plaintiffs' allegations of 1) "undue burdens and expenses" if they come to the United States, and 2) "difficulties in obtaining a U.S. visa." . Both of these plaintiffs' allegations are only partially true, as Mann explained in his The Reply #137.

At the same time, Mann believes that his arguments about the need for the plaintiffs' personal participation in testifying in the United States were not considered by the court. Thus, the respected court did not take into account Mann's arguments, including the impossibility of conducting a qualitative interview of the plaintiffs online in a third country.

Mann objects to testifying remotely via video conference in Turkey, Israel and Kazakhstan because he believes such a proposal would significantly limit his ability to defend himself.

It is Mann's firm belief that this proposal cannot be construed as "reasonably balancing Mann's right to depose the parties against plaintiffs' right to relief from undue burden and expense under Section 45(d)(1) of the Federal Reserve Code." "

In fact, such a proposal deals a serious blow to his right to defense.

2. Mann strongly disagrees with the court's assertion that "Plaintiffs' proposal affords Mann considerably greater opportunities to obtain testimony than would the formal procedure under Fed. R. Civ. P. 45(c)(1), which requires that depositions take place within 100 miles of the deponents' residences or places of business, or (for parties) in the same state".

Unfortunately, the respected court does not provide any arguments explaining why Mann the case of an absentee interview appear "greater opportunities to obtain testimony than in a formal procedure."

Mann believes that the opposite is true: long-distance interviews do not allow for quality interviews with plaintiffs.

Mann understands the meaning well and fully supports : "requires that deposits take place within 100 miles of the depositors' residences or places of business, or (for parties) in the same state".(Fed. R. Civ. P. 45(c)(1).

3. Since during written interrogations under the rules of Fed.R.Civ.P. 33, 34 many facts or requests for documents were ignored by plaintiffs and defendants in counterclaims, Mann regarded personal interviews of plaintiffs as the only opportunity to obtain the necessary (important) information during

3

Discover. Therefore, Motion To Compel plaintiffs and defendants in counterclaims to personal (not online) disclosure of information refers to factors of a decisive nature (dispositive matter) for Mann. This was also mentioned in Reply No. 137, but the court ignored Mann's argument and did not comment on it in any way.

    4. The defendant and plaintiff in the counterclaim ANDREY MANN in Replay #137 fully confirmed his position and arguments set out earlier in the Motion to Compel in-person deposition of the individual plaintiffs , DECEMBER 11, 2023, #128.

The respected court also did not evaluate these arguments.

These arguments convincingly demonstrate that plaintiffs' participation in deposition in Massachusetts is not illogical or unduly burdensome. These arguments are based to plaintiffs' prior
statements of their willingness to incur significant costs if the case were prosecuted in Massachusetts and their current willingness to incur significant costs if interviewed from a third country, as well as the complex nature of the alleged fraud and theft of funds. , falsification of documents, etc., as well as facts of intimidation and threats (RICO) of Mann on the part of the plaintiffs, the need to study numerous documents in Russian together with a translator, and other arguments of Mann.

    5. Of particular concern is the fact that the plaintiffs continue to rely on their false testimony given under oath: " Plaintiffs incorporate their Opposition (filed on October 27, 2023, Dkt. #112), to Defendant's previous Motion to Compel." (see footnote on page 1). At the same time, they never refuted Mann's assertions that "their testimony regarding a number of specific statements is false."

Essentially, plaintiffs, without refuting Mann's allegations of perjury under oath, continue to assert their false testimony.

At the same time, the court did not evaluate the specified facts, which, in Mann's opinion, indicate that plaintiffs, had given false testimony under oath.

## III CONCLUSION

   Recognizing the possible inconvenience caused to the plaintiffs associated with personal interviews in the United States, DEFENDANT AND PLAINTIFF IN COUNTERCLAIM ANDREI MANN asks the Honorable Court to Review The Order #138, 01/17/2024 and consider Mann's objections, which are set out in this document, as well as return to consideration of the arguments previously presented to the Court in "Motion to Compel in-person deposition #128", "Motion to Compel in-person deposition #121", examine them on their merits and to compel plaintiffs to testify in person in the United States.

Date: January 29, 2024

/Andrei Mann /
_____
Andrei Mann

## CERTIFICATE OF SERVICE

  The undersigned certifies that on this day, January 29, 2024, the foregoing Motion was served on the parties as follows:

Kenneth C. Pickering,
Mirick, O'Connell, DeMallie & Lougee LLP
100 Front Street
Worcester MA 01608-1477
Tel. (508) 791-8500
kpickering@mirickoconnell.com
Attorney for all Plaintiffs;

Date: January 29, 2024

/Andrei Mann /
_____
Andrei Mann