Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENYI SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMINETS<br><br>Plaintiffs,<br><br>v.<br><br>ANDREI MANN<br><br>Defendant.<br><br>ANDREI MANN<br><br>Plaintiff in Counterclaim<br><br>v.<br><br>PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENYI SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMINETS<br><br>Defendants in counterclaim | CIVIL ACTION No. 21cv40068-NMG<br><br>MOTION OF DEFENDANT AND PLAINTIFF IN COUNTERCLAIM ANDREI MANN TO |

Defendant and Plaintiff in Counterclaim Andrei Mann ("Mann") respectfully files his Motion to Compel *Pro Se*.

1. Conditions must be equal. I will be answering plaintiffs' counsel's questions in person in Boston, Massachusetts. The plaintiffs insist on this. I believe it is fair for the plaintiffs to also respond to my questions in person in Massachusetts.

1

ex-11

I especially want to note that I understand that, strictly speaking, the plaintiffs' refusal to personally attend the MA discovery, about which I corresponded with plaintiff's attorney, does not change my obligations under the law.

But at the same time, in correspondence with plaintiff's attorney, we discussed both of these issues as related to each other: my personal participation in the disclosure of information and the personal participation of the plaintiffs in the disclosure of information. We did not come to an Agreement, so we asked the judge to extend discovery.

2. Plaintiffs present their facts under oath (as do I). While on the territory of the Russian Federation, they, being citizens of Russia, are not responsible for giving false testimony. It is noted that the Russian Federation is a state that, in its law, has legally assigned to the United States of America the status of an "unfriendly state" with all the legal consequences arising from these decisions.

The matter becomes meaningless; accusing the plaintiffs of "false testimony", if necessary, does not entail any consequences for the plaintiffs. A US court will not be able to prosecute Russian citizens on Russian territory. More precisely: the decision of the US court will not be implemented on Russian territory. As is known, Russia does not recognize US court decisions.

The plaintiffs also referred to this, explaining their desire to conduct an investigation specifically in the United States (see PLAINTIFFS' OPPOSITION TO DEFENDANT ANDREI MANN'S MOTION TO DISMISS pages 17-18):

> "*Massachusetts Does Not Recognize Russian Federation Judicial Decisions* As Mann acknowledges in his brief, "Massachusetts does not recognize foreign country judgments without reciprocity." Mann's Memo. at 8. Russia does not recognize foreign judgments unless an international treaty has been signed between Russia and the judgment rendering country. See Russian Arbitral Procedure Code, Article 241; Russian Code of Civil Procedure, Article 409. Russia does not have a treaty or other agreement concerning the recognition and enforcement of foreign judgments stemming from the United States, or for that matter Massachusetts. As such, Massachusetts does not recognize Russian Federation judicial decisions and this Court cannot rely on such decisions for the purposes of collateral estoppel. Further, the Russian bankruptcy action- which is

*proceeding with Mann in abstentia due to his fugitive status - is ongoing and therefore is not a final judgment on the merits as required for collateral estoppel."*

3. There is already a precedent in this case, namely: co-defendant Hellman M. insisted that the plaintiffs testify in person. I believe that the rights of all parties should be respected equally - my former co-defendant, my rights and the rights of the plaintiffs.

4. I would also like to refer to the earlier submission of the plaintiffs. When M. Hellman and I filed a motion to dismiss the case against us, one of the plaintiffs' arguments for dismissal of our motion was that the plaintiffs wanted to litigate here in the United States and were "deliberately going to great expense." They assured the court that they were ready to come to the United States in person and bring to the United States all the necessary witnesses from Russia. See PLAINTIFFS' OPPOSITION TO DEFENDANT ANDREI MANN'S MOTION TO DISMISS Pages 13-14:

> *"Russia would be a less burdensome forum for the plaintiffs if it offered a plausible route to relief, but it does not given Mann's fugitive status. The plaintiffs have chosen to waive any inconvenience or burden by filing suit in the U.S. To the extent that the plaintiffs determine that there are witnesses located in Russia that will help support their case, the plaintiffs will have to contend with how to arrange for those witnesses to testify in the U.S. at a trial of this matter. The risk that such witnesses will not testify due to inconvenience is one that is born solely by the plaintiffs as the parties with the burden of proof. Mann has named no potential witnesses in Russia that he would seek to call in his defense of this matter. The burden of traveling to Russia for any U.S.-based witnesses, including Mann and Hellman themselves, lawyers and trustees at Choate, and individuals affiliated with S-Info' s Boston location, would be substantial if not wholly insurmountable. In sum, the plaintiffs accept that a Massachusetts forum may not be convenient for them or some of their witnesses, but they initiated this litigation and are willing to submit to this burden. The U.S. District Court is the only forum with jurisdiction over both Hellman and Mann - particularly where Mann is a fugitive from Russian authorities."*

5. I firmly believe that the plaintiffs will be able to come to the United States as soon as possible. All of them have residence permits in other countries. Despite the war and sanctions against the Russian Federation, the plaintiffs continue to travel a lot, without limiting their funds. They move freely around the world: Spain, Israel, Turkey and other countries. The list of countries is large.

ex-13

6. The personal presence of the plaintiffs will give us all the opportunity to better establish the truth. Many documents that I had previously requested from the plaintiffs were not produced. The documents were mainly drawn up in Russian. An interpreter will be present during the interview, with his help, being in direct contact with each other, we will be able to better understand and evaluate this large amount of important information.

7. It should also be taken into account that all plaintiffs have also been charged with counterclaims by me. The volume of information, documents, and questions is so large that the personal presence of all participants in this case in the Massachussets becomes, again, a very important, significant factor in establishing the truth.

8. Please also be aware that, unfortunately, my lawyer's withdrawal from the case coincided with the latest discovery period. Many questions were missed. It will be difficult for me to conduct these interrogations from a distance. It is obvious to me that the personal presence of the plaintiffs and the accused in Massachusetts will give me the opportunity to conduct these interrogations much better.

## CERTIFICATE OF SERVICE

The undersigned certifies that on this day, October 13, 2023, the foregoing Motion was served on the parties as follows:

Kenneth C. Pickering,
Mirick, O'Connell, DeMallie & Lougee LLP
100 Front Street
Worcester MA 01608-1477
Tel. (508) 791-8500
kpickering@mirickoconnell.com
Attorney for all Plaintiffs;

Date: October 13, 2023                    /Andrei Mann /

Andrei Mann

ex-14