ex-15

# Exhibit 4

ex-15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENYI SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMINETS<br><br>Plaintiffs,<br><br>v.<br><br>ANDREI MANN<br><br>Defendant.<br><br>―――<br><br>ANDREI MANN<br><br>Plaintiff in Counterclaim<br><br>v.<br><br>PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENYI SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMINETS<br><br>Defendants in counterclaim | CIVIL ACTION No. 21cv40068-NMG<br><br>**LEAVE TO FILE GRANTED ON 12/6/2023, # 125** |

**DEFENDANT and PLAINTIFF IN COUNTERCLAIM ANDREI MANN**

**MOTION TO COMPEL IN-PERSON DEPOSITION OF PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENYI SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMINETS (collectively "Plaintiffs").**

The defendant and plaintiff in the counterclaim, Andrei Mann, require the plaintiffs to appear to testify. Andrey Mann wishes to testify in person to the plaintiffs, given the large number of documents that will be used during the testimony (most of them in Russian), the presence of a Russian translator, and the fact that there are a number of legal ambiguities associated with the execution by citizens RF requirements of the Hague Convention, which Russia does not recognize.

ex-16

### *Deposition Notice*

On September 12, 2023, Mann sent a letter to the plaintiffs stating that he would like to interview them during the period October 2-11, 2023. Unfortunately, he did not formalize this invitation to interview the plaintiffs in the manner required by law. Mann learned about this only in November - at the hearing and from the order of the respected Magistrate Judge Paul G. Levenson #121, dated 11/17/2023: "At the hearing, Plaintiffs represented that Mann has not served any of the plaintiffs with a written notice for deposition, as required under Fed.R. Civ. P. 30(b)."
Earlier, according to the schedule approved by the court, Mann filed Motion to Compel, #110, dated October 13, 2023.
Later Mann also filed Motion to file Reply to "Plantiffs' Opposition To Defendant's Motion To Compel", #119, dated November 01, 2023.
Both of these documents could not be considered by the court for the reason stated above.
Mann sent to plaintiffs on November 20, 2023 DEPOSITION NOTICES for PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENYI SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMINETS. These Deposition notices stated that Mann will take the deposition upon oral examinations, in person, not online.
On November 27, 2023, plaintiffs replied that cannot attend depositions in the United States. It was proposed to take plaintiffs' depositions via video conference in Israel, Turkey and Kazakhstan.
Until this point, the plaintiffs argued that for many reasons it would be difficult for them (and for some, even impossible) to leave Russia, as well as the countries where they now live - Turkey and Israel.
The plaintiffs stated that obtaining a US visa "would be extremely difficult for them."
All plaintiffs also pointed to financial difficulties.
Plaintiffs made their statements under oath, specifically in the "Opposition to Motion to Compel and Exhibit A-E," filed with the court on October 27, 2023.
Latour reports: "...as citizens of Russia of military age, Arseny and Georgy Shchepin are prohibited from leaving Russia. (See Daria Latour's statement, Appendix C.)."
"Yuri Ryazanov is currently in the process of applying for Turkish citizenship and cannot leave Turkey until this process is completed." (See Statement by Yuri Ryazanov, Appendix D.)
"Mr. Dmitriev has joint Russian and Israeli citizenship. (See Complaint at point 1.) He does not have a US visa. Due to Israel's war with Hamas, the US Embassy in Jerusalem and the Embassy Branch in Tel Aviv are not currently offering services on a nonimmigrant or immigrant visa."
Semenets and Osmanov claim that it is "virtually impossible" for them to leave Russia.
   In the current situation and based on the fact that October 13, 2023 has passed the extending deadline for motions to compel, Mann filed 12/01/2023 MOTION for Leave to File "Motion to Compel" , #124. Magistrate Judge Paul G. Levenson issued ELECTRONIC ORDER No. 125 on 12/06/2023, entered granting No. 124 Motion for Leave to File Document.

### *The Counts/Allegations*

The plaintiffs filed a fifteen (15) count complaint against Mann. Mann will personally answer questions from plaintiffs' attorneys regarding these allegations during an interrogation to be conducted by plaintiffs in Boston, MA. Mann would also like to ask the plaintiffs his own questions regarding their allegations during his questioning of the plaintiffs.

Since the "documents" of the plaintiffs in this case were mainly "born" in Russia, since the "evidence" against Mann was, as Mann states, "fabricated", it is very important that all documents were presented by the plaintiffs personally, they would personally respond to all matters in US court under oath.

In addition, Mann filed counterclaims against plaintiffs. Lawsuits contain a variety of allegations, including allegations of fraud, breach of contract, civil conspiracy, unjust enrichment and conversion.

ex-17

As a result, the testimony of the plaintiffs and, at the same time, the defendants will necessarily be accompanied by numerous documents, most of which are drawn up in Russian. A Russian translator will also be involved in the interrogation. Depositions by defendants in such a case will take less time and proceed more smoothly if conducted in person.

The extremely important fact in this case is that Mann's counterclaims include, among other allegations, allegations of intimidation and threats (RICO) against him by the plaintiffs. It will be difficult (if not impossible) to objectively evaluate online evidence of such serious allegations, which contain a huge amount of audio recordings, photographs, letters and other documents indicating threats against him.

### *Russian Plaintiffs – "the economic burden"*

Refusing to come to the US for an interview, the plaintiffs write: that: "Having to undertake this process in a foreign county exponentially increases the economic burden on the Russian Plaintiffs."

This is undoubtedly true. But Mann cannot accept this argument as a basis for waiving plaintiffs' personal presence during the interview in Boston, MA.

