ex-55

Exhibit 9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENYI SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMINETS<br><br>Plaintiffs,<br><br>v.<br><br>ANDREI MANN<br><br>Defendant.<br><br>———————————<br><br>ANDREI MANN<br><br>Plaintiff in Counterclaim<br><br>v.<br><br>PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENYI SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMINETS<br><br>Defendants in counterclaim | CIVIL ACTION No. 21cv40068-NMG<br><br><br><br>**RULE 72(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND RULES 2(b), (c) OF THE RULES FOR UNITED STATES MAGISTRATE JUDGES IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS** |

## MOTION OF DEFENDANT AND PLAINTIFF IN COUNTERCLAIM  ANDREI MANN TO REVIEW THE ORDER #130, 12/26/2023.

Defendant and Plaintiff in Counterclaims Andrei Mann ('Mann") respectfully files his Motion to  Review

The Order #130, 12/26/2023 in which "The Court denies Defendant Mann's renewed motion to compel in-

person deposition 128 for the reasons identified in the Court's order denying Defendant Mann's original

motion to compel in-person deposition 121".

1

ex-56

In its decision, the court relied on the plaintiffs' allegations about the 1)"undue burden and expense" if they came to the United States, as well as 2)"the difficulties in obtaining a visa to the United States." Both of these allegations by plaintiffs are only partially true, as Mann elaborated on in his Motion to Compel.

At the same time, Mann believes that his arguments about the need for the personal participation of the plaintiffs in giving evidence in the United States were not examined by the court. Thus, the respected court did not take into account Mann's arguments, including that it is impossible to conduct a **qualitative** interview of the plaintiffs online in a third country.

Mann objects to testimony conducted remotely via video conference in Turkey, Israel and Kazakhstan because he believes such a proposal would significantly limit his ability to defend himself.

According to Mann's firm conviction, the proposal cannot be considered to "reasonably balance Mann's right to depose the parties with plaintiffs' right to be protected from undue burden and expense under the Fed. R. Civ. P. 45(d)(1)."

In essence, such a proposal poses a serious blow his right to defense.


I BACKGROUND


On September 12, 2023, Mann sent a letter to the plaintiffs stating that he would like to interview them during the period October 2-11, 2023. Unfortunately, he did not formalize this invitation to interview the plaintiffs in the manner required by law. Mann learned about this only in November - at the hearing and from the order of the respected Magistrate Judge Paul G. Levenson #121, dated 11/17/2023: "At the hearing, Plaintiffs represented that Mann has not served any of the plaintiffs with a written notice for deposition, as required under Fed.R. Civ. P. 30(b)."

Earlier, according to the schedule approved by the court, Mann filed Motion to Compel, #110, dated October 13, 2023.

Later Mann also filed Motion to file Reply to "Plantiffs' Opposition To Defendant's Motion To Compel", #119, dated November 01, 2023.

Both of these documents could not be considered by the court for the reason stated above.

In Order #121, dated 11/17/2023, the respected Magistrate Judge Paul G. Levenson, noting, "that Mann's motion to compel is not currently ripe for decision," expressed a preliminary opinion: "I will outline my provisional view, which is based on the submissions currently before me, that compelling individual depositions under Fed. R. Civ. P. 45 would be inappropriate.

ex-5I

Fed. R. Civ. P. 30 provides that parties may stipulate – or a court may order – that a deposition be taken remotely, although the presumption is that depositions will be taken in person. See Fed. R. Civ. P. 30(b)(4)... Fed. R. Civ. P. 45 requires that the party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1)."

Mann sent to plaintiffs on November 20, 2023 DEPOSITION NOTICES for PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENYI SHCHEPIN, GEORGY SHCHEPIN, and OLEG SEMINETS. These Deposition notices stated that Mann will take the deposition upon oral examinations, in person, not online.

On November 27, 2023, plaintiffs replied that cannot attend depositions in the United States. It was proposed to take plaintiffs' depositions via video conference in Israel, Turkey and Kazakhstan.

Until this point, the plaintiffs argued that for many reasons it would be difficult for them (and for some, even impossible) to leave Russia, as well as the countries where they now live - Turkey and Israel.

