UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETR DMITRIEV, DARIA LATOUR, YUSUP OSMANOV, YURI RYAZANOV, ARSENIY SCHEPIN, GEORGY SHCEPIN, OLEG SEMENETS,<br>          Plaintiffs,<br><br>          v.<br><br>ANDREI MANN,<br>          Defendant. | No. 21-cv-40068-DLC |

## ORDER FOR PRETRIAL MEMORANDUM AND PRETRIAL FILINGS

CABELL, U.S.M.J.

The above-entitled action will be called for a Final Pretrial Conference on **March 14, 2025, at 2:00 P.M.** in Courtroom 23, 7th Floor, John Joseph Moakley Courthouse, One Courthouse Way, Boston, Massachusetts. Trial is scheduled for **March 17, 2025, at 9:30 a.m.** and will be conducted from 9:30 a.m. to 1:30 p.m., subject to modification by the court.

On or before the close of business on **March 7, 2025,** the parties shall file, either jointly or separately, a pretrial memorandum. The pretrial memorandum shall set forth:

1

1. A concise summary of evidence that will be offered by the plaintiffs and the defendant with respect to both liability and damages (including special damages, if any);

2. The facts established by pleadings or by stipulations or admissions of counsel/the parties;

3. Contested issues of fact;

4. Any jurisdictional questions;

5. Any questions raised by pending motions;

6. Any issues of law including evidentiary questions, together with supporting authority;

7. The probable length of the trial;

8. The name and the town or city of residence of each witness who will testify at the trial, and the purpose of the testimony of each witness, i.e., whether factual or expert; and, unless the qualifications of any expert witness are stipulated, a brief statement of the qualifications of such witness shall be included;

9. The proposed exhibits;

10. Proposed juror questions to be addressed to the venire; and

11. A statement whether the party will require daily copy of the trial transcript.

12. The parties shall also include joint proposed jury instructions. The parties shall confer and reach an agreement

on each proposed jury instruction. In the event the parties cannot agree upon one or more of the proposed instructions, they may submit alternative proposed instructions which shall contain citations to legal authority to support the particular language employed. Proposed instructions are not required on preliminary matters such as burden of proof and credibility. A party may submit proposed instructions during the trial <u>only</u> if the evidence develops otherwise than as reasonably anticipated. In the event a party wishes to submit additional proposed instructions during trial on matters that could have been reasonably anticipated, the party should seek and obtain leave of court <u>before</u> submitting any such instructions; and

13.  Motions in limine, if any, shall be filed on or before **March 7, 2025.** The motions, if any, will be addressed at the Final Pretrial Conference. A party may raise any opposition to a motion in limine orally at the conference.

14.  A party who intends to object to the qualifications of an expert witness, or to the introduction of any proposed exhibit, shall give written notice of the grounds of objection, together with supporting authority to all other parties, on or before **March 7, 2025,** a copy of said notice to be filed with the Clerk.

Failure to comply with any of the directions set forth

above may result in judgment or dismissal or default or the imposition of other sanctions deemed appropriate by the Court.

Finally, the court understands that most if not all of the witnesses the plaintiff intends to call are the plaintiffs themselves, who will testify in Russian.  The plaintiff has procured the services of a translator who, as the court understands it, will translate the content of the plaintiffs' direct examinations and the defendant's cross examination, but not the content of the plaintiffs' cross examinations.  The court understands the defendant may explore procuring a translator as well, particularly as the defendant also has counterclaims he would be required to prove.  But as it is unclear how successful those efforts may be, the court strongly encourages counsel to explore the possibility of having the plaintiffs' translator provide translation for the plaintiffs' cross examinations as well.  After all, to the extent the plaintiffs bear the burden of proving their claims, they have an equally strong interest in having their cross examination testimony translated for the jury's benefit.

/s/ Donald L. Cabell  
DONALD L. CABELL, U.S.M.J.

DATED:  February 10, 2025