UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETR DMITRIEV, YUSUP OSMANOV,
YURI RYAZANOV and OLEG
SEMENETS,
    Plaintiffs,

v.

ANDREI MANN,
    Defendant.

Civil Action No. 1:21-CV-40068-DLC

**PLAINTIFFS' EMERGENCY MOTION TO PERMIT REMOTE TESTIMONY**

Pursuant to Fed. R. Civ. P. 43(a), plaintiffs, Petr Dmitriev, Yusup Osmanov, Yuri Ryazanov and Oleg Semenets, hereby request that the Court permit Oleg Semenets to testify remotely by contemporaneous transmission from a different location. This motion is brought as an emergency motion because providing remote testimony is unlawful in Russia and Mr. Semenets will be required to make arrangements to travel to Turkey to testify remotely.

I.    **FACTS**

Russian citizens seeking a U.S. visa must submit to an in-person interview at a U.S. embassy or consulate that offers visa services. However, the U.S. Embassy and U.S. Consulates in Russia no longer offer non-diplomatic visa services. Russian citizens living in Russia must therefore apply for a U.S. visa at a U.S. Embassy or Consulate in a third country. See https://ru.usembassy.gov/visas/ last visited February 26, 2025.

Oleg Semenets, one of the plaintiffs in this action, is a Russian citizen living in Shchelkovo, Russia. See Affidavit of Oleg Semenets at ¶ 1. Because the U.S. Embassy in Russia no longer issues visas, Mr. Semenets – like Yusup Osmanov and Yuri Ryazanov – had to travel to a U.S. Embassy in another country to apply for a U.S. visa. Id. at ¶ 3.

Immediately after the trial date in this case was scheduled Mr. Semenets made arrangements to travel to Uzbekistan to apply for a visa at the U.S. Embassy in Tashkent. Mr. Semenets attended a visa application interview at the U.S. Embassy in Tashkent on January 21, 2025. Id. at ¶ 6.

Mr. Semenets provided a copy of Exhibit 1 with his application and a copy of Exhibit 2 to the consular official at his initial interview.[1] Id. at ¶¶ 5-6. Nevertheless, Mr. Semenets' application for a U.S. Visa was rejected. No reason was given for the denial. Id. at ¶ 6.

Mr. Semenets then scheduled a second interview at the U.S. Embassy in Tashkent at the first available date; February 25, 2025. Id. at ¶ 8. On February 19, 2025, undersigned counsel sent a second letter directly to the U.S. Embassy in Tashkent explaining Mr. Semenets' need to travel to the U.S. for trial. The Court's Notice of Trial and Order to Appear was enclosed with the letter. Id. at ¶ 10; see also Exhibit 5.

---

[1] Undersigned counsel prepared five different letters and notices to help Mr. Semenets obtain a visa to attend trial. See Exhibits 1 through 5 attached to Mr. Semenets' Affidavit. All to no avail.

Mr. Semenets traveled to U.S. Embassy in Uzbekistan for his second interview held on February 25, 2025, and provided the interviewer copies of Exhibits 3, 4 and 5. The U.S. Embassy denied Mr. Semenets' second request for a U.S. visa. Id. at ¶ 11. The formal notification of visa refusal provided to Mr. Semenets after the second interview indicated that he did not qualify for a nonimmigrant visa because he did not demonstrate that he maintains residency in Russia. Id. at ¶ 12.

Despite Mr. Semenets' best efforts, the U.S. Embassy refused Mr. Semenets' application for a U.S. visa. Mr. Semenets cannot appeal the denial and there is not time to re-apply for a visa a third time before trial. Id. at ¶¶ 12-13.

Although Russian law does not permit Mr. Semenets to participate in a foreign judicial proceeding remotely while in Russia, he is willing and able to travel to Turkey where he can testify and be cross examined remotely. Id. at ¶ 15.

## II.   LEGAL STANDARD

*Remote Testimony*

Rule 43(a), Taking Testimony, states in relevant part:

> For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

See Fed. R. Civ. P. 43(a).

"As the Advisory Committee Notes to Rule 43(a) explain, the rule is intended to permit remote testimony when a witness's inability to attend trial is the result of

3

'unexpected reasons, such as accident or illness,' and not when it is merely 'inconvenient for the witness to attend the trial.'" Williams v. City of Brockton, 2014 U.S. Dist. LEXIS 202413, at *2-3 (D. Mass. Nov. 24, 2014) (quoting Eller v. Trans Union, LLC, 739 F.3d 467, 477 (10th Cir. 2013), cert. denied, 572 U.S. 1101 (2014)(quoting Fed. R. Civ. P. 43(a) advisory committee's note)).  See also Walsh v. Tara Constr., Inc., 2022 U.S. Dist. LEXIS 99318 (D. Mass. June 3, 2022) (allowing witness to testify remotely at trial).

"The most persuasive showing of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons...." Official Comm. of Unsecured Creditors v. Calpers Corp. Partners LLC, 2021 U.S. Dist. LEXIS 135316, at *8 (D. Maine July 20, 2021) (denying request to testify remotely because the witness was unavailable for expected reasons).

