UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETR DMITRIEV, YUSUP OSMANOV,
YURI RYAZANOV and OLEG
SEMENETS,
    Plaintiffs,

v.

ANDREI MANN,
    Defendant.

Civil Action No. 1:21-CV-40068-DLC

**PLAINTIFFS' NOTICE OF DETERMINATION OF FOREIGN LAW**

Plaintiffs, Petr Dmitriev, Yusup Osmanov, Yuri Ryazanov and Oleg Semenets, hereby give notice pursuant to Fed. R. Civ. P. 44.1, that the law of the Russian Federation governs their claims for breach of contract (Counts II, VII, IX and XII), and fraud (Counts I, VI, VII and XII). Plaintiffs' claim for conversion (Count XIV), is governed by Massachusetts law.[1]

**1.**    **CHOICE OF LAW**

In a federal court action based on diversity jurisdiction, the court must apply the choice of law rules of the forum state. Memorandum and Order (Gorton, J.), dated April 6, 2022 [Dkt. 30] (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496

---

[1] Plaintiffs intend to dismiss their claims for civil conspiracy (Count III), and unjust enrichment (Count XV).

(1941)).  The Court must therefore apply Massachusetts' choice of law analysis.  Id. (citing Levin v. Dalva Brothers, Inc., 459 F.3d 68, 73 (1st Cir. 2006)).

Massachusetts applies a "functional approach" to choice of law issues that "applies the substantive law of the state which has the more significant relationship to the transaction in litigation."  Hendricks & Assoc., Inc. v. Daewoo Corp., 923 F.2d 209, 212 n.3 (1st Cir. 1991).  To determine which jurisdiction has the more significant relationship, Massachusetts courts rely on the Restatement (Second) of Conflict of Laws. See Lou v. Otis Elevator Co., 77 Mass. App. Ct. 571, 933 N.E.2d 140, 150 (Mass. App. Ct. 2010).

The Restatement (Second) of Conflict of Laws sets forth the following factors to determine which jurisdiction has the more significant relationship for tort claims: (1) where the injury occurred; (2) where the conduct causing the injury occurred; (3) where the parties are domiciled, reside, incorporated, or maintain their place of business; and (4) where the relationship, if any, between the parties is centered.  See Steiner v. eBay, Inc., 2024 U.S. Dist. LEXIS 198900, *10-11, (D. Mass., Nov. 1, 2024) (citing Restatement (Second) of Conflict of Laws § 145 (Am. L. Inst. 1971); Cornwell Ent., Inc. v. Anchin, Block & Anchin, LLP, 830 F.3d 18, 34 (1st Cir. 2016)).

The choice of law for each of the plaintiffs' claims – breach of contract, fraud and conversion – is discussed below.

A. **The parties agree that Russian law governs plaintiffs' claims for breach of contract.**

The defendant himself stated in a declaration filed with this Court in August 2021 that:

> all commercial and contractual documents with plaintiffs were executed in Russia, not the U.S.  Their operative language was Russian, in which those were executed.  Presumptively, even though not stated within four corners, all of these contractual documents are subject to the Russian law of contract.
>
> See Declaration of Andrei Mann in Support of Motion to Dismiss Complaint [Dkt. 14] at ¶ 45.

The defendant further argued that, "[t]he Counts based on breach of contract, namely Counts II, V, VII, IX, and XIII… are based on the law of contract of the Russian Federation (which is governed by the Russian Civil Code)."  See Memorandum of Points and Authorities of Defendant Andrei Mann in Support of Motion to Dismiss the Complaint [Dkt. 13] at p. 3.  The plaintiffs likewise acknowledge that the Russian Civil Code governs the parties' contractual relationship and therefore the plaintiffs' claims for breach of contract.

A federal court in a diversity action may accept the parties' agreement as to the law governing the action.  See Beijing Abace Biology Co., Ltd. v. Chunhong Zhang, 122 F.4th 448, 452 (1st Cir. 2024) (citing Borden v. Paul Revere Life Ins. Co., 935 F.2d 370, 375 (1st Cir. 1991) ("Where . . . the parties have agreed about what law governs, a federal

3

court sitting in diversity is free, if it chooses, to forgo independent analysis and accept the parties' agreement.")).

The parties agree, and this Court may accept, that plaintiffs' claims for breach of contract are governed by the Russian Civil Code.

