UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETR DMITRIEV, YUSUP OSMANOV,
YURI RYAZANOV and OLEG
SEMENETS,
    Plaintiffs,

v.

ANDREI MANN,
    Defendant.

Civil Action No. 1:21-CV-40068-DLC

**PLAINTIFFS' MOTION TO PERMIT OLEG SEMENETS TO TESTIFY AS A FACT WITNESS, AND FOR RECONSIDERATION TO PERMIT HIS REMOTE TESTIMONY AS A PLAINTIFF AND DEFENDANT-IN-COUNTERCLAIM**

Plaintiffs hereby request that the Court permit Oleg Semenets to testify remotely as a fact witness, and reconsider its preliminary decision, and permit Mr. Semenets to testify as a plaintiff and defendant-in-counterclaim by remote means.

### I.    Mr. Semenets is an Important Fact Witness

Mr. Semenets is a critical fact witness is the cases involving the other three plaintiffs; Messrs. Dmitriev, Osmanov and Ryazanov. Each of the plaintiffs alleges that they loaned Mr. Mann significant sums of money, and that Mr. Mann refused to make repayment. For his part, Mr. Mann claims that OOO S-Info owes repayment to the plaintiffs, not Mr. Mann personally.

The plaintiffs' loans generally came due between 2016 and 2018. Mr. Semenets' testimony is critical to establish that on May 1, 2019, he and Mr. Mann entered into an

Agency Agreement whereby Mr. Mann agreed to provide $15 million USD in order to permit Mr. Semenets to negotiate the payment of Mr. Mann's outstanding debts.  See Agency Agreement attached to the Affidavit of Kenneth C. Pickering as Exhibit A.[1]

The total amount of the payment (far more than was owed to Mr. Semenets), and the timing of the Agency Agreement (coming after the plaintiffs' loan agreements with Mr. Mann came due), is a contemporaneous admission by Mr. Mann that he owed significant personal debts.  None of the other plaintiffs can testify to the Agency Agreement or Mr. Mann's discussions with Mr. Semenets about its purpose.

Mr. Semenets testimony is critical to validating the claims of the other three plaintiffs.  Because he is unable to attend trial due to unanticipated reasons beyond his control, this Court should allow Mr. Semenets to testify remotely as a fact witness pursuant to Fed. R. Civ. P. 43(a).

## II. **Mr. Semenets Cannot Defend Himself Against Mr. Mann's Counterclaims Unless He is Permitted to Testimony Remotely**

Refusing to allow Mr. Semenets to testify remotely, given Mr. Mann's outstanding counterclaims against him, prevents Mr. Semenets the opportunity to defend himself.  Currently, there are eleven outstanding counterclaims brought by Mr. Mann against Mr. Semenets.  The counterclaims currently pending against Mr. Semenets are:

---

[1] The Agency Agreement is one of the plaintiffs' 16 exhibits shared with Mr. Mann on Feb. 28, 2025.

    Count I – Accounting
    Count II – Fraudulent Concealment
    Count III – Breach of Contract
    Count IV – Money Had and Received
    Count V – Unjust Enrichment
    Count VI – Restitution
    Count VII – Civil Conspiracy
    Count VIII – Damage to Business Reputation
    Count IX – Misrepresentation
    Count X – Declaratory Relief
    Count XI – Injunctive Relief

    Unless Mr. Mann's counterclaims against Mr. Semenets are dismissed entirely, Mr. Semenets' inability to testify via videoconference will prohibit him from defending himself against Mr. Mann's counterclaims.

WHEREFORE, pursuant to Fed. R. Civ. P. 43(a), plaintiffs request that this Court:

1. Permit Mr. Semenets to testify remotely as a fact witness; and

2. Reconsider the Court's initial decision and allow Mr. Semenets to testify remotely as a plaintiff and defendant-in-counterclaim.

Respectfully submitted:

PETR DMITRIEV, YUSUP OSMANOV, YURI RYAZANOV and OLEG SEMENETS,

By their attorney,

Dated: March 4, 2025

Kenneth C. Pickering, BBO #634121
Pickering Legal LLC
100 Grove Street
Worcester, MA 01605
Phone: (508) 498-3880
*kpickering@pickering-legal.com*

CERTIFICATE OF SERVICE

I, Kenneth C. Pickering, hereby certify that this day I served the foregoing document, via email, on the Defendant, Andrei Mann, 8855 Bay Parkway, Brooklyn, New York 11217, *andreimann@hotmail.com*.

Dated: March 4, 2025

Kenneth C. Pickering