IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2025 MAR -4 PM 12: 22
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| PETR DMITRIEV, YUSUP OSMANOV, YURI RYAZANOV, and OLEG SEMINETS<br><br>Plaintiffs,<br><br>v.<br><br>ANDREI MANN<br><br>Defendant. | CIVIL ACTION No. 21cv40068-NMG |
| ANDREI MANN<br><br>Plaintiff in Counterclaim<br><br>v.<br><br>PETR DMITRIEV, YUSUP OSMANOV, YURI RYAZANOV, and OLEG SEMINETS<br><br>Defendants in counterclaim | |

**DEFENDANT and PLAINTIFF IN COUNTERCLAIM ANDREI MANN**

**OBJECTION to "PLANTIFFS' EMERGENCY MOTION TO PERMIT REMOTE TESTIMONY".**

  Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, including Rule 45(d)(2)(B), Andrei Mann, defendant and plaintiff, hereby responds and objects to "PLANTIFFS' EMERGENCY MOTION TO PERMIT REMOTE TESTIMONY."
  Such Motion was brought by Plaintiffs Petr Dmitriev, Yusup Osmanov, Yuri Ryazanov, and Oleg Seminets on February 27, 2025.
  In this Motion, Plaintiffs ask the Court to permit Oleg Seminets to testify remotely by simultaneous transmission from another location. The request is made because Seminets has not obtained a visa to the United States and cannot appear in person at the March 17, 2025, trial. Andrei Mann objects to granting "PLANTIFFS' EMERGENCY MOTION TO PERMIT REMOTE TESTIMONY" for the following reasons.

1

## The Plaintiffs' Main Argument

As I understand it, the main argument for allowing Seminets to testify remotely is the following: "As the Advisory Committee Notes to Rule 43(a) explain, the rule is intended to permit remote testimony when a witness's inability to attend trial is the result of 'unexpected reasons, such as accident or illness'".

It seems to me that this rule is not applicable to this case, since there are no "unexpected reasons, such as accident or illness'".

I would like to point out that I am not a lawyer and may not understand the intricacies of legal reasoning.

For me, the most important thing in this case is the essence of what is happening. Since the court clearly stated the need for personal participation in court hearings, this order should apply to everyone equally. Otherwise, the participants in the process find themselves in unequal conditions.

By the way, this "injustice" also affects those who have already withdrawn from the process.

They withdrew from the process precisely because they were unable to participate in it personally, citing, in particular, medical indications.

It is my firm belief that no exception can be made for Seminets, as this violates the rights of other participants, in particular my rights.

## The Counts/Allegations

I personally answered plaintiffs' attorney's questions regarding these allegations during plaintiffs' deposition in Boston, Massachusetts. I also wanted to PERSONALLY ask plaintiffs, in particular Seminets, my own questions regarding his allegations against me. But he refused to get a visa to the United States, and in one of his statements in 2023, he even stated that it was "virtually impossible" for him to leave Russia.

Since the "documents" of plaintiffs, in particular Seminets, in this case were mostly "born" in Russia, since the "evidence" against me was, in my opinion, "fabricated", it is very important that all documents be presented by plaintiffs, including Seminets, in person, so that he personally answers all questions in a US court under oath.

In addition, I have also filed counterclaims against all of the plaintiffs, including Semenets. I believe that Seminets and the other plaintiffs acted together in concert(and still operate).

These complaints allege various allegations, including fraud, breach of contract, civil conspiracy, unjust enrichment, and conversion.

The critical fact in this case is that my counterclaims allege, among other allegations, RICO allegations against me by the plaintiffs. It would be difficult (if not impossible) to objectively evaluate the online evidence of such serious allegations, which includes a vast amount of audio recordings, photographs, letters, and other documents attesting to threats against me.

And in this regard, It should be especially noted that Seminets is a former prosecutor in Russia, and to this day he remains closely associated with the Russian security forces. The godfather of his daughter is the former Deputy Prosecutor General of the Russian Federation D.V. Demeshin, who has now been appointed Governor of Khabarovsk Krai by Russian President V.V. Putin.

https://ru.wikipedia.org/wiki/%D0%94%D0%B5%D0%BC%D0%B5%D1%88%D0%B8%D0%BD,_%D0%94%D0%BC%D0%B8%D1%82%D1%80%D0%B8%D0%B9_%D0%92%D0%B8%D0%BA%D1%82%D0%BE%D1%80%D0%BE%D0%B2%D0%B8%D1%87

As I have already noted: the entire evidence base of the plaintiffs is based on documents "born" on the territory of the Russian Federation.

Only Seminets' personal participation in the US court (not online, but personal participation under oath) would help answer many questions related to how these documents appeared in the case, what role Seminets' personal relations with Russian law enforcement agencies played in their appearance, and obtain other important answers.

## Russian citizen - personal testimony

There are huge differences between personal testimony and online testimony. In our case, this is a significant factor that can affect the establishment of the truth in court.

For example, during testimony, it is always important for jurors to see the reaction of the person being asked questions. In an online interview, it can be hidden. At best, jurors will only see the head and shoulders of the person being asked questions.

This needs to be mentioned separately.

a) There is no tradition of giving testimony under oath in Russia. There are no serious penalties for giving false testimony.

We have already encountered the fact that plaintiffs made a number of statements under oath that cannot be considered truthful. This also applies to some of Seminets' statements.

b) I also express reasonable doubts that the testimony of Seminets, who has Russian citizenship, is legitimate in the version he offers. Namely: remotely, from another country (not the United States). Since Russia not only does not recognize the Hague Convention, but Russia also provides for criminal penalties for implementing the Hague Convention, how can a Russian citizen ignore the law of his country? According to the law, criminal liability for Russian citizens occurs even if they commit a crime outside the Russian Federation. Seminets is a citizen of Russia.

## Conclusion

Based on the above arguments that all participants in the process should have equal rights, on the value of personal testimony given under oath on U.S. territory (not online), on the need to create the best conditions for the jury to understand and evaluate what is happening, on the fact that there is a wide range of different types of charges in the case, including facts of intimidation and threats (RICO), and also taking into account the other arguments presented above, I ask the court to reject "PLANTIFFS' EMERGENCY MOTION TO PERMIT REMOTE TESTIMONY" and not to grant permission to Oleg Seminets to testify remotely by simultaneous transmission from another location.

Date: February, 28, 2025

Andrei Mann

### CERTIFICATE OF SERVICE

The undersigned certifies that on this day, February, 28, 2025, the foregoing Motion was served on the parties as follows:

Kenneth C. Pickering,

BBO #634121

Pickering Legal LLC
100 Grove Street
Worcester, MA 01605

Phone: (508) 498-3880

kpickering@pickering-legal.com

Date: February, 28, 2025

Andrei Mann

4