UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETR DMITRIEV, YUSUP OSMANOV,
YURI RYAZANOV and OLEG
SEMENETS,
    Plaintiffs,

v.

ANDREI MANN,
    Defendant.

Civil Action No. 1:21-CV-40068-DLC

**PLAINTIFFS' PRETRIAL MEMORANDUM**

Plaintiffs, Petr Dmitriev, Yusup Osmanov, Yuri Ryazanov and Oleg Semenets hereby submit their Pretrial Memorandum.

1. **SUMMARY OF THE EVIDENCE**

Plaintiffs, Petr Dmitriev, Yusup Osmanov, Yuri Ryazanov and Oleg Semenets bring this action to recover moneys lent to the defendant, Andrei Mann, but never repaid. The plaintiffs allege that Mr. Mann enticed them into loaning money to him under false pretenses. Mr. Mann convinced the plaintiffs to loan him large sums of money then transferred the funds out of Russia with no intention to repay the plaintiffs. As indicated in the loan documents, the plaintiffs loaned the funds to Mr. Mann personally, not to any of Mr. Mann's companies. The plaintiffs are seeking the return of the funds loaned to Mr. Mann with interest.

## 2. FACTS ESTABLISHED BY PLEADINGS, STIPULATIONS OR ADMISSIONS

*Andrei Mann*

Andrei Yurievich Mann was born in the Russia where he lived and worked for many years. See Defendant's Responses to Request for Admission ("Resp. Req. for Admis.") at Req. Nos. 1-2.

Mr. Mann became a naturalized U.S. citizen. See Declaration of Andrei Mann in Support of Motion to Dismiss Complaint [Dkt. 14] ("Mann Decl.") at ¶ 2.

Mr. Mann moved to the United States permanently in 1998. See Resp. Req. for Admis. at Req. No. 4; Deposition of Andrei Mann taken on May 29, 2024 ("Mann Depo.") at p. 8:8-10.

Mr. Mann last visited Russia in 2018. See Mann Depo. at p. 20:24-21:2.

Mr. Mann lived at 314 Dartmouth Street in Boston, Massachusetts from 1998 until 2018. See Mann Depo. at p. 8:11-19.

Mr. Mann states that he is a resident of the Commonwealth of Massachusetts. See Andrei Mann's Verified Counterclaim against Petr Dmitriev ("Ver. Countercl. Agst. P. Dmitriev") at ¶ 1.

Mr. Mann uses the email accounts: *AndreiMann@hotmail.com* and *Mann.Andry@gmail.com*. See Mann Depo. at p. 10:6-11 and 182:6-9.

Mr. Mann is able to read English. See Mann Depo. at p. 10:13-16.

Mr. Mann was a party to proceedings in the courts in Moscow involving some of the same plaintiffs and alleging claims similar to those stated in this lawsuit. See Mann Decl. at ¶ 3.

Mr. Mann was declared bankrupt by the Moscow Arbitration Court on March 16, 2020. See Mann Depo. at p. 180:23-181:6.

### *Loan Documents*

The commercial and contractual documents with the plaintiffs were executed in Russia. See Mann Decl. at ¶ 45.

Mr. Mann traveled to Russia to negotiate and execute all relevant contractual and commercial documents annexed to the plaintiffs' complaint. See Mann Decl. at ¶ 46.

Nearly all of the loan deals with plaintiffs were subject to local collateral. See Mann Decl. at ¶ 38.

The Russian Court ruled that Mr. Mann's personal assets should be sold to cover debts to his creditors, which include the plaintiffs in this matter. See Mann Decl. at ¶ 38.

### *Petr Dmitriev*

Mr. Mann's signature appears on the last page of Exhibit 1. See Mann Depo. at p. 21:8-23.

Mr. Mann never paid Mr. Dmitriev any money from his own funds. See Mann Depo. at p. 43:13-16.

### *Yusup Osmanov*

Mr. Mann's signature appears on Exhibit 4.  See Mann Depo. at p. 75:5-17.

### *Yuri Ryazanov*

Mr. Mann's signature appears on Exhibit 5.  See Mann Depo. at p. 126:18-127:10.

Mr. Mann never re-paid Mr. Ryazanov for any of the loans.  See Mann Depo. at p. 130:22-24.

### *Oleg Semenets*

Mr. Mann's signature appears on Exhibit 6.  See Mann Depo. at p. 148:5-23.

Mr. Mann never made any loan repayments to Mr. Semenets from his own funds.  See Mann Depo. at p. 153:11-13.

### *S-Info*

S-Info LLC was incorporated in Massachusetts in 2004 and administratively dissolved in 2019.  See Mann Decl. at ¶ 20.

S-Info LLC was owned by OOO S-Info a Russian company registered in Moscow.  See Mann Decl. at ¶ 23.

