IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETR DMITRIEV, YUSUP OSMANOV, YURI RYAZANOV, and OLEG SEMINETS<br><br>Plaintiffs,<br><br>v.<br><br>ANDREI MANN<br><br>Defendant. | CIVIL ACTION No. 21cv40068-NMG |

**DEFENDANT'S PRETRIAL MEMORANDUM**

Defendant Andrey Mann hereby submits his Pretrial Memorandum.

1. SUMMARY OF EVIDENCE

a) General position regarding all plaintiffs - Osmanov, Ryazanov, Dmitriev, Semenets:

The plaintiffs had business relations with Andrey Mann and his business for many years.
Namely: Osmanov worked since the early 2000s, Ryazanov worked since the early 1990s, Dmitriev worked since the mid-2010s, Semenets, being a close friend of one of the founders of S-info I. Gurinovich, collaborated with S-info since 2013.
All credit agreements between Mann and the plaintiffs were signed in the interests of the S-info group of companies. The money was not intended for Mann personally, for his personal needs. The money was intended for the production purposes of the S-info group of companies. Since all plaintiffs worked in the S-info group of companies, they were well aware of the true purpose of the loans.
There are no documents in the case confirming that Mann "personally received money" from the plaintiffs.
There are no documents in the case indicating that Mann allegedly "used the money received from the plaintiffs for personal purposes."
All plaintiffs admit that for a number of years (from three to fifteen years) they received payments, at least interest, and did not provide any documents related to receiving money from S-info or from Mann.
Moreover, all plaintiffs included interest in the amounts of the "Debt" demanded from Mann, without taking into account payments that they themselves admitted to having received.
Mann himself cannot provide payment documents because all the accounting records have been seized and appropriated by the plaintiffs.
From 2000 to 2018, the plaintiffs NEVER made any financial claims against Mann and the S-info Group of Companies.
The case does not contain documents confirming the movement of funds between the plaintiffs and Mann: payment documents, bank statements, expense and income reports, etc.

In addition, all activities of the S-info Group of Companies were carried out on the territory of the Russian Federation; Agreements with all plaintiffs on behalf of and in the interests of the S-info Group of Companies were concluded in Moscow. All documents related to the plaintiffs and the S-info Group of Companies, bank payment documents, agreements, accounting payments, documents establishing labor relations between the plaintiffs and the S-info Group of Companies in accordance with the Staffing Schedule, etc. - all this was produced on the territory of the Russian Federation and remains under the jurisdiction of the Russian Federation, in particular under the control of Osmanov, who was responsible for all accounting, registration of all receipts and expenses related to the S-info Group of Companies and Mann personally, Osmanov carried out this activity in accordance with the powers of attorney issued to him with a wide range of powers.

Osmanov essentially refused to provide the documents in his possession, as well as to conduct a financial analysis and reconciliation of payments between the S-info Group of Companies, Mann personally and the plaintiffs. Meanwhile, confirmation that he has such documents is «Exhibit 3: General Powers of Attorney».

Since the plaintiffs' transactions were essentially with S-info, then these loans were never the subject of Mann's personal security.

The plaintiffs' transactions were never recognized as the subject of local (Russian security).

Russian Arbitration Courts never ruled that Mr. Mann's personal assets should be sold to cover the plaintiffs' debts, since the Arbitration Courts never included any of the plaintiffs among Mann's creditors.

b) Osmanov Yusup Magomedovich, born in Dagestan (RF), moved to Moscow, never had a serious business.

In the early 2000s, he met Mann, gained his trust, and began working in the S-info Group of Companies.

In 2013 and 2018, he received General Powers of Attorney from Mann for a total period of 15 years. Thanks to the broad powers granted and enjoying Mann's full trust, he appropriated all the documents related to this case.

