Exhibit 2

 

900001703_29568894



# ARBITRATION COURT OF THE CITY OF MOSCOW

17, Bolshaya Tulskaya street, Moscow, 115225
http://www.msk.arbitr.ru

Phone: 600-99-26

# R U L I N G

Moscow                                      Case No. A40-291728/18-101-368F
August 1, 2021

The resolutive part of the Ruling was announced on August 3, 2021.
The decision in its entirety was prepared on August 17, 2021.
The Arbitration Court comprised of:
Judge L.A. Belova (judge code: 101-368F), with the clerk of the court D.N. Kazakov preparing the record,
having considered in an open court hearing under the case of adjudication of insolvency (bankruptcy) of Mr. Andrei Yurievich Mann (DOB: December 21, 1957; Tax ID: 770803076025,
address: 32/1, Marshala Biryuzova Str, apt. 71), the request by Yu.M. Osmanov, D.A. Latur, and G.A. Kiselman, with appearances as noted in the court hearing minutes,

**DETERMINED**: The Court Ruling of March 20, 2019 in regards to Mr. Andrei Yurievich Mann (DOB: December 21, 1957; Tax ID: 770803076025, address: 32/1, Marshala Biryuzova Str., apt. 71) put in place the debt restructuring process; appointed Sergei Aleksandrovich Mukha (Tax ID: 231299408664, mailing address: P.O. Box 4801, Krasnodar, 350063) as the financial manager. This notification was published in the *Kommersant* paper of March 30, 2019.

The Court Decision of March 16, 2020 held Andrei Yurievich Mann (DOB: December 21, 1957; Tax ID: 770803076025, address: 32/1 Marshala Biryuzova Str., # 71) bankrupt, put in place the property disposal process, appointed Elena Nikolaevna Tyapinskaya (mailing address: 11a Gagarina Str., Ste. 1, Vologda, 16002) as the financial manager

On May 8, 2019, the Moscow City Arbitration Court received claims from S.M. Guseinov, L.A. Vinogradova, Yu.M. Osmanov, V.A. Solntseva, I.A. Sozonov, D.A. Latur, G.A. Kiselman, and Yu.Yu. Ryazanov for inclusion of debts under loan agreements into the debtor's register of the creditors' claims.

By the Ruling of the City of Moscow Arbitration Court of August 25, 2019, the proceedings on the claim of Guseinov, Suleiman Magomedovich to Mann, Andrei Yurievich have been closed.

By the Ruling of the City of Moscow Arbitration Court of August 25, 2019, the proceedings on the claim of Ryazanov, Yuri Yurievich to Mann, Andrei Yurievich have been closed.

In view of the above and pursuant to Articles 4, 16, 32, 100, 213.24 of the Federal Law: On Insolvency (Bankruptcy), Articles 13, 64-66, 71, 75, 123, 156, 176, 184, 185, 223 of the APC RF, the court

**R U L E D:**

To deny the motion on disclosure of evidence.

Recognize as frivolous the claim of Osmanov, Yusup Magomedovich to include the amount of debt of 879,313,156.78 roubles, of Latur, Darya Anatolyevna to include the amount of debt of 46,618,037.64 rubles, and of Kiselman, German Adamovich to include the amount of debt of 154,808,412.88 rubles to Mann, Andrei Yurievich.

To reject the inclusion of the debtor's creditors' claims into the register.

This Ruling shall enter into force immediately and may be appealed within ten days to the Ninth Arbitration Court of Appeal.

**Judge**                                                                                                **I.A. Belova**

## CERTIFICATE OF TRANSLATOR

I, Tatyana Albert, herewith state that I am a U.S. citizen, that by virtue of my education and work experience, I am a professional translator and interpreter from, and into, the Russian language and that the foregoing translation of the selected excerpts from the document: Court Ruling of August 17, 2021 was true and correct, to the best of my knowledge.

Date: May 28, 2024

Tatyana Albert

 

900001703_29568894



# АРБИТРАЖНЫЙ СУД ГОРОДА МОСКВЫ
115225, г.Москва, ул. Большая Тульская, д. 17
http://www.msk.arbitr.ru

Тел.600-99-26
**О П Р Е Д Е Л Е Н И Е**

г. Москва  Дело № А40-291728/18-101-368Ф
17 августа 2021г.

