Exhibit 12

Regarding the Agency Agreement with Semenets (EXHIBIT 7, Plaintiffs' Pre-Trial Memorandum), Mann has expressed his point of view on numerous occasions. Most recently: in OBJECTION to "PLAINTIFFS' MOTION TO PERMIT OLEG SEMENETS TO TESTIFY AS A FACT WITNESS, AND FOR RECONSIDERATION TO PERMIT HIS REMOTE TESTIMONY AS A PLAINTIFF AND DEFENDANT-IN-COUNTERCLAIM", February 28, 2025.

The Agreement does not constitute a financial obligation to Semenets on the part of Mann.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETR DMITRIEV, YUSUP OSMANOV, YURI RYAZANOV, and OLEG SEMINETS<br><br>Plaintiffs,<br><br>v.<br><br>ANDREI MANN<br><br>Defendant.<br><hr>ANDREI MANN<br><br>Plaintiff in Counterclaim<br><br>v.<br><br>PETR DMITRIEV, YUSUP OSMANOV, YURI RYAZANOV, and OLEG SEMINETS<br><br>Defendants in counterclaim | CIVIL ACTION No. 21cv40068-NMG |

**DEFENDANT and PLAINTIFF IN COUNTERCLAIM ANDREI MANN**

**OBJECTION to «PLAINTIFFS' MOTION TO PERMIT OLEG SEMENETS TO TESTIFY AS A FACT WITNESS, AND FOR RECONSIDERATION TO PERMIT HIS REMOTE TESTIMONY AS A PLAINTIFF AND DEFENDANT-IN-COUNTERCLAIM»**

I maintain my objections, which I filed with the court on February 28, 2025 in connection with "PLANTIFFS' EMERGENCY MOTION TO PERMIT REMOTE TESTIMONY." dated February 27, 2025.
I oppose Semenets' participation in the court hearings remotely, from a third country. I continue to believe that Semenets' remote participation will not contribute to establishing the truth and will make the jury's work more difficult.

In connection with the new arguments expressed in «PLAINTIFFS' MOTION TO PERMIT OLEG SEMENETS TO TESTIFY AS A FACT WITNESS, AND FOR RECONSIDERATION TO PERMIT HIS REMOTE TESTIMONY AS A PLAINTIFF AND DEFENDANT-IN-COUNTERCLAIM», filed by the plaintiffs on March 4, 2025, I want to say the following.

1.

Indeed, on May 1, 2019, SEMENETS and I met in Spain. An agreement was concluded for the provision of agency services to represent my financial interests in Moscow.

The agreement was not an agreement to obligate anyone to anyone.
The "Agency Agreement" does not mention "Mann's debts to Semenets."
The "Agency Agreement" does not mention "Mann's debts to other persons."
The Agreement does not even mention the names of the plaintiffs, namely Dmitriev, Osmanov, Ryazanov and Semenets.

I discussed with SEMENETS a business plan for the restructuring of my personal assets, the sale of specific assets that I no longer need in the Russian Federation, as well as a plan to collect debts from third parties. I emphasize: debts that third parties owed me (and not I them).
The agreement determined that Semenets would be paid for the said work in the form of a percentage of the amounts received in Semenets' account.

The Agency Agreement did not enter into force, since the condition for its entry into force was the transfer of any funds to Semenets' account for the upcoming work. (clause 5.1 of the Agency Agreement).
No funds were transferred to Semenets for the execution of the Agreement. Thus, I repeat, the Agreement did not enter into force.
Initially, clause 6.2 of the Agency Agreement stated that "all disputes and disagreements under this Agreement shall be resolved in court:
at the location of the Attorney - in the event that the claim is initiated by the Attorney;
in Boston (USA) - when the claim is initiated by the Principal."
In the Additional Agreement of the same date, at the initiative of Semenets, clause 6.2 is set out as follows:
"If the Parties are unable to reach an agreement, all disputes and disagreements arising from this Agreement or in connection with it shall be resolved in court in accordance with the current legislation of the Russian Federation."
That is, in essence: if the Agreement had entered into force, then all issues related to it, we, by mutual agreement with Semenets, have no right to consider in Boston.

Thus, "Mr. Semenets' testimony" in this case cannot be of any importance in proving the claims of the other three plaintiffs, much less be "crucial."
Not to mention that the Agency Agreement is certainly not "a simultaneous admission by Mr. Mann that he owed significant personal debts."

It only confirms the fact that I had a business relationship with Semenets.

2

2.

I have decided to abandon my counterclaims against Dmitriev, Ryazanov, Osmanov and Semenets. In the absence of a lawyer, it will be difficult for me to defend the provisions stated in the counterclaims.

I will file the relevant Petition no later than tomorrow - March 5, 2025.

Thus, the argument that "Semenets will not be able to defend himself against Mr. Mann's counterclaims if he is not allowed to testify remotely" is no longer valid.

Date: March 4, 2025

Andrei Mann

## CERTIFICATE OF SERVICE

The undersigned certifies that on this day, March 4, 2025, the foregoing Motion was served on the parties as follows:

Kenneth C. Pickering,

BBO #634121

Pickering Legal LLC
100 Grove Street
Worcester, MA 01605

Phone: (508) 498-3880

kpickering@pickering-legal.com

Date: March 4, 2025

Andrei Mann

3