UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETR DMITRIEV, YUSUP OSMANOV, YURI RYAZANOV and OLEG SEMENETS,<br>    Plaintiffs,<br><br>v.<br><br>ANDREI MANN,<br>    Defendant. | Civil Action No. 1:21-CV-40068-DLC |

**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S PROPOSED EXHIBITS**

Plaintiffs hereby object to defendant's proposed Exhibits 2 and 8 – 12 for the reasons stated below:

*Exhibit 2*

Defendant's proposed Exhibit 2 includes a translation of only a portion of the document. The original Russian document (a decision from the Moscow Arbitration Court), is three and a half pages. The translation submitted with the original document is less than a page with a substantial gap in the translation. Because the English translation does not include the entire text of the original Russian document, plaintiffs object to the admission of defendant's Exhibit 2.

*Exhibit 8*

Defendant's proposed Exhibit 8 is a portion of email communication between the defendant and plaintiffs' counsel concerning the production of documents. Plaintiffs

object to the admission of defendant's Exhibit 8 because: (1) it is hearsay, and (2) is incomplete.

### *Exhibit 9*

Defendant's proposed Exhibit 9 consists of an email in Russian and two email communications from the defendant to plaintiffs' counsel.  Plaintiffs object to defendant's Exhibit 9 because the email in Russian does not contain a translation, and the emails from the defendant to plaintiffs' counsel are both hearsay and incomplete.

### *Exhibit 10*

Defendant's proposed Exhibit 10 consists of untranslated Russian documents, a summary from Mr. Ryazanov's responses to defendant's Requests for Admission, and email communications from the defendant to plaintiffs' counsel.  Plaintiffs object to defendant's Exhibit 10 because the Russian text message and other documents do not include a certified translation, the excerpt from Mr. Ryazanov's responses to defendant's Requests for Admission appears to be a summary and is not appropriate as evidence, and the emails from the defendant to plaintiffs' counsel are both hearsay and incomplete.

### *Exhibit 11*

Defendant's proposed Exhibit 11 consists of untranslated text messages in Russian, an email communication from the defendant to plaintiffs' counsel, and a copy of defendant's proposed Exhibit 7.  Plaintiffs object to defendant's Exhibit 11 because

the Russian text messages do not include translations and the email from the defendant to plaintiffs' counsel is hearsay.  Plaintiffs do not object to defendant's Exhibit 7.

### *Exhibit 12*

Defendant's proposed Exhibit 12 is a copy of defendant's Objection to Plaintiffs' Motion to Permit Oleg Semenets to Testify as a Fact Witness and for Reconsideration to Permit His Remote Testimony as a Plaintiff and Defendant-in-Counterclaim.  Plaintiffs object to defendant's Exhibit 12 because the document is hearsay.  Defendant's objection has already been submitted, and is a part of the docket, but is not appropriate as evidence at trial.

Wherefore, Plaintiffs object to defendant's proposed Exhibits 2 and 8 – 12.

Respectfully submitted:

PETR DMITRIEV, YUSUP OSMANOV, YURI RYAZANOV and OLEG SEMENETS,

By their attorney,

*/s/ Kenneth C. Pickering*

Kenneth C. Pickering, BBO #634121
Pickering Legal LLC
100 Grove Street
Worcester, MA 01605
Phone: (508) 498-3880
*kpickering@pickering-legal.com*

Dated: March 13, 2025

4

## CERTIFICATE OF SERVICE

I, Kenneth C. Pickering, hereby certify that this day I served the foregoing document, via email, on the Defendant, Andrei Mann, 8855 Bay Parkway, Brooklyn, New York 11217, *andreimann@hotmail.com*.

Dated: March 13, 2025

Kenneth C. Pickering