IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2025 MAR 27  AM 12: 10

U.S. DISTRICT COURT
DISTRICT OF MASS.

PETR DMITRIEV, YUSUP OSMANOV, YURI RYAZANOV, and OLEG SEMINETS

    Plaintiffs,

v.

ANDREI MANN

    Defendant.

CIVIL ACTION No. 21cv40068-NMG

**DEFENDANT'S MOTION TO DISMISS CLERK'S RECORD OF DEFAULT PURSUANT TO MASS. R. CIV. P. 55(c)**

  NOW COMES the Defendant, ANDREI MANN, respectfully moves this Honorable Court to dismiss the Clerk's Record of Default entered against the Defendant on 03.21.2025, entry # 192, pursuant to Massachusetts Rule of Civil Procedure 55(c). In support of this Motion, the Defendant states as follows:

  I. INTRODUCTION
  Due to the court's order 10.02.2025 Trial was scheduled for March 17, 2025.
03/21/25, №192 ,the Clerk of Court entered a default against the Defendant Andrei Mann:
"Due to the failure of the defendant, Andrei Mann, to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure, notice is hereby given that the Defendant has been defaulted as of the 17th day of March, 2025. (NR) (Entered: 03/21/2025)".

The Defendant respectfully requests that this Court dismiss the Clerk's Record of Default for good cause shown, as provided under Massachusetts Rule of Civil Procedure 55(c).

  II. GOOD CAUSE EXISTS TO SET ASIDE THE DEFAULT
<u>Excusable Neglect</u>: The Defendant's failure to respond to the Complaint was due to illness and total incapacity on the date of the Trial on March 17, 2025. This conduct was not willful or in bad faith.

<u>Meritorious Defense</u>: Defendant has a valid defense to Plaintiffs' claims. In particular, on March 7, 2025, Mann filed the "DEFENDANT'S PRETRIAL MEMORANDUM" and PROPOSED EXHIBITS, in which he presented evidence against Plaintiffs' claims. Here are just a few of the evidence:
- Mann provided documents confirming the receipt of large amounts of funds from his business, and not from the plaintiffs;
- Mann provided evidence that certain documents attached by the plaintiffs are not valid financial obligations of Mann to the plaintiffs - either because the required payments had been made earlier or because the said documents are not loan agreements;
- Mann provided evidence that the plaintiffs' actions against him are essentially fraudulent, that they became

1

possible after the plaintiffs seized and appropriated all payment documents and accounting records in Russia;
- And much more.

<u>Lack of Prejudice to the Plaintiffs</u>: Defendant believes that the vacating of the default should not cause substantial prejudice to Plaintiffs.
This Honorable Court has now received Plaintiffs' personal depositions. With the Court's approval, Defendant also expects to be available to appear before this Honorable Court at some time to answer questions in person from The Honorable Magistrate Judge Donald L. Cabell, and, with the Court's permission, to ask Plaintiffs any questions online, or in any other format that this honorable court may propose. Defendant will not insist that Plaintiffs return to the United States.
Thus, the Plaintiffs will have ample opportunity to state their claims and arguments on the merits in the presence of the Defendant.

### III. LEGAL STANDARD

Under Massachusetts Rule of Civil Procedure 55(c), a court may set aside an entry of default for "good cause shown." Courts in Massachusetts have consistently held that defaults are disfavored and that cases should be decided on their merits whenever possible.
See, e.g., Bissanti Design/Build Group v. McClay, 32 Mass. App. Ct. 469 (1992);
See, e.g., Alopari v. O'Leary, 154 F.Supp. 78 (E.D.Pa.1957).
The Defendant respectfully submits that the circumstances of this case warrant setting aside the default.

### IV. CONCLUSION

WHEREFORE, the Defendant respectfully requests that this Honorable Court grant this Motion to Dismiss the Clerk's Record of Default and allow the Defendant to file a responsive pleading to the Plaintiffs Complaint.

Date: March 23, 2025

_____
Andrei Mann

## CERTIFICATE OF SERVICE

The undersigned certifies that on this day, March 23, 2025, the DEFENDANT'S MOTION TO DISMISS CLERK'S RECORD OF DEFAULT PURSUANT TO MASS. R. CIV. P. 55(c) was served on the parties as follows:

Kenneth C. Pickering,

BBO #634121

Pickering Legal LLC
100 Grove Street
Worcester, MA 01605

Phone: (508) 498-3880

kpickering@pickering-legal.com

Date: March 23, 2025

_____
Andrei Mann

2