UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER DMITRIEV, YUSOP OSMANOV,
YURI RYAZANOV, and OLEG
SEMENETS,
     Plaintiff,

    v.

ANDREI MANN,
     Defendant.

Civil Action No.  1:21-CV-40068-DLC

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS RECORD OF DEFAULT**

Plaintiffs hereby oppose defendant Andrei Mann's Motion to Dismiss Clerk's

Record of Default Pursuant to Rule 55(c).[1]

**PROCEDURAL HISTORY**

This Court scheduled trial in this matter for March 17, 2025 in an order issued

January 3, 2025.  [Dkt. 162.]  The trial date and the length of trial was confirmed with the

parties at a status conference on February 7, 2025.  [Dkt. 164.]  On March 3, 2025, after

allowing Mr. Mann to participate in the pretrial conference remotely, the Court

explicitly warned Mr. Mann in writing that, "if he does not appear in person in Boston

on 3/17/25 at 9:30 am he will lose the case."  [Dkt. 171.]  When Mr. Mann did not appear

---

[1] Plaintiffs understand defendant's motion to be a motion to set aside the entry of default entered by this Court on March 21, 2025.

for trial on March 17, 2025, the Court found that he was in default.  [Dkt. 191.]  The

Entry of Default as to Mr. Mann was entered on March 21, 2025.  [Dkt. 192.]

## LEGAL STANDARD

Pursuant to Rule 55(c) a court may set aside the entry of default for good cause

shown.  When determining whether to set aside a default, the court may consider:

> (1) whether the default was willful; (2) whether setting it aside would
> prejudice the adversary; (3) whether a meritorious defense is presented;
> (4) the nature of the defendant's explanation for the default; (5) the good
> faith of the parties; (6) the amount of money involved; (7) the timing of the
> motion [to set aside entry of default].

KPS & Assocs. v. Designs by FMC, Inc., 318 F.3d 1, 12 (1st Cir. 2003) (citing McKinnon v.

Kwong Wah Restaurant, 83 F.3d 498, 503 (1st Cir. 1996)).  There is no "precise formula"

for evaluating whether to set aside a default, each case turns on its own circumstances.

Id.  The burden to demonstrate good cause falls on the defaulted party.  Id. at 14 (citing

Bond Leather Co. v. Q.T. Shoe Mfg. Co., 764 F.2d 928, 938 (1st Cir. 1985)).

## ARGUMENT

### *Willfulness & Explanation*

The willfulness and veracity of the defaulted party's explanation may factor into

the court's decision concerning setting aside a default.  A determination that a party was

"stonewalling" the court goes both to the defaulted parties' willfulness and the veracity

of the explanation given.  See KPS & Assocs., 318 F.3d at 15 (finding that defendant's

explanation was fabricated).

After having explicitly agreed to the trial date, Mr. Mann filed a Motion to Reschedule the Trial Date [Dkt. 177], claiming both a lack of funds to travel to Boston, as well as the need for legal counsel – both factors known to Mr. Mann when the trial date was agreed to.  When his Motion to Reschedule due to financial circumstances was unsuccessful, Mr. Mann filed a Motion for Adjournment Due to Illness.  [Dkt. 183.]  The Court denied Mr. Mann's Motion to Adjourn the trial "in the absence of more information concerning the defendant's diagnosis and prognosis.…"  [Dkt. 184.]  Mr. Mann then filed a Renewed Motion for Adjournment without including substantially more information concerning his medical condition.  [Dkt. 189.]

Mr. Mann's Motions for Adjournment – coming on the heels of the denial of his Motion to Reschedule – create substantial doubt the veracity of Mr. Mann's alleged illness.  The lack of evidence corroborating Mr. Mann's alleged illness confirm these doubts.

Mr. Mann's initial Motion for Adjournment Due to Illness states that he was "admitted to the hospital on March 11, 2025 for medical reasons."  In support, Mr. Mann submitted a heavily redacted copy of page 3 of an eight-page discharge summary indicating that he was discharged the same day as he was admitted.  The discharge summary states only that he was instructed to follow up with his physician.  There is no indication that emergency surgery was required, much less scheduled.  The only reference to surgery in Mr. Mann's submission was included on an "Absence from

3

Work" note provided by a physician who did not see him as part of his emergency room visit.

After the denial of his initial motion in the absence of more information concerning the defendant's diagnosis and prognosis, Mr. Mann filed a Renewed Motion for Adjournment. His renewed motion contains very little additional medical information. Mr. Mann attached only a one-page form that appears to speak generally about gall stones and indicates that the doctor's prescription is emergency surgery. The document is not on letterhead of any kind, and does not appear to have been issued by a hospital. Mr. Mann did <u>not</u> include the full discharge summary from his visit to the emergency room four days earlier, nor did he include any lab or imaging results. Mr. Mann did not indicate whether surgery was indeed scheduled nor the date of any such surgery. And he did not specify what, if any, medication he was prescribed. There is scarcely more information concerning either his diagnosis or his course of treatment than was included with his initial motion. If Mr. Mann had indeed been experiencing an acute gallbladder attack, the standard treatment would have been surgical removal of the gallbladder within 72 hours.[2]

---

[2] "For patients experiencing acute cholecystitis [inflammation of the gallbladder] laparoscopic cholecystectomy [surgical removal of the gallbladder] within 72 hours is recommended." <u>See</u> Ibrahim M, Sarvepalli S, Morris-Stiff G, Rizk M, Bhatt A, Walsh RM, Hayat U, Garber A, Vargo J, Burke CA, Gallstones: Watch and Wait, or Intervene?, *Cleveland Clinic Journal of Medicine*. 2018 April 85(4):323-331 (https://consultqd.clevelandclinic.org/gallstones-watch-and-wait-or-intervene, last visited April 2, 2025).

