IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE
2025 APR 10 AM 11: 39
U.S. DISTRICT COURT
DISTRICT OF MASS.

PETR DMITRIEV, YUSUP OSMANOV, YURI RYAZANOV, and OLEG SEMINETS

Plaintiffs,

v.

ANDREI MANN

Defendant.

CIVIL ACTION No. 21cv40068-NMG

DEFENDANT ANDREI MANN'S MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS RECORD OF DEFAULT

LOCAL RULES 7.1(a)(2); (b)(1)

**Defendant Andrei Mann respectfully submits to the Honorable Court a Motion for Leave to File a Response to "Plaintiff's Opposition to the Motion to Dismiss Record of Default," dated April 7, 2025.**

   The basis for filing such a document is that "PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS RECORD OF DEFAULT" significantly distorts the facts and arguments contained in the defendant's document filed on March 23, 2025. This applies primarily to the fact that:
- the plaintiffs have unfoundedly rejected the facts and arguments about the Defendant's adequate defense against the plaintiffs' claims,
- the defendant's position on the absence of prejudice towards the plaintiffs has been ignored - in this part, the Defendant reasonably explained why he believes that the cancellation of the default should not cause significant damage to the plaintiffs.

   A separate commentary is required on the plaintiffs' position that they essentially question "the defendant's inability to respond to the claim was caused by illness and complete incapacity on the date of the trial on March 17, 2025." And that such conduct on the part of the Defendant "was not intentional or in bad faith."

   The Defendant is unaware of the medical background of any of the Plaintiffs, but their assertion

1

that "If Mr. Mann had indeed been experiencing an acute gallbladder aYack, the standard treatment would have been surgical removal of the gallbladder within 72 hours" is not only offensive in nature ("If Mr. Mann had indeed been experiencing an acute gallbladder aYack..."), but is also medically incorrect.

Surgery is performed based on medical indications and **taking into account the patient's current health condition.** Which is what professional doctors studied at the hospital on March 11, 2025, using the most modern equipment (MRI, ultrasound, advanced biochemical tests, etc., as well as the participation of a specialist council).

The medical documents that were intended for the court were prepared with the understanding that they would become public. Meanwhile, according to the "Federal law on release of medical information", all medical details relating to Mann's health are strictly confidential.

Defendant certainly supported the doctors in their desire to comply with the "Federal law on the release of medical information" and avoid unnecessary sensitive medical details. Defendant is already upset that his health condition has become the subject of wide discussion and public access.

Moreover, all that which interests the plaintiffs so much, namely: medical tests, procedures and studies performed, prescribed medications, the characteristics of the Defendant's body and the accompanying factors of his health - all these details do not add anything to the unconditional conclusion made by professional doctors about Mann's incapacity during the specified period.

CERTIFICATION OF COMPLIANCE UNDER LOCAL RULE 7.1(a)(2).

The undersigned certifies that he has attempted to discuss and resolve this Motion with plaintiffs' counsel. On April 7, 2025, Mr. Pickering responded with a refusal: "Because we did not raise any new issues in our opposition, I don't see the need for a reply brief, so we would not assent.". Respectfully submitted.

Date: April 8, 2025

_____
Andrei Mann

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this day, April 8, 2025, the foregoing Motion was served on the parties as follows:

Kenneth C. Pickering,

BBO #634121

Pickering Legal LLC
100 Grove Street
Worcester, MA 01605

Phone: (508) 498-3880

kpickering@pickering-legal.com

Date: April 8, 2025

_____ Andrei Mann

2