IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2025 APR 28 PM 1:45
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| PETR DMITRIEV, YUSUP OSMANOV, YURI RYAZANOV, and OLEG SEMINETS<br><br>Plaintiffs,<br><br>v.<br><br>ANDREI MANN<br><br>Defendant. | CIVIL ACTION No. 21cv40068-NMG<br><br>DEFENDANT ANDREI MANN'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS RECORD OF DEFAULT<br><br>LOCAL RULES 7.1(a)(2); (b)(1) |

**Pursuant to Court Order No. 197 dated 04/17/2025, Defendant Andrei Mann is permitted to File Response to Plaintiff's Opposition to the Motion to Dismiss Record of Default.**

**Defendant Andrei Mann respectfully submits to the Honorable Court a Response to "Plaintiff's Opposition to the Motion to Dismiss Record of Default," dated April 7, 2025.**

  In his MOTION for "Leave to File Response to Plaintiff's Opposition to the Motion to Dismiss Record of Default" No. 196, dated 4/8/25, defendant Andrei Mann set forth certain objections to "Plaintiff's Opposition to the Motion to Dismiss Record of Default" No. 195, dated 4/7/25. Magistrate Judge Donald L. Cabell in ELECTRONIC ORDER No. 197, dated 4/17/25 decided that: "To the extent the defendant's motion to leave to file a response to the plaintiffs' opposition to the defendant's motion to lift the default is both a motion and the actual response, the motion is allowed."

  Based on this decision, defendant Andrei Mann does not consider it necessary to repeat the arguments set forth in his appeal to the court on 4/8/25.

  Moreover, in MOTION TO DISMISS CLERK'S RECORD OF DEFAULT dated 03/23/25, the

defendant basically formulated his position and presented arguments concerning GOOD CAUSE EXISTS TO SET ASIDE THE DEFAULT and LEGAL STANDARD.

At the same time, as the defendant understood it based on the court order No. 197, dated 04/17/2025, and also based on previous court decisions, in which the esteemed court rejected the defendant's motions to postpone court hearings "In the absence of more information concerning the defendant's diagnosis and prognosis", the main evidence confirming the defendant's position on the impossibility of participating in the court hearing on 03/17/25, on his incapacity that arose after 03/11/25, should primarily be medical documents.

Therefore, the defendant Andrei Mann attaches the following documents to this Response as evidence of his position:

Appendix 1
From the attending physician - 2 pages;

Appendix 2
03.11.25, examination and treatment in the hospital - 6 pages;

Appendix 3
04.24.25, general surgery - 11 pages.

All of the listed documents are presented to the court for the first time.

The only exceptions are certificates from the attending physician A. Merson - they are presented again.

These certificates complement the overall picture, the doctor's name is mentioned in the hospital materials.

It was the attending physician, in accordance with his duties and the powers he has, on the basis of the documents presented to him from the hospital, as well as having conducted his own analysis of the patient's health, who made a decision on the "patient's incapacity" and imposed restrictions, in particular, on any physical activity, thereby excluding travel over long distances.

In addition, as can be seen from the "Opposition to Motion to Dismiss Record of Default," the documents issued by the attending physician were confusing to the plaintiffs. Specifically, because "The document is not on letterhead of any kind and does not appear to have been issued by the hospital."

Alexander Merson, the defendant's attending physician, has a private practice in the United States for several decades and is covered by many insurance plans. The defendant does not know whether his attending physician has "letterhead," but this is unlikely to determine the physician's qualifications. In addition, the above-mentioned certificates attached to Exhibit 1 are accompanied by the physician's personal seal and signature.

With the court's permission, the defendant provides these medical materials in sealed form because they reflect confidential medical information.

Date: April 25, 2025

Andrei Mann

## CERTIFICATE OF SERVICE

The undersigned certifies that on this day, April 25, 2025, the foregoing «REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS RECORD OF DEFAULT» was served (without medical documents) on the parties as follows:

Kenneth C. Pickering,

BBO #634121

Pickering Legal LLC
100 Grove Street
Worcester, MA 01605

Phone: (508) 498-3880

kpickering@pickering-legal.com

Date: April 25, 2025                                                                 _____ Andrei Mann

3