UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER DMITRIEV, YUSOP OSMANOV,
YURI RYAZANOV and OLEG
SEMENETS,
    Plaintiffs,

v.

ANDREI MANN,
    Defendant.

Civil Action No.  1:21-CV-40068-DLC

## PLAINTIFFS' SUR-REPLY AND MOTION TO COMPEL PRODUCTION OF RECORDS PROVIDED TO THE COURT IN CAMERA

Plaintiffs Peter Dmitriev, Yusop Osmanov, Yuri Ryazanov and Oleg Semenets oppose defendant Andrei Mann's Motion to Dismiss Record of Default because Mr. Mann:  (1) has not demonstrated that he has a meritorious defense to plaintiffs' claims; and (2) has not provided plaintiffs with the medical records on which he relies to support his claim that he was incapacitated and unable to attend trial.

### BACKGROUND

On April 17, 2025, the Court allowed defendant's Motion for Leave to File Response to Plaintiff's Opposition to the Motion to Dismiss Record of Default (hereinafter, defendant's "Reply").  The Court indicated that the defendant could file any supporting documentation under seal "should they reflect sensitive information of a medical nature."  [Dkt. 197.]

On April 29, 2025, the defendant filed his Reply – including 19 pages of medical documentation, filed under seal, described in his Reply as documents relating to his medical examination, treatment and surgery. The documents filed under seal have not been shared with plaintiffs' counsel.[1]

## ARGUMENT

### *Meritorious Defense*

The defendant has not shown good cause to set aside the entry of default. Mr. Mann's Reply does not substantively address his lack of a meritorious defense, instead he rests on the arguments in his original motion. As set forth more fully in plaintiffs' Opposition to Defendant's Motion to Dismiss Record of Default at pp 6-7, the claims set forth in Mr. Mann's original motion are nothing more than conclusory statements unsupported by evidence. Mr. Mann does not make any credible allegations, nor reference any evidence, which would warrant changing the outcome of this matter and support setting aside the entry of default.

The lack of any evidence or credible allegations in his original motion and in his Reply are sufficient, without more, to deny defendant's Motion to Dismiss Record of Default.

---

[1] Plaintiffs' counsel emailed Mr. Mann to request copies of the documentation filed under seal, but ultimately Mr. Mann decided not to share the documentation for privacy reasons.

*Production of Medical Documentation*

Plaintiffs do not believe that Mr. Mann has met his burden to establish that he has a meritorious defense. Accordingly, the Court should deny Mr. Mann's motion to set aside the default on that basis alone. However, if the Court determines that the defendant has adequately established grounds for a meritorious defense, plaintiffs request copies of the medical documentation Mr. Mann submitted to the Court. The defendant filed 19 pages of medical documentation under seal, but has not provided copies to plaintiffs' counsel.

According to defendant's Reply brief, much of the medical documentation is new, though certificates from an attending physician were filed previously. Mr. Mann does not describe the medical documentation in any detail, so plaintiffs are unclear what the documentation includes, and if it supports Mr. Mann's claims that he was completely incapacitated. Without the ability to review and examine the documents filed under seal, plaintiffs cannot respond to defendant's claim that he was unable to participate in the trial due to "illness and complete incapacity."

"Parties may obtain discovery regarding any unprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). Medical records that are relevant to a party's claim should be produced. See Sein v. Santamaria-Torres, 20204 U.S. Dist. LEXIS 1309-11, at *16 (D. Mass. July 22, 2024) (citing Rankin v. Liberty Mutual Ins. Co., 1995 U.S. App. LEXIS

3

6150 (1st Cir. Mar. 27, 1995) (holding that where a party places their mental state at issue, their psychiatric records are relevant and discoverable).

Where a party puts their health, and therefore their medical records at issue, the opposing party has a right to obtain the medical records.  See Dodge v. Signature Flight Support Corp., 509 F. Supp. 3d 1, 2-3 (D. Mass 2020).  In the instant case, Mr. Mann put his medical condition squarely at issue by claiming that he was incapacitated at the time of trial.  His medical records are directly relevant to his claim of incapacity and his motion to set aside the default.  Yet, his medical records were filed under seal and are unavailable to plaintiffs' counsel.  Plaintiffs cannot properly respond to defendant's Motion to Dismiss Clerk's Record of Default without access to the records being relied on by the defendant.

Further, beyond providing the documents at issue to opposing counsel, documents relied on by the court in determining issues central to the litigation are presumptively public.  See In re Boston Herald, Inc., 321 F. 3d 174, 189 (1st Cir. 2003); See also U.S. v. Kravetz, 706 F. 3d 47, 52-53 (1st Cir. 2013).  And it appears that at least some of the documentation the defendant wishes to impound has already be filed on the public docket.  "Interests of privacy fade when the information involved already appears on the public record." Koppel v. Moses, 2022 U.S. Dist. LEXIS 252155, *6 (D. Mass. Nov. 10, 2022)(quoting Cox Broad. Corp. v. Cohn, 420 U.S. 469, 494-95 (1975)).

4

Mr. Mann put his medical condition at issue by claiming that he was ill and suffering from "complete incapacity" at the time of trial. Plaintiffs cannot adequately respond to the defendant's motion to set aside the default where plaintiffs' counsel is unable to review the medical documentation the defendant relies on to support his claim.

WHEREFORE, plaintiffs request that the Court:

1. Deny defendant's Motion to Dismiss Clerk's Record of Default because Mr. Mann has not made a showing that he has a meritorious defense;

2. Provide access to plaintiffs' counsel to view the medical documentation Mr. Mann filed under seal; and

3. Order such other or further relief as the Court deems appropriate.

Respectfully submitted,

PETR DMITRIEV, YUSUP OSMANOV, YURI RYAZANOV and OLEG SEMENETS,

By their attorney,

_____
Kenneth C. Pickering, BBO #634121
Pickering Legal LLC
100 Grove Street
Worcester, MA 01605
Phone: (508) 498-3880
*kpickering@pickering-legal.com*

Dated: May 9, 2025

RULE 37(a)(1) and LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Kenneth C. Pickering, counsel for the plaintiffs, hereby certify that I conferred with the defendant, Andrei Mann, via email, in a good faith attempt to resolve or narrow the issue in dispute. The parties were unable to reach agreement.

_____
Kenneth C. Pickering

Dated: May 9, 2025

6

## CERTIFICATE OF SERVICE

    I, Kenneth C. Pickering, hereby certify that this day I served the foregoing document, via email, on the defendant, Andrei Mann, 8855 Bay Parkway, Brooklyn, New York 11217, *andreimann@hotmail.com*.

Dated: May 9, 2025                                            Kenneth C. Pickering