IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETR DMITRIEV, YUSUP OSMANOV, YURI RYAZANOV, and OLEG SEMINETS<br><br>Plaintiffs,<br><br>v.<br><br>ANDREI MANN<br><br>Defendant. | CIVIL ACTION No. 21cv40068-NMG<br><br><br>DEFENDANT ANDREI MANN'S OBJECTION OF "PLAINTIFFS' MOTION TO FILE SUR-REPLY AND COMPEL PRODUCTION OF RECORDS PROVIDED TO THE COURT IN CAMERA",<br>filed in court on 05/09/25. |

**Defendant Andrei Mann respectfully submits to the Honorable Court a OBJECTION OF "PLAINTIFFS' MOTION TO FILE SUR-REPLY AND COMPEL PRODUCTION OF RECORDS PROVIDED TO THE COURT IN CAMERA", filed in court on 05/09/25.**

Defendant Andrei Mann respectfully opposes Plaintiffs' Sur-Reply and Motion to Compel Production of Records Provided to the Court In Camera for the following reasons:

I. INTRODUCTION

Plaintiffs seek to compel production of medical records submitted by defendant to the court in camera. Such closed filing of medical records was made by defendant Pursuant to Court Order No. 197 dated 04/17/2025.

Plaintiffs' motion improperly seeks to circumvent the Court's prior order allowing Defendant to file sensitive medical records under seal. Defendant has already demonstrated good cause for setting aside the default, including evidence of his incapacitation during trial. Plaintiffs' demand for unfettered access to confidential medical records is overbroad, unnecessary, and contrary to privacy protections under federal and state law.

1

## II. LEGAL ARGUMENT

### A. The Medical Records Are Protected Under HIPAA and Massachusetts Law

The Health Insurance Portability and Accountability Act (HIPAA), 45 C.F.R. § 164.512(e), strictly prohibits the disclosure of protected health information without the patient's consent or a court order balancing privacy against necessity.

Fed. R. Civ. P. **26(c)(1)** authorizes protective orders to shield confidential medical information from unnecessary disclosure.

See also Mass. Gen. Laws ch. 111, § 70E (patient's right to confidentiality).

Massachusetts courts recognize a constitutional right to privacy in medical records under Article XIV of the Massachusetts Declaration of Rights. See [Alberts v. Devine, 395 Mass. 59 (1985)*].

Disclosure should only be ordered if:
The records are directly relevant to a material issue in the case (Doe v. Brandeis Univ., 177 F. Supp. 3d 561 (D. Mass. 2016)); and
There is no less intrusive means to verify the Defendant's claim.

### B. Plaintiffs Has Not Shown Relevance or Need for Full Records

The Defendant provided the Court with sufficient proof of incapacity via sealed records. The Plaintiff's demand for full access is a fishing expedition rather than a justified discovery request.

If the Court requires further verification, alternatives exist, such as:
A redacted summary from a treating physician;
An in camera review by the Court (without disclosure to Plaintiffs); or
A neutral medical examiner's report (if the Court deems it necessary).

### C. Precedent Favors Limited Disclosure

Massachusetts courts routinely restrict medical record disclosures to protect privacy. See:
Warren v. Balter*, 78 Mass. App. Ct. 1113 (2010) (medical records only disclosed if "clearly relevant").
Commonwealth v. Dwyer, 448 Mass. 122 (2006) (requiring a compelling need for sensitive health data).

### D. Plaintiffs' Reliance on Discovery Rules Is Misplaced

While Fed. R. Civ. P. 26(b)(1) allows discovery of relevant, unprivileged matters, courts routinely restrict access to confidential medical records. See, e.g., Doe v. Delta Airlines, Inc., 310 F.R.D. 222 (S.D.N.Y. 2015) (requiring redaction of sensitive medical details).
Plaintiffs cite Dodge v. Signature Flight Support Corp., but that case involved a plaintiff who affirmatively waived privacy by placing all medical conditions at issue—unlike here, where Defendant has disclosed only records directly pertinent to his incapacity.
Plaintiffs are attempting to use Dodge to justify fishing expeditions into Defendant's full medical history.