In filing this lawsuit, the plaintiffs emphasized that they consider this respected court in Massachusetts "the only appropriate venue for the consideration of their claim and are willing to bear the costs of possible travel to the United States to testify, as well as the costs associated ".

" The plaintiffs have chosen to waive any inconvenience or burden by filing suit in the U.S. In sum, the plaintiffs accept that a Massachusetts forum may not be convenient for them or some of their witnesses, but they initiated this litigation and are willing to submit to this burden." (See Plaintiffs' Opposition to defendant Andrei Mann's Motion to Dismiss, 09/02/2021, # 16, pages 13-14).

The plaintiffs have now changed their previous position. They propose a workaround, which is to have plaintiffs testify from a neighboring country and jurisdiction (but not in the US). Plaintiffs are ready to testify from Kazakhstan, Turkey and Israel.

There is reason to believe that this path is not as simple and not as economically profitable as it seems at first glance.

In particular, the flight to Kazakhstan takes about five hours. The difference with flying to the USA is not that big. In addition, high costs, complex logistics, and so on - all this is also there if you want to fly to Kazakhstan. Not to mention the fact that Kazakhstan definitely does not meet this requirement: "which requires that deposits take place within 100 miles of the deponents' residences or places of business, or (for parties) in the same state."

Mann does not in any way impair plaintiffs' right to "avoid undue burden and expense."

But Mann argues that testifying from Kazakhstan is no less costly for plaintiffs than coming to the United States to testify in person.

Organizing testimony in another country (Kazakhstan, Turkey, Israel), even online, requires logistics, the need to verify the location of the plaintiffs in this country, at this time and in this place. Strict compliance with all formalities and procedures required by US law for giving testimony in third countries, as well as, probably, interaction with the authorities of the country where the procedure will take place is another expense item. The task is to do everything so that the legality of the procedure cannot be challenged later.

ex-18

In addition, it will be necessary to have an interpreter on site, possibly organizing court reporters, booking premises and resolving other technical issues that entail additional material costs. All of these costs will likely minimize the benefit of "not coming" to the US (if there is such a benefit at all).

*Russian Plaintiffs - in-person deposition*

There are huge differences between an in-person interview and an online interview. In our case, this is a significant factor that **can affect the establishment of the truth in court.**

The key difference between an online interview and a personal interview is that the plaintiff can hide many actions from the interviewer: referring to notes on the screen or on the desktop, searching for certain information on the Internet, the help of a prompter who will be in the room at that moment, etc. .

Besides, in such interviews it is important to see the plaintiff's reaction. It may be hidden in an online interview. The interviewer sees only the head and shoulders of the person he is asking questions to.

Reviewing documents can take longer when screen sharing, making virtual meetings less productive if there are a lot of notes to review.

As noted earlier, the testimony of the plaintiffs and, at the same time, the defendants will necessarily be accompanied by a joint study of numerous documents, most of which are drawn up in Russian. Questions will be asked about the documents that the plaintiffs presented in their case. Documents brought against the plaintiffs on many counts, including charges of fraud, forgery, embezzlement, intimidation and threats (RICO), will also be examined. A Russian translator will also be involved in the interrogation. The deposition will then take less time and go more smoothly if it is conducted in person.

It should be noted that the plaintiffs themselves understand the importance of personal testimony. [illegible struck-through text] statements under oath that **cannot be considered truthful.** Namely: about "closing the border in Russia for conscripts," about "the impossibility of leaving Turkey when obtaining a residence permit," about "the need for Israeli citizens to obtain a visa to enter the United States." All of these allegations by the plaintiffs are untrue.

b) Mann expresses reasonable doubt that the testimony of the plaintiffs, who have Russian citizenship, is legitimate in the version that they propose. Namely: remotely, from another country (not the USA). Since Russia not only does not recognize the Hague Convention, but **Russia also has criminal penalties for implementing the Hague Convention,** how can Russian citizens ignore the law of their country? According to the law, criminal liability arises for Russian citizens even if they commit a crime outside the Russian Federation. All plaintiffs are Russian citizens.

c) This is probably why it is difficult to find precedents when Russian citizens, having filed a lawsuit against a US citizen, testify in a place other than the place where the claim was filed - in the USA.

*Conclusion*

Weighing any inconvenience caused to the plaintiffs against the complex nature of the alleged fraud, misappropriation of funds, falsification of documents, etc., as well as the facts of intimidation and threats

4

ex-19

(RICO) on the part of the plaintiffs, numerous documents in foreign languages that will be used during interrogation, use translator of the Russian language, the ambiguity (legality) of many issues related to the implementation of the Hague Convention regarding the testimony of citizens of the Russian Federation from a third country, criminal prosecution of citizens of the Russian Federation for this, US requirements for such testimony (namely citizens of Russia, which does not recognize the Hague Convention), and also the "free attitude" of plaintiffs to testify under oath - Taking all this into account, the balance of shares is tilted in favor of the plaintiffs' personal testimony.

Considering also Plaintiffs' prior statements of their willingness to incur significant costs if the case were prosecuted in Massachusetts and their current willingness to incur significant costs, if the interview with them is carried out from a third country, plaintiffs' participation in deposition in Massachusetts is not illogical or unduly burdensome.

Date: December, 11, 2023

/Andrei Mann /
_____
Andrei Mann

## CERTIFICATE OF SERVICE

The undersigned certifies that on this day, December 11, 2023, the foregoing Motion was served on the parties as follows:

Kenneth C. Pickering,
Mirick, O'Connell, DeMallie & Lougee LLP
100 Front Street
Worcester MA 01608-1477
Tel. (508) 791-8500
kpickering@mirickoconnell.com
Attorney for all Plaintiffs;

Date: December 11, 2023

/Andrei Mann /
_____
Andrei Mann

5