The plaintiffs stated that obtaining a US visa "would be extremely difficult for them."

All plaintiffs also pointed to financial difficulties.

In the current situation and based on the fact that October 13, 2023 has passed the extending deadline for motions to compel, Mann filed 12/01/2023 MOTION for Leave to File "Motion to Compel" , #124.

Magistrate Judge Paul G. Levenson issued ELECTRONIC ORDER No. 125 on 12/06/2023, entered granting No. 124 Motion for Leave to File Document.

Mann filed MOTION TO COMPEL IN-PERSON DEPOSITIONS, DATED DECEMBER 11, 2023, #128.

In order #130, 12/26/2023, "The Court denies Defendant Mann's renewed motion to compel in-person deposition 128" for the reasons identified in the Court's order denying Defendant Mann's original motion to compel in-person deposition 121.

Plaintiffs have represented that each of them is willing to submit to remote deposition, and that such depositions could be lawfully conducted remotely by videoconference in Turkey, Israel, and Kazakhstan. See Docket Nos. 112, 129. On its face, this proposal appears reasonably to balance Manns right to depose the parties with Plaintiffs right to protection from undue burden and expense under the Fed. R. Civ. P. 45(d)(1). The Court ORDERS the individual plaintiffs to appear for deposition by videoconference in a manner that accords with the Federal Rules of Civil Procedure and the Local Rules."

II Objections To The Order

It should be noted that Mann elaborated in his MOTION TO COMPEL IN-PERSON DEPOSITIONS, DATED DECEMBER 11, 2023, #128, on the plaintiffs' arguments about "excessive expenses" in the event of their trip to Boston. Unfortunately, the plaintiffs did not respond to Mann's arguments. Just as they did not respond to Mann's other significant arguments about the need for personal interviews for the plaintiffs.

The respected court also ignored Mann's arguments.

Here are some of them.

3

*et - 58*

1. Mann emphasized that he does not in any way impair plaintiffs' right to "avoid undue burden and expense." But Mann argues that testing from Kazakhstan is no less costly for plaintiffs than coming to the United States to test in person.

Flight to Kazakhstan (flight time about 5 hours), accommodation and stay in hotels, costs associated with organizing testimony (rent of premises, translators, equipment, logistics). At the same time, the online interview itself will take much more time than a personal interview, which means the costs of staying in a foreign country will increase significantly.

All of these costs will likely minimize the benefit of "not coming" to the US (if there is such a benefit at all).

These arguments were also not assessed by either the plaintiffs or the court from the point of view of Plaintiffs right to protection from undue burden and expense under the Fed. R. Civ. P. 45(d)(1).


2. Mann would again like to draw the attention of the respected court to a fact that has not been given due attention, but which, in Mann's opinion, is significant for this dispute about the plaintiffs' arrival in the United States to give personal testimony.

Saying that he does not in any way impair plaintiffs' right to "avoid undue burden and expense" , Mann recalled in his Motion to Enforce," dated 12/11/2023, No. 128, that in filing their lawsuit in 2021, the plaintiffs emphasized that they consider this respected court in Massachusetts "the only appropriate venue for the consideration of their claim and are willing to bear the costs of possible travel to the United States to test, as well as the costs associated."

" The plaintiffs have chosen to waive any inconvenience or burden by filing suit in the U.S. In sum, the plaintiffs accept that a Massachusetts forum may not be convenient for them or some of their witnesses, but they initiated this litigation and are willing to submit to this burden." (See Plaintiffs' Opposition to defendant Andrei Mann's Motion to Dismiss, 02/09/2021, #16, pages 13-14).

The plaintiffs have now changed their previous position. They propose a workaround, which is to have plaintiffs test from a neighboring country and jurisdiction (but not in the US).

The plaintiffs explain the change in their previous position on coming to the United States by the fact that their financial situation "because of Mann" has deteriorated significantly. Thus, Osmanov writes: "Due to Mann's debt default, my funds have been limited for many years. Traveling to the U.S. would be difficult for me financially." Others claim the same. (See Plaintiffs' Opposition, October 27, 2023, Exhibits A-E).