In a case involving New Jersey law, and referencing Fed. R. Civ. P. 43(a), the New Jersey Superior Court Appellate Division vacated and remanded a trial court decision denying a motion filed on behalf of a plaintiff seeking to appear at trial remotely because the plaintiff was unable to obtain a visa to travel to the U.S. for trial. Pathri v. Kakarlamath, 462 N.J. Super 208, 225 A.3d 559 (N.J. Super. Ct. App. Div. 2020). See also Kanuszewski v. Shah, 2023 WL 168746 (E.D. Mich. Jan. 12, 2023) (granting request for witnesses to testify remotely due to unexpected weather conditions).

In addition to a finding of good cause to permit a witness to testify remotely, Rule 43(a) requires that the technology contain appropriate safeguards.  Zoom

4

videoconferencing technology has been held to afford adequate safeguards under Rule 43. See Fischer v. United States, 2022 WL 2287922 (E.D. Mich. June 24, 2022).

*Taking of Remote Testimony in Russia*

Russia is not a recognized party to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters and does not permit the taking of depositions in civil or commercial matters. "The United States has not accepted the Russian Federation's accession to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters because the Russian Federation did not name a central authority at the time of its accession, and did not make any specific declarations or reservations regarding methods of obtaining evidence." See U.S. Department of State, Bureau of Consular Affairs, Judicial Assistance Country Information, Russian Federation, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/RussianFederation.html (last visited February 26, 2025).

"The Russian Federation does not permit the taking of voluntary depositions of willing witnesses in civil and commercial matters." See U.S. Department of State, Bureau of Consular Affairs, Judicial Assistance Country Information, Russian Federation, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/RussianFederation.html (last visited February 26, 2025).

*Taking of Remote Testimony in Turkey*

Turkey is a party to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters. Testimony may be taken via video-conference at the U.S. Embassy, Consulate, or at a hotel or office. See U.S. Department of State, Bureau of Consular Affairs, Judicial Assistance Country Information, Republic of Turkey, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Turkey.html (last visited February 26, 2025); see also Turkey's response to the 2008 Hague Conference questionnaire on the practical operation of the Hague Evidence Convention. https://assets.hcch.net/docs/eafd3a7a-f239-46f6-85a9-1d03fa6a7c34.pdf (last visited February 26, 2025).

### III.   ANALYSIS

The unexpected denial of Mr. Semenets' visa application, despite his extraordinary efforts to secure a visa, warrant the allowance of Mr. Semenets' remote testimony at trial. Mr. Semenets did not delay. He scheduled an interview as soon as the trial date in this matter was established. Indeed, Yuri Ryazanov was interviewed on the same date as Mr. Semenets and was issued a visa. Mr. Semenets went to great lengths to try to obtain a visa. Like all Russian citizens he had to travel outside of Russia to even apply for a U.S. visa; in this case to Uzbekistan. And when his first application was denied, he repeated the entire procedure again. Now, having been denied a visa to travel to the United States twice, there is not sufficient time, nor any

guaranty that trying again would be successful. Although the taking of testimony in Russia is not permitted, Mr. Semenets is willing and able to travel to Turkey where the taking of testimony remotely is permissible.

In short, Mr. Semenets did all he could to obtain a U.S. visa. He had no indication that his application would be denied. In fact, he is still unclear why he was denied a visa. And he is willing to travel to Turkey to participate in the trial even though he cannot participate in person. This circumstance falls squarely into the requirements of Rule 43 set forth in the Advisory Committee Notes stating that the rule was intended to permit remote testimony when a witness's inability to attend trial is the result of "unexpected reasons, such as accident or illness," not merely when it is "inconvenient for the witness to attend the trial." <u>Williams</u>, at *2-3 (internal quotations omitted).

WHEREFORE, plaintiffs request that this Court find that good cause exists to permit Oleg Semenets to provide testimony in open court remotely by contemporaneous transmission from a different location pursuant to Fed. R. Civ. P. 43(a).

Respectfully submitted:

PETR DMITRIEV, YUSUP OSMANOV, YURI RYAZANOV and OLEG SEMENETS,

By their attorney,

*/s/ Kenneth C. Pickering*

Kenneth C. Pickering, BBO #634121
Pickering Legal LLC
100 Grove Street
Worcester, MA 01605
Phone: (508) 498-3880
kpickering@pickering-legal.com

Dated: February 27, 2025

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Kenneth C. Pickering, counsel for the Plaintiffs, hereby certify that I alerted the Defendant, Andrei Mann, to the fact that plaintiffs intended to file an emergency motion to allow Mr. Semenets' to testify remotely, via email on February 25, 2025 – the same day I learned that Mr. Semenets' visa application was denied for a second time.

I discussed the matter with Mr. Mann via email but were unable to reach agreement.

Dated: February 27, 2025

*/s/ Kenneth C. Pickering*

Kenneth C. Pickering

## CERTIFICATE OF SERVICE

I, Kenneth C. Pickering, hereby certify that this day I served the foregoing document, via email, on the Defendant, Andrei Mann, 8855 Bay Parkway, Brooklyn, New York 11217, andreimann@hotmail.com.

Dated: February 27, 2025

Kenneth C. Pickering