### B. **Plaintiffs' claims for fraud are also governed by the Russian Civil Code.**

Massachusetts' functional approach supports the conclusion that the laws of the Russian Federation also apply to the plaintiffs' fraud claims.

Plaintiffs' fraud allegations allege that the defendant made false representations to induce the plaintiffs to enter into the loan agreements with him, and about his intentions to repay the funds borrowed. See Complaint at ¶¶ 104, 106, 134, 135, 145, 168 and 169. Defendant's statements were made in and/or directed to individuals domiciled in Russia at the time. See Complaint at ¶¶ 108, 137, 148 and 171.

Further, the injury, i.e., the plaintiffs' harm and their reliance on the defendant's fraudulent statements, occurred in Russia. And, the location of the parties' relationship, and their loan agreements, were "centered" in Russia. Indeed, the defendant admits that the loan agreements themselves are governed by Russia law. Therefore, the fraud associated with the defendant's representations regarding the loan agreements is also governed by Russian law – the jurisdiction with the greatest interest in governing the conduct of parties entering into commercial agreements entered into in Russia.

C. **Plaintiffs' claim for conversion is governed by Massachusetts law.**

Plaintiffs' claim of conversion is governed by Massachusetts law, the jurisdiction where the conversion itself occurred. Different claims may be governed by the laws of different jurisdictions. "There is no reason why all issues arising out of a tort claim must be resolved by reference to the law of the same jurisdiction…. [T]he disposition of… issues must turn… on the law of the jurisdiction which has the strongest interest in the resolution of the particular issue presented." Steiner v. eBay, Inc., 2024 U.S. Dist. LEXIS 198900, *11-12 (quoting Pevoski v. Pevoski, 371 Mass. 358, 358 N.E.2d 416, 417 (Mass. 1976)).

The choice of law for a claim of conversion depends on the location where the defendant exercised dominion over the property. See Silica Tech, L.L.C. v. J-Fiber, GmbH, 2009 U.S. Dist. LEXIS 73700 *64 (D. Mass., May 19, 2009) (citing Charash v. Oberlin College, 14 F.3d 291, 297 (6th Cir. 1994) (holding that "a conversion does not occur when there is only a taking of property from its rightful owner. A conversion occurs when someone exercises dominion over the property without the owner's consent or authority.")).

Here, Mr. Mann admits that he is a naturalized U.S. citizen and "moved to the United States permanently in 1998." See Defendant's Response to Request for Admission No. 4. Plaintiffs' Complaint alleges that Mann "transferred the monies out of Russia to countries, including the United States… [where he] exercised acts of

5

ownership, control, or dominion over vast sums of the plaintiffs' money." See Complaint at introductory paragraph and ¶ 179.  Here, the defendant is alleged to have converted plaintiffs' funds while residing in Massachusetts.

Mr. Mann admits that he "is a resident of the Commonwealth of Massachusetts" and lived at 314 Dartmouth Street in Boston from 1998 until 2018.  See Andrei Mann's Verified Counterclaim against Petr Dmitriev at ¶ 1; Deposition of Andrei Mann taken on May 29, 2024, at p. 8:11-19.  Because the defendant's exercise of dominion over the plaintiffs' funds took place in Massachusetts, Massachusetts law applies to plaintiffs' conversion claim.

## 2. DETERMINATION OF RUSSIAN LAW

"Federal courts have discretion when determining the contours of foreign law pursuant to Fed. R. Civ. P. 44.1."  Memorandum and Order (Gorton, J.), dated April 6, 2022 [Dkt. 30].  "A court 'may consider any relevant material or source" and is permitted, but not required, to conduct its own research."  Id. (citing Fed. R. Civ. P. 44.1; Mackley v. Sullivan & Liapakis, P.C., No. 98-cv-8460, 2001 U.S. Dist. LEXIS 21723 (S.D.N.Y. Dec. 27, 2001)).

Federal Rule of Civil Procedure 44.1 states in relevant part:

In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence.

Because Russia is a civil law jurisdiction, the court must decipher the law "primarily from the constitution, statutes, and regulations." Beijing Abace Biology Co., Ltd. v. Chunhong Zhang, 122 F.4th 448, 452 (1st Cir. 2024) (referring to Chinese law, also a civil law jurisdiction) (citing Qiang Bjornbak et al., China, 40 Int'l Law. 547, 550 (2006)).