At one point in time Mr. Mann was a 62% stakeholder in OOO S-Info.  See Mann Decl. at ¶ 24.

OOO S-Info was declared insolvent by the Moscow Arbitration Court on January 17, 2020.  See Mann Depo. at p. 179:14-180:4.

## 3. CONTESTED ISSUES OF FACT

The parties dispute whether debts to the plaintiffs are owed by Mann individually or are corporate debts of OOO S-Info.

## 4. JURISDICTIONAL QUESTIONS

Massachusetts courts do not recognize or enforce judicial decisions from the Russian Federation.

## 5. QUESTIONS RAISED BY PENDING MOTIONS

None.

## 6. ISSUES OF LAW / EVIDENTIARY QUESTIONS

Plaintiffs assert that their claims for breach of contract and fraud are governed by Russian law. Plaintiffs claim for conversion is governed by Massachusetts law. See Plaintiffs' Notice of Determination of Foreign Law filed with this Court previously.

Plaintiffs assert that the rate of interest to be paid after breach, if any, is subject to Russian law and is a matter of law to be decided by the Court.

## 7. PROBABLE LENGTH OF TRIAL

At the status conference held by this Court on February 7, 2025, the parties committed to trying this case in a single week beginning March 17 and ending on or before March 21, 2025. The plaintiffs' ability to travel to the United States for trial is limited to this time period.

8. **LIST OF WITNESSES**

   a. Petr Dmitriev, a fact witness, is a resident of Bat-Yam, Israel.

      Mr. Dmitriev is expected to testify to: his relationship with the defendant; representations made by the defendant; his knowledge of the defendant's business dealings in the United States, Russia and elsewhere; the loan he made to the defendant; and the defendant's failure to repay the loan.

   b. Yusup Osmanov, a fact witness, is a resident of Moscow, Russia.

      Mr. Osmanov is expected to testify to: his relationship with the defendant; representations made by the defendant; his knowledge of the defendant's business dealings in the United States, Russia and elsewhere; loans he provided to the defendant; and the defendant's failure to repay the loans.

   c. Yuri Ryazanov, a fact witness, is a resident of Moscow, Russia.

      Mr. Ryazanov is expected to testify to: his relationship with the defendant; representations made by the defendant; his knowledge of the defendant's business dealings in the United States, Russia and elsewhere; loans he provided to the defendant; and the defendant's failure to repay the loans.

   d. Oleg Semenets, a fact witness, is a resident of Shchelkovo, Russia.

      Mr. Semenets is expected to testify to: his relationship with the defendant; representations made by the defendant; his knowledge of the defendant's business dealings in the United States, Russia and elsewhere; loans he provided to the defendant; and the defendant's failure to repay the loans.

   e. Andrei Mann, a fact witness, indicates that he is a resident of the Commonwealth of Massachusetts. See Ver. Countercl. Agst. P. Dmitriev at ¶ 1.

      Mr. Mann will be called as a witness in cross examination. Mr. Mann is expected to be questioned concerning: his business dealings in the United States, Russia and elsewhere; his relationship with the plaintiffs; loans he took from the plaintiffs; and his failure to repay the loans he took from the plaintiffs.

9. **PROPOSED EXHIBITS**

**Plaintiffs' Exhibit List**

**Exhibit 1**  Loan Agreement between Mann Andrei Yurievich and Dmitriev Petr Valentinovich, Dated February 6, 2012, and Addendums dated February 5, 2013, February 11, 2014, February 24, 2015, February 11, 2016, March 7, 2017, and March 5, 2018, in the amount of $1,500,000 USD.

**Exhibit 2**  Loan between Andrei Yurievich Mann and Oleg Vitalyevich Semenets dated March 2, 2016, in the amount of $500,000 USD.

**Exhibit 3**  Loan between Andrei Yurievich Mann and Oleg Vitalyevich Semenets dated June 2, 2016, in the amount of $700,000 USD.

**Exhibit 4**  Summary of Loans Mann A.Yu. – Osmanov Yu.M. as of July 1, 2018, in the amounts of 367,500 EUR and $6,924,866 USD.

**Exhibit 5**  Warranty Statement between Andrey Yurievich Mann and Ryazanov Yury Yuryevich dated October 11, 2017, in the amounts of $3,771,729 USD and 2,630,304 EUR.

**Exhibit 6**  Loan between Andrei Yurievich Mann and Oleg Vitalyevich Semenets dated March 3, 2018, in the amount of $150,000 USD.

**Exhibit 7**  Agency Agreement between Semenets Oleg Vitalievich and Mann Andrei Yurievich dated May 1, 2019.

**Exhibit 8**  Loan between Andrei Yurievich Mann and Oleg Vitalyevich Semenets dated January 1, 2017, in the amount of $400,000 USD.

**Exhibit 9**  Decision in the Name of the Russian Federation by the District Court of the City of Moscow, dated December 13, 2018.