Until 2018, Osmanov did not communicate with other plaintiffs, and was not even familiar with some of them. They were united into a "group of plaintiffs" and began joint actions against Mann in 2018.
Email: hausmann@bk.ru
Moscow phone: +7-903-792-9282

c) Dmitriev Petr Valentinovich, born in the Russian Federation, moved to Israel in the mid-2010s. Mann and Dmitriev have known each other since the mid-1980s, when Mann worked at the Medical Newspaper.
Since the mid-2010s, Dmitriev has worked at the S-info Group of Companies.
Email: petrdmitriev@hotmail.com
Moscow phone: +7-903-792-2391; +7-926-614-1435

d) Ryazanov Yuri Yuryevich, born in the Russian Federation, has known Mann since the early 1990s. Worked for a long time in the S-info Group of Companies. Has close personal ties with Russian law enforcement agencies.

Email: uu9603288@gmail.com

Moscow phone: +7-925-562-3080; +7-495-960-3288


e) Semenets Oleg Vitalievich, born in the Russian Federation, worked for a long time as a prosecutor of the Russian Federation. Has close personal ties with law enforcement agencies, including the leadership of the Prosecutor General's Office of the Russian Federation.

Semenets and Mann's business relationship began in 2013. In particular, Semenets gave loans to the S-info Group of Companies for his own benefit, and in 2019, Mann and Semenets entered into an agreement to

2

provide agency services to represent the financial interests of Mann in Moscow, who by that time had left the Russian Federation and permanently moved to the United States.

In 2018, S-info LLC was sold to Semenets' friend Yuri Nigmedzyanov, and all documentation was transferred to Semenets and Nigmedzyanov. In 2020, S-info LLC, under Nigmedzyanov's leadership, was declared bankrupt.

Email: olegsemenec@mail.ru
Moscow phone: +7-916-674-4753; +7-916-756-9938

### 3. CONTESTED ISSUES OF FACT

The parties dispute whether the plaintiffs' debts are individual to Mann or corporate debts of the S-Info Group of Companies.

The parties dispute whether the plaintiffs' funds were returned to them (in whole or in part), and whether the plaintiffs received interest on the loans, and if so, what interest and when.

### 4. JURISDICTIONAL QUESTIONS

Massachusetts courts do not recognize or enforce Russian Federation judgments.

### 5. QUESTIONS RAISED BY PENDING MOTIONS

None.

### 6. ISSUES OF LAW / EVIDENTIARY QUESTIONS

Mann is not qualified to discuss this issue because he does not have the necessary legal knowledge.

### 7. PROBABLE LENGTH OF TRIAL

Mann agrees with the contention made by plaintiffs in their pre-trial memorandum. Specifically:

"At a conference held by this Court on February 7, 2025, the parties

agreed to the trial of this case for a period of one week, commencing on March 17 and concluding on or before March 21, 2025."

### 8. LIST OF WITNESSES

Mann believes that plaintiffs may also serve as witnesses in this case. Specifically:

3

a. Peter Dmitriev, a witness of fact, is a resident of Bat Yam, Israel.

Mr. Dmitriev is expected to be examined regarding: his business dealings in Russia, Israel, Switzerland, and other countries; his dealings with other plaintiffs; about the return of loans repaid to him by Mann, about the misappropriation and concealment of documentation confirming loan payments by the S-info Group of Companies and by Mann personally.

b. Yusup Osmanov, a fact witness, is a resident of Moscow, Russia.

It is expected that Mr. Osmanov will be questioned regarding: his business relationships in Russia, in Spain, in Croatia and other countries; his relationships with other plaintiffs; about the return of loans repaid to him by Mann, about the misappropriation and concealment of documentation confirming loan payments by the S-info Group of Companies and by Mann personally; about his connections with law enforcement agencies of the Russian Federation.

c. Yuri Ryazanov, a fact witness, is a resident of Moscow, Russia.