Резолютивная часть определения объявлена 03 августа 2021г.
Определение в полном объеме изготовлено 17 августа 2021г.
Арбитражный суд в составе:
Судьи Беловой И.А. (шифр судьи 101-368Ф),
при ведении протокола судебного заседания секретарем Казаковым Д.Н.
рассмотрев в открытом судебном заседании по делу о признании несостоятельным (банкротом) гражданина Манн Андрея Юрьевича (21.12.1957г.р., ИНН 770803076025, адрес: г.Москва, ул. Маршала Бирюзова д.32 корп.1 кв.71), требования Османова Ю.М., Латур Д.А. и Кисельмана Г.А.,
с участием лиц, указанных в протоколе судебного заседания,

**УСТАНОВИЛ:** Определением суда от 20 марта 2019г. в отношении гражданина Манн Андрея Юрьевича (21.12.1957г.р., ИНН 770803076025, адрес: г.Москва, ул. Маршала Бирюзова д.32 корп.1 кв.71) введена процедура реструктуризации долгов гражданина, финансовым управляющим утвержден Муха Сергей Александрович (ИНН 231299408664, адрес для направления корреспонденции: 350063, г.Краснодар, а/я 4801). Сообщение об этом опубликовано в газете «Коммерсантъ» от 30.03.2019г.

Решением суда от 16.03.2020г. гражданин Манн Андрей Юрьевич (21.12.1957г.р., ИНН 770803076025, адрес: г.Москва, ул. Маршала Бирюзова д.32 корп.1 кв.71) признан несостоятельным (банкротом), введена процедура реализации имущества, финансовым управляющим утверждена Тяпинская Елена Николаевна (адрес для корреспонденции: 160002, г. Вологда, ул. Гагарина, д.11а, оф.1).

В Арбитражный суд города Москвы 08 мая 2019 года поступили требования Гусейнова С.М., Виноградовой Л.А., Османова Ю.М., Солнцевой В.А., Сазонова И.А., Латур Д.А., Кисельмана Г.А., Рязанова Ю.Ю. о включении задолженности по договорам займа в реестр требований кредиторов должника.

Определением Арбитражного суда города Москвы от 25 августа 2019 года производство по требованию Гусейнова Сулеймана Магомедовича к Манну Андрею Юрьевичу прекращено.

Определением Арбитражного суда города Москвы от 25 августа 2019 года производство по требованию Рязанова Юрия Юрьевича к Манну Андрею Юрьевичу прекращено.

Определением Арбитражного суда города Москвы от 29 января 2020 года, оставленным без изменения постановлением Девятого арбитражного апелляционного суда от 17 июня 2020 года, требования Османова Юсупа Магомедовича, Виноградовой Ларисы Анатольевны, Солнцевой Виктории Адамовны, Сазонова Игоря Александровича, Латур Дарьи Анатольевны,

1

кредитора о том, что сумма, предоставленная Латур Д.А. должнику, больше, чем сумма, полученная кредитором от продажи недвижимости, а полученных Кисельманом Г.А. доходов от заключения кредитного договора и заработной платы с учетом размера погашенных кредитных обязательств было недостаточно для предоставления заемных денежных средств.

В пункте 26 постановления Пленума Высшего Арбитражного Суда Российской Федерации от 22.06.2012 № 35 «О некоторых процессуальных вопросах, связанных с рассмотрением дел о банкротстве» разъяснено, что в силу пунктов 3 - 5 статьи 71 и пунктов 3 - 5 статьи 100 Закона о банкротстве проверка обоснованности и размера требований кредиторов осуществляется судом независимо от наличия разногласий относительно этих требований между должником и лицами, имеющими право заявлять соответствующие возражения, с одной стороны, и предъявившим требование кредитором - с другой стороны. При установлении требований кредиторов в деле о банкротстве судам следует исходить из того, что установленными могут быть признаны только требования, в отношении которых представлены достаточные доказательства наличия и размера задолженности.

В связи с изложенным при установлении требований в деле о банкротстве не подлежит применению часть 3.1 статьи 70 АПК РФ, согласно которой обстоятельства, на которые ссылается сторона в обоснование своих требований, считаются признанными другой стороной, если они ею прямо не оспорены или несогласие с такими обстоятельствами не вытекает из иных доказательств, обосновывающих представленные возражения относительно существа заявленных требований; также при установлении требований в деле о банкротстве признание должником или арбитражным управляющим обстоятельств, на которых кредитор основывает свои требования (часть 3 статьи 70 АПК РФ), само по себе не освобождает другую сторону от необходимости доказывания таких обстоятельств.