In his instant Motion to Dismiss Clerk's Record of Default, Mr. Mann claims he was unable to attend trial due to "total incapacity on the date of trial."  In his accompanying affidavit, Mr. Mann state that on the morning of trial he was "undergoing urgent medical procedures," but that he "would be able to call in the afternoon."  Yet, Mr. Mann provides <u>no</u> additional evidence supporting his "total incapacitation," or any documentation concerning the "urgent medical procedures" he was undergoing on the morning of trial.  In fact, Mr. Mann's Motion to Dismiss Clerk's Records of Default provides <u>no</u> additional evidence to support any of his original or subsequent medical claims.

### *Prejudice*

Under normal circumstances, "delay in of itself does not constitute prejudice" to the non-moving party.  <u>KPS & Assocs.</u>, 318 F.3d at 15.  These are not normal circumstances.  Here, the plaintiffs had to undergo extraordinary challenges to travel to the United States from Russia and Israel for trial at great cost.  As detailed in previous filings, the plaintiffs residing in Moscow had to travel outside of Russian just to apply for limited U.S. visas and then had to arrange for travel to the United States in light of U.S. sanctions on many Russian financial transactions.  [Dkt. 112, 129, 168.]  Three of the original plaintiffs were unable to travel to the United States for trial and were forced to dismiss their claims.  [Dkt. 166.]  Another plaintiff was unable to obtain a visa to travel

to the U.S. despite two trips to the U.S. Embassy in Uzbekistan. [Dkt. 168.] Even so, he traveled to Turkey in order to testify at trial remotely.

In this case – as Mr. Mann is well aware – an "adjournment" of trial when all of the plaintiffs were assembled and were ready to testify, would be unduly prejudicial. It is unlikely that they could return to the U.S. a second time. In the instant matter, justice delayed is very likely justice denied.

### *Meritorious Defense*

The inquiry into whether the defendant has a meritorious defense is used to determine whether there is a reasonable possibility that the case will have an outcome different than that achieved by default. See Maine Nat'l Bank v. F/V Cecily B, 116 F.R.D. 66, 68 (D. Me. 1987). "Where no meritorious defense exists, it makes little sense to set aside the entry of default, as doing so would merely delay the inevitable." Indigo Am., Inc. v. Big Impressions, LLC, 597 F.3d 1, 4 (1st Cir. 2010). "General denials or conclusory statements that a defense exists are insufficient." Maine Nat'l Bank, 116 F.R.D. at 69 (citing 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2697 at 529 (2d ed. 1983)); see also U.S. v. Fuller, 691 F. Supp. 3d 372, 378 (D. N.H. 2023) (holding that conclusory statements and assertions about collateral issues held no water).

Here, Mr. Mann's claim that he has a meritorious defense are nothing more than conclusory statements, often about collateral issues, unsupported by evidence. Mr.

6

Mann claims he received large amounts of money from his business.  Even if true, this is a collateral issue.  Mr. Mann also claims that certain unspecified documents were not financial obligations.  Evidence of Mr. Mann's financial obligations was entered during hearing on assessment of damages.  Finally, Mr. Mann claims that he provided evidence that the plaintiffs' actions against him are "essentially fraudulent."  Mr. Mann does not specify what "evidence" he is referring to, nor does he explain why he believes the plaintiffs' actions are fraudulent.  Mr. Mann's claims that he has a meritorious defense are nothing more than generalized assertions relying on unspecified "evidence."  There is no evidence, nor any credible allegations, that suggest that setting aside the entry of default in this case would change the outcome.

<u>CONCLUSION</u>

Because factors including willfulness, prejudice, meritorious defense, and defendant's explanation and lack of good faith all weigh in plaintiffs' favor – only the amount of money involved weighs in defendant's favor – Mr. Mann has not shown good cause to set aside the entry of default.

WHEREFORE, plaintiffs request that the Court deny defendant's Motion to Dismiss Clerk's Record of Default.

Respectfully submitted:

PETR DMITRIEV, YUSUP OSMANOV,
YURI RYAZANOV and OLEG
SEMENETS,

By their attorney,

_____

Kenneth C. Pickering, BBO #634121
Pickering Legal LLC
100 Grove Street
Worcester, MA 01605
Phone: (508) 498-3880
Dated: April 7, 2025          *kpickering@pickering-legal.com*

CERTIFICATE OF SERVICE

I, Kenneth C. Pickering, hereby certify that this day I served the foregoing document, via email, on the Defendant, Andrei Mann, 8855 Bay Parkway, Brooklyn, New York 11217, *andreimann@hotmail.com*.

_____

Dated: April 7, 2025          Kenneth C. Pickering