On the plaintiffs' side, this is a clear abuse of power.

<u>E. Massachusetts courts consistently defer to treating physicians' determinations of incapacity unless rebutted by contrary medical evidence.</u>

See:

Sullivan v. Boston Gas Co., 414 Mass. 129, 137 (1993) (treating physician's opinion entitled to "substantial weight").

Guardianship of Roe, 383 Mass. 415, 435 (1981) (attending physician's assessment of incapacity is "presumptively valid").

Here, the unrebutted certification from Defendant's physician satisfies this standard.

Defendant's attending physician conducted an in-person evaluation and, after reviewing medical records, concluded that Defendant is medically unable.

The doctor's report clearly states that the defendant's condition renders him incapacitated for at least three weeks, beginning on April 11, 2025.
It should be noted that the attending physician makes his conclusion about the patient's incapacity even without taking into account the fact that the defendant would have to travel to another city. Such a trip is an additional burden for any person. The attending physician does not even discuss the issue of "aggravating circumstances" in the medical situation that has arisen for the defendant.

III. CONFIDENTIALITY AND EXPEDIENCY

In the correspondence between plaintiffs and defendant from April 25-28, 2025, the issue of providing plaintiffs with medical records directly was raised.

Defendant advised that he was willing to provide plaintiffs' attorney Mr. Pickering with ALL MEDICAL DOCUMENTS, provided that they did not fall into the hands of plaintiffs themselves. Defendant explained that health-related issues, medical tests, treatment details, and in general - the defendant's medical history, are very sensitive information for any normal person. There is no doubt that the plaintiffs hold the same view on this issue with respect to themselves.
Defendant emphasized in his letter to plaintiffs' attorney Mr. Pickering that he had no desire to create any obstacles to his work. Furthermore, understanding that plaintiffs' next step would be to file a Motion to Disclose Medical Information, the Defendant did not wish to burden the court with issues that the parties could resolve directly.

Unfortunately, plaintiffs' attorney Mr. Pickering refused to guarantee the confidentiality of the medical information.

Therefore, the defendant was forced to write to the plaintiffs' attorney Mr. Pickering:
"Because you have written that you cannot guarantee that you will keep my medical condition or treatment confidential and that you intend to discuss this information with your clients, I cannot agree to provide the plaintiffs with confidential medical information."
"It is also significant that, under Massachusetts law, the determining factor in determining whether a patient is incapacitated is the attending physician, not the hospital.

The plaintiffs have such documents and the attending physician's opinion."

The defendant provided them to the plaintiffs again during the aforementioned correspondence.

So detailed medical documentation (tests, procedures, etc.) provided by the hospital is unlikely to help plaintiffs, who are not burdened by medical knowledge, determine the "incapacity" of someone.

IV. CONCLUSION & PRAYER FOR RELIEF

Plaintiffs' motion should be denied. Plaintiffs' demand for sealed medical records is intrusive and unjustified.

WHEREFORE, the Defendant respectfully requests that the Honorable Court:

1. Deny the Plaintiff's Motion for disclosure of sealed medical records;
2. Maintain the records under seal, allowing only in camera review if the Court requires further verification;
3. and Grant any further relief the Court deems just.

Date: May 12, 2025

_____
Andrei Mann

## CERTIFICATE OF SERVICE

The undersigned certifies that on this day, May 12, 2025, the foregoing OBJECTION OF "PLAINTIFFS' MOTION TO FILE SUR-REPLY AND COMPEL PRODUCTION OF RECORDS PROVIDED TO THE COURT IN CAMERA" was served (without medical documents) on the parties as follows:

Kenneth C. Pickering,

BBO #634121

Pickering Legal LLC
100 Grove Street
Worcester, MA 01605

Phone: (508) 498-3880

kpickering@pickering-legal.com

Date: May 12, 2025                    _____ Andrei Mann

4