Leaving aside the plaintiffs' statements about "Mann's fault for their poor financial situation" (this issue has not yet been studied by the court, not to mention the fact that in his counter-claims against the plaintiffs Mann claims the exact opposite - they appropriated his funds), Mann pays attention that the plaintiffs filed their lawsuit in 2021, already as "victims of Mann."( In this sense, nothing has changed for them now). But they claimed that they were ready to come to the United States and bear "significant expenses" if their claim was not rejected by the court.

Most likely, the court took this statement of the plaintiffs into account when considering Plaintiffs' Opposition to defendant Andrei Mann's Motion to Dismiss, 09/02/2021, #16.

Ex-59

3. Refusing to come to the US for an interview, the plaintiffs wrote that "Having to undertake this process in a foreign county exponentially increases the economic burden on the Russian Plaintiffs."

Understanding this, Mann insisted on a personal interview with the plaintiffs, since only such a path would provide him with the opportunity for an objective defense in this respected US court. In defending his position, Mann made numerous arguments. Unfortunately, the honorable court did not assess Mann's position on this issue.

Of course, Mann's arguments were in many ways similar to those made by the plaintiffs in insisting on a personal interview with Mann. In the case of the plaintiffs, the honorable Court agreed with the plaintiffs' arguments and passed an order accordingly( #117, 11/03/2023).

Mann claims that, the testimony of the plaintiffs and, at the same time, the defendants will necessarily be accompanied by numerous documents, most of which are drawn up in Russian. A Russian translator will also be involved in the interrogation. Depositions by defendants in such a case will take less time and proceed more smoothly if conducted in person.

The extremely important fact in this case is that Mann's counterclaims include, among other accusations, suspicion of intimidation and threats (RICO) against him by the plaintiffs. It will be difficult (if not impossible) to objectively evaluate online evidence of such serious accusations, which contain a huge amount of audio recordings, photographs, letters and other documents indicating threats against him.

4. Since during written interrogations under the rules of Fed.R.Civ.P. 33, 34 many facts or requests for documents were ignored by plaintiffs and defendants in counterclaims, Mann regarded personal interviews of plaintiffs as the only opportunity to obtain the necessary (important) information during Discover. Therefore, Motion To Compel plaintiffs and defendants in counterclaims to personal (not online) disclosure of information refers to factors of a decisive nature (dispositive matter) for Mann.

5. In "PLANTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL", filed October 27, 2023, #112, and then again - in the document filed December, 22, 2023, #129, the plaintiffs made a number of statements under oath which are not true.

Namely: about "closing the border in Russia for conscripts," about "the impossibility of leaving Turkey when obtaining a residence permit," about "the need for Israeli citizens to obtain a visa to enter the United States." All of these statements of the plaintiffs by the plaintiffs are untrue.

However, they did not comment or refute Mann's assertions that "their testimony on a number of specific statements is false."

Unfortunately, the honorable court also did not evaluate the allegations of the plaintiffs, which were contained in their testimony and were, apparently, false statements made under oath.

Meanwhile, such a free attitude to the oath opens up "wonderful prospects" for plaintiffs when giving "truthful" testimony in a third country (not the United States).

And this was another significant circumstance because of which Mann insists on the personal testimony of the plaintiffs in Boston, MA, USA.

ex - 60

## III CONCLUSION

Recognizing the possible inconvenience caused to the plaintiffs associated with personal interviews in the United States, DEFENDANT AND PLAINTIFF IN COUNTERCLAIM ANDREI MANN asks the Honorable Court to Review The Order #130, 12/26/2023 and consider Mann's objections, which are set out in this document, as well as return to consideration of the arguments previously presented to the Court in "Motion to Compel in-person deposition #128", "Motion to Compel in-person deposition #121" and examine them on their merits.

Date: January 3, 2024

/Andrei Mann /

_____
Andrei Mann

### CERTIFICATE OF SERVICE

The undersigned certifies that on this day, January 3, 2024, the foregoing Motion was served on the parties as follows:

Kenneth C. Pickering,
Mirick, O'Connell, DeMallie & Lougee LLP
100 Front Street
Worcester MA 01608-1477
Tel. (508) 791-8500
kpickering@mirickoconnell.com
Attorney for all Plaintiffs;

Date: January 3, 2024

/Andrei Mann /

_____
Andrei Mann

6

ex - 61