### A. Determination of Russian contract law.

Russian contract law is set forth in Part I of the Russian Civil Code (the "RCC"). Sections addressing specific types of commercial obligations, including Loans and Credits, are contained in Part II of the RCC. The following are the relevant excerpts from the RCC concerning the Plaintiffs' contract claims:

*Contract Law*

**Article 307.  Concept of Obligation and the Grounds of its Origin**

1. By virtue of an obligation one person (the debtor) shall be obliged to perform to the benefit of another person (the creditor) a determined action, that is, to transfer property… pay money, and the like… and the creditor shall have the right to demand from the debtor the performance of his duty.

    See Russian Civil Code (Butler), art. 307.

**Article 308$^3$.  Defense of Rights of Creditor under Obligation**

1. In the event of the failure by a debtor to perform an obligation, the creditor shall have the right to demand through a court the performance of the obligation….

    See Russian Civil Code (Butler), art. 308$^3$.

7

**Article 393.  Duty of Debtor to Compensate Losses**

1. A debtor shall be obligated to compensate the creditor for losses caused by the failure to perform [] an obligation.

    See Russian Civil Code (Butler), art. 393.

**Article 395.  Responsibility for Failure to Perform Monetary Obligation**

1. In an instance of the unlawful withholding of monetary means, avoidance of the return thereof, other delay in the payment of thereof, interest shall be subject to payment on the amount of the debt.  The amount of interest shall be determined by the key rate of bank interest of the Bank of Russia which operated in the respective periods.  These rules shall apply unless another amount of interest has been established by law or by contract.

    See Russian Civil Code (Butler), art. 395.

**Article 431.  Interpretation of Contract**

In the event of the interpretation of the conditions of a contract by a court the literal meaning of the words and expressions contained therein shall be taken into account.

See Russian Civil Code (Butler), art. 431.

*Loans and Credits*

**Article 807.  Contract of Loan**

1. Under a contract of loan one party (lender) shall transfer or be obligated to transfer to the ownership of the other party (borrower) money… and the borrower shall be obligated to return to the lender the same amount of money….

    See Russian Civil Code (Butler), art. 807.

**Article 811.  Consequences of Violation by Borrower of Contract of Loan**

1. Unless provided otherwise by law or by the contract of loan, in instances when the borrower does not return the amount of the loan within the period, interest shall be subject to payment on this amount in the amount provided for by Article 395(1) of the present Code from the day when it should have been returned…. (See supra.)

    See Russian Civil Code (Butler), art. 811.

**B.  Determination of Russian law concerning fraud.**

Claims for commercial fraud are governed by Russian tort law.  "Russian law provides for one article in the RCC only (namely, art. 1064), that covers all types of tort…."  See *Russian tort law in the eyes of the English courts*, 43 The Company Lawyer, Issue 4, p. 126, Thomson Reuters and Contributors (2022).  The following is Article 1064 of the RCC concerning torts:

*Commercial Fraud*

Chapter 59.  Obligations as Consequence of Causing Harm

**Article 1064.  General Grounds of Responsibility of Causing of Harm**

1. Harm caused to the person or property of a citizen [] shall be subject to compensation in full by the person who caused the harm.

    See Russian Civil Code (Butler), art. 1064.

To hold a person tortiously liable under art. 1064 the following elements must be established: (1) the existence of harm suffered by the plaintiffs; (2) that an unlawful act was committed by the defendant; (3) the existence of causation between the act and the

9

harm; and (4) the existence of fault on the part of the defendant. See *Russian tort law in the eyes of the English courts*, at p. 128.

### C. Conversion

Plaintiffs' claim for conversion is governed by Massachusetts law because Mr. Mann is a resident of Massachusetts and resided here when he converted the plaintiffs' funds.

Respectfully submitted,

PETR DMITRIEV, YUSUP OSMANOV, YURI RYAZANOV and OLEG SEMENETS,

By their attorney,

_____
Kenneth C. Pickering, BBO #634121
Pickering Legal LLC
100 Grove Street
Worcester, MA 01605
Phone: (508) 498-3880
*kpickering@pickering-legal.com*

Dated: March 3, 2025

## CERTIFICATE OF SERVICE

    I, Kenneth C. Pickering, hereby certify that this day I served the foregoing document, via email, on the Defendant, Andrei Mann, 8855 Bay Parkway, Brooklyn, New York 11217, *andreimann@hotmail.com*.

Dated: March 3, 2025                                            Kenneth C. Pickering