**Exhibit 10**  Decision in the Name of the Russian Federation by the Arbitration Court of the City of Moscow, dated January 17, 2020, in regards to Limited Liability Company S-Info.

**Exhibit 11**  Decision in the Name of the Russian Federation by the Arbitration Court of the City of Moscow, dated March 16, 2020, in regards to Mr. Andrei Yurievich Mann.

| | |
|---|---|
| **Exhibit 12** | Loan Agreement between Andrey Yurievich Mann and Yuri Yurievich Ryazanov, dated April 7, 2008. |
| **Exhibit 13** | Loan Agreement between Andrey Yurievich Mann and Yuri Yurievich Ryazanov, dated April 9, 2009. |
| **Exhibit 14** | Addendum between Andrey Yurievich Mann and Yuri Yurievich Ryazanov, dated March 10, 2016. |
| **Exhibit 15** | Addendum between Andrey Yurievich Mann and Yuri Yurievich Ryazanov, dated March 10, 2016. |
| **Exhibit 16** | Loan Agreement No. 18/04 Yusup Magomedovich Osmanov and Limited Liability Company S-Info, dated April 18, 2017. |

## 10. PROPOSED JUROR QUESTIONS

The parties have waived their right to a trial by jury.

## 11. WHETHER A DAILY COPY OF THE TRIAL TRANSCRIPT IS REQUIRED

Plaintiffs do not require a daily copy of the trial transcript.

## 12. PROPOSED STATEMENTS OF LAW

*Breach of Contract – (Russian Civil Code)*
Counts II, VII, IX and XII

Proposed statement of law:

By virtue of a loan obligation the debtor is obliged to pay money to the creditor, and the creditor shall have the right to demand repayment from the debtor. In the event the debtor fails to perform, the creditor has the right to demand the debtor's repayment in court. A debtor shall be obligated to compensate the creditor for losses

caused by the debtor's failure to perform.  If the debtor unlawfully withholds the funds or delays repayment, the creditor is entitled to interest.

When interpreting the terms of a contract, the literal meaning of the words and expressions shall be taken into account.

See Russian Civil Code (Butler), articles 307, 308³, 393, 395, 431, 807,

*Fraud – (Russian Civil Code)*
Counts I, VI, VII and XII

Proposed statement of law:

A person who commits fraud is liable to the person defrauded for the full amount of the harm caused.  To hold the defendant liable for fraud the plaintiffs must show that: (1) the plaintiffs suffered harm; (2) the defendant committed an unlawful act; (3) the defendant's unlawful act caused the plaintiffs' harm; and (4) the defendant is at fault for causing the plaintiffs' harm.

See Russian Civil Code (Butler), art. 1064; *Russian tort law in the eyes of the English courts*, 43 The Company Lawyer, Issue 4, p. 126-128, Thomson Reuters and Contributors (2022).

*Conversion – (Massachusetts Law)*
Count XIV

Proposed statement of law:

The tort of conversion consists of the wrongful exercise of dominion or control over money or the personal property of another.  To establish a claim for conversion,

the plaintiffs must show that: (1) the plaintiffs loaned the defendant money; (2) the defendant took possession of the loaned funds; (3) the defendant intentionally and wrongfully refused to return the funds; and (4) the plaintiffs were damaged by the defendant's refusal to return the funds.

See Third Natl. Bank of Hampden County v. Continental Ins. Co., 388 Mass. 240, 244 (1983); Morrin v. Manning, 205 Mass. 205, 211 (1910); Evergreen Marine Corp. v. Six Consignments of Frozen Scallops, 4 F.3d 90, 95 (1st Cir. 1993).

Respectfully submitted,

PETR DMITRIEV, YUSUP OSMANOV, YURI RYAZANOV and OLEG SEMENETS,

By their attorney,

_____
Kenneth C. Pickering, BBO #634121
Pickering Legal LLC
100 Grove Street
Worcester, MA 01605
Phone: (508) 498-3880
*kpickering@pickering-legal.com*

Dated: March 7, 2025

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Kenneth C. Pickering, counsel for the plaintiffs, hereby certify that I sent a copy of Plaintiffs' Pretrial Memorandum, and a copy of each exhibit, to the defendant, Andrei Mann, via email on February 28, 2025. Mr. Mann did not provide any comments or alternative language to the pretrial memorandum. As such, this memo is being submitted on behalf of the plaintiffs only.

Dated: March 7, 2025                                                    Kenneth C. Pickering

## CERTIFICATE OF SERVICE

I, Kenneth C. Pickering, hereby certify that this day I served the foregoing document, via email, on the Defendant, Andrei Mann, 8855 Bay Parkway, Brooklyn, New York 11217, *andreimann@hotmail.com*.

Dated: March 7, 2025                                                    Kenneth C. Pickering

11