It is expected that Mr. Ryazanov will be questioned regarding: his business relationships in Russia, in Spain, in Croatia and other countries; his relationships with other plaintiffs; about the return of loans that Mann repaid to him, about the misappropriation and concealment of documentation confirming loan payments by the S-info Group of Companies and Mann personally; about his connections with law enforcement agencies of the Russian Federation.

d. Oleg Semenets, a fact witness, is a resident of Shchyolkovo, Russia.

It is expected that Mr. Semenets will be questioned about: his business relationships in Russia, in Spain, and other countries; his relationships with other plaintiffs; about the return of loans that Mann repaid to him, about the misappropriation and concealment of documentation confirming loan payments by the S-info Group of Companies and Mann personally; about his connections with law enforcement agencies of the Russian Federation.

## 9. PROPOSED EXHIBITS

Exhibit 1: Decision of the Arbitration Court of Moscow on recognizing S-info LLC as bankrupt
Exhibit 2: Exclusion of Osmanov and Ryazanov from the list of Mann's creditors by the Moscow Arbitration Court
Exhibit 3: General Powers of Attorney issued to Osmanov for a total period of 15 years
Exhibit 4: Osmanov confirms in a letter to Mann that he received $1,100,000 from S-info LLC in 2017
Exhibit 5: Nigmedzyanov's indication in the list of founders of S-info LLC in the registration register of the Russian Federation on the day of the Company's bankruptcy, January 25, 2020
Exhibit 6: Letter from OOO S-info stating that in 2015 Mann transferred $514,331 US dollars to the Company as a lender
Exhibit 7: Letter from Moda Alliance LLC, Russia stating that Mann issued loans to the Company for the period 2014-2016 totaling USD 12,407,246.00
Exhibit 8: Another appeal to the plaintiffs regarding their refusal to provide financial documents
Exhibit 9: Ryazanov offers to pay him 2.7 million US dollars (instead of 6-7 million, which he demanded earlier) in exchange for closing the criminal case against Mann, which he himself initiated in 2018
Exhibit 10: loan in the amount of $384,067, which Mann issued to Ryazanov at his request on March 10, 2017

Exhibit 11: screenshots of Osmanov's SMS: blackmail, intimidation of the management of OOO Moda Alliance

Exhibit 12: Regarding the Agency Agreement with Semenets (EXHIBIT 7, Plaintiffs' Pre-Trial Memorandum)

## 10. PROPOSED JUROR QUESTIONS

Mann agrees with the questions set forth in the plaintiffs' pre-trial memorandum.

Specifically:

a. Does anyone have any connection to Russia, whether through family or friends, business dealings, or any connection with the United Russia party?

b. Is anyone fluent in, able to speak, or understand Russian?

c. Does anyone have strong feelings about Russia or Russian citizens?

d. Does anyone have any connection to Ukraine, whether through family or friends, business dealings, or having made any contribution to the Ukrainian war effort?

e. Has anyone ever defaulted on a loan or been sued to collect a debt?

## 11. WHETHER A DAILY COPY OF THE TRIAL TRANSCRIPT IS REQUIRED

Defendant is not required to have a daily copy of the trial transcript.

## 12. PROPOSED JURY INSTRUCTIONS

As the defendant understands it, the burden of proving the facts lies with the plaintiffs.

The defendant asks that attention be paid to the following: in connection with the theft, concealment of documentation by the plaintiffs in this case, as well as the failure of the plaintiffs to provide the requested documents on interest (other payments?) received from the defendant, as well as in connection with the documents provided by the defendant, can it be considered that the plaintiffs have proven that they a) issued loans PERSONALLY to Mann and that b) these funds were not actually returned to them.

Date: March 7, 2025

Andrei Mann

## CERTIFICATE OF SERVICE

      The undersigned certifies that on this day, March 7, 2025, the foregoing Motion was served on the parties as follows:

Kenneth C. Pickering,

BBO #634121

Pickering Legal LLC
100 Grove Street
Worcester, MA 01605

Phone: (508) 498-3880

kpickering@pickering-legal.com

Date: March 7, 2025

_____
Andrei Mann