Как следует из материалов дела, между должником и Османовым Ю.М. был заключен договор займа от 23 апреля 2014 года, согласно которому он предоставил должнику денежные средства в размере 57 000 000 руб.; договор займа от 25 сентября 2015 года, согласно которому он предоставил должнику денежные средства в размере 85 000 000 руб.; договор займа № 18/4-1 от 18 апреля 2017 года, согласно которому должнику предоставлены денежные средства в размере 483 680 долларов США; договор займа № 20/4-3 от 20 апреля 2017 года, согласно которому должнику предоставлены денежные средства в размере 204 672 долларов США; договор займа № 17/4 от 06 сентября 2017 года, согласно которому должнику предоставлены денежные средства в размере 150 000 долларов США; договор займа б/н от 07 ноября 2016 года, согласно которому должнику предоставлены денежные средства в размере 5 212 165 долларов США, 358 663 евро и 6 428 098 руб.;

- с Латур Д.А. - соглашение № 1 от 01 февраля 2010 года, в соответствии с которым она предоставила должнику в управление 494 760 долларов США;

- с Кисельманом Г.А. - договор займа от 28 марта 2015 года, по которому он предоставил должнику денежные средства в размере 1 102 444 долларов США; договор займа от 02 апреля 2018 года, по которому он предоставил должнику денежные средства в размере 396 084 долларов США.

В силу пункта 1 статьи 196 Гражданского кодекса Российской Федерации общий срок исковой давности составляет три года со дня, определяемого в соответствии со статьей 200 этого же Кодекса

В соответствии с пунктами 1 и 3 статьи 200 Гражданского кодекса Российской Федерации, если законом не установлено иное, течение срока исковой давности начинается со дня, когда лицо узнало или должно было узнать о нарушении своего права и о том, кто является надлежащим ответчиком по иску о защите этого права.

Пунктом 2 статьи 199 Гражданского кодекса Российской Федерации установлено, что исковая давность применяется судом только по заявлению стороны в споре, сделанному до вынесения судом решения. Истечение срока исковой давности, о применении которой заявлено стороной в споре, является основанием к вынесению судом решения об отказе в иске

В соответствии с пунктом 14 Постановления Пленума Высшего Арбитражного Суда Российской Федерации от 15.12.2004 N 29 "О некоторых вопросах практики применения Федерального закона "О несостоятельности (банкротстве)" возражения на требования конкурсных кредиторов, основанные на пропуске исковой давности, являются средством защиты заинтересованных лиц, а потому могут заявляться любым лицом, имеющим право на заявление

возражений относительно требований кредиторов в соответствии со статьями 71 или 100 Закона о банкротстве.

Как указано в пункте 2 статьи 200 ГК РФ по обязательствам с определенным сроком исполнения течение исковой давности начинается по окончании срока исполнения.

Из п.1 и п.2 Договора займа от 23.04.2014 следует, что Османов Ю.М. предоставляет должнику займ на срок, обозначенный в Кредитном договоре № 78/14-ФЛ от 22.04.2014, заключенном между Османовым Ю.М. и ООО КБ «Эргобанк».

Согласно п.1.1 Кредитного договора № 78/14-ФЛ от 22.04.2014 кредит должен был быть возвращен Османовым Ю.М. 21.04.2015

Следовательно, срок возврата по договору займа - 21.04.2015г.

По требованию Латур Д.А., основанному на соглашении № 1 от 01 февраля 2010 года, установлено, что проценты подлежали выплате ежемесячно в размере 6000 долларов США. Однако с марта 2014 года проценты по соглашению не выплачивались и были заявлены в суд с заявлением о включении в реестр требований кредиторов должника.

Учитывая, что течение срока исковой давности исчисляется с момента нарушения обязательств должника по договору займа от 23.04.2014 - 21.04.2015г., а по соглашению № 1 от 01 февраля 2010 года – с марта 2014г., то трехгодичный срок исковой давности на дату обращения Латур Д.А. и Османова Ю.М. в суд с заявлением о включении в реестр требований кредиторов должника 08.05.2019 пропущен.

Доказательства прерывания указанного срока в материалы обособленного спора не представлены.

Таким образом, пропуск срока исковой давности является самостоятельным основанием для отказа в удовлетворении заявления Латур Д.А. и Османова Ю.М.

В соответствии с п. 26 Постановление Пленума ВАС РФ от 22.06.2012 N 35 "О некоторых процессуальных вопросах, связанных с рассмотрением дел о банкротстве" при оценке достоверности факта наличия требования, основанного на передаче должнику наличных денежных средств, подтверждаемого только его распиской или квитанцией к приходному кассовому ордеру, суду надлежит учитывать среди прочего следующие обстоятельства: позволяло ли финансовое положение кредитора (с учетом его доходов) предоставить должнику соответствующие денежные средства, имеются ли в деле удовлетворительные сведения о том, как полученные средства были истрачены должником, отражалось ли получение этих средств в бухгалтерском и налоговом учете и отчетности и т.д.

Указанные разъяснения Высшего Арбитражного Суда Российской Федерации направлены, прежде всего, на недопустимость включения в реестр требований кредиторов, в ущерб интересам других кредиторов, требований, основанных исключительно на расписке или квитанции к приходному кассовому ордеру, которые могли быть изготовлены вследствие соглашения кредитора и должника, преследовавших цель создания документального подтверждения обоснованности таких требований.

Согласно ст. 2 Федерального закона от 07.08.2001 N 115-ФЗ "О противодействии легализации (отмыванию) доходов, полученных преступным путем, и финансированию терроризма" легализация (отмывание) доходов, полученных преступным путем, - придание правомерного вида владению, пользованию или распоряжению денежными средствами или иным имуществом, полученными в результате совершения преступления.

По смыслу перечисленных норм права и указанных разъяснений заявитель, позиционирующий себя в качестве кредитора, обязан подтвердить свою возможность предоставления денежных средств с учетом его финансового положения на момент, когда договор займа считается заключенным, но и сведения об источнике происхождения указанных денежных средств. При наличии сомнений в реальности договора займа, суд может потребовать представления документов, свидетельствующих об операциях с этими денежными средствами, в том числе об источнике их получения и их расходовании.

Кредитор Кисельман Г.А. не представил относимые, допустимые, достоверные и достаточные доказательства наличие финансовой возможности выдать заем.

В соответствии с частью 1 статьи 65 Арбитражного процессуального кодекса Российской Федерации каждое лицо, участвующее в деле, должно доказать обстоятельства, на которые оно ссылается как на основание своих требований и возражений, при этом в соответствии со статьей 9 Арбитражного процессуального кодекса Российской Федерации лицо, участвующее в деле,

несет риск наступления последствий несовершения им соответствующих процессуальных действий.

Каждое лицо, участвующее в деле, должно раскрыть доказательства, на которые оно ссылается как на основании своих требований и возражений, перед другими лицами, участвующими в деле, до начала судебного заседания или в пределах срока, установленного судом.

С учетом вышеизложенного, требование Османова Юсупа Магомедовича о включении суммы задолженности в размере 879 313 156,78 руб., Латур Дарьи Анатольевны о включении суммы задолженности в размере 46 618 037,64 руб., Кисельмана Германа Адамовича о включении суммы задолженности в размере 154 808 412,88 руб. в реестр требований кредиторов должника является необоснованным и не подлежит удовлетворению.

На основании изложенного и руководствуясь ст. ст. 4, 16, 32, 100, 213.24 ФЗ «О несостоятельности (банкротстве)», ст.ст. 13, 64-66, 71, 75, 123, 156, 176, 184, 185, 223 АПК РФ,

### О П Р Е Д Е Л И Л:

В удовлетворении ходатайства об истребовании доказательств, - отказать.

Требование Османова Юсупа Магомедовича о включении суммы задолженности в размере 879 313 156,78 руб., Латур Дарьи Анатольевны о включении суммы задолженности в размере 46 618 037,64 руб., Кисельмана Германа Адамовича о включении суммы задолженности в размере 154 808 412,88 руб. к Манну Андрею Юрьевичу - признать необоснованным.

Отказать во включении в реестр требований кредиторов должника.

Данное определение вступает в силу немедленно и может быть обжаловано в десятидневный срок в Девятый арбитражный апелляционный суд.

Судья                                                                                                                   И.А. Белова